NICHOLAS J. HOFFMAN (SBN 284472)
  nhoffman@mcguirewoods.com
ARIA HANGVAL (SBN 336933)
  ahangval@mcguirewoods.com
McGUIREWOODS LLP
Wells Fargo Center – South Tower
355 S. Grand Avenue, Suite 4200
Los Angeles, California 90071-3103
Telephone: (213) 457-9840
Facsimile: (213) 457-9877

SAMUEL L. TARRY, JR. (*pro hac vice application forthcoming*)
  starry@mcguirewoods.com
McGUIREWOODS LLP
1750 Tysons Boulevard Suite 1800
Tysons, Virginia 22102-4215
Telephone: (703) 712-5425
Facsimile: (703) 712-5185

Attorney for Defendant
ETSY, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AS YOU SOW, a 501(c)(3) non-profit corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>ETSY, INC. and DOES 1-20, inclusive,<br><br>  Defendants. | Case No.: 24-cv-04203-SK<br><br>**DEFENDANT ETSY, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**Judge:** Hon. Sallie Kim<br>**Date:** August 26, 2024<br>**Time:** 9:30 a.m.<br>**Location:** Courtroom C, 15th Floor |

1

## <u>TABLE OF CONTENTS</u>

2

Page

3

TABLE OF AUTHORITIES ................................................................................................. ii

4

ISSUES TO BE DECIDED ................................................................................................. 1

5

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

6

    I.      INTRODUCTION ................................................................................ 1

7

    II.    FACTUAL AND PROCEDURAL BACKGROUND ......................... 2

8

         A.    Plaintiff's First Notice of Violation ................................. 2

9

         B.    The California Attorney General's First Letter ................ 2

10

         C.    Plaintiff Files, and then Dismisses, the Initial Complaint .......................... 4

11

         D.    Plaintiff's Second Notice—and the Attorney General's Second Letter ................................................................. 4

12

         E.    The Operative Complaint and Procedural History ......................... 5

13

    III.   LEGAL STANDARD ......................................................................... 6

14

    IV.   ARGUMENT ....................................................................................... 6

15

         A.    Plaintiff Lacks Authority to Bring This Lawsuit in the Public Interest ......................................................... 6

16

         B.    Plaintiff's Notices and Certificates of Merit Are Defective Because Plaintiff Failed to Conduct an Adequate Investigation Prior to Serving the Notices ........................ 10

17

18

         C.    Plaintiff Failed to Comply With Proposition 65's Timing and Notice Requirements ........................................ 11

19

20

             1.    Plaintiff's First Notice of Violation Is Defective Because Plaintiff Did Not Wait the Statutorily Required Number of Days Before Filing Suit .................................. 12

21

22

             2.    Plaintiff's Second Notice of Violation Is Defective Because Plaintiff Did Not Identify the Responsible Individual from the Noticing Party ..................... 14

23

24

         D.    Plaintiff Fails to Plead a Viable UCL Claim .............................. 15

25

    V.    CONCLUSION ................................................................................. 16

26

27

28

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No.: 24-cv-04203-SK

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Page(s)**

3

**Federal Cases**

4

*Ashcroft v. Iqbal,*
5
    556 U.S. 662 (2009) ................................................................................................ 6

6

*B&G Foods N. Am. Inc. v. Embry,*
    29 F.4th 527 (9th Cir. 2022) ............................................................................... 10

7

*Bell Atl. Corp. v. Twombly,*
8
    550 U.S. 544 (2007) ................................................................................................ 6

9

*Brazil v. Dole Packaged Foods, LLC,*
10
    660 Fed. App'x. 531 (9th Cir. 2016) .................................................................. 17

11

*Daugherty v. Expersian Info. Solutions, Inc.,*
    847 F. Supp. 2d 1189 (N.D. Cal. 2012) ............................................................ 11
12

13

*U.S. ex rel. Eisenstein v. City of New York, NY,*
    556 U.S. 928 (2009) ................................................................................................ 8

14

*Env't. Rsch. Ctr. v. Heartland Prod.,*
15
    29 F. Supp. 3d 1281 (C.D. Cal. 2014) ................................................................ 8

16

*In re Gilead Scis. Secs. Litig.,*
    536 F.3d 1049 (9th Cir. 2008) ............................................................................. 6

17

*Gunther v. IBM Corp.,*
18
    No. 16-2541, 2016 WL 3769335 (C.D. Cal. July 14, 2016) ............................. 9

19

*Hallstrom v. Tillamook Cnty.,*
20
    493 U.S. 20 (1989) .............................................................................................. 14

21

*Hayden v. Bob's Red Mill Nat. Foods, Inc.,*
    No. 23-CV-03862-HSG, 2024 WL 1643696 (N.D. Cal. Apr. 16, 2024) ......... 16

22

*Henderson v. JPMorgan Chase Bank,*
23
    No. CV 11-3428, 2012 WL 12886831 (C.D. Cal. May 30, 2012) ................. 8, 9

24

*Herrington v. Johnson & Johnson Consumer Cos., Inc.,*
    No. C 09-1597 CW, 2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) ................. 17
25

26

*Hollingsworth v. Perry,*
    570 U.S. 693 (2013) ............................................................................................... 9

27

*Magadia v. Wal-Mart Assocs., Inc.,*
28
    999 F.3d 668 (9th Cir. 2021) ............................................................................... 9

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No.: 24-cv-04203-SK

*In re Magnacom Wireless,*
    LLC, 503 F.3d 984 (9th Cir.2007) ........................................................ 10

*Manzarek v. St. Paul Fire & Marine Ins. Co.,*
    519 F.3d 1025 (9th Cir. 2008) ............................................................... 6

*Nat'l Ass'n of Wheat Growers v. Bonta,*
    85 F.4th 1263 .......................................................................................... 10

*Nicols v. Brown,*
    945 F. Supp. 2d 1079 (C.D. Cal. 2013) .................................................. 11

