Rachel S. Doughty (SBN 255904)
J. Rae Lovko (SBN 208855)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
rdoughty@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| As You Sow, a 501 (c)(3) non-profit corporation, | Case No.: 24-cv-04203-MMC |
| Plaintiff, | |
| v. | **NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Etsy, Inc., and DOES 1-20, inclusive, | |
| Defendants. | Date:  October 11, 2024 |
| | Time:  9:00 a.m. |
| | Dept:  Courtroom 7, 19th Floor |
| | Federal District Court |
| | 450 Golden Gate Ave. |
| | San Francisco, CA 94102 |
| | |
| | Hon. Maxine M. Chesney, presiding |

### NOTICE OF MOTION AND MOTION

Please take notice that on October 11, 2024, at 9 a.m. in Courtroom 7, 19th Floor of the United States Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102, before the Honorable Maxine M. Chesney, United States District Judge, Plaintiff As You Sow ("AYS") will and hereby does move to remand this action to the Superior Court of California for the County of Alameda, pursuant to section 1447(c) of Title 28 of the United States Code, and an order of this Court directing:

1) That this matter be remanded in full to Alameda Superior Court as there is no evidence that the matter or controversy exceeds $75,000;

2) Removing Defendant Etsy, Inc. to pay AYS for its just costs, and expenses, including attorney's fees, incurred because of the improper removal of this matter.

This motion is made pursuant to 28 U.S.C. § 1447(c). This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings, declarations of Rachel Doughty and Danielle Fugere, and papers on file in this action, and on such further evidence and argument as may be presented before or at the time of hearing.

1

**TABLE OF CONTENTS**

2

I.  Statement of Issues ........................................................................................ 7

3

II.  Statement of the Relevant Facts ................................................................... 7

III.  Legal Standard ............................................................................................... 9

4

IV.  Argument ...................................................................................................... 11

5

A. Etsy's Calculation of a Likely Total Penalty in this Case is not Objectively Reasonable ........ 11

6

1.  Proposition 65 Civil Penalties Are Generally Far Lower than $75,000. ........................ 11

7

2.  Etsy Ignores the Statute of Limitations for Penalties Under Proposition 65 ................. 12

8

B. The Majority of Relief Sought by As You Sow Cannot Be Aggregated to Establish Amount in Controversy. ............................................................................................................. 13

9

C. Etsy Has Not Established that Plaintiff Has Standing in Federal Court .................................. 15

V.  Conclusion ................................................................................................... 16

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF—24-CV-04203-MMC

1

**TABLE OF AUTHORITIES**

2

3

**Cases**

*As You Sow v. Shell Oil Co*., C 97-cv-2395-SI, 1997 U.S. Dist. LEXIS 24181 .............................. 16

*As You Sow v. Sherwin-Williams Co*., No. C-93-3577-VRW, 1993 U.S. Dist. LEXIS 18310 (N.D. Cal. Dec. 21, 1993) ........................................................................................................ 14, 16

*Bos. Reed Co. v. Pitney Bowes, Inc*., No. 02-01106, 2002 U.S. Dist. LEXIS 11683 (N.D. Cal. June 20, 2002) ............................................................................................................................ 13, 15

*Brimer v. Amash Imps., Inc*., No. C11-5291-EMC, 2012 U.S. Dist. LEXIS 206730 (N.D. Cal. Jan. 10, 2012) ...................................................................................................................................... 15

*Cal. Med. Ass'n v. Aetna Health of Cal. Inc.*, 14 Cal. 5th 1075, 310 Cal. Rptr. 3d 415, 532 P.3d 250 (2023) .......................................................................................................................................... 16

*Chavez v. FCA US LLC*, No. 2:19-cv-06003-ODW (GJSx), 2020 U.S. Dist. LEXIS 14783 (C.D. Cal. Jan. 27, 2020) .......................................................................................................................... 12

*Cohn v. Petsmart, Inc.*, 281 F.3d 837 (9th Cir. 2002) ........................................................................ 13

*Corbett v. Pharmacare U.S., Inc.*, 544 F. Supp. 3d 996 (S.D. Cal. 2021).......................................... 16

*Corral v. Select Portfolio Serv'g, Inc.*, 878 F.3d 770 (9th Cir. 2017).............................................. 13

