Rachel S. Doughty (SBN 255904)
J. Rae Lovko (SBN 208855)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
rdoughty@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AS YOU SOW, a 501 (c)(3) non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ETSY, INC., and DOES 1-20, inclusive<br><br>Defendants, | Case No. 24-cv-04203-MMC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT ETSY INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>Date: October 11, 2024<br>Time: 9:00 a.m.<br>Place: Courtroom 7, 19th Floor<br>      Federal District Court<br>      450 Golden Gate Avenue<br>      San Francisco, CA 94102<br><br>Hon. Maxine M. Chesney, presiding |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ iii
I.  INTRODUCTION ............................................................................................................... 1
II.  FACTUAL AND PROCEDURAL BACKGROUND .......................................................... 1
   A.  Complaint ................................................................................................................ 1
   B.  Danger of Mercury Containing Skin Creams & Exposure ...................................... 3
   C.  Attorney General Comments on Proposition 65 ..................................................... 4
III.  STANDARD ........................................................................................................................ 5
IV.  ARGUMENT ....................................................................................................................... 5
   A.  A No-Merit Letter Does Not Prevent a Proposition 65 Private Enforcement Action ............. 5
      1.  The Statutory Language and Intent .............................................................. 6
      2.  Caselaw ........................................................................................................ 8
   B.  Plaintiff's Pre-Suit Proposition 65 Notices Are Not Defective ............................. 10
      1.  Plaintiff's January 18, 2024 Notice is Not Defective ................................ 10
   C.  Plaintiff's March 15, 2024 was a Supplemental Notice ........................................ 11
V.  CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*AFL-CIO v. Deukmejian*, 212 Cal. App. 3d 425 (1989) ................................................................. 4

*Associated Home Builders etc., Inc. v. City of Livermore*, 18 Cal. 3d 582 (1976) ........................... 10

*B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527 (9th Cir. 2022). ..................................................... 8

*California Chamber of Commerce v. Brown*, 196 Cal. App. 4th 233 (2011) .................................... 6

*Consumer Advocacy Grp., Inc. v. Kintetsu Enters. of Am.*, 150 Cal. App. 4th 953 (2007) ............... 11

*Council for Educ. & Research on Toxics v. Starbucks Corp.*, 84 Cal. App. 5th 879 (2022) ............. 10

*DiPirro v. Am. Isuzu Motors, Inc*., 119 Cal. App. 4th 966 (2004) ..................................................... 10

*In re Vaccine Cases*, 134 Cal. App. 4th 438 (2005) ......................................................................... 10

*Lee v. Amazon.com, Inc.,* 76 Cal. App. 5th 200 (2022) ............................................................. 3, 4, 5

*Monsanto Co. v. Office of Envtl. Health Hazard Assessment*. 22 Cal. App. 5th 534 (2018) .......... 6, 9

*Nat'l Ass'n of Wheat Growers v. Bonta*, 85 F.4th 1263 (9th Cir. 2023) .......................................... 8, 9

*Physicians Comm. for Responsible Med. v. KFC Corp.*, 224 Cal. App. 4th 166 (2014) .................... 9

*Sanchez v. Weiss (In re Sanchez)*, 173 F. Supp. 2d 1029 (N.D. Cal. 2001) ........................................ 5

*Yeroushalmi v. Miramar Sheraton*, 88 Cal. App. 4th 738 (2001) .................................................... 10

**Statutes**

Cal. Bus. & Prof. Code § 17500 .................................................................................................... 1, 3

Cal. Code Civ. Proc. §128.5 ............................................................................................................. 7

Cal. Health & Safety Code § 109875.............................................................................................. 1

Cal. Health & Safety Code § 25249.7................................................................................... passim

**Rules**

Fed. R. Civ. P. 12(b)(6)..................................................................................................................... 5

**Regulations**

Cal. Code Regs. Tit. 11, § 3101........................................................................................................ 9

Cal. Code Regs. Tit. 11, § 3103........................................................................................................ 9

