
Rachel S. Doughty (SBN 255904)
J. Rae Lovko (SBN 208855)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
rdoughty@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AS YOU SOW, a 501 (c)(3) non-profit corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ETSY, INC., and DOES 1-20, inclusive<br><br>　　　　Defendants, | Case No. 24-cv-04203-MMC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT ETSY INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Date: October 11, 2024<br>Time: 9:00 a.m.<br>Place: Courtroom 7, 19th Floor<br>　　　Federal District Court<br>　　　450 Golden Gate Avenue<br>　　　San Francisco, CA 94102<br><br>Hon. Maxine M. Chesney, presiding |

## I. INTRODUCTION

Plaintiff AS YOU SOW ("AYS") opposes the Request for Judicial Notice ("RJN") filed by Defendant ETSY, INC. ("ETSY") in support of its Motion to Dismiss for Failure to State a Claim as to the RJN of the California Attorney General's March 13, 2024 Letter in Response to Plaintiff's First Notice of Violation and of the California Attorney General's March 27, 2024, Letter in Response to Plaintiff's Second Notice of Violation.

## II. LEGAL STANDARD

Generally, a district court may not consider any material beyond the pleadings and its

exhibits in ruling on a Rule 12(b)(6) motion. *Lee v. City of L.A.,* 250 F.3d 668, 688 (9th Cir. 2001). Judicial notice of adjudicative facts may be proper where a fact is shown not to be "subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." F. Rules of Evid. 201; *see also Lee*, 250 F.3d at 689 (explaining that a court may judicially notice undisputed matters of public record but not disputed facts stated therein).

### III.     ARGUMENT

Courts normally do not take judicial notice of *documents*, but instead, they take judicial notice of *adjudicative facts* pursuant to Federal Rule of Evidence 201. *See Frank v. Chavez*, 65 F. Supp. 3d 677, 691 (N.D. Cal. 2014); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1294 (S.D. Cal. 2003). Here, Defendant requests judicial notice of two documents – letters issued by the Attorney General on March 13, 2024, and March 27, 2024, to Greenfire Law, LLC. The RJN does not identify what specific facts in these letters Defendant seeks notice of. From the Motion to Dismiss, however, Defendant refers to each letter's conclusion that AYS' 60-day notices do not give "AYS authority to file suit in the public interest."

While Plaintiffs are not contesting that these letters exist, the content of these communications are not "generally known within" this Court's "territorial jurisdiction." Fed. R. Evid. 201(b)(1). And the facts that the documents represent cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Plaintiff disputes the Attorney General's conclusions, and as such, judicial notice is improper. *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 999 (9th Cir. 2018) (stating that "matters of public record" are appropriate for judicial notice, but disputed facts contained therein are not). Not only are the conclusions disputed, but the content of the letters makes clear that the information relied upon by the Attorney General are not disclosed, thereby preventing this Court from determining whether any basis exists upon which to consider the Attorney General's opinions as persuasive guidance.

Further, these letters merely constitute the Attorney General's opinion as contemplated by Proposition 65's provisions regarding "no merit" letters. *See* Cal. Health & Saf Code § 25249.7(e)(1)(A). Such letters do not prevent a private party from pursuing a Proposition 65 case.

*See Nat'l Ass'n of Wheat Growers v. Bonta*, 85 F.4th 1263, 1267 n.1 (9th Cir. 2023); *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 533 (9th Cir. 2022). While opinions of state attorney generals may be judicially noticed as non-binding authority, such notice is improper where the opinion is irrelevant or unnecessary to deciding the underlying motion. *See Santa Monica Nativity Scenes Comm. v. City of Santa Monica*, 784 F.3d 1286, 1298 n.6 (9th Cir. 2015); *Cent. Delta Water Agency v. United States Fish & Wildlife Serv.*, 653 F. Supp. 2d 1066, 1079 (E.D. Cal. 2009); *Turnacliff v. Westly*, 546 F.3d 1113, 1120 n.4 (9th Cir. 2008).

IV.   CONCLUSION

    For the foregoing reasons, Plaintiff asks the Court to deny ETSY's RJN of the California Attorney General's March 13, 2024, Letter in Response to Plaintiff's First Notice of Violation and of the California Attorney General's March 27, 2024, Letter in Response to Plaintiff's Second Notice of Violation.

Dated: August 20, 2024            Respectfully Submitted,

                                          */s/ Rae Lovko*

J. RAE LOVKO (SBN 208855)
rlovko@greenfirelaw.com GREENFIRE LAW, PC
2748 Adeline Street, Suite A Berkeley, CA 94703
Telephone/Fax: (510) 900-9502
*Attorneys for Plaintiffs*

    Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on August 20, 2024, from Rae Lovko for the filing of this declaration.

                                          */s/ Rachel S. Doughty*