# Exhibit  C
# Plaintiff's Request for Judicial Notice

Date of Hearing:  April 18, 2017

ASSEMBLY COMMITTEE ON JUDICIARY
Mark Stone, Chair
AB 1583 (Chau) – As Amended March 30, 2017

As Proposed to be Amended

**SUBJECT**:  PROPOSITION 65:  CERTIFICATE OF MERIT:  FACTUAL BASIS

**KEY ISSUE**:  SHOULD THE LEGISLATURE AMEND PROPOSITION 65 IN ORDER TO FURTHER ITS PURPOSE BY CLARIFYING THE EXTENT TO WHICH THE FACTUAL BASIS OF A CERTIFICATE OF MERIT IS DISCOVERABLE AND CODIFYING CERTAIN EXISTING PRACTICES OF THE ATTORNEY GENERAL?

## SYNOPSIS

*The Safe Drinking Water and Toxic Enforcement Act of 1986 (adopted by the voters as Proposition or "Prop" 65) prohibits a business from knowingly exposing a person to a chemical known by the state to cause cancer or reproductive toxicity without giving a specified warning. Although the Act may be enforced by the Attorney General (AG) or a local public prosecutor, it also allows a private party to bring an action in the public interest. To bring the private action, a person must first send to both the alleged violator and the AG a "certificate of merit" stating that the person sending the certificate has consulted with an expert who has reasonably determined that a violation has occurred. The certificate sent to the AG must also be accompanied by factual information sufficient to support the certificate. This bill seeks to clarify the extent to which the factual information supporting the certificate is discoverable. This bill would also codify the AG's existing practice of sending a letter to both the alleged violator and the person who submits the certificate if the AG believes that the action lacks merit, and would require the AG to maintain and make available to the public a record of those letters. This bill provides clarifying language that the AG's decision not to send such a letter is not necessarily an endorsement by the AG of the merits of the action. Finally, this bill will require the Governor's Office of Business and Economic Development to post on its Internet Web site a specified disclaimer relating to Prop 65 requirements. According to the author, small businesses typically do not have sufficient access to information regarding their legal obligations under Prop 65 or the factual basis of allegations made against them. While this does not exempt them from their obligation to follow the law, the author believes the state can take affirmative steps in assisting the business community meet those obligations and helping small businesses, in particular, to understand the basis of the claims made against them. The author will take amendments in this committee to remove a mandatory posting requirement and clarify that the Attorney General's decision not to issue a letter shall not be construed as an endorsement of an action. Those amendments are reflected in the summary and analysis below. This bill is supported by the California Chamber of Commerce and several state, regional, and local business and trade groups. There is no registered opposition to this modest and sensible bill. The author will take amendments in this Committee. Those amendments are reflected in the summary and analysis below.*

**SUMMARY**:  Clarifies existing law regarding discovery of the Certificate of Merit, codifies existing practices of the Attorney General's Office, and requires the Governor's Office of

Business and Economic Development to post a specified disclaimer about the obligations of businesses under Prop 65. Specifically, **this bill**:

1) Requires the Attorney General to serve a letter to the noticing party and the alleged violator stating that the Attorney General believes there is not merit to the action, if, after reviewing the factual information alleged to establish the basis for the certificate of merit, and meeting and conferring with the noticing party regarding the basis for the certificate of merit, the Attorney General determines there is not merit to the action; and specifies that the Attorney General's decision not to serve a letter shall not be construed as an endorsement of the action.

2) Provides that the basis for the certificate of merit is discoverable only to the extent that the information is relevant to the subject matter of the action and not subject to the attorney-client privilege, the attorney work product privilege, or any other legal privilege.

3) Requires the Governor's Office of Business and Economic Development to post, in a conspicuous location on its Internet Web site, any informational materials provided to businesses relating to a business's obligation under state law, as well as a specified disclaimer.

4) Finds and declares that this bill furthers the purposes of Prop 65, the Safe Drinking Water and Toxic Enforcement Act of 1986.

**EXISTING LAW**:

1) Enacts the Safe Drinking Water and Toxic Enforcement Act of 1986 (Prop 65) which prohibits a person in the course of doing business from knowingly discharging or releasing a chemical known to the state to cause cancer or reproductive toxicity into water or onto or into land where such chemical passes or probably will pass into any source of drinking water. (Health and Safety Code, Section 25249.5. All further references are to the Health and Safety Code, unless otherwise stated.)

2) Prohibits a person in the course of doing business from knowingly and intentionally exposing any individual to a chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such individual. (Section 25249.6.)

