NICHOLAS J. HOFFMAN (SBN 284472)
  nhoffman@mcguirewoods.com
ARIA HANGVAL (SBN 336933)
  ahangval@mcguirewoods.com
McGUIREWOODS LLP
Wells Fargo Center – South Tower
355 S. Grand Avenue, Suite 4200
Los Angeles, California 90071-3103
Telephone: (213) 457-9840
Facsimile: (213) 457-9877

SAMUEL L. TARRY, JR. (*pro hac vice application forthcoming*)
  starry@mcguirewoods.com
McGUIREWOODS LLP
1750 Tysons Boulevard Suite 1800
Tysons, Virginia 22102-4215
Telephone: (703) 712-5425
Facsimile: (703) 712-5185

Attorneys for Defendant
ETSY, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AS YOU SOW, a 501(c)(3) non-profit corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>ETSY, INC. and DOES 1-20, inclusive,<br><br>            Defendants. | Case No.: 24-cv-04203-MMC<br><br>**DEFENDANT ETSY, INC.'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>**Judge:**  Hon. Maxine M. Chesney<br>**Date:**   October 11, 2024<br>**Time:**   9:00 a.m.<br>**Location:**  Courtroom 7 |

## SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Defendant Etsy, Inc. ("Etsy"), by and through its undersigned counsel, respectfully requests that the Court take judicial notice of Exhibits 1-16, true and correct copies of which are attached hereto.  Etsy submits this Supplemental Request for Judicial Notice in support of its Motion to Dismiss.  This Supplemental Request for Judicial Notice presents rebuttal evidence that directly rebuts the arguments in Plaintiff's Opposition (Dkt. 20).

As established in Etsy's initial Request for Judicial Notice in Support of its Motion to Dismiss (ECF Dkt. 8), the Court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *Shaw v. Ocwen Loan Servicing, LLC*, No. 15-CV-01755-JD, 2016 WL 7048979, at *2 (N.D. Cal. Dec. 5, 2016).  A court generally cannot consider materials outside the pleadings on a motion to dismiss for failure to state a claim.  *See* Fed. R. Civ. P. 12(b)(6).  A court may, however, consider items of which it can take judicial notice without converting the motion to dismiss into one for summary judgment.  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).  Furthermore, a court may also take judicial notice of "'matters of public record' without converting a Motion to Dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (*quoting MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).  Accordingly, Etsy requests that the Court take judicial notice of the following documents:

1.      The California Attorney General's December 5, 2006 Letter referenced in *Nat'l Ass'n of Wheat Growers v. Zeise*, 309 F. Supp. 3d 842 (E.D. Cal. 2018), Case No: 17-CV-02401 (ECF Dkt. 66-8): This document is a publicly filed court record in a federal case.  Judicial notice is appropriate.  *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citation omitted); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (courts "may take judicial notice of ... undisputed matters of public record, including documents on file in federal or state courts").  A true and correct copy of this document is attached hereto as **Exhibit 1.** Etsy requests judicial notice of this document because Plaintiff references in its Opposition (Dkt. 20

at 12 n. 7), but misstates the nature of the letter.

2.      Summary of the May 24, 2017 Assembly Committee on Appropriations Hearing for Assembly Bill 1583: This summary of a legislative hearing is a matter of public record and is made available on the California Legislature's website at the following website address: https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201720180AB1583   (last accessed September 13, 2024).  Judicial notice is appropriate as courts routinely take notice of the legislative history of state statutes pursuant to Rule 201.  *See Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1120 n.8 (9th Cir. 2013) (taking judicial notice of legislative history on appeal from order granting motion to dismiss); *Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005) (taking judicial notice of the legislative history of Cal. Penal Code § 148.6); *King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018) (a court may take "judicial notice of the undisputed and publicly available information displayed on government websites"); *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021) ("Documents published on government-run websites are proper for judicial notice given their reliability"); *County of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information posted on a government website).  A true and correct copy of this document is attached hereto as **Exhibit 2.**  Etsy requests this judicial notice since Plaintiff selectively quoted a stray comment from the bill's author (Dkt. 20 at 11), without providing the Court with the complete legislative history.  The complete legislative history, including this document, demonstrates that the comment was not included anywhere in the rest of the legislative history, much less adopted by the full legislative body.