*Swearingen v. Late July Snacks LLC,*
    No. 13-cv-04324, 2017 WL 4641896 (N.D. Cal. Oct. 16, 2017)............ 17

*U.S. ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.,*
    41 F.3d 1032 (6th Cir. 1994) ................................................................. 10

*Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.,*
    524 F.3d 1229 (11th Cir. 2008) ............................................................. 10

*UFCW Loc. 1500 Pension Fund v. Mayer,*
    895 F.3d 695 (9th Cir. 2018) ................................................................. 6

*Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens,*
    529 U.S. 765 (2000) ............................................................................... 8

*Viking River Cruises, Inc. v. Moriana,*
    596 U.S. 639 (2022) ............................................................................... 9

**California Cases**

*Center for Self-Improvement & Community Development v. Lennar Corp.,*
    173 Cal. App. 4th 1543 (2009) .............................................................. 11

*Consumer Advocacy Group v. Kintetsu Enterprises of America,*
    150 Cal.App.4th 953 (2007) .................................................................. 14

*Council for Educ. & Rsch. on Toxics v. Starbucks Corp.,*
    84 Cal. App. 5th 879 (2022) .................................................................. 13

*DiPirro v. Am. Isuzu Motors, Inc.,*
    119 Cal. App. 4th 966 (2004) ................................................................ 13

*In re Vaccine Cases,*
    134 Cal.App.4th at 456-458 ............................................................. 13, 16

iii

1

**Other State Cases**

2

*Consumer Advoc. Grp., Inc. v. Food Land*,
    Case No. 19STCV18754, Los Angeles Super. Ct., ................................................ 15

3

4

*Consumer Advoc. Grp., Inc. v. Kreassive, Inc*.,
    Case No. 22CV024552, Alameda Super. Ct., ..................................................... 15

5

6

*Consumer Advoc. Grp., Inc. v. The Kroeger*,
    Case No. 19STCV25041, Los Angeles Super. Ct., ............................................... 16

7

*Consumer Advoc. Grp., Inc. v. Walmart, Inc*.,
    Case No. 22STCV21493, Los Angeles Super. Ct., ............................................... 16

8

9

*Embry v. B&G FoodN. Am., Inc.*,
    Case No. RG20057491 .............................................................................. 16

10

**Federal Statutes**

11

21 U.S.C.
    § 301 *et seq*.................................................................................................. 17

12

13

42 U.S.C
    § 1983 .................................................................................................... 10

14

15

False Claims Act ........................................................................................... 10

16

Federal Food, Drug & Cosmetics Act ................................................................. 17

17

Resource Conservation and Recovery Act ........................................................... 14

18

**California Statutes**

19

Cal. C.C.P
    § 1013 ............................................................................................... 12, 13

20

21

Cal. Code Regs.
    §§ 25602, 25603 ......................................................................................... 5

22

23

Cal. Code Regs. Title 11
    § 3103 ................................................................................................... 12

24

Cal. Code Regs. Title 27
    § 25903 ................................................................................................ 15

25

    § 25903(b)(2)(A)(1) ............................................................................. 5, 15

26

    § 25903(d)(1)........................................................................... 4, 12, 13

27

28

Cal. Health & Safety Code
    § 25249.7(d) ............................................................................ 7, 12, 15
    § 25249.7(d)(1) ................................................................ 3, 4, 7, 12, 13
    § 25249.7(d)(l) .............................................................................. 10, 11
    § 25249.7(e)(1)(A) ........................................................................... 8, 11
    § 25903(a) ............................................................................................ 11

California's Unfair Competition Law, Cal. Bus. & Prof. Code
    § 17200 *et seq*. .................................................................... 1, 2, 5, 17, 17

**Other State Statutes**

Health & Saf. Code
    § 110400 ............................................................................................... 16

**Other Authorities**

21 CFR § 700.13 .......................................................................................... 17

Assembly Bill 1583 ........................................................................................ 7

Restatement (Third) of Agency Chapter 3.4 Introductory Note ................... 10

Fed. R. Civ. P. 12(b)(6) ................................................................................. 6

1

### ISSUES TO BE DECIDED

2   1.   Whether dismissal of this Proposition 65 action is appropriate because the California

3   Attorney General has declared Plaintiff does not have authority to bring suit.

4   2.   Whether dismissal of this action is appropriate because Plaintiff failed to comply

5   with Proposition 65's mandatory pre-suit certification requirements.

6   3.   Whether dismissal is appropriate because Plaintiff 's first notice of violation did not

7   comply with Proposition 65's pre-suit notice requirements.

8   4.   Whether Plaintiff can plead around the deficiencies in its Proposition 65 claims to

9   assert a claim under California's Unfair Competition Law ("UCL").

10   ### MEMORANDUM OF POINTS AND AUTHORITIES

11   ## I.   INTRODUCTION

12   In this Complaint, As You Sow, a serial Proposition 65 plaintiff, has turned its sights on Etsy,

13   Inc. ("Etsy"), an online marketplace that provides a platform for third-party sellers to sell their goods.

14   Plaintiff's attempt to sue Etsy fails at the start—for several independent reasons, each of which

15   requires dismissal.

16   *First*, Plaintiff is attempting to sue Etsy principally for violations of Proposition 65, a unique

17   statute that, in narrow circumstances, permits private plaintiffs to sue on behalf of the State and "in

18   the public interest."  But in two public letters, the California Attorney General has expressly declared

19   that Plaintiff does ***not*** have "authority to sue in the public interest[.]"  Every previous prospective

20   plaintiff who has received such a letter—to Etsy's knowledge—has abided by it, and has not pursued

21   litigation.  This Plaintiff has, instead, chosen to forge ahead, failing even to mention the California

22   Attorney General's position on this matter.  The letter is fatal.  The California Attorney General has

23   declared that Plaintiff has no authority to sue on behalf of the public under Proposition 65, so those

24   claims must be dismissed.