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 S. Ct. 547 (2014)......................... 9

*Doe v. Aetna, Inc.*, No. 17-cv-07167-EMC, 2018 U.S. Dist. LEXIS 57771 (N.D. Cal. Apr. 4, 2018) ............................................................................................................................................. 10, 14

*Enriquez v. Sirius XM Radio, Inc.*, No. 1:21-CV-1240 AWI BAK, 2022 U.S. Dist. LEXIS 178999 (E.D. Cal. Sep. 30, 2022)................................................................................................................ 13

*Envtl. Research Ctr. v. Heartland Prods.*, 29 F. Supp. 3d 1281 (C.D. Cal. 2014)........................... 14

*Envtl. Research Ctr., Inc. v. Hotze Health Wellness Ctr. Int'l One, L.L.C.*, No. 18-cv-05538-VC, 2018 U.S. Dist. LEXIS 221676 (N.D. Cal. Dec. 21, 2018)......................................................... 15

*Envtl. Research Ctr., Inc. v. Premier Health, LLC*, No. 21-cv-06509-MMC, 2021 U.S. Dist. LEXIS 211723 (N.D. Cal. Nov. 2, 2021)................................................................................................... 15

*Envtl. Research Ctr., Inc. v. S103, Inc*., No. C 19-00640 SBA, 2019 U.S. Dist. LEXIS 96178 (N.D. Cal. Apr. 22, 2019).......................................................................................................................... 15

*Envtl. World Watch, Inc. v. Am. Airlines, Inc.*, No. C05-1799 TEH, 2005 U.S. Dist. LEXIS 48951 (N.D. Cal. Aug. 3, 2005)................................................................................................................. 15

4

*FDA v. All. For Hippocratic Med.*, 602 U.S. 367 S. Ct. 1540 (2024) ................................ 16

*Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018) ........................ 10

*Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 97 S. Ct. 2434 (1977)........................ 13

*Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193 (9th Cir. 2015) ........................ 10, 13

*J. Marymount, Inc. v. Bayer Healthcare, LLC*, No. C 09-03110 JSW, 2009 U.S. Dist. LEXIS 118882 (N.D. Cal. Nov. 30, 2009).............................................................. 15

*Jaimes v. Am. First Fin. LLC*, No. 23-cv-00978-SK, 2023 U.S. Dist. LEXIS 183912 (N.D. Cal. Oct. 12, 2023) .................................................................................................. 13, 14

*Keep Am. Safe & Beautiful v. Taylor Made Grp., LLC*, No. 24-cv-00537-RFL, 2024 U.S. Dist. LEXIS 101528 (N.D. Cal. May 7, 2024)................................................ 15

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 S. Ct. 2130 (1992)........................................ 15

*Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031 (9th Cir. 2008) ........................ 10

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 S. Ct. 704 (2005)........................................ 10

*Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009) ........................ 10

*Pac. Gas & Elec. Co. v. Jesse M. Lange Distrib.*, No. CIV-S-05-1180 DFL KJM, 2005 U.S. Dist. LEXIS 35128 (E.D. Cal. Dec. 21, 2005) ................................................ 12

*Perkins v. Mercedes-Benz USA, LLC*, No. 22-cv-03540-CRB, 2022 U.S. Dist. LEXIS 188263 (N.D. Cal. Oct. 14, 2022)........................................................................... 12

*Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895 (9th Cir. 2000) .... 15

*Phipps v. Praxair, Inc.*, Case No. 99-CV-1848 TW (LAB), 1999 U.S. Dist. LEXIS 18745 (S.D. Cal. Nov. 12, 1999) .................................................................................. 13

*Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227 (N.D. Cal. 2000) ................................ 14

*West v. FCA US LLC*, No. 1:24-cv-00293 JLT CDB, 2024 U.S. Dist. LEXIS 117689 (E.D. Cal. July 3, 2024) .................................................................................................. 12

**Statutes**

28 U.S.C. § 1332................................................................................................ 7, 9

28 U.S.C. § 1441................................................................................................... 9

28 U.S.C. § 1446........................................................................................... 9, 10

28 U.S.C. § 1447 ................................................................................................ 10

Cal. Bus. & Prof. Code § 17200 .................................................................... 7, 13