## I. INTRODUCTION

Plaintiff respectfully request that this Court deny Defendant ETSY, INC.'s Motion to Dismiss because (1) a no-merit letter issued by the California Attorney General does not prevent a plaintiff from bringing a private enforcement action, (2) Plaintiff's complied with Proposition 65's pre-suit notice and certification requirements, and (3) Plaintiff's cause of action based on California's Unfair Competition Law ("UCL") states a cause of action based upon Defendant's violation of Proposition 65, violation of California's Sherman Food, Drug and Cosmetic Law ("Sherman Law"), and violation of Business & Profession Code § 17500's provisions regarding false advertising.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Complaint

As regards Plaintiff's Proposition 65 claim, Plaintiff's complaint seeks to enjoin Defendant to either (1) prevent the sale of skin lightening products that contain mercury or mercury compounds to California consumers on Defendant ETSY, INC.'s website, www.etsy.com, or (2) comply with Proposition 65's warning requirement by providing a clear and reasonable warning to California customers prior to their purchase of skin lightening products that contain mercury or mercury compounds on www.etsy.com. Compl. at ¶¶ 1, 81-99. Plaintiff's UCL claim seeks to enjoin Defendant from unlawful and unfair business practices and false advertising, namely, selling skin lighting products that contain mercury in California in violation of the Sherman Law, in violation of Proposition 65, and in violation of Business & Profession Code § 17500's provisions regarding false advertising. Compl. at ¶¶ 1, 100-113.

Through informal letters, discussions, and pre-suit Notices of Violation, Plaintiff has demanded that Defendant ETSY, INC. ("ETSY") cease to sell skin lightening products that contain mercury or mercury containing compounds and has provided Defendant with details of its liability under Proposition 65, the UCL, and the Sherman Law. Compl. at ¶ 12. For example, On December 22, 2023, AS YOU SOW ("AYS") notified ETSY of the listing on www.etsy.com of nine different skin lightening, whitening, and "smoothing" creams containing mercury or mercury compounds, most on multiple different storefronts on www.etsy.com. Compl. at ¶ 13. Additionally, in the same

letter, AYS provided a long list of such products which were not found on www.etsy.com, but were known to AS YOU SOW to be for sale in other places in the United States, with the objective of preventing these products from ever appearing on www.etsy.com. *Id.* AYS provided ETSY, INC. with public health warnings and test results demonstrating mercury content as exhibits to the letter. *Id.*

Plaintiff's sent ETSY, INC. ("ETSY") a pre-suit notice of violation of Proposition 65 on January 18, 2024, based upon the sale of "skin-lightening, whitening, and 'smoothing' creams containing 1 ppm or more mercury or mercury compounds." Compl. at ¶¶ 72, 75 and Exh. 1. The notice identified the responsible individual at As You Sow as Danielle Fugere and provided a postal address and phone number. *Id.* at Exh. 1. On March 15, 2024, Plaintiff served a supplemental pre-suit notice with additional information on ETSY storefronts selling "skin-lightening, whitening, and 'smoothing' creams containing 1 ppm or more mercury or mercury compounds" and additional information on product exemplars. Compl. at ¶¶ 72, 76 and Exh. 2.[1]

Plaintiff's January 18, 2024, notice and March 15, 2024, supplemental notice contain certificates of merit, executed by Plaintiff's attorney and stating that the attorney believes there is a reasonable and meritorious case for this private action. Compl. at ¶ 79 and Exhs. 1-2. Factual information sufficient to establish the bases of the certificates of merit was attached to the certificate of merit served on the California Attorney General for the notices. Compl. at ¶ 79.

No public prosecutor has commenced and is diligently prosecuting an action against the violations at issue in this case. Compl. at ¶ 80. Pursuant to California Health & Safety Code § 25249.7(e)(1)(A), the California Attorney General issued no-merit letters in response to Plaintiff's pre-suit notices of violation. Def's RJN at Exhs. 2, 4.[2]

---

[1] Page 2 of the March 15, 2024, notice specifically states that "As to Etsy, Inc., this letter serves as a supplemental 60-Day Notice and <u>does not replace the January 18, 2024 60-Day Notice</u> sent to Etsy, Inc." (emphasis original)

[2] Plaintiff has objected to Defendant's request for judicial notice of these letters as they are irrelevant, Plaintiff disputes the Attorney General's conclusions, and the information relied upon by the Attorney General in reaching these conclusions are not disclosed, thereby preventing this Court from determining whether any basis exists upon which to consider the letters as persuasive

Plaintiff initially filed a complaint on ETSY on March 18, 2024, which was filed 60 days after the January Notice of Violation was served. *See* Cal. Health & Saf. Code § 25249.7(d)(1). After this was brought to Plaintiff's attention, Plaintiff elected to dismiss that complaint.[3] The operative complaint was filed thereafter on June 7, 2024. Compl. at p. 1.