3) Provides that the Attorney General, a district attorney, the city attorney of a city having a population in excess of 750,000, or, with the consent of the district attorney, by a city prosecutor in a city or city and county having a full-time city prosecutor to bring an enforcement action. (Section 25249.7 (c).)

4) Provides that an action may be brought by a person in the public interest if the following requirements are meet:

   a) The private action is commenced more than 60 days from the date that the person has given notice of an alleged violation.

   b) Neither the Attorney General, nor a district attorney, city attorney or city prosecutor has commenced and is diligently prosecuting an action against the violation. (Section 25249.7 (d).)

5)  Requires a notice alleging a violation include a certificate of merit executed by the attorney of the noticing party, or by the noticing party, if the noticing party is not represented by an attorney.  (Section 25249.7 (d)(1).)

6)  Requires the certificate of merit to state that the person executing the certificate of merit has consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed the facts, studies, or other data regarding the exposure to the listed chemical that is the subject of the action, and that based on that information, the person executing the certificate believes there is a reasonable and meritorious case for the private action.  (Section 25249.7 (d)(1).)

7)  Requires factual information be attached to the certificate of merit that is served on the Attorney General.  (Section 25249.7 (d)(1).)

8)  Requires, unless under a motion to review the factual basis, that the basis for the certificate of merit required by a private action is not discoverable, but does not preclude the discovery of information related to the certificate of merit if that information is relevant to the subject matter of the action and is otherwise discoverable, solely on the grounds that it was used in support of the certificate of merit.  (Section 25249.7 (h)(1).)

**FISCAL EFFECT**:  As currently in print this bill is keyed fiscal.

**COMMENTS**:  According to the author:

> A growing problem for small businesses is the filing of Proposition 65 lawsuits by private enforcers of Proposition 65.  For example, in 2007, there were 332 60-day notices filed with the Attorney General's (AG) office.  Those numbers drastically increased between 2007 and 2016.  Since 2010, an average of more than 1,300 60-day notices have been filed on an annual basis.  Meanwhile, settlements bring in millions of dollars.  The average settlement is over $44,000.  In 2014 and 2015, in-court settlements annually totaled $29,482,280 and $26,266,261, respectively.

> The legal process for these lawsuits lends itself to unscrupulous attorneys leveraging small businesses for settlements.  In most cases, the small business is not likely to spend tens of thousands of dollars in legal fees just to get the factual basis for the lawsuit; so, it settles just to end the matter quickly and not risk losing in court.

> AB 1583 will help address this situation by simply ensuring the alleged violator is presented with the facts that are the basis for the lawsuit, before having to spend tens of thousands of dollars in legal fees trying to figure it out.  Additionally, AB 1583 requires the Governor's Office of Business and Economic Development to provide on their website, and in written materials that they provide to business, information about their business obligations under Proposition 65 and information about where they can learn how to comply with Proposition 65's provisions.  This will help businesses proactively come into compliance with Proposition 65 without the need for costly litigation.

***Overview of Proposition 65***.  Proposition 65 (Prop 65), officially known as the Safe Drinking Water and Toxic Enforcement Act of 1986, protects the state's drinking water supply from

chemicals known to cause cancer, birth defects, or other reproductive harm, and requires businesses to inform consumers when they may be exposed to such chemicals. Prop 65 is administered by the Office of Environmental Health Hazard Assessment (OEHHA), which has the duty to publish and determine a list of chemicals known to cause cancer, birth defects, or other reproductive harm. The list, which is updated annually, currently includes approximately 1,000 chemicals. Though the law only requires businesses to post warnings, some businesses have voluntarily renovated their facilities or updated their manufacturing processes to eliminate, or otherwise reduce, the use of listed chemicals. For example, the plastic face of a "Curious George" doll being sold in California once contained a high amount of lead. Because of Proposition 65, the face is now made entirely of cloth with no detectable lead.

Violations of Prop 65 may be prosecuted by the Attorney General (AG), by a district attorney, by a city attorney of a city having a population in excess of 750,000, or, with the consent of the district attorney, by a city prosecutor in a city or city and county having a full-time city prosecutor. (Section 25249.7 (c).) In addition, Prop 65 allows a private person to bring an action on behalf of the public interest. This private right of action reflects the reality that the state may not have the resources to investigate and, when warranted, bring an action to correct every violation. Despite having a private right of action, a person must follow specific procedures before he or she may bring an action on behalf of the public. The person (the noticing party) seeking to bring action must provide notice of the allegations to the AG, district attorney, city attorney, or prosecutor, and to the alleged violator. Before the noticing party brings an action for alleged wrong doing, he or she must wait for a period of 60 days. This time period allows the AG discretion on whether or not to bring an action on behalf of the public.