3.      Summary of the June 21, 2017 State Committee on Environmental Quality Hearing for Assembly Bill 1583: This summary of a legislative hearing is a matter of public record and is made available on the California Legislature's website at the following website address: https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201720180AB1583   (last accessed September 13, 2024).  Judicial notice is appropriate as courts routinely take notice of the legislative history of state statutes pursuant to Rule 201.  *See Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1120 n.8 (9th Cir. 2013) (taking judicial notice of

1  legislative history on appeal from order granting motion to dismiss); *Chaker v. Crogan*, 428 F.3d
2  1215, 1223 n.8 (9th Cir. 2005) (taking judicial notice of the legislative history of Cal. Penal Code §
3  148.6); *King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018) (a court may take "judicial
4  notice of the undisputed and publicly available information displayed on government websites");
5  *Eidmann v. Walgreen Co*., 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021) ("Documents published on
6  government-run websites are proper for judicial notice given their reliability"); *County of Santa*
7  *Clara v. Astra USA, Inc*., 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of
8  information posted on a government website).  A true and correct copy of this document is attached
9  hereto as **Exhibit 3.**  Etsy requests this judicial notice since Plaintiff selectively quoted a stray
10  comment from the bill's author (Dkt. 20 at 11), without providing the Court with the complete
11  legislative history.  The complete legislative history, including this document, demonstrates that the
12  comment was not included anywhere in the rest of the legislative history, much less adopted by the
13  full legislative body.

14         4.    Summary of the July 11, 2017 Senate Judiciary Committee Hearing for Assembly
15  Bill 1583: This summary of a legislative hearing is a matter of public record and is made available
16  on the California Legislature's website at the following website address:
17  https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201720180AB1583   (last
18  accessed September 13, 2024).  Judicial notice is appropriate as courts routinely take notice of the
19  legislative history of state statutes pursuant to Rule 201.  *See Sonoma Cnty. Ass'n of Retired*
20  *Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1120 n.8 (9th Cir. 2013) (taking judicial notice of
21  legislative history on appeal from order granting motion to dismiss); *Chaker v. Crogan*, 428 F.3d
22  1215, 1223 n.8 (9th Cir. 2005) (taking judicial notice of the legislative history of Cal. Penal Code §
23  148.6); *King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018) (a court may take "judicial
24  notice of the undisputed and publicly available information displayed on government websites");
25  *Eidmann v. Walgreen Co*., 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021) ("Documents published on
26  government-run websites are proper for judicial notice given their reliability"); *County of Santa*
27  *Clara v. Astra USA, Inc*., 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of
28  information posted on a government website).  A true and correct copy of this document is attached

hereto as **Exhibit 4.**  Etsy requests this judicial notice since Plaintiff selectively quoted a stray comment from the bill's author (Dkt. 20 at 11), without providing the Court with the complete legislative history.  The complete legislative history, including this document, demonstrates that the comment was not included anywhere in the rest of the legislative history, much less adopted by the full legislative body.

5.    <u>Summary of the August 21, 2017 Senate Committee on Appropriations Hearing for Assembly Bill 1583</u>: This summary of a legislative hearing is a matter of public record and is made available on the California Legislature's website at the following website address: https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201720180AB1583    (last accessed September 13, 2024).  Judicial notice is appropriate as courts routinely take notice of the legislative history of state statutes pursuant to Rule 201.  *See Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1120 n.8 (9th Cir. 2013) (taking judicial notice of legislative history on appeal from order granting motion to dismiss); *Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005) (taking judicial notice of the legislative history of Cal. Penal Code § 148.6); *King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018) (a court may take "judicial notice of the undisputed and publicly available information displayed on government websites"); *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021) ("Documents published on government-run websites are proper for judicial notice given their reliability"); *County of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information posted on a government website).  A true and correct copy of this document is attached hereto as **Exhibit 5.**  Etsy requests this judicial notice since Plaintiff selectively quoted a stray comment from the bill's author (Dkt. 20 at 11), without providing the Court with the complete legislative history.  The complete legislative history, including this document, demonstrates that the comment was not included anywhere in the rest of the legislative history, much less adopted by the full legislative body.

6.    <u>Summary of the September 4, 2017 Senate Rules Committee Hearing for Assembly Bill 1583</u>: This summary of a legislative hearing is a matter of public record and is made available on    the    California    Legislature's    website    at    the    following    website    address:

DEFENDANT ETSY, INC.'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE
Case No.: 24-cv-04203-MMC

1   https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201720180AB1583   (last

2   accessed September 13, 2024).  Judicial notice is appropriate as courts routinely take notice of the

3   legislative history of state statutes pursuant to Rule 201.  *See Sonoma Cnty. Ass'n of Retired*

4   *Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1120 n.8 (9th Cir. 2013) (taking judicial notice of