25   *Second*, Plaintiff has failed to comply with Proposition 65's investigation and certification

26   requirements.  A private citizen can bring a Proposition 65 lawsuit only after completing specific

27   mandatory pre-suit requirements.  That includes providing the California Attorney General with a

28   valid "certificate of merit" attaching sufficient supporting documentation.  Here, Plaintiff failed to

1

do so—as the California Attorney General concluded in the same letter in which it announced Plaintiff lacks authority.  Plaintiff's failure to comply with Proposition 65's pre-suit requirements also compels dismissal of this action.

*Third*, both of Plaintiff's Proposition 65 notices to Etsy are defective.  The first notice is defective because Plaintiff failed to comply with Proposition 65's timing requirements when bringing suit.  The second, in turn, is defective because Plaintiff failed to include statutorily required information in the notice itself.  Neither defect is curable after the fact.  Both defects require dismissal with prejudice; indeed, numerous state courts have dismissed Proposition 65 complaints with prejudice where they are premised on defective notices like these.

Plaintiff's Proposition 65 claims cannot proceed.  And because its California UCL claim is predicated on the alleged Proposition 65 violations, that claim necessarily fails as well.  As a result, Etsy respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Plaintiff's First Notice of Violation

Plaintiff is a professional Proposition 65 litigant that purports to bring this case "in the public interest."  RJN, Ex. 5 (Initial Complaint), ¶¶ 1, 6.  On January 18, 2024, Plaintiff's counsel sent Etsy with a notice asserting it was violating Proposition 65 by permitting the sale of certain skin-lightening products by third-party sellers on its platform without displaying a warning on those sellers' online storefronts.  RJN, Ex. 1.  The notice was sent by mail to Etsy's headquarters in Brooklyn, New York and sent to the California Attorney General that same date.  RJN, Ex. 1, p. 1.

### B.   The California Attorney General's First Letter

On March 13, 2024, the California Attorney General issued a public letter—posted on the Attorney General's website at https://oag.ca.gov/system/files/media/letter-2024-00232.pdf (last accessed July 17, 2024)—regarding its review and investigation of Plaintiff's first notice of violation and associated documents.  RJN, Ex. 2.  In the letter, the Attorney General's Office stated that Plaintiff's counsel had failed to provide information sufficient to provide a basis for Plaintiff's

certificate of merit, as required by Cal. Health & Safety Code § 25249.7(d)(1).[1]  In the same letter, the Attorney General also informed Plaintiff that it did ***not*** have authority to sue in the public interest and directed it to withdraw the notice to Etsy:

> Based on our review of the notice, we have concluded that you have failed to provide sufficient information to indicate that there is a credible basis to conclude that there is merit to each element of the action on which plaintiff will have the burden of proof and that the information relied on does not prove that any affirmative defense has merit.  **The 60-day notice does not give AYS authority to file suit in the public interest, or to settle claims based on the alleged violations**.  We ask that you **withdraw the notice immediately**.  Our position is discussed in more detail below…

> Before sending a 60-day notice alleging a failure to warn, the private enforcer must consult with an expert who has reviewed facts, studies, or other data regarding the alleged exposure to the listed chemical.  Based on the consultation, the person sending the notice or his or her attorney must execute a certificate of merit stating his or her belief that, based on the consultation, "there is a reasonable and meritorious case for the private action." (*Id*., subd. (d)(1).)  **The enforcer must attach to the Attorney General's copy of the certificate of merit factual information sufficient to establish the basis of the certificate of merit**.  The Attorney General must maintain this information in confidence.  (*Id*., subds. (d)(1), (i).)  The certificate of merit must document both exposure to the chemical and that there "is merit to each element of the action on which the plaintiff will have the burden of proof." (Cal. Code Regs., tit. 11, § 3101, subd. (a).)  Further, the certifier must certify that "the information relied upon does not prove that any affirmative defense has merit." (*Ibid*.)  If the Attorney General believes there is no merit to the action after reviewing the certificate of merit and meeting and conferring with the private enforcer, the Attorney General must serve a letter on the noticing party and the alleged violator stating this position and make the letter available to the public. (Health & Saf. Code, § 25249.7, subd. (e)(1).)

> The referenced 60-day notice alleges that the company exposes persons to mercury in certain products without providing the required warning.  We are not able to disclose the contents of the supporting information for the certificate of merit.  However, based on our review, we have concluded that you have failed to provide sufficient information to indicate that there is a credible basis to conclude that there is merit to each element of the action on which plaintiff will have the burden of proof and that the information relied upon does not prove that any affirmative defense has merit.  **Thus, the 60-day notice does not give <u>AYS authority to file suit in the public interest, or to settle claims based on the alleged violations, and we ask that you withdraw the notice immediately</u>**.

---

[1] Only Plaintiff and the California Attorney General have access to the information Plaintiff provided.  The information is not public and has not been shared with Etsy.

1    RJN, Ex. 2 (emphasis added).

2         In sum, the Attorney General made clear that Plaintiff did not comply with its mandatory

3    pre-suit requirements, and that Plaintiff had **no authority** to bring a suit in the public interest.[2]

4         **C.    Plaintiff Files, and then Dismisses, the Initial Complaint**

5         Plaintiff filed a complaint in Alameda Superior Court on March 18, 2024.  RJN, Ex. 5 (Initial

6    Complaint), ¶¶ 57-60.  Plaintiff's initial complaint failed to mention the Attorney General's letter,

7    instead alleging that: "Factual information sufficient to establish the bases of the certificate of merit

8    was attached to the certificate of merit served on the California Attorney General for the NOTICE."

9    RJN, Ex. 5 (Initial Complaint), ¶ 60.  This stood in direct contradiction to the Attorney General's

10   conclusion from just a few days earlier.