Cal. Code Civ. Proc. § 1021.5 .................................................................... passim

Cal. Health & Safety Code § 25249.12 ............................................................. 14

Cal. Health & Safety Code § 25249.6 .................................................................. 7

Cal. Health and Safety Code § 25249.7 ...................................................... passim

**Regulations**

27 Cal. Code Regs, § 25602 .................................................................................. 7

27 Cal. Code Regs. § 25603 .................................................................................. 7

NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF—24-CV-04203-MMC

1

# MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.     Statement of Issues**

3

This Motion to Remand seeks remand of this action in full to California's Alameda County

4
Superior Court. Removal was improper because under 28 U.S.C. § 1332, there is no objectively

5
reasonable basis upon which Defendant Esty, Inc. ("Etsy") could conclude that the matter or

6
controversy exceeds $75,000.00. As You Sow also seeks its fees and costs in bringing this motion.

7

**II.     Statement of the Relevant Facts**

8

Plaintiff As You Sow ("AYS") brought this matter pursuant to The Safe Drinking Water and

9
Toxic Enforcement Act of 1986, Cal. Health & Safety Code § 25249.6 *et seq.* ("Proposition 65"),

10
and California's Unfair Competition Law, Business and Professions Code § 17200 *et seq.* ("UCL")

11
in the Superior Court of California, County of Alameda on June 7, 2024.

12

AYS's complaint, in its First Cause of Action, alleges that Defendants, including Etsy, Inc.

13
("Etsy") have, in the course of doing business in California, exposed California consumers to

14
mercury or mercury compounds without giving the proper warnings, in violation of Proposition 65.

15
Complaint at ¶¶ 81-92. Under its Second Cause of Action, AYS alleges that Defendants have failed

16
to provide adequate warnings, in violation of California Code of Regulations, title 27, sections

17
25602 and 25603. *Id.* at ¶¶ 93-99. AYS's Third Cause of Action alleges that Defendants violated

18
the UCL through its violations of Proposition 65 and California's Sherman Food, Drug and

19
Cosmetic Law. *Id.* at ¶¶ 100-113.

20

As remedies for the alleged violations of Proposition 65, AYS seeks civil penalties pursuant

21
to Health and Safety Code § 25249.7(b)(1). *Id.* at ¶ 114(A). AYS also seeks injunctive relief under

22
both Proposition 65 and the UCL to prevent Defendants from exposing Californians to mercury and

23
mercury compounds caused by the reasonably foreseeable use of skin lightening, whitening, and

24
"smoothing" creams. Complaint at ¶¶ 114(B) and (C). AYS also seeks reasonable attorneys' fees

25
and costs pursuant to California Code of Civil Procedure § 1021.5. *Id.* at ¶ 114(D).

26

AYS does not make a specific monetary demand in its pleading. It seeks monetary relief in

27
the form of "civil penalties pursuant to Health and Safety Code section 25249.7 subdivision (b)(1)

28
against Defendants [Etsy and various doe defendants] in the amount of up to $2,500 per day for

each violation" as well as injunctive relief, and "reasonable attorneys' fees and costs pursuant to Code of Civil Procedure, section 1021.5 and as otherwise appropriate."

On July 11, 2024, Defendant Etsy filed its Notice of Removal in this Court. (Doc. No. 1.) Defendant bases its Notice of Removal on diversity jurisdiction grounds, alleging that complete diversity exists between AYS and Defendant Etsy, and that the amount in controversy exceeds $75,000. *Id.* at ¶¶ 11-16. Defendant's calculation of the amount in controversy is entirely predicated on potential civil penalties assessed pursuant to Health and Safety Code § 25249.7(b). *Id.* at ¶ 16. To reach a monetary amount greater than $75,000, Etsy applied the following logic:

> Here, Plaintiff's Complaint alleges, among other requests for relief, civil penalties pursuant to Health and Safety Code § 25249.7(b) for each alleged violation. That statute provides for civil penalties of up to "two thousand five hundred dollars ($2,500) per day for each violation" in addition to "any other penalty" allowable under the law. See Cal. Health & Safety Code § 25249.7. Plaintiff's Complaint alleges that the relevant products have been offered for sale on Etsy's platform since "beginning at least in 2020 and are continuing to present…" Complaint ¶ 62. Plaintiff has identified 9 allegedly violative products in the Complaint. Complaint, ¶ 66. While Etsy disputes both liability and damages, an assessment of $2,500 per day in civil penalties for each alleged product would result in an amount in excess of $75,000.00.