Specific to Plaintiff's UCL claim, the complaint not only addresses violation of Proposition 65 but also addresses violation of the Sherman Law. Compl. at ¶¶ 100-113. Under the Sherman Law, it is unlawful for any individual or entity to "receive in commerce" or "proffer for delivery" a misbranded cosmetic or drug, including skin-lightening creams that contain mercury. Compl. at ¶ 105-110. Further, the UCL claim avers that ETSY violated Business & Profession Code § 17500's provisions regarding false advertising in that ETSY publicly disseminated untrue or misleading statements and advertising regarding the safety of the mercury-containing skin creams sold on the website, www.etsy.com. Compl. at ¶ 111.

Plaintiff seeks as relief an injunction to ETSY to prevent mercury exposures in California from the products at issue, or to require that ETSY at very least warn consumers shopping its site for delivery into California of the risk of mercury exposure from the foreseeable use of skin lightening products. Compl. at ¶114. Plaintiff also asks the Court to penalize ETSY for exposing members of the California public to mercury and mercury compounds and for attorney fees. *Id.*

**B.      Danger of Mercury Containing Skin Creams & Exposure**

Mercury is added to skin lightening creams because it inhibits the enzyme that helps synthesize melanin. Plaintiff's Request for Judicial Notice ("RJN"), Exh. A (Amicus Brief, Black Women for Wellness and Mercury Policy Project),[4] p. 20.

> But when applied to skin, mercury (like other heavy metals, such as lead) can damage the circulatory and urinary systems, penetrate the blood–brain barrier, impair neurological functioning, and even pierce the placental barrier or contaminate breast

---

guidance. *See* Plaintiff's Opposition to Defendant Etsy Inc.'s Request for Judicial Notice in Support of Defendant's Motion to Dismiss for Failure to State a Claim.

[3] Plaintiff does not conceded that the March complaint had to be dismissed or ran afoul of Cal. Code Civ. Proc. § 1013.

[4] This Amicus as well as one prepared by the California Attorney General, were filed in support of Plaintiff Larry Lee's appeal in the matter of Lee v. Amazon.com, 76 Cal. App. 5th 200 (2022).

> milk, posing serious hazards for children. Other reported symptoms of mercury exposure include not only skin discoloration and scarring but also headaches, insomnia, memory loss, tremors, motor-functioning issues, increased blood pressure, heart palpitations.

*Id.* at pp. 20-21. Mercury poisoning from skin lightening creams can result in consumers needing treatment in intensive care units. *Id.* at p. 21. And, "studies have shown how skin-lightening products can readily contaminate entire households with mercury—harming individuals, including children, other than the immediate product user." *Id.* at p. 22.

While the dangers of mercury in cosmetics have been recognized by the Food and Drug Administration since at least 1973, efforts to publicize these dangers have done little to curb the sale of skin whitening creams. *Id.* at pp. 24, 29; RJN, Exh. B (AG Amicus Br., p. 9 (discussing how successful regulation of mercury-content creams has so far "eluded the governmental regulators"). In part, this is a result of skin color being "intertwined with social class … Preferences for lighter skin also reflect deep legacies of imperialism, colonialism, and slavery built on the subordination of one racial or ethnic population to another." *Id.*, Exh. A at p. 25. Accordingly, companies that produce skin whitening products have "long been accused of profiting from this system and trafficking in the mass distribution of images that idealize whiteness." *Id.* at p. 26.

### C.  Attorney General Comments on Proposition 65

For the case, *Lee v. Amazon.com, Inc.,* 76 Cal. App. 5th 200 (2022), the Attorney General of California ("AG") filed an amicus curiae brief in support of Plaintiff's claims against Amazon, Inc. for violating Proposition 65 based on the sale of skin whitening creams. RJN, Exh. B.