***The Certificate of Merit***. In addition to serving notice, the noticing party alleging a violation of the Prop 65 warning requirement must also serve the alleged violator and the AG with a "certificate of merit." The certificate of merit is a document that states that the noticing party has consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed the facts, studies, or other data regarding the exposure to the listed chemical that is the subject of the action. (Section 25249.7 (d)(1).) The certificate of merit sent to the AG must be attached to factual information sufficient to establish the basis of the certificate of merit.

The AG is then required to review the notice and the certificate of merit and may decide to pursue the case, or not. If the AG finds that the certificate of merit does not have enough evidence to support a cause of action, the current practice of the office is to send a letter to the noticing party and the alleged violator, which states that the AG believes that there is not merit to the action. The issuance of such a letter is not prohibitive on the noticing party's ability to bring an action against the alleged violator, but letters typically discourage noticing parties from doing so.

This bill seeks to clarify confusing language in existing law that appears to both prohibit and authorize a business defendant's ability to discover the factual information supporting the certificate of merit once the 60-day period has passed and an action is filed. Current law somewhat confusingly prohibits "the basis of the certificate of merit" from being discovered, but then adds, however, that "nothing in this subdivision precludes the discovery of information related to the certificate of merit if that information is relevant to the subject matter of the action and is otherwise discoverable, solely on the ground that it was used in support of the certificate of merit." (Section 25249.7 (h)(1).) The difference seems to hinge on an unarticulated difference between the "the basis" of the certificate of merit and "information related to" the

certificate of merit.  (*Ibid.*)  The apparent intent of this provision was to protect attorney work product.  This bill seeks to clarify this oddly structured provision by simply stating the basis of the certificate is discoverable only to the extent that the information is relevant to the subject matter of the action *and* is not subject to the attorney-client privilege, the attorney work product privilege, or any other legal privilege.

***This bill seeks to codify the AG's current practice of providing notice when a certificate merit lacks sufficient support.***  In addition to clarifying language relating to discovery, AB 1583 will usefully codify an existing practice by requiring the AG to serve a letter on both the noticing party and the alleged violator that the AG believes there is not merit to the action, if after reviewing the certificate of merit and supporting factual information, the AG finds that there is not merit to the action.  In addition, this bill will specify that the AG's decision not to serve such a letter shall not be construed as an endorsement of the action.  Finally, this bill will require the AG to maintain a record of the notice letters and make them accessible to the public.

***Disclaimer Regarding Differences between Federal and State Standards***:  Finally, this bill will require the Governor's Office of Business and Economic Development to include a disclaimer on its Internet Web site and on all forms, informing businesses of their legal obligations.  Of particular import, this disclaimer will clarify that a product that receives certification from the United States Food and Drug Administration (USDA) does not necessarily meet *California* standards for chemical exposure.  According to the author, many small businesses assume that if products that they use or sell have been approved by the USDA, then the product is safe and therefore does not require a warning.

***This bill appears to further the purposes of Prop 65.***  The California Constitution provides that the Legislature may amend or repeal an initiative statute approved by a majority of the voters "only when approved by the electors unless the initiative statute permits amendment or repeal without their approval." (Cal. Const., art. II, sec. 10, subd. (c).)  Prop 65 provides that it may be amended by a statute only if an amendment is passed by a $^2/_3$ vote of each house of the Legislature and the amendment would further its purposes.  This bill, by seeking to educate businesses about Prop 65; clarify a confusing provision on the discovery of the factual basis of the certificate of merit; and encourage the AG to continue practices that encourage meritorious (and deter meritless) actions to enforce Prop 65 appears to further the purposes of Prop 65.  Finally, the bill includes a Legislative finding and declaration that "this bill furthers the purposes of Prop 65, the Safe Drinking Water and Toxic Enforcement Act of 1986."