5   legislative history on appeal from order granting motion to dismiss); *Chaker v. Crogan*, 428 F.3d

6   1215, 1223 n.8 (9th Cir. 2005) (taking judicial notice of the legislative history of Cal. Penal Code §

7   148.6); *King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018) (a court may take "judicial

8   notice of the undisputed and publicly available information displayed on government websites");

9   *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021) ("Documents published on

10  government-run websites are proper for judicial notice given their reliability"); *County of Santa*

11  *Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of

12  information posted on a government website).  A true and correct copy of this document is attached

13  hereto as **Exhibit 6.**  Etsy requests this judicial notice since Plaintiff selectively quoted a stray

14  comment from the bill's author (Dkt. 20 at 11), without providing the Court with the complete

15  legislative history.  The complete legislative history, including this document, demonstrates that the

16  comment was not included anywhere in the rest of the legislative history, much less adopted by the

17  full legislative body.

18        7.      Summary of the September 11, 2017 State Committee on Environmental Quality

19  Hearing for Assembly Bill 1583: This summary of a legislative hearing is a matter of public record

20  and is made available on the California Legislature's website at the following website address:

21  https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201720180AB1583   (last

22  accessed September 13, 2024).  Judicial notice is appropriate as courts routinely take notice of the

23  legislative history of state statutes pursuant to Rule 201.  *See Sonoma Cnty. Ass'n of Retired*

24  *Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1120 n.8 (9th Cir. 2013) (taking judicial notice of

25  legislative history on appeal from order granting motion to dismiss); *Chaker v. Crogan*, 428 F.3d

26  1215, 1223 n.8 (9th Cir. 2005) (taking judicial notice of the legislative history of Cal. Penal Code §

27  148.6); *King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018) (a court may take "judicial

28  notice of the undisputed and publicly available information displayed on government websites");

*Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021) ("Documents published on government-run websites are proper for judicial notice given their reliability"); *County of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information posted on a government website). A true and correct copy of this document is attached hereto as **Exhibit 7.** Etsy requests this judicial notice since Plaintiff selectively quoted a stray comment from the bill's author (Dkt. 20 at 11), without providing the Court with the complete legislative history. The complete legislative history, including this document, demonstrates that the comment was not included anywhere in the rest of the legislative history, much less adopted by the full legislative body.

8.      Summary of the September 14, 2017 State Committee on Environmental Quality Hearing for Assembly Bill 1583: This summary on a legislative hearing is a matter of public record and is made available on the California Legislature's website at the following website address: https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201720180AB1583     (last accessed September 13, 2024). Judicial notice is appropriate as courts routinely take notice of the legislative history of state statutes pursuant to Rule 201. *See Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1120 n.8 (9th Cir. 2013) (taking judicial notice of legislative history on appeal from order granting motion to dismiss); *Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005) (taking judicial notice of the legislative history of Cal. Penal Code § 148.6); *King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018) (a court may take "judicial notice of the undisputed and publicly available information displayed on government websites"); *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021) ("Documents published on government-run websites are proper for judicial notice given their reliability"); *County of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information posted on a government website). A true and correct copy of this document is attached hereto as **Exhibit 8.** Etsy requests this judicial notice since Plaintiff selectively quoted a stray comment from the bill's author (Dkt. 20 at 11), without providing the Court with the complete legislative history. The complete legislative history, including this document, demonstrates that the

comment was not included anywhere in the rest of the legislative history, much less adopted by the full legislative body.

9.      <u>The California Attorney General's March 14, 2006 Letter Regarding Second-Hand Smoke</u>: The California Attorney General's March 14, 2006 letter is a matter of public record and is publicly available on the California Attorney General's website: https://oag.ca.gov/sites/all/files/agweb/pdfs/prop65/ATM_Ltr.pdf (last accessed September 13, 2024).  Judicial notice is appropriate.  *See King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018) (a court may take "judicial notice of the undisputed and publicly available information displayed on government websites"); *Daugherty v. Experian Info. Solutions, Inc.*, 847 F. Supp. 2d 1189, 1193 (N.D. Cal. 2012) ("The opinions of State Attorney Generals are judicially noticeable."); *Nichols v. Brown*, 945 F. Supp. 2d 1079, 1091 n.4 (C.D. Cal. 2013) (same);  *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 851 n.10 (9th Cir. 2016) ("courts routinely take judicial notice of letters published by the government"); *County of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information posted on a government website). A true and correct copy of this document is attached hereto as **Exhibit 9.**  The Attorney General's conclusion demonstrates that, unlike in this case, the Attorney General sometimes issues no-merit letters that do not withdraw the authority of the private enforcer to pursue a lawsuit in the public interest.