11        Plaintiff's initial complaint was filed prematurely, in violation of Proposition 65's statutory

12   timing requirements.  As noted, Plaintiff served the notice by mail on both Etsy and the California

13   Attorney General on January 18, 2024.  As discussed in Section IV(C)(1) below, service on Etsy

14   triggered a 70-day period before which Plaintiff could file a complaint; service on the Attorney

15   General, in turn, triggered a concurrent 65-day period. *See* Cal. Health & Safety Code §

16   25249.7(d)(1); Cal. Code Regs. tit. 27, § 25903(d)(1).  Plaintiff's filing of the complaint on

17   March 18, 2024—only sixty days after service—failed to comply with either requirement.

18   Plaintiff's counsel ultimately dismissed this complaint after Etsy's counsel pointed this out.  RJN

19   Ex. 6; Hoffman Decl., ¶ 6.

20        **D.    Plaintiff's Second Notice—and the Attorney General's Second Letter**

21        Meanwhile, just two days after the Attorney General's letter, on March 15, 2024, Plaintiff's

22   counsel served Etsy with a *second* notice of violation, regarding additional creams that allegedly

23   contain mercury or mercury compounds.  RJN, Ex. 3.  This notice was defective on its face.

24   _____

25   [2] These types of public letters from the Attorney General appear to be rare.  They are all posted on
     the Attorney General's website at https://oag.ca.gov/prop65/ag-letters (last accessed July17,
26   2024)—and are reserved for the rare case (out of thousands) where the Attorney General determines
     that the private enforcer does not have, and cannot provide (even after meet and confer efforts
27   between the Attorney General's Office and the private enforcer), sufficient evidence to support the
     enforcer's certificate of merit.
28

Proposition 65 requires that a notice of violation provide specific identifying information regarding the noticing individual, including name, address, and telephone number.  *See* Cal. Code Regs. tit. 27, § 25903(b)(2)(A)(1).  But Plaintiff's second notice did not provide information about any *individual* whatsoever:

<table>
<tr><td>

**Parties**

This Notice is provided on behalf of the following person and organization:

As You Sow
2201 Broadway
Oakland, CA 94612
(510) 735-8158

</td></tr>
</table>

RJN, Ex. 3.  Subsequently, on March 27, 2024, the Attorney General issued a second letter, this time related to the second notice.  That letter, like the first, concluded that Plaintiff failed to comply with Proposition 65's pre-suit requirement to submit a certificate of merit and supporting factual information.  And that letter, like the first, also declared that Plaintiff had no authority to enforce the second notice on behalf of the public.  *Id.*

**E.    The Operative Complaint and Procedural History**

On June 7, 2024, Plaintiff filed the operative complaint ("Complaint") in Alameda Superior Court, Case No. 24CV078868.  As in the prior complaint, Plaintiff alleges a claim for violations of Proposition 65, purportedly encompassing both notices of violation.  Compl. ¶¶ 72, 75-76.  The Complaint also alleges that Etsy violated the implementing regulations for Proposition 65 that require parties to place warning labels on products, 27 Cal. Code Regs. §§ 25602, 25603 ( the "Second Cause of Action"); and adds a claim for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code, § 17200 *et seq*. (the "Third Cause of Action"), alleging that Etsy's actions caused Plaintiff to suffer an injury in fact.  Compl. ¶ 9.  With respect to its Proposition 65 claims, Plaintiff alleges, incorrectly, that it included "the name, address, and telephone number of the noticing individual" in both notices of violation, *see* Compl. ¶ 78, even though Plaintiff failed to do so for the second notice.  RJN, Ex. 3.  And the Complaint again fails to acknowledge the Attorney

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No.: 24-cv-04203-SK

1  General's letters—alleging that "[f]actual information sufficient to establish the bases of the

2  certificate of merit was attached to the certificate of merit served on the California Attorney General

3  for the notices."  Compl. ¶ 79.

4          Accordingly, on July 11, 2024, Etsy removed the case to this Court in the U.S. District Court

5  for the Northern District of California based on the Court's diversity jurisdiction.  Dkt. 1.  Etsy now

6  moves to dismiss Plaintiff's Complaint under Rule 12(b)(6) in the event that the Court denies its

7  Motion to Compel Arbitration or, in the Alternative, Transfer Venue.

8  **III.    LEGAL STANDARD**

9          To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to

10  relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim

11  is facially plausible when a plaintiff pleads "factual content that allows the court to draw the

12  reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556

13  U.S. 662, 678 (2009).  In reviewing the plausibility of a complaint, courts "accept factual allegations

14  in the complaint as true and construe the pleadings in the light most favorable to the nonmoving

15  party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Courts

16  should not, however, "accept as true allegations that are merely conclusory, unwarranted deductions

17  of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

18  2008).  In ruling on a motion to dismiss, a court may consider "the complaint, materials incorporated

19  into the complaint by reference, and matters [subject to] judicial notice."  *See UFCW Loc. 1500*

20  *Pension Fund v. Mayer*, 895 F.3d 695, 698 (9th Cir. 2018) (citation omitted).

21  **IV.    ARGUMENT**

22          **A.        Plaintiff Lacks Authority to Bring This Lawsuit in the Public Interest**

23          The Complaint should be dismissed because the Attorney General's letters unambiguously

24  deprive Plaintiff of the authority to bring this suit in the "public interest."  Indeed, this case appears

25  to be without precedent: a private plaintiff attempting to pursue a Proposition 65 claim despite the

26  California Attorney General's express direction that it lacks authority to do so.  There is no precedent

27  for a simple reason: a private plaintiff necessarily *cannot* bring a Proposition 65 claim on behalf of

28  the public where the Attorney General has told it not to.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No.: 24-cv-04203-SK

1      Proposition 65 permits a private plaintiff, under certain circumstances, to bring suit "in the

2   public interest[.]"   Cal. Health & Safety Code § 25249.7(d).   The California legislature has

3   periodically amended Proposition 65 to make clear when a private plaintiff is authorized—and,

4   conversely, *not* authorized—to step into the shoes of a public prosecutor.   One such amendment

5   occurred in 2011, when the legislature passed SB 471.   As the Senate Rules Committee explained in

6   its comment regarding the amendment, "[t]he basic purpose of the bill makes changes to the

7   enforcement of Proposition 65 and addresses abusive actions brought by private persons containing

8   little or no supporting evidence ***by barring such actions from proceeding***[.]"   Sen. Rules Cmte.