(Doc. No. 1, ¶ 16.)

The California Attorney General is required to collect and publicly report judgments by private plaintiffs taking enforcement action in the public interest under Proposition 65. Cal. Health & Saf. Code §§ 25249.7(e) and (f). The Attorney General aggregates this data and makes it available to the public on the Attorney General's website at: https://oag.ca.gov/prop65/report/judgments-by-plaintiffs (last accessed July 26, 2024). In 2023, the average civil penalty in such cases was $16,957.44, with the median being just $6,000. Declaration of Rachel Doughty in Support of Motion to Remand ("Doughty Decl.") ¶ 3. The only 2023 reported mercury-related civil penalty was $4,000. *Id.* Only 11 of 241 cases resulted in a penalty payment of $75,000 or more. *Id.*

In determining proper penalties for Proposition 65 consumer product exposure matters, AYS uses "a matrix that includes the number of units sold, the time period during which exposures occurred, the harm associated with the exposures, and the defendant's response to curing the

1  violations, among others." Declaration of Danielle Fugere in Support of Motion to Remand

2  ("Fugere Decl."), ¶ 5. Danielle Fugere, the President and Chief Counsel for As You Sow, is "not

3  aware of a Proposition 65 judgement or settlement in which the maximum penalty award of $2,500

4  per unit sold without a warning was levied against a violator." *Id*. at ¶¶ 2, 5. In her experience,

5  "[p]enalties are often lower, particularly when injunctive relief such as reformulation is agreed to,

6  or where violators otherwise prevent exposures or diligently provide the clear and reasonable

7  warnings required by law. In [her] experience, public enforcers and the courts assiduously apply the

8  penalty factors found at Health & Safety Code 24249.7(b)(2)." *Id.* at 5.

9          During Danielle Fugere's decade-long tenure, "[t]he median penalty for As You Sow's

10  consumer Proposition 65 cases . . . is $8,580 and the median in lieu payment is $8,500. The average

11  penalty is $10,809 and the average in lieu payment is $12,080." Fugere Decl. ¶ 6.

12          As You Sow has not had opportunity to conduct discovery in this case. *Id*. at ¶ 7.

13          Counsel for As You Sow has incurred approximately $7,000 in attorney fees to date in this

14  matter and anticipates more in replying to any opposition that Etsy may file. Doughty Decl. ¶ 5.

15  **III.    Legal Standard**

16          A defendant may remove an action to federal court based on diversity jurisdiction. 28 U.S.C.

17  § 1441. District courts have diversity jurisdiction over all civil actions "where the matter in

18  controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . .

19  citizens of different States." 28 U.S.C. § 1332(a). "[T]he sum demanded in good faith in the initial

20  pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Where

21  nonmonetary relief is sought, or where the plaintiff's complaint does not state the amount in

22  controversy, the defendant's notice of removal may do so. 28 U.S.C. § 1446(c)(2); *Dart Cherokee*

23  *Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547 (2014). "[A] defendant seeking to

24  remove a case to a federal court must file in the federal forum a notice of removal "containing a

25  short and plain statement of the grounds for removal." *Dart Cherokee* at 87, citing 28 U.S.C. §

26  1446(a).

27          "[T]he defendant's amount-in-controversy allegation should be accepted when not contested

28  by the plaintiff or questioned by the court." *Id.* Where disputed by the plaintiff or the court, "both

1    sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-

2    in-controversy requirement has been satisfied." *Id.* at 88; 28 U.S.C. §1446(c)(2)(B). "[T]he

3    removing defendant bears the burden of establishing, by a preponderance of the evidence, that the

4    amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of Ariz.,*

5    *LLC*, 899 F.3d 785, 793 (9th Cir. 2018). To the extent that a defendant's showing on the amount in

6    controversy relies on assumptions, the assumptions must be reasonable and they must have some

7    support. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197-99 (9th Cir. 2015).

8           "A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v.*

9    *Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "[R]emoval statutes are strictly

10   construed against removal." *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031,

11   1034 (9th Cir. 2008).