The AG noted that Defendant's attempt to paint the plaintiff as a "bounty hunter" should not be accepted, noting that such a portrayal overlooks the voters' purpose in enacting Proposition 65. *Id.* at p. 8. The approval of the proposition was based on voters' "frustration with State agencies' work in protecting them from hazardous substances, and they therefore wanted to enable private enforcers to secure 'strict enforcement of the laws controlling hazardous chemicals.'" *Id.* (quoting *AFL-CIO v. Deukmejian*, 212 Cal. App. 3d 425, 430-431(1989)). The sale of a mercury-containing skin creams through an online website is properly identified as a health threat appropriate for action under Proposition 65. *Id.* at pp. 8-9.

For purposes of establishing a Proposition 65 claim regarding skin whitening creams, the AG recognized that it should be sufficient for a plaintiff to show that mercury was an intended ingredient in the product, the product was one for which government agencies had issued product-wide alerts, and testing had found high levels of mercury in the product. *Id.* at pp. 12-15. A plaintiff should not be required to test multiple samples from each lot in order to demonstrate mercury content. *Id.* at p. 6. Under such a scenario, "[t]he only proper inference that can be drawn from these facts is that all the units of the product contain significant amounts of mercury, even if the actual levels vary somewhat." *Id.* at p. 14. And as such, the Plaintiff should be seen to have carried his burden. *Id.*

Ultimately, the court agreed, finding that a plaintiff need not test multiple units. *Lee*, 76 Cal. App. 5th at 225-27. In that case, the mercury content of Monsepa cream was established through product testing conducted by the California Department of Public Health, the Department of Justice, and Plaintiff's counsel. *See id.* at 211-12. While Monsepa cream was available for sale on Amazon's website, none of the tests of Monsepa creams were of products actually purchased from Amazon. *See id.* The Court held that the test results from creams purchased elsewhere could be generalized to untested units sold by Amazon. *See id.* at 225-27. In other words, purchasing a product from Defendant's website was not necessary to plaintiff's Proposition 65 claims.

## III.  STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim. *See Sanchez v. Weiss (In re Sanchez)*, 173 F. Supp. 2d 1029, 1031 (N.D. Cal. 2001). The allegations of the complaint must be construed in favor of the plaintiff. *Id.*

## IV.  ARGUMENT

### A.  A No-Merit Letter Does Not Prevent a Proposition 65 Private Enforcement Action

Defendant incorrectly asserts that AYS lacks authority to bring this legal action because the AG's no-merit letters preclude Plaintiff from pursuing a private enforcement action.

### 1. The Statutory Language and Intent

Proposition 65 is "a remedial statute designed in part so the people of California would 'be informed about exposures to chemicals that cause cancer, birth defects, or other reproductive harm.'" *Monsanto Co. v. Office of Environmental Health Hazard Assessment*. 22 Cal. App. 5th 534, 552 (2018) (quoting *California Chamber of Commerce v. Brown*, 196 Cal. App. 4th 233, 258 (2011). "This scheme was seen as necessary because the people concluded 'that state government agencies have failed to provide them with adequate protection, and that these failures have been serious enough to lead to investigations by federal agencies of the administration of California's toxic protection programs.'" *Id*. Accordingly, to protect the public, Proposition 65 cases may be brought not only by the Attorney General in the name of the people of the State of California but also by a private party in the public interest. *See* Cal. Health & Saf. Code § 25249.7(c)-(d).

To pursue a representative claim, a plaintiff must (1) send the alleged violator a notice of the alleged Proposition 65 violation, accompanied by a certificate of merit ("COM")[5] executed by the attorney for the notice party, and (2) send factual information that establishes the basis of the certificate of merit to the AG. *Id.* at (d). The AG must maintain the factual information sent by a plaintiff as "confidential official information." *Id.* at (i).

A claim can be made 60 days after notice has been given to an alleged violator, provided "[n]either the Attorney General, a district attorney, a city attorney, nor a prosecutor has commenced and is diligently prosecuting an action against the violation." *Id.*

> (A) If, after reviewing the factual information sufficient to establish the basis for the certificate of merit and meeting and conferring with the noticing party regarding the basis for the certificate of merit, the Attorney General believes there is no merit to the action, the Attorney General shall serve a letter to the noticing party and the alleged violator stating the Attorney General believes there is no merit to the action.