***Proposed Author Amendments:***  The author will take the following amendments in this Committee to remove a mandatory posting requirement and clarify that the AG's decision not to issue a letter shall not be construed as an endorsement of an action:

-    On page 13, line 24, after "General." delete "If after reviewing" and delete lines 25 – 35

-    On page 13, after line 38, insert the following:

    *(e) (1) (A) If, after reviewing the factual information sufficient to establish the basis for the certificate of merit and meeting and conferring with the noticing party regarding the basis for the certificate of merit, the Attorney General believes there is not merit to the action, the Attorney General shall serve a letter to the noticing party and the alleged violator stating the Attorney General believes there is not merit to the action.*

*(B)  The decision from the Attorney General not to serve a letter may not be construed as an endorsement to the merit of an action.*

-   On page 13 line 39, strike "(e)" and insert "(2)"

***ARGUMENTS IN SUPPORT***:  A coalition  of business  and trade associations,  led by the California  Chamber of Commerce,  supports  this bill  because it "will  1) allow the Proposition  65 alleged  violator  to obtain the factual  basis for the Certificate  of Merit through  normal civil discovery  procedures;  2) require  the Attorney  General,  if he/she determines,  after reviewing  the Certificate  of Merit and the supporting  factual  information  filed  under Proposition  65, there is no merit to the action, to serve a letter on the noticing  party and the alleged  violator  stating there is no merit to the action; 3) require  the Attorney  General to maintain  a record of any letters  served and to make the information  available  to the public  on its website,  including  the total number  of letters  served annually  and the names of the noticing  parties  and law firms;  and 4) require  the Governor's  Office  of Business  and Economic  Development  to post on its internet  website information  relating  to a business'  obligations  under Proposition  65."

The coalition  supporters  argue that, while  Proposition  65 has helped to protect the public  by encouraging  businesses  to eliminate  the use of listed chemicals  or post warnings  when they knowingly  expose the public  to such chemicals,  it has also led to unintended  consequences. "Unfortunately,"  the supporters  contend, "because Proposition  65 incentivizes  individual  legal pursuits  by entitling  private  enforcers  to 25 percent of the penalty  collected  for successful enforcement,  in addition  to legal fees, certain plaintiffs  have engaged in shakedown  lawsuits against small businesses  over the lack of a sign. These lawsuits  can easily cost several thousands of dollars to litigate,  causing many small businesses  to settle out of court regardless  of whether they were required by law to provide a warning."  Supporters  believe that this bill  will  promote fairness  and transparency.

**REGISTERED  SUPPORT / OPPOSITION**:

**Support**

American  Chemistry  Council
Asian Food Trade Association
Association  of Home Appliance  Manufacturers
Automotive  Specialty  Products Alliance
California  Apartment  Association
California  Attractions  and Parks Association
California  Chamber  of Commerce
California  League of Food Processors
California  Grocers  Association
California  Manufacturers  & Technology  Association
California  Retailers  Association
Camarillo  Chamber  of Commerce
Can Manufacturers  Institute
Cathay L.A. Inc.
Chemical  Industry  Council  of California
Chevalier  International  (U.S.A.) Inc.
Consumer  Specialty  Products Association
Council  for Responsible  Nutrition

Culver City Chamber of Commerce
Dai Cheong Trading Company, Inc.
El Centro Chamber of Commerce
Empire International
Family Foods International, Inc.
Family Winemakers of California
Giant Union Co.
Golden Pacific Food. Inc.
Greater Irvine Chamber of Commerce
Greater Riverside Chamber of Commerce
Greater San Fernando Valley Chamber of Commerce
H.C. Foods Co., Ltd.
Hocean Inc.
Industrial Environmental Association
Jans Enterprises Corp.
Kim Seng Company
National Association of Chemical Distributors
National Council of Textile Organizations
National Federation of Independent Business
National Shooting Sports Foundation
Natureen International Inc.
New Japan Int'l, Inc.
North Orange County Chamber of Commerce
Pactiv Corporation
Rancho Cordova Chamber of Commerce
Rocklin Area Chamber of Commerce
Roxy Trading Inc.
Santa Maria Valley Chamber of Commerce
Simi Valley Chamber of Commerce
Southwest California Legislative Council
Sporting Arms and Ammunition Manufacturers' Institute, Inc.
Styrene Research Information Center
Tawa Supermarket, Inc.
U-Can Food Trading, Inc.
V & R Inv. Group Inc.
Vinh Sanh Trading Corporation
Wei-Chuan U.S.A., Inc.
West Cost Lumber & Building Material Association
Western Carwash Association
Western Plant Health Association
Western Wood Preservers Institute
YHS Trading (USA) Inc.
Yuba-Sutter Chamber of Commerce

**Opposition**

None on file

**Analysis Prepared by**:  Karim Troost and Thomas Clark / JUD. / (916) 319-2334