10.     <u>The California Attorney General's December 7, 2018 Letter Regarding Lead in Juice:</u>  The California Attorney General's December 7, 2018 letter is a matter of public record and is publicly available on the California Attorney General's website: https://oag.ca.gov/sites/all/files/agweb/pdfs/prop65/letter-juices-violation-120718.pdf (last accessed September 13, 2024).  Judicial notice is appropriate.  *See King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018) (a court may take "judicial notice of the undisputed and publicly available information displayed on government websites"); *Daugherty v. Experian Info. Solutions, Inc.*, 847 F. Supp. 2d 1189, 1193 (N.D. Cal. 2012) ("The opinions of State Attorney Generals are judicially noticeable."); *Nichols v. Brown*, 945 F. Supp. 2d 1079, 1091 n.4 (C.D. Cal. 2013) (same); *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 851 n.10 (9th Cir. 2016) ("courts routinely

8

take judicial notice of letters published by the government"); *County of Santa Clara v. Astra USA, Inc*., 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information posted on a government website).  A true and correct copy of this document is attached hereto as **Exhibit 10.**  The Attorney General's conclusion demonstrates that, unlike in this case, the Attorney General sometimes issues no-merit letters that do not withdraw the authority of the private enforcer to pursue a lawsuit in the public interest.

11. <u>The California Attorney General's April 27, 2020 Letter Regarding Laboratory Chemicals:</u>  The California Attorney General's April 27, 2020 letter is a matter of public record and is publicly available on the California Attorney General's website: https://oag.ca.gov/sites/all/files/agweb/pdfs/prop65/letter-weston-042720.pdf (last accessed September 13, 2024).  Judicial notice is appropriate.  *See King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018) (a court may take "judicial notice of the undisputed and publicly available information displayed on government websites"); *Daugherty v. Experian Info. Solutions, Inc*., 847 F. Supp. 2d 1189, 1193 (N.D. Cal. 2012) ("The opinions of State Attorney Generals are judicially noticeable."); *Nichols v. Brown*, 945 F. Supp. 2d 1079, 1091 n.4 (C.D. Cal. 2013) (same);  *Smith v. Los Angeles Unified Sch. Dist*., 830 F.3d 843, 851 n.10 (9th Cir. 2016) ("courts routinely take judicial notice of letters published by the government"); *County of Santa Clara v. Astra USA, Inc*., 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information posted on a government website).  A true and correct copy of this document is attached hereto as **Exhibit 11.**  The Attorney General's conclusion demonstrates that, unlike in this case, the Attorney General sometimes issues no-merit letters that do not withdraw the authority of the private enforcer to pursue a lawsuit in the public interest.

12. <u>The California Attorney General's April 30, 2020 Letter Regarding Laboratory Chemicals:</u>  The California Attorney General's April 30, 2020 letter is a matter of public record and is publicly available on the California Attorney General's website: https://oag.ca.gov/sites/all/files/agweb/pdfs/prop65/letter-weston-043020.pdf (last accessed September 13, 2024).  Judicial notice is appropriate.  *See King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018) (a court may take "judicial notice of the undisputed and publicly available

1   information displayed on government websites"); *Daugherty v. Experian Info. Solutions, Inc*., 847

2   F. Supp. 2d 1189, 1193 (N.D. Cal. 2012) ("The opinions of State Attorney Generals are judicially

3   noticeable."); *Nichols v. Brown*, 945 F. Supp. 2d 1079, 1091 n.4 (C.D. Cal. 2013) (same); *Smith v.*

4   *Los Angeles Unified Sch. Dist*., 830 F.3d 843, 851 n.10 (9th Cir. 2016) ("courts routinely take

5   judicial notice of letters published by the government"); *County of Santa Clara v. Astra USA, Inc*.,

6   401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information posted on a

7   government website).  A true and correct copy of this document is attached hereto as **Exhibit 12.**

8   The Attorney General's conclusion demonstrates that, unlike in this case, the Attorney General

9   sometimes issues no-merit letters that do not withdraw the authority of the private enforcer to pursue

10  a lawsuit in the public interest.

11        13.   Plaintiff As You Sow's Notice of Violation dated May 20, 2024:  Plaintiff As You

12  Sow filed this notice of violation with the California Attorney General on May 20, 2024 in another

13  case. This letter is a matter of public record and is publicly available on the California Attorney

14  General's website:  https://oag.ca.gov/system/files/prop65/notices/2024-01991.pdf   (last accessed

15  September 13, 2024).  Judicial notice is appropriate.  *See King v. Cnty. of Los Angeles*, 885 F.3d

16  548, 555 (9th Cir. 2018) (a court may take "judicial notice of the undisputed and publicly available

17  information displayed on government websites"); *County of Santa Clara v. Astra USA, Inc*., 401 F.