9   Comment to SB 471 (emphasis added).[3]   The now-codified amendment adds a new procedural

10   safeguard: before bringing a suit in the public interest, a plaintiff must first send the California

11   Attorney General's office a notice of violation and a "certificate of merit" stating that the person

12   executing the certificate has consulted with an expert "who has reviewed the facts," and based on

13   that consultation, "the person executing the certificate believes there is a reasonable and meritorious

14   case for the private action."   Cal. Health & Safety Code § 25249.7(d)(1).   The prospective plaintiff

15   must also attach to the certificate of merit "[f]actual information sufficient to establish [its] basis,"

16   including "the identity of the persons consulted with and relied on by the certifier, and the fact,

17   studies, or other data reviewed by those persons[.]"   *Id.* §§ 25249.7(d)(1) & (h)(2).

18      In 2017, the Legislature revisited Proposition 65 in light of the continued flood of non-

19   meritorious Proposition 65 claims.   Assembly Bill 1583 amended Proposition 65 to add an additional

20   section providing "[i]f, after reviewing" the certificate of merit and conferring with the private

21   plaintiff, "the Attorney General believes there is no merit to the action, the Attorney General shall

22   serve a letter to the noticing party and the alleged violator stating the Attorney General believes there

23   is no merit to the action."   Cal. Health & Safety Code § 25249.7(e)(1)(A).

24      That Proposition 65 grants the California Attorney General the authority to preclude a suit

25   through the issuance of a no-merit letter is evident from the statute itself:  there would be no reason

26

27   _____

[3]Available at http://leginfo.ca.gov/pub/01-02/bill/sen/sb_0451-
28   0500/sb_471_cfa_20010913_185432_sen_floor.html (last accessed July 17, 2024)

1    to amend Proposition 65 to include the no-merit letter provision if its issuance had no effect on the

2    plaintiff's ability to bring suit.  Moreover, the California Legislature's stated purpose in amending

3    the statute to include the certificate of merit requirement in the first instance was to "bar"

4    unmeritorious actions like this one "from proceeding." Sen. Rules Cmte. Comment to SB 471.   And

5    Etsy is not aware of a single case in which a private plaintiff has sued for an alleged violation of

6    Proposition 65 in the face of a no-merit letter—until now.

7           The Attorney General's control over a private plaintiff's ability to bring suit necessarily

8    follows from the nature of the statute and traditional agency principles.  California courts recognize

9    that Proposition 65 suits are in the nature of a *qui tam* action.  *See, e.g., Env't. Rsch. Ctr. v. Heartland*

10   *Prod.*, 29 F. Supp. 3d 1281, 1283-84 (C.D. Cal. 2014) (explaining Proposition 65 "permits a private

11   party to seek injunctive relief and penalties for an injury incurred by the State of California" and

12   describing it as a "state *qui tam* statute[]")*; Henderson v. JPMorgan Chase Bank*, No. CV 11-3428,

13   2012 WL 12886831, at *6 (C.D. Cal. May 30, 2012) ("Proposition 65's private right of action

14   provision is even closer to a *qui tam*" than a PAGA suit).  As the Supreme Court has explained, *qui*

15   *tam* statutes provide a partial assignment of the government's claims to a private plaintiff and permit

16   it to act as an agent of the government.  *See Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529

17   U.S. 765, 772 (2000) (explaining that a *qui tam* statute permits a plaintiff to act as "agen[t] for the

18   Government" because it "effect[s] a partial assignment of the Government's damages claim").

19          "An essential element of agency is the principal's right to control the agent's actions."

20   *Hollingsworth v. Perry*, 570 U.S. 693, 713 (2013) (quoting Restatement (Third) of Agency § 1.01);

21   *see also Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 645 n.2 (2022) ("Agency requires

22   control.").  This principle holds true for California *qui tam* statutes just as it does for federal ones.

23   Indeed, in the PAGA context, the Supreme Court has already recognized that "the State [of

24   California] retains inherent authority to manage PAGA actions" because it is the "real party in

25   interest" and thus retains "control over the cause of action."  *Viking River Cruises*, 596 U.S. at 645

26   n.2 (citing 1A Cal. Jur. 3d Action § 31).  As the Ninth Circuit explained (also in the context of PAGA

27   actions), an essential element of *qui tam* actions is that the government maintains "control of the

28   case" and "retains a significant role in the way the action is conducted."  *Magadia v. Wal-Mart*

8

*Assocs., Inc.*, 999 F.3d 668, 677 (9th Cir. 2021) (quotation marks and citations omitted).  The same is true for Proposition 65 cases: because a Proposition 65 suit is "even closer to a *qui tam*" than a PAGA suit, *Henderson*, 2012 WL 12886831, at *6, the State must "retain[] control over the cause of action." *Viking River Cruises*, 596 U.S. at 645 n.2.

Because the State must retain control over a Proposition 65 action, it also must have a way to *effectuate* that control.  Here, it has done so in the most unequivocal terms possible: ***It has declared Plaintiff has no authority to sue on its behalf***, twice telling Plaintiff that its defective notices do ***"not give AYS authority to file suit in the public interest, or to settle claims based on the alleged violations[.]"*** RJN, Exs. 2, 4 (emphasis added).