12          Where public injunctive relief is sought, courts do not aggregate the benefit to establish the

13   amount in controversy, but rather attribute to the named plaintiff only its share of the expected

14   injunctive relief. *Doe v. Aetna, Inc*., No. 17-cv-07167-EMC, 2018 U.S. Dist. LEXIS 57771 (N.D.

15   Cal. Apr. 4, 2018). The same is true for attorney's fees for enforcing the public interest under

16   California Code of Civil Procedure, section 1021.5. *Id.* at 21-22.

17          "An order remanding the case may require payment of just costs and any actual expenses,

18   including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. "[W]here no

19   objectively reasonable basis exists, fees should be awarded." *Martin v. Franklin Capital Corp*., 546

20   U.S. 132, 134 S. Ct. 704 (2005). This is because "[t]he process of removing a case to federal court

21   and then having it remanded back to state court delays resolution of the case, imposes additional

22   costs on both parties, and wastes judicial resources." *Id .*at 140. Where matter is remanded and

23   finding of no objectively reasonable basis for the removal is made, a court's "reasons for departing

24   from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)," and

25   that basis disclosed. *Id.* at 141.

26

27

28

IV.     **Argument**

A.      **Etsy's Calculation of a Likely Total Penalty in this Case is not Objectively Reasonable.**

Etsy's assumptions regarding the calculation of civil penalties in this case, to the extent that they are explained at all, are objectively unreasonable. Etsy assumes that the maximum daily civil penalty will be assessed, offering no explanation why that would be the case. (Doc. No. 1, ¶ 16 (referencing a $2,500 penalty).) Etsy also applies the wrong statute of limitations for Proposition 65 penalties, implying an objectively unreasonable multiplier for penalties. *Id.*

1.      **Proposition 65 Civil Penalties Are Generally Far Lower than $75,000.**

Etsy argues that the amount in controversy will exceed $75,000 because of the civil penalties sought in this case. Etsy assumes a *maximum* per day penalty of $2,500 for nine products from 2020 to present. In so doing, it ignores that the median civil penalties in Proposition 65 judgments are much lower--$6,000 in 2023, with an average of just under $17,000. Doughty Decl. ¶ 3. As You Sow's recovered median penalty during Danielle Fugere's tenure is about a third higher, and the average is a bit lower, but in any case, well below $75,000. Fugere Decl. ¶ 6. This information—about Proposition 65 penalties generally, and about penalties in As You Sow matters--is available to Etsy, as it is all required by law to be reported to the California Attorney General, and is available on a public website. Doughty Decl. ¶ 4, Cal. Health & Saf. Code § 25249.7(e) and (f).

In assessing the appropriate amount of civil penalties for a violation of Proposition 65, courts must consider seven factors. Cal. Health & Saf. Code § 25249.7(b)(2). The factors are:

(A) The nature and extent of the violation.
(B) The number of, and severity of, the violations.
(C) The economic effect of the penalty on the violator.
(D) Whether the violator took good faith measures to comply with this chapter and the time these measures were taken.
(E) The willfulness of the violator's misconduct.
(F) The deterrent effect that the imposition of the penalty would have on both the violator and the regulated community as a whole.
(G) Any other factor that justice may require

*Id.* at § 25249.7(b)(2). As You Sow employs a fee matrix incorporating these factors in calculating

1   appropriate penalty demands. Fugere Decl. ¶ 5. However, without information pertaining to these

2   seven penalty factors, any calculation of civil penalties is purely speculative. *Perkins v. Mercedes-*

3   *Benz USA, LLC*, No. 22-cv-03540-CRB, 2022 U.S. Dist. LEXIS 188263, at *17 (N.D. Cal. Oct. 14,

4   2022) (court was unable to reasonably construe amount of civil penalty because evidence presented

5   to calculate civil penalty was speculative). Etsy, though in the position to have the information,

6   makes no assertions relevant to an analysis of any of the penalty factors, and therefore any

7   calculation of civil penalties for purposes of determining the amount in controversy would be pure

8   speculation. For example, the number of violations and the amount of time it allowed the noticed

9   products to be listed on its website is information that only Etsy has at its disposal, and that would

10  be the basis for a civil penalty calculation. In order to support its removal, Etsy must establish, by a