---

[5] "The certificate of merit shall state that the person executing the certificate has consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the exposure to the listed chemical that is the subject of the action, and that, based on that information, the person executing the certificate believes there is a reasonable and meritorious case for the private action." Cal. Health & Saf. Code § 25249.7(d).

1
2
>    (B) If the Attorney General does not serve a letter pursuant to subparagraph (A), this shall not be construed as an endorsement by the Attorney General of the merit of the action.

*Id.* at (e).

If, <u>after an action has concluded</u>, the <u>trial court</u> determines that there was no actual or threatened exposure to a listed chemical, the court may:

>    review the basis for the belief of the person executing the certificate of merit, expressed in the certificate of merit, that an exposure to a listed chemical had occurred or was threatened. The information in the certificate of merit, including the identity of the persons consulted with and relied on by the certifier, and the facts, studies, or other data reviewed by those persons, shall be disclosed to the court in an in-camera proceeding at which the moving party shall not be present. If the court finds that there was no credible factual basis for the certifier's belief that an exposure to a listed chemical had occurred or was threatened, then the action shall be deemed frivolous within the meaning of Section 128.5 of the Code of Civil Procedure. The court shall not find a factual basis credible on the basis of a legal theory of liability that is frivolous within the meaning of Section 128.5 of the Code of Civil Procedure.

*Id.* at (h). Section 128.5 provides that the plaintiff may be ordered to pay reasonable expenses, including attorney's fees, as a result. *See* Cal. Code of Civil Proc. § 128.5.

Proposition 65 does not contain any language barring a private enforcement action subsequent to the issuance of a no-merit letter by the AG. The only requirements for bringing such an action are identified in subsection d (send 60-day notice to alleged violator and COM support to AG). *See* Cal. Health & Saf. Code § 25249.7(d). To the extent a plaintiff pursues an action that actually lacks merit, Proposition 65 provides the deterrent of sanctions for frivolous claims.

The language of Proposition 65 clearly gives the trial court authority to rule on the COM support information given to the AG – the AG is not given authority to rule on this issue and thereby prevent private enforcement actions, and certainly in an unreviewable format. The importance of the trial court's authority also is recognized in Proposition 65's requirement that all settlements occurring in cases brought by a private person on behalf of the public interest must be <u>approved by the court</u>. *Id.* at (f)(4).

Nonetheless, Defendant argues that because the language regarding no-merit letters was added by amendment in 2017, it is "evident" that the AG can preclude a private enforcement action. ECF 8 at p. 7. In support of this argument, ETSY refers to comments from the Senate Rules

7
PLAINTIFF'S OPPOSITION TO DEFENDANT ETSY INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

Committee for AB 471, which does not address the AG's role in issuing no-merit letters. As regards the actual bill (AB 1583) that resulted in the 2017 amendment, ETSY cites to no legislative documents that could assist with its argument.

In truth, AB 1583 was primarily adopted with the intent to "clarify the extent to which the factual information supporting the [COM] is discoverable [and] would also codify the AG's existing practice of sending a letter to both the alleged violator and the person who submits the certificate if the AG believes that the action lacks merit." RJN, Exh. C, p. 1. The Assembly Committee on the Judiciary specifically noted that the issuance of a no-merit letter "<u>is not prohibitive on the noticing party's ability to bring an action against the alleged violator</u>, but letters typically discourage noticing parties from doing so." *Id.* at p. 4 (emphasis added).

### 2. Caselaw

Several California courts have stated that the issuance of a no-merit letter does not prevent a private party from pursuing a Proposition 65 claim:

> There are few limiting factors that prevent [] private enforcement suits. For example, if the Attorney General upon review finds the basis for such a suit lacks merit, he is required to issue the prospective litigant a letter stating the lawsuit has no merit. Cal. Health & Safety Code § 25249.7(e)(1)(A). However, that letter has no preclusive effect on the recipient's ability to bring the lawsuit nonetheless. *See id.* § 25249.7(d)(2).