18  Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information posted on a government

19  website).  A true and correct copy of this document is attached hereto as **Exhibit 13.**  Etsy requests

20  judicial notice because this document demonstrates that, contrary to Plaintiff's argument, Plaintiff

21  does not always name Danielle Fugere as its "responsible individual" in its Proposition 65 notices.

22  In this notice of violation, Plaintiff named no responsible individual at all, in violation of the statute.

23        14.   Plaintiff As You Sow's Notice of Violation dated December 9, 2022:  13.  Plaintiff

24  As You Sow filed this notice of violation with the California Attorney General on December 9, 2022

25  in another case. This letter is a matter of public record and is publicly available on the California

26  Attorney General's website:  https://oag.ca.gov/system/files/prop65/notices/2022-02965.pdf   (last

27  accessed September 13, 2024).  Judicial notice is appropriate.  *See King v. Cnty. of Los Angeles*, 885

28  F.3d 548, 555 (9th Cir. 2018) (a court may take "judicial notice of the undisputed and publicly

DEFENDANT ETSY, INC.'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

available information displayed on government websites"); *County of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information posted on a government website).  A true and correct copy of this document is attached hereto as **Exhibit 14.** Etsy requests judicial notice because this document demonstrates that, contrary to Plaintiff's argument, Plaintiff does not always name Danielle Fugere as its "responsible individual" in its Proposition 65 notices.  In this notice of violation, Plaintiff named Jonathan Kirkland as its responsible individual.

15.   <u>Plaintiff As You Sow's Notice of Violation dated August 31, 2018:</u>  Plaintiff As You Sow filed this notice of violation with the California Attorney General on August 31, 2018 in another case. This letter is a matter of public record and is publicly available on the California Attorney General's website: <u>https://oag.ca.gov/system/files/prop65/notices/2018-01640.pdf</u>   (last accessed September 13, 2024).  Judicial notice is appropriate.  *See King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018) (a court may take "judicial notice of the undisputed and publicly available information displayed on government websites"); *County of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information posted on a government website).  A true and correct copy of this document is attached hereto as **Exhibit 15.**  Etsy requests judicial notice because this document demonstrates that, contrary to Plaintiff's argument, Plaintiff does not always name Danielle Fugere as its "responsible individual" in its Proposition 65 notices. In this notice of violation, Plaintiff named Sylvia Wu as its responsible individual.

16.   <u>Plaintiff As You Sow's Notice of Violation dated November 10, 2017:</u>  Plaintiff As You Sow filed this notice of violation with the California Attorney General on November 10, 2017 in another case. This letter is a matter of public record and is publicly available on the California Attorney General's website: <u>https://oag.ca.gov/system/files/prop65/notices/2017-02474.pdf</u>   (last accessed September 13, 2024).  Judicial notice is appropriate.  *See King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018) (a court may take "judicial notice of the undisputed and publicly available information displayed on government websites"); *County of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information posted on a government website).  A true and correct copy of this document is attached hereto as **Exhibit 16.**

Etsy requests judicial notice because this document demonstrates that, contrary to Plaintiff's argument, Plaintiff does not always name Danielle Fugere as its "responsible individual" in its Proposition 65 notices.  In this notice of violation, Plaintiff named Ellison Folk, an outside attorney, as its responsible individual.

DATED: September 17, 2024                   Respectfully submitted,


                                            McGUIREWOODS LLP



                                            By:  /s/ Nicholas J. Hoffman
                                                 Samuel L. Tarry, Jr. (*PHV Forthcoming*)
                                                 Nicholas J. Hoffman
                                                 Aria Hangval
                                                 Attorneys for Defendant
                                                 ETSY, INC.

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on **September 17, 2024**, I electronically transmitted the foregoing

3 document to the Clerk's Office using the CM/ECF System for filing and service via transmittal

4 of a Notice of Electronic Filing.

5      I declare under penalty of perjury under the laws of the United States of America that the

6 foregoing is true and correct.

7      Executed on **September 17, 2024** at Los Angeles, California.

8                                        By: */s/ Nicholas J. Hoffman*
                                             Nicholas J. Hoffman
9                                            Attorneys for Defendant
                                             ETSY, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ETSY, INC.'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE
Case No.: 24-cv-04203-MMC