While Etsy is not aware of precedent that directly addresses this exceptional situation, courts in other *qui tam* contexts, recognize that the State has the authority to preclude a private plaintiff's lawsuit.  *See, e.g.*, *U.S. ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1041 (6th Cir. 1994) (explaining that under the *qui tam* provisions of the False Claims Act, the government may decide that the private plaintiff's "case should be dismissed," thus ensuring "sufficient control" over the plaintiff's conduct) (citing *Morrison v. Olson*, 487 U.S. 654, 696 (1988)); *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1234 (11th Cir. 2008) ("The government has substantial authority over the action because the FCA vests the government with significant procedural controls, including the rights to dismiss the action without the consent of the relator[.]").  Here, the State has exercised its authority by declaring Plaintiff has no right to act on its behalf.  Plaintiff simply cannot proceed absent that authority.  *See* Restatement (Third) of Agency ch. 3.4 Introductory Note  ("[O]nce an agent's actual authority has terminated, ***the agent does not have the right to act on behalf of the principal.***" (emphasis added)).[4]  The Court should dismiss Plaintiff's

---

[4] In two decisions, the Ninth Circuit has stated in passing that a no-merit letter does not preclude the recipient's ability to bring the lawsuit.  *See Nat'l Ass'n of Wheat Growers v. Bonta*, 85 F.4th 1263, 1267 & n.1; *B&G Foods N. Am. Inc. v. Embry*, 29 F.4th 527 (9th Cir. 2022).  But neither case presented the issue: a no-merit letter was not sent to the plaintiffs in those cases, the impact of such a letter was not at issue, and the court did not provide analysis or reasoning. *See Bonta*, 85 F.4th at 1266 (lawsuit by the Attorney General); *B&G Foods*, 29 F. 4th at 527 (suit under 42 U.S.C § 1983 *against* private Proposition 65 plaintiffs). The Ninth Circuit's *dicta* is thus not binding here. *See In*

claims on this basis.

**B.    Plaintiff's Notices and Certificates of Merit Are Defective Because Plaintiff Failed to Conduct an Adequate Investigation Prior to Serving the Notices**

Dismissal is also warranted for a separate and independent reason.  Proposition 65 requires a private enforcer like Plaintiff to submit to the California Attorney General a "certificate of merit" stating they have consulted with an expert and believe there is a "reasonable and meritorious case for the private action," along with "[f]actual information sufficient to establish the basis of the certificate of merit[.]"  Cal. Health & Safety Code § 25249.7(d)(l).  This requirement is a condition precedent to filing suit: a private plaintiff may bring an action in the public interest only "if" that requirement is met (among others).  *Id.*  "The certificate of merit element of the notice requirement operates as a brake on improvident citizen enforcement[,]" requiring compilation and provision of specific information to the Attorney General before proceeding with the action.  *Ctr. for Self-Improvement & Cmty. Dev. v. Lennar Corp.*, 173 Cal. App. 4th 1543, 1551 (2009)

Plaintiff has failed to meet this requirement.  The Attorney General explicitly found that Plaintiff's counsel failed to provide it with the required factual information under Cal. Health & Safety Code § 25249.7(d)(l) with respect to either notice:

> **[B]ased on our review, we have concluded that you have failed to provide sufficient information to indicate that there is a credible basis** to conclude that there is merit to each element of the action on which plaintiff will have the burden of proof and that the information relied upon does not prove that any affirmative defense has merit.

RJN, Exs. 2, 4 (emphasis added).  And the Attorney General's judicially noticeable conclusion on this issue is dispositive.  *See generally* RJN Exs. 2, 4, ¶¶ 2, 4 (Attorney General's letters are judicially noticeable); *see also Daugherty v. Experian Info. Solutions, Inc.,* 847 F. Supp. 2d 1189, 1193 (N.D. Cal. 2012) ("The opinions of State Attorney Generals are judicially noticeable"); *Nicols v. Brown*, 945 F. Supp. 2d 1079, 1091 n.4 (C.D. Cal. 2013) (same).  This is because the statute itself vests the

---

*re Magnacom Wireless*, LLC, 503 F.3d 984, 993-94 (9th Cir.2007) ("In our circuit, statements made in passing, without analysis, are not binding precedent.").

1  Attorney General with the authority to decide whether Plaintiff has complied with the statute's

2  mandatory preconditions to suit.  *See* Cal. Health & Safety Code § 25249.7(e)(1)(A) (explaining the

3  Attorney General will review the factual information provided to determine if there is "merit to the

4  action").

5        Even if the California Attorney General had not precluded Plaintiff from bringing suit, its

6  finding that Plaintiff did not comply with Proposition 65's pre-suit requirements itself necessitates

7  dismissal.  *See Physicians Comm.*, 224 Cal. App. 4th at 183 (affirming dismissal with prejudice

8  because certificate of merit lacked the necessary underlying factual basis and explaining that "[t]he

9  statutory requirements of notice and a supporting certificate of merit are intended to prevent such

10  improvident lawsuits"); Cal. Health & Safety Code § 25903(a) ("No person shall commence an

11  action to enforce the provisions of the Act 'in the public interest' pursuant to section 25249.7(d) of

12  the Act except in compliance with all requirements of this section.");  Cal. Code Regs. Tit. 11, §3103

13  (absent a valid certificate of merit, "the noticing party has no authority to commence an action"

14  under Proposition 65).  Nor can this defect be cured—"[a] notice that is unsupported by adequate

15  investigation and information is equivalent to no notice at all." *Physicians Comm.*, 224 Cal. App.

16  4th at 182.  Plaintiff's claims should be dismissed with prejudice.

17        Etsy maintains, as set forth above, that the California Attorney General has withdrawn

18  Plaintiff's authority to bring suit under Proposition 65 at all.  Even assuming that the California

19  Attorney General had not precluded Plaintiff from bringing its suit, its finding that Plaintiff did not

20  comply with Proposition 65's pre-suit requirements *itself* necessitates dismissal.

21      **C.**    **Plaintiff Failed to Comply With Proposition 65's Timing and Notice**
               **Requirements**
22

23        Finally, the Proposition 65 claim should be dismissed for a third reason that also

24  independently requires dismissal:  both of Plaintiff's purported notices were defective.  As to the

25  first, Plaintiff attempted to sue prematurely and did not wait for the statutorily required time period

26  to lapse before initiating litigation.  For the second notice, Plaintiff omitted required information on

27  its face.  As numerous California state courts have held, Plaintiff's failure to comply with these

28  statutory requirements prevents it from bringing suit.