11  preponderance of the evidence, facts adequate to support a penalty factor analysis that warrants

12  penalties in excess of $75,000. *See e.g., id.*; *West v. FCA US LLC*, No. 1:24-cv-00293-JLT-CDB,

13  2024 U.S. Dist. LEXIS 117689 (E.D. Cal. July 3, 2024); *Chavez v. FCA US LLC*, No. 2:19-cv-

14  06003-ODW (GJSx), 2020 U.S. Dist. LEXIS 14783 (C.D. Cal. Jan. 27, 2020) ("[i]f the amount of

15  actual damages is speculative, however, an attempt to determine the civil penalty is equally

16  uncertain"). Given that Etsy has not even identified the number of units sold and the length of time

17  products were listed on its site, Etsy is not likely to succeed, and remand is necessary.

18          **2.      Etsy Ignores the Statute of Limitations for Penalties Under Proposition
19                     65.**

20          Esty implies that the period of potential violations to be used for the purposes of calculating

21  the amount in controversy goes back to at least 2020. (Doc. No. 1, ¶ 16 ("Plaintiff's Complaint

22  alleges that the relevant products have been offered for sale on Etsy's platform since 'beginning at

23  least in 2020 and are continuing to present'").) The statute of limitations for Proposition 65

24  penalties is one year from the date of filing of the complaint. *Pac. Gas & Elec. Co. v. Jesse M.*

25  *Lange Distrib.*, No. CIV-S-1180 DFL KJM, 2005 U.S. Dist. LEXIS 35128, at *16 (E.D. Cal. Dec.

26  21, 2005). Injunctive relief under the UCL has a statute of limitations of four years. *Id.* Therefore,

27  Etsy errs in suggesting that AYS seeks penalties for violations since 2020. AYS seeks penalties

28  only from one year prior to the June 7, 2024, filing of its complaint. To the extent that Esty's

assertion of the amount in controversy relies on an improper period of potential violations from which to calculate civil penalties, it is implausible and therefore Etsy has not met its burden on removal. *Ibarra*, 775 F.3d at 1197-97 (assertion of amount in controversy must be plausible).

**B.    The Majority of Relief Sought by As You Sow Cannot Be Aggregated to Establish Amount in Controversy.**

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Corral v. Select Portfolio Serv'g, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017). Generally, the amount in controversy is assessed through the "either viewpoint rule," meaning that the amount in controversy in the case is the pecuniary result to either party which the judgment would directly produce. *Enriquez v. Sirius XM Radio, Inc.*, No. 1:21-CV-1240 AWI BAK, 2022 U.S. Dist. LEXIS 178999, at *9 (E.D. Cal. Sep. 30, 2022). But, where a plaintiff "seeks injunctive relief that will provide meaningful benefit primarily to California consumers," an exception applies. *Id.* at 11. Because "a UCL private attorney general action is a collection of 'separate and distinct' claims, the claims may not be aggregated to reach the amount in controversy and each plaintiff's claim must exceed the jurisdictional amount for this Court's subject matter jurisdiction to be invoked." *Bos. Reed Co. v. Pitney Bowes, Inc.*, No. 02-01106 SC, 2002 U.S. Dist. LEXIS 11683, at *10; accord *Phipps v. Praxair, Inc.*, No. 99-cv-1848 TW (LAB), 1999 U.S. Dist. LEXIS 18745, at *12 (S.D. Cal. Nov. 12, 1999). "Courts that have examined the issue generally find that because such UCL [ . . . ] claims seek relief on behalf of numerous individuals, the claims are sufficiently akin to class actions that the prohibition against aggregation and use of the 'either viewpoint rule'/'defendant viewpoint rule' will apply." *Bos. Reed* at *10, accord *Jaimes v. Am. First Fin. LLC*, No. 23-cv-00978-SK, 2023 U.S. Dist. LEXIS 183912 (N.D. Cal. Oct. 12, 2023) , at *5 (N.D. Cal. Oct. 12, 2023). "Like class actions, claims under section 17200 seek relief on behalf of numerous individuals. Accordingly, in determining jurisdiction over section 17200 claims, courts should not consider the potential costs to the defendant of compliance with a

1   potential injunction." *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1233 (N.D. Cal.