*See Nat'l Ass'n of Wheat Growers v. Bonta*, 85 F.4th 1263, 1267 n.1 (9th Cir. 2023) (citing § 25249.7(d)(2)).

> [After receiving information from the plaintiff,] the Attorney General must issue a no-merit letter if he believes the action is meritless, but the failure to do so is not an endorsement that the action has merit. Cal. Health & Saf. Code § 25249.7(e)(1). A no-merit letter doesn't prevent the person from bringing a private enforcement action.

*B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 533[6] (9th Cir. 2022).

The exact ruling of these Courts was not dictated by the issuance of no-merit letters, but it is

---

[6] "[After receiving information from the plaintiff,] the Attorney General must issue a no-merit letter if he believes the action is meritless, but the failure to do so is not an endorsement that the action has merit. Cal. Health & Saf. Code § 25249.7(e)(1). A no-merit letter doesn't prevent the person from bringing a private enforcement action."

clear that the issue is treated as blackletter law. There is no ambiguity in the statute's language. Simply put, a no-merit letter does not preclude Plaintiff's Proposition 65 claims, and no court has ever held otherwise.[7]

Defendant also argues that even if the no-merit letter does not preclude Plaintiff's claims, because the AG's letter states Plaintiff's COM support was insufficient, Plaintiff has not satisfied Proposition 65's requirement for certificates of merit.[8] ECF 8 at pp. 16-17. This is nothing more than a repeat of ETSY's argument. Further, it ignores the statute's provision ordering that trial courts can only rule on COM support sufficiency once the case has concluded. Cal. Health & Saf. Code § 25249.7(h).

Defendant also argues that because Proposition 65 has been recognized as being "in the nature of a *qui tam* action," it "necessarily follows" that the Attorney General retains inherent authority to prevent the filing of private enforcement actions. ECF 8 at pp. 14-15. This is incorrect and ignores that this law was adopted through the initiative process, specifically to ensure that private citizens could act on behalf of the public interest when state government agencies failed to do so. *Monsanto Co.*. 22 Cal. App. 5th at 552; *accord* RJN, Exh. B, p. 8. The initiative procedure is based on the theory "that all power of government ultimately resides in the people," and it is "the duty of the courts to jealously guard this right of the people." *Associated Home Builders etc., Inc. v.*

---

[7] Defendant argues that it is unaware of any Proposition 65 claims ever being pursued after issuance of a no-merit letter; however, in one case, the Court noted that it had reviewed evidence demonstrating such cases existed. *See Nat'l Ass'n of Wheat Growers v. Zeise*, 309 F. Supp. 3d 842, 848 and n. 7 (E.D. Cal. 2018).

[8] Defendant cites to *Physicians Comm.* in support of its argument; however, in that case, the Court's decision was primarily based upon Plaintiff's judicial admission that it "did not have the required information to support its notice and its filing of the lawsuit." *Physicians Comm. for Responsible Med. v. KFC Corp.*, 224 Cal. App. 4th 166, 180-81 (2014). Without that admission, demurrer would have been improper.

Defendant also refers to Cal. Code Regs. Tit. 11, § 3103 for the proposition that "absent a valid certificate of merit, 'the noticing party has no authority to commence an action' under Proposition 65. ECF 8 at p. 17. The regulation actually states "[w]here a sixty-day notice does not attach a copy of the Certificate of Merit meeting the requirements of subsection 3101(b), the noticing party has no authority to commence an action" under Proposition 65. Here, Plaintiff's sixty-day notice properly attached a copy of the COM.

*City of Livermore*, 18 Cal. 3d 582, 591 (1976).

ETSY has been selling mercury-containing skin creams to Californians without providing warnings, as required by Proposition 65. These skin creams are highly toxic, as evidenced by the public health warnings and test results made available to ETSY. As such, Plaintiff's Complaint has stated a viable cause of action, and the Attorney General's no-merit letters are irrelevant on this matter.

### B. Plaintiff's Pre-Suit Proposition 65 Notices Are Not Defective

Defendant argues that Plaintiff's Proposition 65 claims should be dismissed plaintiff's pre-suit notices of violation are defective. This argument is without merit.