---

11

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No.: 24-cv-04203-SK

1

2

**1.      Plaintiff's First Notice of Violation Is Defective Because Plaintiff Did Not Wait the Statutorily Required Number of Days Before Filing Suit**

3

4

5

6

7

8

9

10

11

12

13

14

15

Plaintiff cannot bring suit under its first notice of violation because it failed to comply with the mandated notice period before filing suit.  Proposition 65 provides that a private plaintiff must wait "more than 60 days" to file suit after providing notice to the Attorney General (or other public prosecutor) and the defendant.  *See* Cal. Health & Safety Code § 25249.7(d)(1).  But that time is *extended* depending on the manner of service and the location of the defendant.  If a notice of violation is mailed or emailed to a party in California (or emailed to the Attorney General), five days are added; if outside of California, ten days are added.  *See* Cal. Code Regs. tit. 27, § 25903(d)(1) (explaining that Cal. C.C.P. § 1013 controls for calculation of notice period, and that for service by email within California, "time shall be computed as it would for service by mail within the State of California"));  Cal. C.C.P. § 1013 ("[A]ny period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document…shall be extended five calendar days" for mailing inside of California, "10 calendar days" for outside of California).

16

17

18

19

Plaintiff mailed the first notice of violation, dated January 18, 2024, to Etsy at its Brooklyn, New York headquarters.  RJN, Ex. 1, p. 1.  Accordingly, Plaintiff was required to wait more than ***seventy days*** before filing a complaint based on that notice (which encompasses the more than 65 days Plaintiff was required to wait after providing the notice to the California Attorney General).

20

21

22

23

24

25

Plaintiff failed to do so.  It filed its state court complaint on March 18, 2024—only ***sixty*** days after serving the notice.  In other words, even without the service rules, Plaintiff failed to wait for the expiration of the mandatory waiting period.  And overall, Plaintiff fell at least eleven days short (and six days short of the required waiting period after notifying the Attorney General).  Plaintiff therefore failed to comply with the mandatory waiting period outlined in the plain language of Cal. Health & Safety Code § 25249.7(d)(1) and Cal. Code Regs. tit. 27, § 25903(d)(1).

26

27

28

In keeping with Proposition 65's strict statutory requirements for private enforcers, Plaintiff cannot avoid this result by arguing that it has "substantially" complied.  *See Yeroushalmi*, 88 Cal. App. 4th at 746 (rejecting private enforcer's argument that private enforcement action could proceed

12

on the basis that its pre-suit notices "substantially complied" with the regulation).  Nor can Plaintiff argue that it "cured" its noncompliance by dismissing its prior suit and filing this one after the statutory period was up.  Failing to comply with pre-suit requirements is an "absolute bar to relief" that cannot be cured.  *In re Vaccine Cases*, 134 Cal.App.4th at 456-458; *accord Council for Educ. & Rsch. on Toxics v. Starbucks Corp.*, 84 Cal. App. 5th 879, 900 (2022) ("Failure to comply with pre-suit notice requirements is grounds for dismissal, and deficiencies cannot be cured after the complaint is filed.") (citation omitted); *DiPirro v. Am. Isuzu Motors, Inc.*, 119 Cal. App. 4th 966, 975 (2004) (affirming dismissal without leave to amend and holding that a private enforcer cannot cure its failure to comply with pre-suit requirements);  *Physicians Comm.*, 224 Cal. App. 4th at 182 (upholding dismissal without leave to amend based on notice defect).[5]

The state agency responsible for implementing Proposition 65, the OEHHA, has explained the reasoning behind the requirement of strict compliance with *all* of Proposition 65's mandatory pre-suit requirements:

> [I]t is critical to understand that under Proposition 65, the citizen plaintiff obtains the right to proceed "in the public interest." It also obtains the right to seek civil penalties, 75% of which would go to the state, and 25% to the plaintiff.  Such influence over whether or not penalties will be collected for the public treasury is **not to be taken lightly**.  As a **condition precedent** to establishing a citizen's right to proceed in the public interest on that matter, and to collect funds for the public treasure, **the notice requirement should not be dismissed as a mere technicality**.

RJN, Ex. 7, p. 3 (emphasis added); *see also Consumer Advoc. Grp. v. Kintetsu Enter. of Am.*, 150 Cal. App. 4th 953, 963 (2007) (citing same).  So too has the Attorney General. RJN, Ex. 8 at p. 11 (Attorney General Letter re: Scope of Pre-Suit Notice, Oct. 30, 2008) (explaining the notice period requirement "is important to address the concern noted by our Supreme Court that private rights of action not result in "an explosion of assertedly unwarranted or unduly burdensome individual lawsuits brought by professional plaintiffs and bounty-hunting attorneys against business

---

[5] Permitting private plaintiffs to dismiss and refile would create a perverse incentive:  Plaintiffs would be able to file Proposition 65 lawsuits that are plainly violative of the statute (perhaps even before the California Attorney General has had a chance to review the supporting materials) and try to force a settlement, then simply dismiss and refile if found to be in violation of the statute.

establishments").   So too has the U.S. Supreme Court in examining pre-suit federal notice requirements in statutes that mirror Proposition 65.  *See Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 31 (1989) (holding the "60-day delay requirements" in the Resource Conservation and Recovery Act "are mandatory preconditions to commencing a suit under the RCRA citizen suit provision; a district court may not disregard these requirements at its discretion"); *see also Yeroushalmi*, 88 Cal. App. 4th at 749 (interpreting pre-suit notice provisions of federal environmental laws in analyzing Proposition 65's pre-suit notice requirement).

> **2.     Plaintiff's Second Notice of Violation Is Defective Because Plaintiff Did Not Identify the Responsible Individual from the Noticing Party.**

Plaintiff's second notice of violation, served on March 15, 2024, also fails to comply with Proposition 65: the notice fails to "identify the name, address, and telephone number of the noticing individual or a responsible individual within the noticing entity." Cal. Code Regs. tit. 27, § 25903(b)(2)(A)(1).  This information is mandatory.  *See id.* (mandating that notices "shall" provide identifying information for the noticing individual).