2   2000). Furthermore "aggregating representative state-law claims simply because they are not class

3   actions 'would essentially create federal jurisdiction over any Section 17200 claim between diverse

4   parties, no matter how small the injury to the representative plaintiff. Such a result is untenable.'"

5   *Jaimes* at *6 (quoting *Surber*, 110 F. Supp. 2d at 1233).

6          Like with its UCL cause of action, As You Sow seeks injunctive relief under Proposition 65

7   under a representative state law, and so the same bar to aggregation should apply to both the

8   Proposition 65 and UCL claims in calculating the amount in controversy. (Doc. No. 1-1

9   (Complaint) at 24.)

10         The same logic should apply to the penalties sought in the public interest under Proposition

11  65. "Proposition 65 does not create any individual legal right. Instead, it permits a private party to

12  seek injunctive relief and penalties for an injury incurred by the State of California." *Envtl.*

13  *Research Ctr. v. Heartland Prods.*, 29 F. Supp. 3d 1281, 1283 (C.D. Cal. 2014) (citing Cal. Health

14  & Saf. Code § 25249.7). Proposition 65 private enforcers retain only 25 percent of any penalty; the

15  remaining 75 percent is paid to California's Office of Environmental Health Hazard Assessment.

16  Cal. Health & Safety Code § 25249.12(d). Put another way, AYS recovers a bounty by acting as a

17  private attorney general, but the remainder of the penalty relief inures to the benefit of the general

18  public. *As You Sow v. Sherwin-Williams Co.*, No. C-93-3577-VRW, 1993 U.S. Dist. LEXIS 18310

19  (N.D. Cal. Dec. 21, 1993). As such, 75 percent of the penalty should not be aggregated for purposes

20  of calculating the amount in controversy for diversity jurisdiction. If Etsy cannot provide an

21  objectively reasonable basis for asserting an amount in controversy greater than $75,000 based upon

22  the full award of penalties, it certainly will be unable to do so for 25% of a penalty award.

23         Once more, the same logic applies to attorney fees that As You Sow may recover pursuant

24  to California's Code of Civil Procedure, section 1021.5, if it prevails. As for the UCL claim for

25  injunctive relief, "there is no principled reason to treat attorney's fees differently for purposes of

26  amount in controversy from injunctive relief." *Doe v. Aetna, Inc.*, No. 17-cv-07167-EMC, 2018

27  U.S. Dist. LEXIS 57771. Only the pro rata share of fees of all the California consumers who would

28  benefit from the public injunction may be considered. *Id.* at 23; accord *Bos. Reed Co. v. Pitney*

14

1   *Bowes, Inc.*, No. 02-cv-01106, 2002 U.S. Dist. LEXIS 11683, (N.D. Cal. June 20, 2002).

2        Finally, to charge As You Sow with even its pro rata portion of attorney fees would require

3   a showing by Etsy that As You Sow in this matter is likely to be entitled to fees. This Court has

4   been reluctant to do that in UCL claims for purposes of establishing diversity jurisdiction:

5           Section 1021.5 limits the award of attorneys' fees to any "action which has
        resulted in the enforcement of an important right affecting the public

6           interest," and has conferred "a significant benefit' on the public. Cal. Civ.
        Proc. Code § 1021.5. As courts have noted, section 1021.5 places a high

7           burden on those parties seeking to recover attorneys' fees under its
        provisions. *Id.* at 948 (discussing cases where California courts have refused

8           to award attorneys fees under section 1021.5 because there was not "a
        significant benefit" to the public).

9   

10   *J. Marymount, Inc. v. Bayer Healthcare, LLC*, No. C 09-03110 JSW, 2009 U.S. Dist. LEXIS

11   118882, (N.D. Cal. Nov. 30, 2009).

12       **C.**    **Etsy Has Not Established that Plaintiff Has Standing in Federal Court**

13        The party invoking federal jurisdiction must prove standing. *Lujan v. Defs. of Wildlife*, 504

14   U.S. 555, 561 S. Ct. 2130 (1992). Moreover, "[b]ecause issues of constitutional standing are

15   jurisdictional, they must be addressed whenever raised." *Pershing Park Villas Homeowners Ass'n v.*

16   *United Pac. Ins. Co.*, 219 F.3d 895, 899 (9th Cir. 2000).