#### 1. Plaintiff's January 18, 2024 Notice is Not Defective

Plaintiff's sent ETSY a pre-suit notice of violation of Proposition 65 on January 18, 2024, based upon the sale of "skin-lightening, whitening, and 'smoothing' creams containing 1 ppm or more mercury or mercury compounds." Compl. at ¶¶ 72, 75 and Exh. 1. The notice identified the responsible individual at As You Sow as Danielle Fugere and provided a postal address and phone number. *Id.* at Exh. 1. Plaintiff's initially filed a complaint on ETSY on March 18, 2024, which was dismissed. The operative complaint was filed thereafter on June 7, 2024. Compl. at p. 1.

Because the first complaint was filed exactly 60 days after the first Notice of Violation was served by U.S. Mail, ETSY argues that Plaintiff cannot bring suit under its first notice of violation. ECF 8 at pp. 18-20. "Nor can Plaintiff argue that it 'cured' its noncompliance by dismissing its prior suit and filing this one after the statutory period was up." *Id.* at p. 19. However, ETSY cites to no case where a court had held this to be true. The cases cited by Defendant only hold that a <u>notice's failure</u> to include a certificate of fact or required facts regarding the violation will result in a finding that the <u>notice is defective</u>. *See Yeroushalmi v. Miramar Sheraton*, 88 Cal. App. 4th 738, 746 (2001); *In re Vaccine Cases*, 134 Cal. App. 4th 438, 456 (2005); *Council for Educ. & Research on Toxics v. Starbucks Corp.*, 84 Cal. App. 5th 879, 900 (2022); *DiPirro v. Am. Isuzu Motors, Inc.*, 119 Cal. App. 4th 966, 974 (2004); *Consumer Advocacy Grp., Inc. v. Kintetsu Enters. of Am.*, 150 Cal.

App. 4th 953, 963 (2007).[9]

Here, there is absolutely nothing wrong with the January 18, 2024, Notice.[10] And the first filed complaint has been dismissed and so is not relevant. Plaintiff was free to subsequently file another complaint on the January 18, 2024, Notice after the statutory wait period had passed, which Plaintiff did in fact do.

### C. Plaintiff's March 15, 2024 was a Supplemental Notice

On March 15, 2024, Plaintiff served a supplemental pre-suit notice. Compl. at Exh. 2.[11] This notice was not required as ETSY already had been given adequate notice of the PRODUCT at issue ("skin-lightening, whitening, and 'smoothing' creams containing 1 ppm or more mercury or mercury compounds") pursuant to Proposition 65; however, through this supplement, Plaintiff provided additional information on ETSY storefronts, as well as additional information on the PRODUCT. Compl. at ¶¶ 72, 76 and Exhs. 1-2.

Defendant correctly points out that this supplement does not reiterate that the responsible individual at As You Sow is Danielle Fugere (which was contained in the original and operative notice of January 18, 2024). *Id.* at Exh. 1. This is immaterial since the January 18, 2024, Notice-- which the March 15, 2024, expressly supplemented but did not replace--was sufficient to meet Proposition 65's requirements.[12]

### V.  CONCLUSION

For the foregoing reasons, Plaintiff's respectfully request that Defendant's motion be denied in its entirety.

---

[9] The Defendant's reliance on OEHHA and Attorney General statements is equally unavailing. They address requirements for the notice – not for the complaint. Defendant's RJN at Exh. 7-8.

[10] Defendant makes no claim that the contents of the notice fail to meet Proposition 65's requirement.

[11] Page 2 of the March 15, 2024, notice specifically states that "As to Etsy, Inc., this letter serves as a supplemental 60-Day Notice and <u>does not replace the January 18, 2024 60-Day Notice</u> sent to Etsy, Inc." (emphasis original).

[12] Further, Defendant does not contend it was unaware that As You Sow's responsible individual is Danielle Fugere.

Respectfully Submitted,

Dated: August 20, 2024

/s/ *Rae Lovko*
RACHEL S. DOUGHTY (SBN 255904)
rdoughty@greenfirelaw.com
J. RAE LOVKO (SBN 208855)
rlovko@greenfirelaw.com
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Telephone/Fax: (510) 900-9502
*Attorneys for Plaintiff*

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on August 20, 2024, from Rae Lovko for the filing of this declaration.

/s/ *Rachel S. Doughty*