Here too, Proposition 65's strict requirements serve an important statutory purpose.  Proper identification of the noticing individual permits the noticed party to attempt to resolve the "dispute[] outside the courts[,]" *Sciortino*, 108 F. Supp. 3d at 788, and failure to do so frustrates that purpose. The requirement also allows the noticed party to assess whether the claims against it are legitimately being pursued on behalf of the "public interest" or whether Plaintiff is a "shell entity for lawyer bounty hunters" that is incentivized to settle notices for as much money as possible.  *Consumer Def. Grp.*, 137 Cal. App. 4th at 1206.  Indeed, Plaintiff knew the importance of this information—after all, Plaintiff included this information in the first notice, and alleges in its Complaint that it included "the name, address, and telephone number of the noticing individual" in both notices of violation, *see* Compl. ¶ 78.

This error is not a mere technicality, but is fatal.  *See* Cal. Code Regs. tit. 27, § 25903 ("For purposes of Section 25249.7(d) of the Act, "notice of the violation which is the subject of the action" (hereinafter "notice") shall mean a notice meeting ***all requirements of this section***.  No person shall commence an action to enforce the provisions of the Act 'in the public interest' pursuant to Section

25249.7(d) of the Act except in compliance with ***all requirements of this section***." (emphasis added).  State trial courts routinely dismiss Proposition 65 lawsuits with prejudice on this exact basis.  *See* RJN, Ex. 9 (*Consumer Advoc. Grp., Inc. v. Food Land*, Case No. 19STCV18754, Los Angeles Super. Ct., February 8, 2024) ("[B]ecause the notices did not include the required identifying information of 'a responsible individual within the noticing entity,' they are noncompliant, and the action is subject to dismissal.") (*quoting Starbucks Corp.*, 84 Cal. App. 5th at 899-900); RJN, Ex. 10 (*Consumer Advoc. Grp., Inc. v. Kreassive, Inc*., Case No. 22CV024552, Alameda Super. Ct., March 19, 2024) (dismissing complaint without leave to amend for failure to list the name, address, and telephone number of the noticing individual); RJN, Ex. 11 (*Consumer Advoc. Grp., Inc. v. The Kroeger*, Case No. 19STCV25041, Los Angeles Super. Ct., March 1, 2024) (dismissing complaint since plaintiff listed only outside counsel's contact information and therefore failed to comply with the pre-suit notice requirements); RJN, Ex. 12 (*Consumer Advoc. Grp., Inc. v. Walmart, Inc*., Case No. 22STCV21493, Los Angeles Super. Ct., January 5, 2024) (holding that § 25903(b)(2)(A) must be strictly construed and that substantial compliance is insufficient to satisfy the mandatory pre-suit notice requirements); RJN, Ex. 13 (*Embry v. B&G FoodN. Am., Inc.*, Case No. RG20057491, Alameda Super. Ct. Aug. 14, 2023) (dismissing 40 coordinated cases where plaintiffs' notices failed to name the responsible individual within the private enforcer's entity).  Because Plaintiff's second notice of violation fails to comply with §25903(b)(2)(A), Plaintiff's claims based on the second notice must be dismissed.

### D.    Plaintiff Fails to Plead a Viable UCL Claim

Plaintiff's UCL claim is also defective.  "[A] plaintiff cannot use the UCL to 'plead around' a defective notice that creates an absolute bar to relief under Proposition 65." *Sciortino*, 108 F. Supp. 3d at 790 (citation omitted).  Plaintiff's UCL claim is based primarily on its Proposition 65 claim—Plaintiff alleges that Etsy's purported violation of Proposition 65 is an "unlawful" business practice.  *See* Compl. ¶ 38.  Where, as here, the UCL claim is based on an invalid Proposition 65 claim, dismissal is warranted.  *See In re Vaccine Cases*, 134 Cal. App. 4th at 458-59 (holding that plaintiffs' failure to comply with Proposition 65's pre-notice requirements precluded plaintiffs' UCL cause of action); *Hayden v. Bob's Red Mill Nat. Foods, Inc.*, No. 23-CV-03862-HSG, 2024 WL 1643696, at

1  *11 (N.D. Cal. Apr. 16, 2024) (UCL claim barred because plaintiff failed to plead compliance with

2  Proposition 65's pre-suit requirements).

3  **V.        CONCLUSION**

4         Plaintiff does not have authority to sue for a violation of Proposition 65.  Moreover, Plaintiff

5  failed to comply both with the statute's pre-suit certification requirements and with its timing and

6  notice requirements.  Plaintiff's tagalong UCL claim is also defective.  As a result, the Court should

7  dismiss Plaintiff's Complaint with prejudice.

8

9  DATED: July 18, 2024                    Respectfully submitted,

10                                         McGUIREWOODS LLP

11

12

13                                         By:   */s/ Nicholas J. Hoffman*
                                                 Samuel L. Tarry, Jr. (*PHV Forthcoming*)
14                                               Nicholas J. Hoffman
                                                 Aria Hangval
15                                               Attorneys for Defendant
                                                 ETSY, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No.: 24-cv-04203-SK

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Wells Fargo Center, South Tower, 355 S. Grand Avenue, Suite 4200, Los Angeles, California 90071-3103. On July 18, 2024, I caused the service of the foregoing document described as **DEFENDANT ETSY, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**, addressed as follows:

Rachel S. Doughty                                      Attorneys for Plaintiff
Jennifer Rae Lovko                                     AS YOU SOW
**GREENFIRE LAW, PC**
2748 Adeline Street, Suite A
Berkeley, CA 94703
Telephone: (510) 900-9502
Fax: (510) 900-9502
Email: rdoughty@greenfirelaw.com
        rlovko@greenfirelaw.com

☒      **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices.

☒      **(BY ELECTRONIC TRANSMISSION):** I caused such document to be served electronically to the person's electronic service address by transmitting a PDF format copy of such document(s) to each person at the e-mail addresses set forth above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 18, 2024, at Los Angeles, California.


                                        /s/ Miguelina Mendez
                                        Miguelina Mendez

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No.: 24-cv-04203-SK