17        Etsy has not established that As You Sow has standing to bring its claims in federal court,

18   and the Court must determine As You Sow's standing or remand is required. Proposition 65 cases

19   are routinely remanded for lack of standing. *See e.g.*, *Keep Am. Safe & Beautiful v. Taylor Made*

20   *Grp., LLC*, No. 24-cv-00537-RFL, 2024 U.S. Dist. LEXIS 101528 (N.D. Cal. May 7, 2024); *Envtl.*

21   *Research Ctr., Inc. v. Premier Health, LLC*, No. 21-cv-06509-MMC, 2021 U.S. Dist. LEXIS

22   211723 (N.D. Cal. Nov. 2, 2021); *Envtl. Research Ctr., Inc. v. S103, Inc*., No. 19-cv-00640-SBA,

23   2019 U.S. Dist. LEXIS 96178 (N.D. Cal. Apr. 22, 2019); *Envtl. Research Ctr., Inc. v. Hotze Health*

24   *Wellness Ctr. Int'l One, L.L.C.*, No. 18-cv-05538-VC, 2018 U.S. Dist. LEXIS 221676 (N.D. Cal.

25   Dec. 21, 2018); *Brimer v. Amash Imps., Inc.*, No. 11-cv-5291-EMC, 2012 U.S. Dist. LEXIS 206730

26   (N.D. Cal. Jan. 10, 2012); *Envtl. World Watch, Inc. v. Am. Airlines, Inc.*, No. 05-cv-1799-TEH,

27   2005 U.S. Dist. LEXIS 48951 (N.D. Cal. Aug. 3, 2005); *As You Sow v. Shell Oil Co.*, C 97-cv-

28

1   2395-SI, 1997 U.S. Dist. LEXIS 24181 (N.D. Cal. Aug. 15, 1997); *As You Sow v. Sherwin-Williams*

2   *Co.*, No. 93-cv-3577-VRW, 1993 U.S. Dist. LEXIS 18310.

3            While As You Sow has adequately pled facts sufficient to meet the state standard for

4   standing based upon injury in fact for its CUCL claim, *see Cal. Med. Ass'n v. Aetna Health of Cal.*

5   *Inc.*, 14 Cal. 5th 1075 (2023), it has not been established that As You Sow in fact meets the standing

6   threshold to establish this Court's jurisdiction under Article III. "Article III standing and statutory

7   standing [under the UCL] are distinct legal analyses." *Corbett v. Pharmacare U.S., Inc.*, 544 F.

8   Supp. 3d 996, 1005 (S.D. Cal. 2021). Under the UCL, standing is satisfied "when an organization,

9   in furtherance of a bona fide, preexisting mission, incurs costs to respond to perceived unfair

10  competition that threatens that mission, so long as those expenditures are independent of costs

11  incurred in UCL litigation or preparations for such litigation." *Cal. Med. Ass'n*, 14 Cal. 5th at 1082.

12  This is the injury in fact that As You Sow asserts to establish standing in *California state court*.

13           In light of the Supreme Court's recent decision in *FDA v. All. For Hippocratic Med.*, 602

14  U.S. 367 S. Ct. 1540 (2024), this type of associational standing may fail to meet the requirements of

15  Article III, even while satisfying the requirements of UCL standing in state court. As the party

16  seeking to invoke this Court's jurisdiction, it is Etsy's burden to demonstrate that As You Sow has

17  Article III standing, and it has failed to do so.

18  **V.      Conclusion**

19           As You Sow contests Etsy's assertion that this Court has diversity jurisdiction over this case.

20  AYS respectfully requests that this Court require that Etsy present evidence to support its

21  contention that the action is likely to exceed $75,000, without aggregating, and taking into account

22  the law presented in this brief. Moreover, Etsy has failed to establish that As You Sow has standing

23  to bring its claims in federal court. Because the law is well established, it is not possible that Etsy

24  can have objectively and reasonably believed that this action should have been removed, As You

25  Sow requests that Etsy be ordered to pay As You Sow's fees and costs in bringing this motion, with

26  opportunity to provide this Court with evidence in support thereof.

27  ///

28  ///

Respectfully Submited:


DATED: July 30, 2024

Rachel S. Doughty
*Attorney for Plaintiff As You Sow*

17