EXHIBIT 1

*BILL LOCKYER*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*



1515 CLAY STREET, 20ᵀᴴ FLOOR
P.O. BOX 70550
OAKLAND, CA 94612-0550

Public:  (510) 622-2100
Telephone:  (510) 622-2149
Facsimile:  (510) 622-2270
E-Mail: Ed.Weil@doj.ca.gov

December 5, 2006

Richard A. Raymond, M.D.
Under Secretary
Office of Food Safety
United States Department of Agriculture
Office of the Secretary
Washington, DC 20250

Marc L. Kesselman
General Counsel
United States Department of Agriculture
Washington, DC 20250

RE:     Proposition 65 and Federal Preemption

Dear Messrs. Raymond and Kesselman:

We have been provided with a copy of your letter of October 5, 2006 to Jeff Farrar, Chief
of the Food Safety Section of the California Department of Health Services, concerning the Safe
Drinking Water and Toxic Enforcement Act of 1986, commonly known as Proposition 65.
Under California law, the Department of Health Services is not responsible for implementation
or enforcement of Proposition 65. Since the Attorney General is the statewide official
responsible for enforcement of Proposition 65, we are responding to your letter.

As you know, Proposition 65 requires that, under certain circumstances, businesses
provide consumers with clear and reasonable warning of exposure to chemicals known to cause
cancer, unless the exposure is shown to create no significant risk of cancer. In April of 2006, we
received a Notice of Violation from the Physicians Committee for Responsible Medicine, in
which that group alleged that grilled chicken contains a chemical commonly known as "PhIP" (2-
amino-1-methyl-6-phenylimidazo[4,5-$b$] pyridine). This notice alleged that certain sellers of
grilled chicken had violated Proposition 65 by failing to warn consumers of the presence of PhIP
in grilled chicken. We investigated the matter thoroughly.

After a thorough review of the letter's contents, and minimal discussion with your staff,
we have reached a number of conclusions on the matter.

Richard A. Raymond, M.D.
Marc L. Kesselman
December 5, 2006
Page 2

First, the procedure by which the letter was developed and sent is contrary to the express provisions of an Executive Order and reflects a deliberate effort to avoid consulting the responsible state officials in order to ascertain the actual law and facts applicable to the matter.

Second, there is no conflict in this instance between Proposition 65 and federal law, because, based on our factual and legal analysis, Proposition 65 does not require a warning for PhIP in chicken.

Third, your letter can be read to assert that all Proposition 65 warnings would always be preempted by the Poultry Products Inspection Act ("PPIA"), an assertion that is contrary to law, and certainly is not supported by any of the authority set forth in the letter.

A.    Process

On October 18, 2006, we received a copy of the letter, which was addressed to Jeff Farrar of the California Department of Health Services, Food and Drug Branch. Through a series of prior correspondence in 2005, the U.S. Department of Agriculture ("USDA") is well aware that the Attorney General is the state official with responsibility for enforcement of Proposition 65, and this correspondence should have been directed to him.

As we understand it, the USDA was approached by representatives of members of the regulated community, and the matter was the subject of a variety of communications between those entities and USDA. At no point was any public notice issued, nor were any members of the public or officials from the State of California consulted.

An Order of the President of the United States entitled "Federalism" directs federal agencies to consult with affected state officials in considering actions that could preempt state law. (Executive Order 13132 (August 4, 1999) [64 Fed.Reg. 43255].) Most on-point is the requirement that "[w]hen an agency foresees the possibility of a conflict between State law and Federally protected interests within its area of regulatory responsibility, the agency shall consult, to the extent practicable, with appropriate State and local officials in an effort to avoid such a conflict." (Executive Order, § 4(d).)[1] In this instance, the USDA has acted in direct defiance of

_____

[1]See also §2(i)[ "the national government should be deferential to the States when taking action that affects the policymaking discretion of the states and should act only with the greatest caution where State or local governments have identified uncertainties regarding the constitutional or statutory authority of the national government"]; § 3(b) ["[w]here there are significant uncertainties as to whether national action is authorized or appropriate, agencies shall

Richard A. Raymond, M.D.
Marc L. Kesselman
December 5, 2006
Page 3

this Order.  While we are aware that the Order is not actually enforceable by third parties (§ 11),
we can think of no reason why USDA would deliberately avoid consulting state officials
concerning a matter of potential conflict with state law.

    In considering the process by which your letter was formulated, it would be helpful to
clarify its actual status.  At certain points, it asserts that the "the Agency has determined" that
Proposition 65 warnings would conflict with federal law.  (See page 1, 3rd paragraph; page 3, 1st
full paragraph.)  It appears to us that the letter simply expresses the informal view of USDA, and
is not legally binding.  If you contend that it constitutes some type of formal determination that
has the force and effect of law, please let us know (1) the procedure by which it was adopted; (2)
whether it is considered a "final agency action" subject to judicial review under the
Administrative Procedure Act; and (3) the nature of the rulemaking record on which it is based.

    Even when properly viewed only as the non-binding expression of the legal position of
the USDA, we disagree with your assertion that the letter is entitled to substantial deference.
While your letter provides authority that agency interpretations are entitled to deference from the
courts under many circumstances, we think that under these circumstances such a letter would
receive no significant deference from a court.  In this instance, it appears that USDA reached its
conclusions after discussion with interested parties from one side of the issue, deliberately
avoiding any input from the public or the responsible state officials.  While California courts
typically defer to agency interpretations of statutes in a manner similar to that applied in the
federal courts, our Supreme Court has held that "the views of an administrative agency that are
'the product of a nonadversarial, ex parte process, conducted at the request of an organization
that exclusively represents the interests' of a private industry group are entitled to less deference
than administrative decisions made after formal proceedings in which adversarial views are
aired."  (*People ex rel. Lungren v. Superior Court (American Standard)* (1996) 14 Cal.4th 294,
311.)  We think that, given a similar set of facts, a federal court would reach a similar conclusion.

───────────────

consult with appropriate State and local officials to determine whether Federal objectives can be
attained by other means"]; § 3(d)(3) [agencies shall "in determining whether to establish uniform
national standards, consult with appropriate State and local officials as to the need for national
standards and any alternative that would limit the scope of national standards or otherwise
preserve State prerogatives and authority"].

Richard A. Raymond, M.D.
Marc L. Kesselman
December 5, 2006
Page 4

**B.     Potential Conflict Between State and Federal Law**

    Of course, there is no dispute that where state and federal law conflict, federal law
prevails. Such conflicts, however, must be "actual" and "irreconcilable." In order to determine
whether such a conflict exists, one must ascertain the requirements of the federal law, the
requirements of the state law, and how they apply to the current situation. From our reading of
your letter, it appears that USDA misunderstood some of the requirements of Proposition 65.

    **1.     Requirements of Proposition 65**

    The Safe Drinking Water and Toxic Enforcement Act of 1986 is an initiative statute
passed as "Proposition 65" by a vote of the people in November of 1986. The warning
requirement of the statute is contained in Health and Safety Code section 25249.6, which
provides:

        No person in the course of doing business shall knowingly and intentionally
        expose any individual to a chemical known to the state to cause cancer or
        reproductive toxicity without first giving clear and reasonable warning to such
        individual, except as provided in Section 25249.10.

    Proposition 65 establishes a procedure by which the state develops a list of chemicals
"known to the state to cause cancer or reproductive toxicity." (Health & Saf. Code, § 25249.8.)
"Listed" chemicals are then subject to the law. (Cal. Code Regs., tit. 22, § 12000.)

    Implementing regulations allow a number of methods of providing warnings, including
labels and other point-of-sale information, which are "deemed to be clear and reasonable," and
therefore are often called "safe harbor" warnings.[2] These regulations also provide "safe harbor"
warning language, which for chemicals known to cause cancer is "Warning: This Product
Contains a Chemical Known to the State of California to Cause Cancer." (Cal.Code Regs., tit.
22, § 12601(b)(4)(A).) Contrary to the suggestion in your letter, this language is authorized, not
required. A warning could be used that provided more balanced information concerning the
nature of the product and the hazard. Many such warnings have been authorized by the Attorney
General and approved by courts. If a warning were necessary in this case, we could work with

---

    [2]In previous correspondence, we have discussed our different views concerning whether
point-of-sale warnings that do not move through commerce with the product constitute
"labeling" within the scope of the express preemption provision of the PPIA. Since your letter
indicates that it does not address that issue, we will not address it here.

Richard A. Raymond, M.D.
Marc L. Kesselman
December 5, 2006
Page 5


USDA on the development of appropriate language, as we have with other federal agencies.
Accordingly, the fact that USDA considers the use of the "safe-harbor" warning language
inappropriate in this case does not establish an actual conflict between state and federal law.

Enforcement actions may be brought by the Attorney General or District Attorneys.
(Health & Saf. Code, § 25249.7(c).)  In addition, private parties may sue if they provide a "notice
of violation" specifying the alleged violation and no public prosecutor commences an action
within sixty days.  (*Id.*, § 25249.7(d).)  In 2001, the California Legislature amended the statute to
provide that notices alleging violations of the warning requirement must include a Certificate of
Merit attesting that the notifying party has consulted with appropriately knowledgeable persons
and believes that the action has merit, and providing the supporting information upon which that
belief is based to the Attorney General.  (*Id.*, § 25249.7(d)(1).)

2.      **Significant Risk Standards**

The statute establishes certain exemptions from its requirements, the most important of
which is the "no significant risk" exemption.  It provides that no warning is required for any
exposure to a chemical known to cause cancer if "the person responsible can show that the
exposure poses no significant risk assuming lifetime exposure at the level in question[.]"  (Health
& Saf. Code,  § 25249.10(c).)  The "no significant risk" standard itself is set at a risk of 1
additional case of cancer per 100,000 exposed persons, which is less strict than the "1 in 1
million" standard used by many regulatory agencies.  (Cal. Code Regs., tit. 22, § 12703(b).  See
*Ingredient Communication Council* v. *Lungren* (1992) 2 Cal.App.4th 1480, 1494 n. 8.)

The regulations also provide, however, that the 1 in 100,000 risk level does not apply
"where sound considerations of public health support an alternative level, as, for example: (1)
where chemicals in food are produced by cooking necessary to render the food palatable or to
avoid microbiological contamination[.]"  The Final Statement of Reasons issued by the lead
agency (now the Office of Environmental Health Hazard Assessment) in adopting this regulation
sheds additional light on the full scope and meaning of the provision.  As the agency noted:

> The public health benefits of cooking food are widely recognized.  Cooking food
> significantly minimizes the possibility of food-borne infections and food
> intoxication.  The high temperatures that foods are subject to during cooking are
> effective in killing pathogenic bacteria, helminths and other organisms[.] ... In
> addition to its anti-microbial benefits, cooking is often necessary to make foods
> palatable.  Experience has shown that, when food isn't palatable, people tend not
> to eat.  This can have health consequences as well.

Richard A. Raymond, M.D.
Marc L. Kesselman
December 5, 2006
Page 6

(Statement of Reasons, at 4.)  The agency went on to note that a number of chemicals listed as carcinogens are by-products of the cooking process, and vary depending on the cooking method, temperature, and duration.  (*Id.*)  The agency went on to state:

> The confusion which would result if all purveyors of cooked or heat-processed foods provide a warning with their product, to avoid any potential liability, could be enormous.  If the warning were to specify that it is given for cooking, it could generate undue public fear about cooking food, leading some to undercook their food or avoid cooking altogether.  This could result in an increase in the transmission of food-borne diseases.  If the warning does not specify that it is given for cooking, consumers might avoid foods carrying the warning in favor of raw foods, which more likely would not carry a warning. Since most consumers cook raw food, they would expose themselves to the same listed chemicals anyway.  Thus, consumers are likely to be exposed to these chemical by-products of cooking in any event.  In light of the offsetting public health benefit that the cooking of food provides, the Agency takes the position that businesses which utilize cooking necessary for the processing or preparation of food should not be strictly held to the $10^{-5}$ standard.

(*Id.*)  Of course, this does not completely exempt all chemicals created by cooking food, because their creation may be avoidable, i.e., not necessary, or because they could pose a cancer risk greater than any countervailing health benefit.  Thus, applying the regulation requires consideration of the nature of the food, the cooking process, and the relative health risks and benefits.  Finally, in some instances, factual issues will exist as to whether certain cooking was necessary to avoid contamination or render the food palatable.

C.    **Application of Proposition 65 to PhIP in Chicken**

In April of 2006, we received a Notice of Violation on this subject from the Physicians Committee for Responsible Medicine ("PCRM"), and investigated the matter throughly.  Among other things, we retained a qualified expert who reviewed the scientific issues associated with the claim.  In addition, we informally consulted with representatives of PCRM concerning this matter.  We also received an inquiry from representatives of some of the alleged violators, and we advised them that we were reviewing the matter.  They did not contact us again, however.

In reviewing the matter, we considered information about the concentration of PhIP in cooked chicken, the amount of chicken consumed by average users of the product, and the cancer potency of PhIP.  Based on that review, we concluded that the level of PhIP present in cooked

Richard A. Raymond, M.D.
Marc L. Kesselman
December 5, 2006
Page 7

chicken falls far below the level that would require a warning under Proposition 65, even without
addressing any concerns about risks associated with undercooking of chicken.

In addition, we concluded that PhIP in chicken is created by the process of cooking
necessary to render the food safe from microbiological contamination. We separately analyzed
and quantified the health risks associated with undercooking chicken. Ultimately, our analysis
showed that the reduction in hazard from microbiological contamination due to cooking is
greater than the risk posed by the presence of PhIP, i.e., that the net effect of cooking is to reduce
the health risk associated with the product. Thus, in applying the "no significant risk" standard
under Proposition 65, it is clear that PhIP created by cooking chicken would be deemed to pose
no significant risk, and would not require a warning.

Accordingly, in this respect, there is no conflict between Proposition 65 and the PPIA,
because Proposition 65 does not require a warning for PhIP in cooked chicken.

D.    Occupation of the Field by the PPIA

Most of your letter discusses whether warnings for PhIP in cooked chicken would conflict
with USDA requirements concerning thorough cooking of meat. At certain points, however, the
letter contains statements, which, taken by themselves, suggest that all Proposition 65 warnings
for meat and poultry are always preempted by federal law, regardless of the circumstances. Such
an assertion, which we are not certain you intended, amounts to an assertion that USDA has
occupied the field of food safety. Such a contention is not supported in your letter, and cannot be
sustained under existing law. Indeed, while there are many cases addressing preemption under
the PPIA, and the similar Federal Meat Inspection Act, we are aware of none finding that those
statutes automatically displace all state regulation.

As your letter indicates, it does not address the issue of whether point-of-sale warnings
fall within the scope of "labeling" requirements, which are expressly preempted by the PPIA.
The existence of that provision, however, is directly relevant to any claim that all Proposition 65
warnings are preempted by the PPIA. In *Cipollone v. Liggett Group*, 505 U.S. 504, 517 (1992),
the Supreme Court held that the existence of an express preemption provision in a federal statute
also should be viewed on a limit on the scope of preemption, such that federal "occupation of the
field" can no longer be inferred.

Moreover, the relatively comprehensive nature of USDA regulatory requirements is not
sufficient to either occupy the regulatory field or render all state-imposed warnings in conflict
with federal law. This issue has been raised concerning other comprehensive federal regulatory

Richard A. Raymond, M.D.
Marc L. Kesselman
December 5, 2006
Page 8

programs, including FIFRA and the Food, Drug and Cosmetic Act, yet no court has found that
these requirements represent a scheme of federal regulation "so pervasive as to make reasonable
the inference that Congress left no room for the states to supplement it." (*English v. General
Electric* (1990) 496 U.S. 72, 79.)  Indeed, the California Supreme Court recently considered
conflict issues concerning Proposition 65 with respect to over-the-counter drugs, in *Dowhall v.
SmithKline Beecham* (2004) 32 Cal. 4th 910.  The court expressly found that the fact that
regulation of over-the-counter drugs is comprehensive was not sufficient to create preemption.  It
also found that FDA's approval of a label without particular warnings could not be deemed to be
a determination that no such warnings could be required by state law.  Of course, that court did
find that because the FDA had made a specific individual determination for the product in
question by which it had formally and expressly forbidden the product manufacturer to provide
the Proposition 65 warning, an irreconcilable conflict existed and federal law must prevail.  As
we discussed above, no such conflict exists here.

E.     **Conclusion**

        For the reasons set forth above, we do not think your claims as to preemption of
Proposition 65 are legally correct, or are entitled to any significant deference from the courts.  In
this instance, there is no potential conflict between Proposition 65 and the PPIA because
Proposition 65 does not require warnings for PhIP in cooked chicken.

        With respect to our future practices, since the PPIA and FMIA do not occupy this field of
health and safety regulation, we will continue to enforce Proposition 65 with respect to meat and
poultry, although we will not require on-product labels.  In addition, we are willing to consult
with USDA in order to determine whether a given warning for a given product might be in
conflict with federal law, and we would appreciate having the same courtesy extended to us.

        Please do not hesitate to call me if you would like to discuss any of these issues.

                                         Sincerely,

                                         EDWARD G. WEIL
                                         Supervising Deputy Attorney General

                         For     BILL LOCKYER
                                 Attorney General

EXHIBIT 2

Date of Hearing:  May 24, 2017

ASSEMBLY COMMITTEE ON APPROPRIATIONS
Lorena Gonzalez Fletcher, Chair
AB 1583 (Chau) – As Amended April 20, 2017

| Policy Committee: | Environmental Safety and Toxic Materials | Vote: | 7 - 0 |
|---|---|---|---|
| | Judiciary | | 11 - 0 |

Urgency:  No          State Mandated Local Program:  No          Reimbursable:  No

**SUMMARY**:

This bill modifies Proposition 65, the Safe Drinking Water and Toxic Enforcement Act of 1986 to: clarify existing law regarding discovery of the certificate of merit; codify existing practices of the Attorney General's (AG) office; and require the Governor's Office of Business and Economic Development to post a specified disclaimer about the obligations of businesses under Proposition 65 on its website. Specifically, this bill:

1) Requires the AG to serve a letter to the noticing party and the alleged violator that he or she believes there is not merit to the action, if after reviewing the certificate of merit and meeting and conferring with the noticing party, the AG makes that determination. Provides if the AG does not serve a letter, it shall not be construed as an endorsement by the AG of the merits of the action.

2) Specifies that the basis for the certificate of merit is discoverable only to the extent that the information is relevant to the subject matter of the action and not subject to the attorney-client privilege, the attorney work product privilege, or any other legal privilege.

3) Requires the Governor's Office of Business and Economic Development to post on its internet website and in any written materials they provide to businesses, information relating to a business's obligations under Proposition 65.

**FISCAL EFFECT**:

Minor, if any, state costs.

**COMMENTS**:

1) **Purpose.** According to the author, "AB 1583 simply requires the Attorney General to provide the party bringing an action under Proposition 65 and the alleged violator with a letter regarding any action that the Attorney General does not believe has merit. Additionally, AB 1583 requires the Governor's Office of Business and Economic Development to provide on their website, and in written materials that they provide to business, information about their business obligations under Proposition 65 and information about where they can learn how to comply with Proposition 65's provisions. This will help businesses proactively come into compliance with Proposition 65 without the need for costly litigation."

2) **Proposition 65.** Proposition 65 requires the state to publish a list of chemicals known to cause cancer or birth defects or other reproductive harm. This list, which must be updated at least once a year, currently includes approximately 800 chemicals. The Office of Environmental Health Hazard Assessment (OEHHA) administers the Proposition 65 program, including evaluating all currently available scientific information on substances considered for placement on the Proposition 65 list. Under Proposition 65, businesses in California are required to provide a "clear and reasonable" warning before knowingly and intentionally exposing anyone to a Proposition 65-listed chemical. Warnings can be made in many ways, including by labeling a consumer product, posting signs, distributing notices, or publishing notices in a newspaper. Once a chemical is listed, businesses have 12 months to comply with warning requirements.

Proposition 65 also prohibits companies that do business within California from knowingly discharging listed chemicals into sources of drinking water. Once a chemical is listed, businesses have 20 months to comply with the discharge prohibition.

The AG enforces Proposition 65. Any district attorney or city attorney (for cities whose population exceeds 750,000) may also enforce Proposition 65. In addition, any individual acting in the public interest may enforce Proposition 65 by filing a lawsuit against a business alleged to be in violation of this law. Lawsuits have been filed by the AG's Office, district attorneys, consumer advocacy groups, private citizens, and law firms. Penalties for violating Proposition 65 by failing to provide warning notices can be as high as $2,500 per violation per day. State law requires any person suing "in the public interest" to enforce Proposition 65, to notify the AG of the lawsuit and outcome of the case. All reports on Proposition 65 private actions must be filed electronically with the AGs Office.

3) **Certificate of Merit.** Any person bringing an action under Proposition 65 is required to provide a notice of alleged violation to the AG 60 days before taking the action including a certificate of merit. The certificate of merit is required to state that the person executing the certificate has consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the exposure to the listed chemical that is the subject of the action, and that, based on that information, the person executing the certificate believes there is a reasonable and meritorious case for the private action. Additionally, factual information sufficient to establish the basis of the certificate of merit must be attached to the certificate that is served on the Attorney General.

4) **Governor's Office of Business and Economic Development (GO-Biz).** GO-Biz was created to serve as California's single point of contact for economic development and job creation efforts. GO-Biz offers a range of services to business owners including: attracting them to California, retention and expansion services, site selection, permit assistance, regulatory guidance, small business assistance, international trade development, and assistance with state government.

**Analysis Prepared by**: Jennifer Galehouse / APPR. / (916) 319-2081

EXHIBIT 3

**SENATE COMMITTEE ON ENVIRONMENTAL QUALITY**
**Senator Wieckowski, Chair**
**2017 - 2018  Regular**

**Bill No:**       AB 1583
**Author:**       Chau
**Version:**      4/20/2017                    **Hearing Date:**   6/21/2017
**Urgency:**     No                            **Fiscal:**            Yes
**Consultant:**  Rachel Machi Wagoner

**SUBJECT:** Proposition 65: enforcement: certificate of merit: factual basis.

**ANALYSIS:**

Existing law: under the Safe Drinking Water and Toxic Enforcement Act of 1986 (Proposition 65):

1) Requires the state to publish a list of chemicals known to cause cancer or birth defects or other reproductive harm. This list, which must be updated at least once a year, has grown to include approximately 800 chemicals since it was first published in 1987.

2) Requires businesses to notify Californians about significant amounts of chemicals in the products they purchase, in their homes or workplaces, or that are released into the environment.

3) Prohibits California businesses from knowingly discharging significant amounts of listed chemicals into sources of drinking water.

4) Authorizes the Office of Environmental Health Hazard Assessment (OEHHA) to administer the Proposition 65 program and evaluate all currently available scientific information on substances considered for placement on the Proposition 65 list.

5) Provides that the Attorney General, a district attorney, the city attorney of a city having a population in excess of 750,000, or, with the consent of the district attorney, by a city prosecutor in a city or city and county having a full-time city prosecutor to bring an enforcement action. (Section 25249.7 (c).)

6) Provides that an action may be brought by a person in the public interest if the following requirements are met:

   a) The private action is commenced more than 60 days from the date that the person has given notice of an alleged violation.

b) Neither the Attorney General, nor a district attorney, city attorney or city prosecutor has commenced and is diligently prosecuting an action against the violation.

7) Requires a notice alleging a violation include a certificate of merit executed by the attorney of the noticing party, or by the noticing party, if the noticing party is not represented by an attorney.

8) Requires the certificate of merit to state that the person executing the certificate of merit has consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed the facts, studies, or other data regarding the exposure to the listed chemical that is the subject of the action, and that based on that information, the person executing the certificate believes there is a reasonable and meritorious case for the private action.

9) Requires factual information be attached to the certificate of merit that is served on the Attorney General.

10) Requires, unless under a motion to review the factual basis, that the basis for the certificate of merit required by a private action is not discoverable, but does not preclude the discovery of information related to the certificate of merit if that information is relevant to the subject matter of the action and is otherwise discoverable, solely on the grounds that it was used in support of the certificate of merit.

11) Provides that any person who violates the above provisions may be enjoined in any court of competent jurisdiction and shall be liable for a civil penalty not to exceed $2,500 per day for each violation in addition to any other penalty established by law.

12) Provides for a specified course of remediation for lawsuits alleging a violation of the clear and reasonable warning requirement for four specified exposures (lawfully permitted alcoholic beverages; chemicals resulting from food or beverage preparation; environmental tobacco smoke on premises where smoking is permitted; and, engine exhaust in parking facilities, as specified).

13) Prohibits the person who files an action from exposure from doing so until 14 days after she or he has served the alleged violator with a notice of alleged violation. Authorizes the person who served the notice of violation to file an action if the alleged violator failed to correct the alleged violation or failed to pay a civil penalty of $500.

14)  Authorizes amendments to Proposition 65, provided that they are passed in each house of the Legislature by a two-thirds vote and further the purposes of Proposition 65.

15)  Establishes the Governor's Office of Business and Economic Development, also known as "Go-Biz," within the Governor's office.

This bill:

1)  Requires the California Attorney General (AG) to serve a letter to the noticing party and the alleged violator stating that the Attorney General believes there is not merit to the action, if, after reviewing the factual information alleged to establish the basis for the certificate of merit, and meeting and conferring with the noticing party regarding the basis for the certificate of merit, the Attorney General determines there is not merit to the action; and specifies that the Attorney General's decision not to serve a letter shall not be construed as an endorsement of the action.

2)  Provides that the basis for the certificate of merit is discoverable only to the extent that the information is relevant to the subject matter of the action and not subject to the attorney-client privilege, the attorney work product privilege, or any other legal privilege.

3)  Requires the Governor's Office of Business and Economic Development to post, in a conspicuous location on its Internet Web site, any informational materials provided to businesses relating to a business's obligation under state law, as well as a specified disclaimer.

4)  Finds and declares that this bill furthers the purposes of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act of 1986.

**Background**

1)  *Proposition 65 warning notice requirements.*  Under the provisions of Proposition 65, businesses are required to provide a clear and reasonable warning before knowingly and intentionally exposing anyone to a Proposition 65 listed chemical.  This warning can be given by a variety of means, such as by labeling a consumer product, posting signs at the workplace, distributing notices at a rental housing complex, or publishing notices in a newspaper.

Businesses with less than 10 employees and government agencies are exempt from Proposition 65's warning requirements and prohibitions on discharges into drinking water sources.  Businesses are also exempt from the warning

**AB 1583 (Chau)**                                          Page **4** of **8**

requirement and discharge prohibition if the exposures they cause are so low as to create no significant risk of cancer or birth defects or other reproductive harm.

2) *Effects of required Proposition 65 notice.* According to the Office of Environmental Health Hazard Assessment (OEHHA), the agency that oversees the listing of carcinogens and reproductive toxicants, Proposition 65's warning requirement has provided an incentive for manufacturers to remove listed chemicals from their products. For example, trichloroethylene, which causes cancer, is no longer used in most correction fluids; reformulated paint strippers do not contain the carcinogen methylene chloride; and toluene, which causes birth defects or other reproductive harm, has been removed from many nail care products. In addition, a Proposition 65 enforcement action prompted manufacturers to decrease the lead content in ceramic tableware and wineries to eliminate the use of lead-containing foil caps on wine bottles.

3) *Proposition 65 warning requirements for alcohol.* California has adopted regulations to implement the provisions of Proposition 65. Among those regulations are special provisions for public notices related to the hazards of alcohol. Specifically, the regulations protect retailers from enforcement actions and instead place that responsibility on the liquor manufacturers or distributors. The regulation provides, "[f]or alcoholic beverages, the placement and maintenance of the warning shall be the responsibility of the manufacturer or its distributor at no cost to the retailer, and any consequences for failure to do the same shall rest solely with the manufacturer or its distributor, provided that the retailer does not remove, deface, or obscure the requisite signs or notices, or obstruct, interfere with, or otherwise frustrate the manufacturer's reasonable efforts to post, maintain, or periodically replace said materials." (27 Cal. Code Regs. 25603.3(e)(7)).

4) *Proposition 65 enforcement - persons acting in the public interest.* The AG's office enforces Proposition 65. The district attorney or city attorney (for cities whose population exceeds 750,000) may also enforce Proposition 65. In addition, any individual acting in the public interest may enforce Proposition 65 by filing a lawsuit against a business alleged to be in violation of this law. Lawsuits have been filed by the AG's Office, district attorneys, consumer advocacy groups, private citizens, and law firms. Penalties for violating Proposition 65 by failing to provide warning notices can be as high as $2,500 per violation per day. State law requires any person suing "in the public interest" to enforce Proposition 65, to notify the AG of the lawsuit and outcome of the case. All reports on Proposition 65 private actions must be filed electronically with the AGs Office.

5) *Prior amendments to Proposition 65*.  Since passage of Proposition 65, the Legislature has amended Proposition 65 to address the concerns over private enforcement actions.  Those changes have included:

a) SB 1269 (Alpert, Chapter 599, Statutes of 1999), requires that private plaintiffs filing actions in the public interest notify the Attorney General when they file a complaint and when the case reaches a settlement or judgment.  The Attorney General is required to collect information on a reporting form that includes the amount of settlement or civil penalty assessed, the financial terms of settlement, and other information deemed appropriate by the Attorney General.  Any private plaintiff bringing an action that is subject to a settlement must report to the Attorney General the corrective action being taken.  This information is to be maintained by the Attorney General.

b) SB 471 (Sher, Chapter 578, Statutes of 2001), requires the notice in Proposition 65 cases challenging the adequacy of warnings to include a certificate of merit which would certify that the private plaintiff believes there is good cause for the notice based on consultation with an appropriate expert who has reviewed the information.  If the court finds that there was no credible factual basis for the certificate, the action would be deemed frivolous and subject to sanctions.

c) SB 1572 (Sher, Chapter 323, Statutes of 2002), clarifies that a person settling an action arising from Proposition 65 must file a form with the Attorney General that includes the names of the parties.

d) AB 1756 (Committee on Budget, Chapter 228, Statutes of 2003) established the Safe Drinking Water and Toxic Enforcement Fund in the State Treasury and authorized the director of the lead agency, who is designated by the Governor to implement the act, to expend the funds in the Safe Drinking Water and Toxic Enforcement Fund upon appropriation by the Legislature to implement and administer the act.  This bill requires 75% of all civil and criminal penalties collected pursuant to the act to be deposited in the fund and requires any interest earned upon the money deposited into the fund to be deposited in the fund.  The bill requires 25% of all civil and criminal penalties collected pursuant to the act to be paid to the prosecuting office or the person who brought the action in the public interest.

e) AB 227 (Gatto, Chapter 581, Statutes of 2013) requires a person filing an enforcement action in the public interest for certain specified exposures to

provide a notice in a specified proof of compliance form.  Prohibits any person who serves a notice of alleged violation as specified from filing an action for exposure against the alleged violator, or recovering from the alleged violator in a settlement any payment in lieu of penalties or any reimbursement for costs and attorney's fees, under specified conditions.

**DOUBLE REFERRAL:**

If this measure is approved by the Senate Environmental Quality Committee, the do pass motion must include the action to re-refer the bill to the Senate Judiciary Committee.

**Comments**

1) *Purpose of Bill.*  According to the author, "AB 1583 simply requires the Attorney General to provide the party bringing an action under Proposition 65 and the alleged violator with a letter regarding any action that the Attorney General does not believe has merit.  Additionally, AB 1583 requires the Governor's Office of Business and Economic Development to provide on their website, and in written materials that they provide to business, information about their business obligations under Proposition 65 and information about where they can learn how to comply with Proposition 65's provisions.  This will help businesses proactively come into compliance with Proposition 65 without the need for costly litigation."

**SOURCE:**          Author

**SUPPORT:**

Advanced Medical Technology Association
American Chemistry Council
Asian Food Trade Association
Association of Home Appliance Manufacturers
Automotive Specialty Products Alliance
California Apartment Association
California Attractions and Parks Association
California Building Industry Association
California Chamber of Commerce
California Council for Environmental and Economic Balance
California Grocers Association
California Hospital Association
California League of Food Processors

California Manufacturers & Technology Association
California Retailers Association
Camarillo Chamber of Commerce
Can Manufacturers Institute
CAWA – Representing the Automotive Parts Industry
Chemical Industry Council of California
Consumer Specialty Products Association
Council for Responsible Nutrition
Culver City Chamber of Commerce
El Centro Chamber of Commerce
Family Winemakers of California
Giant Union Co.
Greater Irvine Chamber of Commerce
Greater Riverside Chamber of Commerce
Greater San Fernando Valley Chamber of Commerce
H.C. Food Co., Inc.
Hocean Inc.
Industrial Environmental Association
Kim Seng Company
Los Angeles County Business Federation
National Association of Chemical Distributors
National Council of Textile Organizations
National Federation of Independent Business
National Shooting Sports Foundation
New Japan International, Inc.
North Orange County Chamber of Commerce
Pactiv Corporation
Personal Care Products Council
Rancho Cordova Chamber of Commerce
Rocklin Area Chamber of Commerce
Rockman Company (U.S.A.) Inc.
Rosemead Chamber of Commerce
Roxy Trading Inc.
San Gabriel Valley Economic Partnership
Santa Maria Valley Chamber of Commerce
Simi Valley Chamber of Commerce
Southwest California Legislative Council
Specialty Equipment Market Association
Sporting Arms and Ammunition Manufacturers' Institute, Inc.
Styrene Research Information Center
Sun Hing Foods, Inc.
Tak Shing Hong, Inc.

**AB 1583 (Chau)**                                                           Page **8** of **8**

TAWA Supermarket, Inc.
Vinh Sanh Trading Corporation
Wei-Chuan U.S.A., Inc.
West Coast Lumber & Building Material Association
Western Carwash Association
Western Plant Health Association
Western Wood Preservers Institute
Wine Institute
YHS Trading (USA) Inc.
Yuba-Sutter Chamber of Commerce

**OPPOSITION:**

None received

**-- END --**

EXHIBIT 4

**SENATE JUDICIARY COMMITTEE**
**Senator Hannah-Beth Jackson, Chair**
**2017-2018 Regular Session**

AB 1583 (Chau)
Version: April 20, 2017
Hearing Date: July 11, 2017
Fiscal: Yes
Urgency: No
CK

## SUBJECT

Proposition 65:  enforcement:  certificate of merit:  factual basis

## DESCRIPTION

This bill would require the Attorney General to serve a letter on a notifying party and the alleged violator when it determines, after reviewing a certificate of merit and accompanying evidence regarding an alleged violation of the Safe Drinking Water and Toxic Enforcement Act of 1986, that the relevant allegations have no merit.  This bill would reorganize the provision governing the discoverability of certificates of merit.  This bill would also require the Governor's Office of Business and Economic Development to post a disclaimer regarding the requirements the Act places on businesses.  This bill would also make some technical amendments.

## BACKGROUND

Proposition 65, a state initiative measure, was approved on November 4, 1986, and became effective on January 1, 1987.  It added the Safe Drinking Water and Toxic Enforcement Act of 1986 (the Act), Health and Safety Code Section 25249.5 et seq., to the state law.  The Act places two main requirements on businesses.  The first is a prohibition on knowingly discharging or releasing a chemical known to the state to cause cancer or reproductive toxicity (hereinafter Chemical) into water or onto or into land where the chemical has a certain likelihood of passing into a source of drinking water. The second is the more well-known warning requirement.  It prohibits any person, in the course of doing business, to knowingly and intentionally expose any individual to a Chemical without first giving clear and reasonable warning to such individual.  Both have exemptions enumerated in the Act and neither applies to persons employing fewer than 10 employees in the person's business or to most governmental entities.  The Act is administered by the Office of Environmental Health Hazard Assessment (OEHHA).

The Act provides a cause of action to enforce its provisions.  The Attorney General or certain local prosecutors can bring an action against a person who has violated or threatens to violate the Act.  Civil penalties can be assessed and injunctive relief

AB 1583 (Chau)
Page 2 of 8

granted.  In addition, a person can also bring an action in the public interest pursuant to the Act if the Attorney General or a local prosecutor has not already commenced and is diligently litigating claims based on the alleged violation.

Before a private action can be filed, a person must provide notice to the Attorney General and the local prosecutor in whose jurisdiction the violation is alleged to have occurred and to the alleged violator.  The private action cannot commence until 60 days after such notice has been provided.  There is one additional requirement if there is an alleged violation of Section 25249.6, the notice requirement.  In those cases, the notice must include a certificate of merit executed by the person or the person's attorney.  The certificate must indicate that the person executing the certificate has consulted with experts that have reviewed facts, studies, or other relevant data regarding the alleged exposure to a listed chemical underlying the action.  The certificate of merit must further state that based on that information, the person executing the certificate believes there is a reasonable and meritorious case for the private action.  In addition, for the certificate of merit that is served on the Attorney General only, factual information sufficient to establish the basis of the certificate must be attached, including the identity of the persons consulted with and relied on by the certifier, and the facts, studies, or other data reviewed by those persons.

This bill would make changes to the pre-litigation processes, including to the exchange and accessibility of information concerning the basis for actions.  This bill would also require the Governor's Office of Business and Economic Development to post a disclaimer regarding the requirements the Act places on businesses.

## CHANGES TO EXISTING LAW

Existing law, the Safe Drinking Water and Toxic Enforcement Act of 1986 (the Act), provides that no person in the course of doing business shall knowingly and intentionally expose any individual to a chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such individual, except as specified.  It also provides that no person in the course of doing business shall knowingly discharge or release a chemical known to the state to cause cancer or reproductive toxicity into water or onto or into land where such chemical passes or probably will pass into any source of drinking water, notwithstanding any other provision or authorization of law except as specified. (Health & Saf. Code Secs. 25249.5, 25249.6.)[1]

Existing law provides that a person who violates or threatens to violate Section 25249.5 or 25249.6 of the Act may be enjoined in any court of competent jurisdiction and is liable for a civil penalty not to exceed $2,500 per day for each violation in addition to any other penalty established by law. That civil penalty may be assessed and recovered

_____
[1] All further statutory references are to the Health & Safety Code, unless otherwise specified.

AB 1583 (Chau)
Page 3 of 8

in a civil action brought in any court of competent jurisdiction. The court is required to consider the following factors when assessing such a civil penalty:

- the nature and extent of the violation;
- the number of, and severity of, the violations;
- the economic effect of the penalty on the violator;
- whether the violator took good faith measures to comply with this chapter and the time these measures were taken;
- the willfulness of the violator's misconduct;
- the deterrent effect that the imposition of the penalty would have on both the violator and the regulated community as a whole; and
- any other factor that justice may require. (Sec. 25249.7(a), (b).)

Existing law provides that actions pursuant to the Act may be brought by the Attorney General, by a district attorney, by a city attorney of a city having a population in excess of 750,000, or, with the consent of the district attorney, or by a city prosecutor in a city or city and county having a full-time city prosecutor. If none of these public offices has commenced, and is diligently prosecuting, an action against an alleged violation, an individual may also bring such an action in the public interest provided the private action is commenced more than 60 days from the date that the person has given notice of the relevant, alleged violation to the Attorney General and the district attorney, city attorney, or prosecutor in whose jurisdiction the violation is alleged to have occurred, and to the alleged violator. If the notice alleges a violation of Section 25249.6, the notice of the alleged violation shall include a certificate of merit executed by the attorney for the noticing party, or by the noticing party, if not represented. (Sec. 25249.7(c), (d).)

Existing law provides that a valid certificate of merit must state that the person executing the certificate has consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the exposure to the listed chemical that is the subject of the action, and that, based on that information, the person executing the certificate believes there is a reasonable and meritorious case for the private action. Factual information sufficient to establish the basis of the certificate of merit must be attached to the certificate of merit that is served on the Attorney General. (Sec. 25249.7(d).)

Existing law provides that the basis for the certificate of merit is not discoverable except for determinations of the good faith of the suit as specified. However, nothing precludes the discovery of information related to the certificate of merit if that information is relevant to the subject matter of the action and is otherwise discoverable, solely on the ground that it was used in support of the certificate of merit. (Sec. 25249.7(h)(1).)

Existing law provides that the Attorney General must be notified when an action alleging a violation of the Act has been filed and when it is subject to a settlement or judgment with certain information as specified. The Attorney General is required to maintain this information and make it available to the public. (Sec. 25249.7(e), (f), (g).)

AB 1583 (Chau)
Page 4 of 8

Existing law provides that if the trial court determines that there was no actual or threatened exposure to a listed chemical upon conclusion of an action brought pursuant to the Act by a person, the court may, upon the motion of that alleged violator or upon the court's own motion, review the basis for the belief of the person executing the certificate of merit, expressed in the certificate of merit, that an exposure to a listed chemical had occurred or was threatened. The information in the certificate of merit, including the identity of the persons consulted with and relied on by the certifier, and the facts, studies, or other data reviewed by those persons, shall be disclosed to the court in an in-camera proceeding at which the moving party shall not be present. If the court finds that there was no credible factual basis for the certifier's belief that an exposure to a listed chemical had occurred or was threatened, then the action shall be deemed frivolous within the meaning of Section 128.7 of the Code of Civil Procedure. The court shall not find a factual basis credible on the basis of a legal theory of liability that is frivolous within the meaning of Section 128.7 of the Code of Civil Procedure. (Sec. 25249.7(h)(2).)

This bill would provide that if, after reviewing the factual information sufficient to establish the basis for the certificate of merit and meeting and conferring with the noticing party regarding the basis for the certificate of merit, the Attorney General believes there is not merit to the action, the Attorney General shall serve a letter to the noticing party and the alleged violator stating the Attorney General believes there is not merit to the action. The fact that the Attorney General did not serve a letter would not be construed as an endorsement by the Attorney General of the merit of the action.

This bill would provide that if the court finds that there was no credible factual basis for the certifier's belief that an exposure to a listed chemical had occurred or was threatened, then the action shall be deemed frivolous within the meaning of Section 128.5 of the Code of Civil Procedure, instead of Section 128.7. The court would not be allowed to find a factual basis credible on the basis of a legal theory of liability that is frivolous within the meaning of Section 128.5 of the Code of Civil Procedure.

This bill would provide that the basis for the certificate of merit is discoverable only to the extent that the information is relevant to the subject matter of the action and not subject to the attorney-client privilege, the attorney work product privilege, or any other legal privilege.

This bill would require the Governor's Office of Business and Economic Development to post in a conspicuous location on its Internet Web site, and include with any informational materials provided to businesses relating to a business's obligations under state law, a disclaimer that states the following:

> Proposition 65, officially known as the Safe Drinking Water and Toxic Enforcement Act of 1986, requires businesses to provide a clear and reasonable warning before knowingly and intentionally exposing anyone to chemicals that are known to cause cancer or birth defects or other reproductive harm. It is important to know that a product that receives certification from the United States Food and Drug

AB 1583 (Chau)
Page 5 of 8

Administration does not necessarily meet California standards for chemical exposure. Businesses should be aware of the levels of harmful chemicals in their products and of applicable Proposition 65 requirements. For more information on Proposition 65 and how to comply with its requirements, please visit https://oehha.ca.gov.

Existing law, the California Constitution, provides that the Legislature may amend or repeal an initiative statute by another statute that becomes effective only when approved by the electors unless the initiative statute permits amendment or repeal without their approval. (Cal. Const., art. II, Sec. 10.) Proposition 65 from the November 4, 1986, election provides that it may be amended by statute to further its purposes if passed in each house by a two-thirds vote.

This bill would make findings that it furthers the purposes of Proposition 65.

This bill would make other technical amendments.

## COMMENT

1. Stated need for the bill

According to the author:

A growing problem for small businesses is the filing of Proposition 65 lawsuits by private enforcers of Proposition 65. For example, in 2007, there were 332 60-day notices filed with the Attorney General's (AG) office. Those numbers drastically increased between 2007 and 2016. Since 2010, an average of more than 1,300 60-day notices have been filed on an annual basis. Meanwhile, settlements bring in millions of dollars. The average settlement is over $44,000. In 2014 and 2015, in-court settlements annually totaled $29,482,280 and $26,266,261, respectively.

Under current law, the factual basis for the certificate of merit is not discoverable. While the alleged violator can use the civil discovery process, it can require the alleged violator to spend tens of thousands of dollars in legal fees and it can be difficult just to obtain the basis for the lawsuit because of the ambiguity of the statute. The legal process for these lawsuits lends itself to unscrupulous attorneys leveraging small businesses for settlements. In most cases, the small business is not likely to spend tens of thousands of dollars in legal fees just to get the factual basis for the lawsuit; so, it settles just to end the matter quickly and not risk losing in court.

AB 1583 will help the growing number of small businesses facing lawsuits brought under Proposition 65 by requiring the Attorney General to provide a letter, to both the private enforcer and alleged violator, when it concludes that a lawsuit is

AB 1583 (Chau)
Page 6 of 8

meritless, by clarifying that the factual basis for the lawsuit is discoverable, and by educating businesses on compliance with the law.

2. <u>Certificate of merit</u>

The 60-day notice requirement for private actions provides the Attorney General, and a local prosecutor, with the opportunity to evaluate the merits of allegations, through the certificate of merit and the supporting evidence. This bill would place a requirement on the Attorney General when, after reviewing the factual information attached to the notice of a violation and meeting and conferring with the noticing party regarding the basis for the certificate of merit, the Attorney General believes there is not merit to the action, the Attorney General shall serve a letter to the noticing party and the alleged violator stating the Attorney General believes there is not merit to the action.

This provision is intended to codify existing practice. However, it would place a statutory mandate on the practice, requiring the Attorney General to serve the letter when it has so evaluated a claim and come to the relevant conclusion. The fact that the Attorney General did not serve a letter would not be construed as an endorsement by the Attorney General of the merit of the action.

In addition, this bill would reorganize the provision regarding the discoverability of the certificate of merit. Currently, the basis for the certificate of merit that is required before a private action can be filed is not discoverable. Existing law provides, however, that it does not preclude the discovery of information related to the certificate of merit if that information is relevant to the subject matter of the action and is otherwise discoverable, solely on the ground that it was used in support of the certificate of merit. This bill would restate this provision as follows: "The basis for the certificate of merit required by subdivision (d) is discoverable only to the extent that the information is relevant to the subject matter of the action and not subject to the attorney-client privilege, the attorney work product privilege, or any other legal privilege."

This change would allow a defendant to more readily access information connected to the certificate of merit through the discovery process. The additional language regarding privilege addresses any concern that divulging the "basis for the certificate of merit" undermines attorney work product or other privileged information.
These changes would work to increase the amount of information a potential defendant has access to when facing a potential lawsuit.

3. <u>Additional changes</u>

This bill would also require the Governor's Office of Business and Economic Development to post a disclaimer regarding the requirements the Act places on businesses. This provision would provide additional notice to businesses of their obligations under the Act.

AB 1583 (Chau)
Page 7 of 8

This bill would also change a reference to one statute governing sanctions, Section 128.7 of the Code of Civil Procedure, to another, Section 128.5 of the Code of Civil Procedure. It is unclear why this change is being made outside of the more clear definition of "frivolous" provided in the latter statute.

This bill would also make legislative findings that it furthers the purposes of the Act. Proposition 65 provides that it may be amended by statute only to further its purposes. It also requires a two-thirds vote.

Support:  Advanced Medical Technology Association; American Chemistry Council; Asian Food Trade Association; Association of Home Appliance Manufacturers; Automotive Specialty Products Alliance; BizFed; California Apartment Association; California Attractions and Parks Association; California Building Industry Association; California Chamber of Commerce; California Council for Environmental & Economic Balance; California League of Food Processors; California Grocers Association; California Manufacturers & Technology Association; California Retailers Association; Camarillo Chamber of Commerce; Can Manufacturers Institute; CAWA; Chemical Industry Council of California; Consumer Specialty Products Association; Council for Responsible Nutrition; Culver City Chamber of Commerce; El Centro Chamber of Commerce; Family Winemakers of California; Giant Union Co.; Greater Irvine Chamber of Commerce; Greater Riverside Chamber of Commerce; Greater San Fernando Valley Chamber of Commerce; H.C. Foods Co., Ltd.; Hocean Inc.; Industrial Environmental Association; Kim Seng Company; National Association of Chemical Distributors; National Council of Textile Organizations; National Federation of Independent Business; National Shooting Sports Foundation; New Japan International, Inc.; North Orange County Chamber of Commerce; Pactiv Corporation; Personal Care Products Council; Rancho Cordova Chamber of Commerce; Rocklin Area Chamber of Commerce Rockman Company; Rosemead Chamber of Commerce; Roxy Trading Inc.; San Gabriel Valley Economic Partnership; Santa Maria Valley Chamber of Commerce; Simi Valley Chamber of Commerce; Southwest California Legislative Council; Specialty Equipment Market Association; Sporting Arms and Ammunition Manufacturers' Institute, Inc.; Styrene Research Information Center; Sun Hing Foods, Inc.; Tawa Supermarket, Inc.; TS Emporium; Vinh Sanh Trading Corporation; Wei-Chuan U.S.A., Inc.; West Cost Lumber & Building Material Association; Western Carwash Association; Western Plant Health Association; Western Wood Preservers Institute; Wine Institute; YHS Trading (USA) Inc.; Yuba-Sutter Chamber of Commerce
Opposition:  None Known

## HISTORY

Source:  Author

Related Pending Legislation:  None Known

AB 1583 (Chau)
Page 8 of 8

Prior Legislation:

AB 1252 (Jones, 2015) would have prohibited any person from bringing an enforcement action against a company that employs 25 people or less for failure to provide a warning for an exposure to a chemical known to the state to cause cancer or reproductive toxicity, in violation of Proposition 65, unless certain conditions are met. This bill died in the Assembly Committee on Environmental Safety and Toxic Materials.

AB 227 (Gatto, Chapter 581, Statutes of 2013) provided for the remediation of lawsuits alleging a violation of the clear and reasonable warning requirement for four specified circumstances. It prohibited the person who filed an action from exposure from doing so until 14 days after she or he has served the alleged violator with a notice of alleged violation.

AB 1756 (Committee on Budget, Chapter 228, Statutes of 2003) established the Safe Drinking Water and Toxic Enforcement Fund in the State Treasury and authorized the director of the lead agency, who is designated by the Governor to implement the act, to expend the funds in the Safe Drinking Water and Toxic Enforcement Fund upon appropriation by the Legislature, to implement and administer the act.

SB 471 (Sher, Chapter 578, Statutes of 2001) requires a court, in assessing the amount of a civil penalty for a violation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (Proposition 65), to consider specified factors. It also required a certificate of merit to be filed with the appropriate parties before a private action could be filed.

Prior Vote:

Senate Environmental Quality Committee (Ayes 6, Noes 0)
Assembly Floor (Ayes 77, Noes 0)
Assembly Appropriations Committee (Ayes 17, Noes 0)
Assembly Judiciary Committee (Ayes 11, Noes 0)
Assembly Environmental Safety and Toxic Materials Committee (Ayes 7, Noes 0)

**************

EXHIBIT 5

# SENATE COMMITTEE ON APPROPRIATIONS
## Senator Ricardo Lara, Chair
## 2017 - 2018  Regular  Session

**AB 1583 (Chau) - Proposition 65:  enforcement:  certificate of merit:  factual basis**

| | |
|---|---|
| **Version:** April 20, 2017 | **Policy Vote:** E.Q. 6 - 0, JUD. 7 - 0 |
| **Urgency:** No | **Mandate:** No |
| **Hearing Date:** August 21, 2017 | **Consultant:** Shaun Naidu |

**This bill meets the criteria for referral to the Suspense File.**

**Bill Summary:**  AB 1583 would modify disclaimers related to the Safe Drinking Water and Toxic Enforcement Act of 1986 (Proposition 65), require the Department of Justice (DOJ) to serve a letter related to alleged violations of the act, as specified, and clarify discovery provisions related to the certificate of merit.

**Fiscal Impact:**

- <u>GO-Biz</u>:  Approximately $52,000 in one-time personnel costs (General Fund) to inventory and update existing materials with a modified disclaimer.

- <u>DOJ</u>:  Negligible costs as this bill would codify the department's existing practice of serving the letter.

**Background:**  Proposition 65 prohibits a person, in the course of doing business, from (1) knowingly and intentionally exposing any individual to a chemical known to the state to cause cancer or reproductive toxicity without giving a specified warning or (2) knowingly discharging or releasing such a chemical into water or into or onto land and passing into any source of drinking water, except as specified.  The act imposes civil penalties upon persons who violate those prohibitions and provides for the enforcement of those prohibitions by the Attorney General, a district attorney, or specified city attorneys or prosecutors.

The act also provides for enforcement by a private action in the public interest that is filed more than sixty days after notice has been given to specified prosecutors of the violation that is the subject of the action  If the notice made by a person bringing an action in the public interest alleges a violation of Proposition 65 warning requirement, the notice must include a certificate of merit stating that the person executing the certificate has consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the exposure to the listed chemical that is the subject of the action and that, based on that information, the person believes there is a reasonable and meritorious case for the private action.  Factual information sufficient to establish the basis of the certificate of merit must be attached to the certificate of merit that is served on the Attorney General.

**Proposed Law:**  This bill would:
- Require the Attorney General to serve a letter to the noticing party and the alleged violator stating the Attorney General believes there is not merit to the action if the Attorney General believes as such after reviewing the factual information sufficient to establish the basis for the certificate of merit and meeting and conferring with the noticing party regarding the basis for the certificate of merit.  It would provide that the

**AB 1583 (Chau)**                                                            Page **2** of **2**

      Attorney General not serving a letter is not to be construed as an endorsement of the merits of the action.

- Clarifies that the certificate of merit is discoverable only to the extent that the information is relevant to the subject matter of the action and is not subject to the attorney-client privilege, the attorney work product privilege, or any other legal privilege.

- Require the Governor's Office of Business and Economic Development to post in a conspicuous location on its website and include with any informational materials provided to businesses relating to a business's obligations under state law specified information relating to Proposition 65 requirements.

**-- END --**

EXHIBIT 6

**SENATE RULES COMMITTEE**                                          AB 1583
Office of Senate Floor Analyses
(916) 651-1520    Fax: (916) 327-4478

---

### THIRD READING

---

Bill No:    AB 1583
Author:     Chau (D)
Amended:    4/20/17 in Assembly
Vote:       27

---

SENATE ENVIRONMENTAL QUALITY COMMITTEE: 6-0, 6/21/17
AYES: Wieckowski, Stone, Hill, Lara, Skinner, Stern
NO VOTE RECORDED: Gaines

SENATE JUDICIARY COMMITTEE: 7-0, 7/11/17
AYES: Jackson, Moorlach, Anderson, Hertzberg, Monning, Stern, Wieckowski

SENATE APPROPRIATIONS COMMITTEE: 7-0, 9/1/17
AYES: Lara, Bates, Beall, Bradford, Hill, Nielsen, Wiener

ASSEMBLY FLOOR: 77-0, 5/30/17 (Consent) - See last page for vote

---

**SUBJECT:**   Proposition 65: enforcement: certificate of merit: factual basis

**SOURCE:**   Author

---

**DIGEST:**   This bill modifies disclaimers related to the Safe Drinking Water and Toxic Enforcement Act of 1986 (Proposition 65), requires the California Attorney General (AG) to serve a letter related to alleged violations of the act, as specified, and clarifies discovery provisions related to the certificate of merit.

**ANALYSIS:**

Existing law, under Proposition 65:

1) Requires the state to publish a list of chemicals known to cause cancer or birth defects or other reproductive harm. This list, which must be updated at least once a year, has grown to include approximately 800 chemicals since it was first published in 1987.

2) Requires businesses to notify Californians about significant amounts of chemicals in the products they purchase, in their homes or workplaces, or that are released into the environment.

3) Prohibits California businesses from knowingly discharging significant amounts of listed chemicals into sources of drinking water.

4) Authorizes the Office of Environmental Health Hazard Assessment (OEHHA) to administer the Proposition 65 program and evaluate all currently available scientific information on substances considered for placement on the Proposition 65 list.

5) Provides that the AG, a district attorney, the city attorney of a city having a population in excess of 750,000, or, with the consent of the district attorney, by a city prosecutor in a city or city and county having a full-time city prosecutor to bring an enforcement action. (Section 25249.7 (c).)

6) Provides that an action may be brought by a person in the public interest if the following requirements are met:

   a) The private action is commenced more than 60 days from the date that the person has given notice of an alleged violation.

   b) Neither the AG, nor a district attorney, city attorney or city prosecutor has commenced and is diligently prosecuting an action against the violation.

7) Requires a notice alleging a violation include a certificate of merit executed by the attorney of the noticing party, or by the noticing party, if the noticing party is not represented by an attorney.

8) Requires the certificate of merit to state that the person executing the certificate of merit has consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed the facts, studies, or other data regarding the exposure to the listed chemical that is the subject of the action, and that based on that information, the person executing the certificate believes there is a reasonable and meritorious case for the private action.

9) Requires factual information be attached to the certificate of merit that is served on the AG.

10) Requires, unless under a motion to review the factual basis, that the basis for the certificate of merit required by a private action is not discoverable, but does not preclude the discovery of information related to the certificate of merit if that

information is relevant to the subject matter of the action and is otherwise discoverable, solely on the grounds that it was used in support of the certificate of merit.

11) Provides that any person who violates the above provisions may be enjoined in any court of competent jurisdiction and shall be liable for a civil penalty not to exceed $2,500 per day for each violation in addition to any other penalty established by law.

12) Provides for a specified course of remediation for lawsuits alleging a violation of the clear and reasonable warning requirement for four specified exposures (lawfully permitted alcoholic beverages; chemicals resulting from food or beverage preparation; environmental tobacco smoke on premises where smoking is permitted; and, engine exhaust in parking facilities, as specified).

13) Prohibits the person who files an action from exposure from doing so until 14 days after she or he has served the alleged violator with a notice of alleged violation. Authorizes the person who served the notice of violation to file an action if the alleged violator failed to correct the alleged violation or failed to pay a civil penalty of $500.

14) Authorizes amendments to Proposition 65, provided that they are passed in each house of the Legislature by a two-thirds vote and further the purposes of Proposition 65.

15) Establishes the Governor's Office of Business and Economic Development, also known as "Go-Biz," within the Governor's office.

This bill:

1) Requires the AG to serve a letter to the noticing party and the alleged violator stating that the AG believes there is not merit to the action, if, after reviewing the factual information alleged to establish the basis for the certificate of merit, and meeting and conferring with the noticing party regarding the basis for the certificate of merit, the AG determines there is not merit to the action; and specifies that the AG's decision not to serve a letter shall not be construed as an endorsement of the action.

2) Provides that the basis for the certificate of merit is discoverable only to the extent that the information is relevant to the subject matter of the action and not subject to the attorney-client privilege, the attorney work product privilege, or any other legal privilege.

3) Requires the Go-Biz to post, in a conspicuous location on its Internet Web site, any informational materials provided to businesses relating to a business's obligation under state law, as well as a specified disclaimer.

4) Finds and declares that this bill furthers the purposes of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act of 1986.

## Background

1) *Proposition 65 warning notice requirements.* Under the provisions of Proposition 65, businesses are required to provide a clear and reasonable warning before knowingly and intentionally exposing anyone to a Proposition 65 listed chemical. This warning can be given by a variety of means, such as by labeling a consumer product, posting signs at the workplace, distributing notices at a rental housing complex, or publishing notices in a newspaper.

   Businesses with less than 10 employees and government agencies are exempt from Proposition 65's warning requirements and prohibitions on discharges into drinking water sources. Businesses are also exempt from the warning requirement and discharge prohibition if the exposures they cause are so low as to create no significant risk of cancer or birth defects or other reproductive harm.

2) *Effects of required Proposition 65 notice.* According to the OEHHA, the agency that oversees the listing of carcinogens and reproductive toxicants, Proposition 65's warning requirement has provided an incentive for manufacturers to remove listed chemicals from their products. For example, trichloroethylene, which causes cancer, is no longer used in most correction fluids; reformulated paint strippers do not contain the carcinogen methylene chloride; and toluene, which causes birth defects or other reproductive harm, has been removed from many nail care products. In addition, a Proposition 65 enforcement action prompted manufacturers to decrease the lead content in ceramic tableware and wineries to eliminate the use of lead-containing foil caps on wine bottles.

3) *Proposition 65 warning requirements for alcohol.* California has adopted regulations to implement the provisions of Proposition 65. Among those regulations are special provisions for public notices related to the hazards of alcohol. Specifically, the regulations protect retailers from enforcement actions and instead place that responsibility on the liquor manufacturers or distributors. The regulation provides, "[f]or alcoholic beverages, the placement and maintenance of the warning shall be the responsibility of the manufacturer or its distributor at no cost to the retailer, and any consequences for failure to do the same shall rest solely with the manufacturer or its distributor, provided that the

retailer does not remove, deface, or obscure the requisite signs or notices, or obstruct, interfere with, or otherwise frustrate the manufacturer's reasonable efforts to post, maintain, or periodically replace said materials." (27 Cal. Code Regs. 25603.3(e)(7)).

4) *Proposition 65 enforcement - persons acting in the public interest.* The AG's office enforces Proposition 65. The district attorney or city attorney (for cities whose population exceeds 750,000) may also enforce Proposition 65. In addition, any individual acting in the public interest may enforce Proposition 65 by filing a lawsuit against a business alleged to be in violation of this law. Lawsuits have been filed by the AG's Office, district attorneys, consumer advocacy groups, private citizens, and law firms. Penalties for violating Proposition 65 by failing to provide warning notices can be as high as $2,500 per violation per day. State law requires any person suing "in the public interest" to enforce Proposition 65, to notify the AG of the lawsuit and outcome of the case. All reports on Proposition 65 private actions must be filed electronically with the AGs Office.

5) *Prior amendments to Proposition 65.* Since passage of Proposition 65, the Legislature has amended Proposition 65 to address the concerns over private enforcement actions. Those changes have included:

a) SB 1269 (Alpert, Chapter 599, Statutes of 1999) required that private plaintiffs filing actions in the public interest notify the AG when they file a complaint and when the case reaches a settlement or judgment. The AG is required to collect information on a reporting form that includes the amount of settlement or civil penalty assessed, the financial terms of settlement, and other information deemed appropriate by the AG. Any private plaintiff bringing an action that is subject to a settlement must report to the AG the corrective action being taken. This information is to be maintained by the AG.

b) SB 471 (Sher, Chapter 578, Statutes of 2001) required the notice in Proposition 65 cases challenging the adequacy of warnings to include a certificate of merit which would certify that the private plaintiff believes there is good cause for the notice based on consultation with an appropriate expert who has reviewed the information. If the court finds that there was no credible factual basis for the certificate, the action would be deemed frivolous and subject to sanctions.

c) SB 1572 (Sher, Chapter 323, Statutes of 2002) clarified that a person settling an action arising from Proposition 65 must file a form with the AG that includes the names of the parties.

d) AB 1756 (Committee on Budget, Chapter 228, Statutes of 2003) established the Safe Drinking Water and Toxic Enforcement Fund in the State Treasury and authorized the director of the lead agency, who is designated by the Governor to implement the act, to expend the funds in the Safe Drinking Water and Toxic Enforcement Fund upon appropriation by the Legislature to implement and administer the act. The bill required 75% of all civil and criminal penalties collected pursuant to the act to be deposited in the fund and requires any interest earned upon the money deposited into the fund to be deposited in the fund. The bill required 25% of all civil and criminal penalties collected pursuant to the act to be paid to the prosecuting office or the person who brought the action in the public interest.

e) AB 227 (Gatto, Chapter 581, Statutes of 2013) required a person filing an enforcement action in the public interest for certain specified exposures to provide a notice in a specified proof of compliance form. Prohibited any person who serves a notice of alleged violation as specified from filing an action for exposure against the alleged violator, or recovering from the alleged violator in a settlement any payment in lieu of penalties or any reimbursement for costs and attorney's fees, under specified conditions.

**Comments**

*Purpose of bill.* According to the author, "AB 1583 simply requires the Attorney General to provide the party bringing an action under Proposition 65 and the alleged violator with a letter regarding any action that the Attorney General does not believe has merit. Additionally, AB 1583 requires the Governor's Office of Business and Economic Development to provide on their website, and in written materials that they provide to business, information about their business obligations under Proposition 65 and information about where they can learn how to comply with Proposition 65's provisions. This will help businesses proactively come into compliance with Proposition 65 without the need for costly litigation."

**FISCAL EFFECT:** Appropriation: No   Fiscal Com.: Yes   Local: No

According to the Senate Appropriations Committee:

• GO-Biz: Approximately $52,000 in one-time personnel costs (General Fund) to inventory and update existing materials with a modified disclaimer.\

• Department of Justice: Negligible costs as this bill codifies the department's existing practice of serving the letter.

**SUPPORT:** (Verified 8/30/17)

Advanced Medical Technology Association
Alhambra Chamber of Commerce
American Chemistry Council
Anhing Corporation
Asian Food Trade Association
Association of Home Appliance Manufacturers
Automotive Specialty Products Alliance
California Apartment Association
California Attractions and Parks Association
California Building Industry Association
California Business Properties Association
California Chamber of Commerce
California Council for Environmental and Economic Balance
California Grocers Association
California Hospital Association
California League of Food Processors
California Manufacturers and Technology Association
California Retailers Association
Camarillo Chamber of Commerce
Can Manufacturers Institute
Cathay LA Inc.
CAWA – Representing the Automotive Parts Industry
Chemical Industry Council of California
Chevalier International Inc.
Civil Justice Association of California
Consumer Specialty Products Association
Council for Responsible Nutrition
Culver City Chamber of Commerce
Dai Cheong Trading Company Inc.
El Centro Chamber of Commerce
El Monte/South El Monte Chamber of Commerce
Empire International
Family Foods International
Family Winemakers of California
Giant Union Co., Inc.
Golden Pacific Foods Inc.
Greater Irvine Chamber of Commerce
Greater Riverside Chamber of Commerce
Greater San Fernando Valley Chamber of Commerce

HC Foods Co., Ltd.
Hocean Inc.
Industrial Environmental Association
Jans Enterprises Corp
K&M Trading, Inc.
Kim Seng Company
Los Angeles County Business Federation
National Association of Chemical Distributors
National Council of Textile Organizations
National Federation of Independent Businesses
National Shooting Sports Foundation
Natureen International Inc.
New Japan International Inc.
North Orange County Chamber of Commerce
Oriental Food Association
Pactiv Corporation
Personal Care Products Council
Prince of Peace Enterprises, Inc.
Rancho Cordova Chamber of Commerce
Regional Chamber of Commerce - San Gabriel Valley
Rocklin Area Chamber of Commerce
Rockman Company
Rosemead Chamber of Commerce
Roxy Trading Inc.
San Gabriel Chamber of Commerce
San Gabriel Valley Economic Partnership
Santa Maria Valley Chamber of Commerce
Simi Valley Chamber of Commerce
Southwest California Legislative Council
Specialty Equipment Market Association
Sporting Arms and Ammunition Manufacturer's Institute, Inc.
Styrene Research Information Center
Sun Hing Foods, Inc.
Tak Shing Hong Inc.
Tawa Supermarkets Inc., 99 Ranch Market
Temple City Chamber of Commerce
U.S. Trading Company
U-Can Food Trading, Inc.
Union International Food Co.
V&R Investment Group Inc.

Vinh Sanh Trading Corporation
Wei Chuan U.S.A. Inc.
West Coast Lumber & Building Materials Association
Western Carwash Association
Western Plant Health Association
Western Wood Preservers Institute
Wine Institute
YHS Trading (USA) Inc.
Yuba-Sutter Chamber of Commerce

**OPPOSITION:** (Verified  8/30/17)

None received

ASSEMBLY FLOOR: 77-0, 5/30/17
AYES:  Acosta, Aguiar-Curry,  Travis Allen,  Arambula, Baker, Berman, Bigelow,
    Bloom, Bocanegra, Bonta, Brough, Burke, Caballero, Calderon, Cervantes, Chávez,
    Chen, Chiu, Chu, Cooley, Cooper, Cunningham, Dababneh, Dahle, Daly, Flora,
    Fong, Frazier, Friedman, Gallagher, Cristina Garcia, Eduardo Garcia, Gipson,
    Gloria, Gomez, Gonzalez Fletcher, Gray, Grayson, Harper, Holden, Irwin, Jones-
    Sawyer, Kalra, Kiley, Lackey, Levine, Limón, Low, Maienschein, Mathis, Mayes,
    McCarty, Medina, Melendez, Mullin, Muratsuchi, Nazarian, Obernolte, O'Donnell,
    Patterson, Quirk, Quirk-Silva, Reyes, Ridley-Thomas, Rodriguez, Rubio, Salas,
    Santiago, Steinorth, Mark Stone, Thurmond, Ting, Voepel, Waldron, Weber,
    Wood, Rendon
NO VOTE RECORDED:  Chau, Choi, Eggman

Prepared by:  Rachel Machi Wagoner / E.Q. / (916) 651-4108
9/4/17 12:53:37

**\*\*\*\*  END  \*\*\*\***

EXHIBIT 7

**SENATE RULES COMMITTEE**                                    AB 1583
Office of Senate Floor Analyses
(916) 651-1520    Fax: (916) 327-4478

---

## THIRD READING

---

Bill No:    AB 1583
Author:     Chau (D)
Amended:    9/8/17 in Senate
Vote:       27

---

SENATE ENVIRONMENTAL QUALITY COMMITTEE: 6-0, 6/21/17
AYES: Wieckowski, Stone, Hill, Lara, Skinner, Stern
NO VOTE RECORDED: Gaines

SENATE JUDICIARY COMMITTEE: 7-0, 7/11/17
AYES: Jackson, Moorlach, Anderson, Hertzberg, Monning, Stern, Wieckowski

SENATE APPROPRIATIONS COMMITTEE: 7-0, 9/1/17
AYES: Lara, Bates, Beall, Bradford, Hill, Nielsen, Wiener

ASSEMBLY FLOOR: 77-0, 5/30/17 (Consent) - See last page for vote

---

**SUBJECT:**  Proposition 65: enforcement: certificate of merit: factual basis

**SOURCE:**  Author

---

**DIGEST:**  This bill modifies disclaimers related to the Safe Drinking Water and Toxic Enforcement Act of 1986 (Proposition 65), requires the California Attorney General (AG) to serve a letter related to alleged violations of the act, as specified, and clarifies discovery provisions related to the certificate of merit.

*Senate Floor Amendments* of 9/8/17 clarify that other agencies besides the federal Food and Drug Administration may certify a product and that a certification by an agency does not necessarily mean that the product is exempt from Proposition 65 requirements.

AB 1583
Page 2

**ANALYSIS:**

Existing law, under Proposition 65:

1) Requires the state to publish a list of chemicals known to cause cancer or birth defects or other reproductive harm. This list, which must be updated at least once a year, has grown to include approximately 800 chemicals since it was first published in 1987.

2) Requires businesses to notify Californians about significant amounts of chemicals in the products they purchase, in their homes or workplaces, or that are released into the environment.

3) Prohibits California businesses from knowingly discharging significant amounts of listed chemicals into sources of drinking water.

4) Authorizes the Office of Environmental Health Hazard Assessment (OEHHA) to administer the Proposition 65 program and evaluate all currently available scientific information on substances considered for placement on the Proposition 65 list.

5) Provides that the AG, a district attorney, the city attorney of a city having a population in excess of 750,000, or, with the consent of the district attorney, by a city prosecutor in a city or city and county having a full-time city prosecutor to bring an enforcement action. (Section 25249.7 (c).)

6) Provides that an action may be brought by a person in the public interest if the following requirements are met:

   a) The private action is commenced more than 60 days from the date that the person has given notice of an alleged violation.

   b) Neither the AG, nor a district attorney, city attorney or city prosecutor has commenced and is diligently prosecuting an action against the violation.

7) Requires a notice alleging a violation include a certificate of merit executed by the attorney of the noticing party, or by the noticing party, if the noticing party is not represented by an attorney.

8) Requires the certificate of merit to state that the person executing the certificate of merit has consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed the facts, studies, or other data regarding the exposure to the listed chemical that is the subject of the action,

and that based on that information, the person executing the certificate believes there is a reasonable and meritorious case for the private action.

9) Requires factual information be attached to the certificate of merit that is served on the AG.

10) Requires, unless under a motion to review the factual basis, that the basis for the certificate of merit required by a private action is not discoverable, but does not preclude the discovery of information related to the certificate of merit if that information is relevant to the subject matter of the action and is otherwise discoverable, solely on the grounds that it was used in support of the certificate of merit.

11) Provides that any person who violates the above provisions may be enjoined in any court of competent jurisdiction and shall be liable for a civil penalty not to exceed $2,500 per day for each violation in addition to any other penalty established by law.

12) Provides for a specified course of remediation for lawsuits alleging a violation of the clear and reasonable warning requirement for four specified exposures (lawfully permitted alcoholic beverages; chemicals resulting from food or beverage preparation; environmental tobacco smoke on premises where smoking is permitted; and, engine exhaust in parking facilities, as specified).

13) Prohibits the person who files an action from exposure from doing so until 14 days after she or he has served the alleged violator with a notice of alleged violation. Authorizes the person who served the notice of violation to file an action if the alleged violator failed to correct the alleged violation or failed to pay a civil penalty of $500.

14) Authorizes amendments to Proposition 65, provided that they are passed in each house of the Legislature by a two-thirds vote and further the purposes of Proposition 65.

15) Establishes the Governor's Office of Business and Economic Development, also known as "Go-Biz," within the Governor's Office.

This bill:

1) Requires the AG to serve a letter to the noticing party and the alleged violator stating that the AG believes there is not merit to the action, if, after reviewing the factual information alleged to establish the basis for the certificate of merit, and meeting and conferring with the noticing party regarding the basis for the

certificate of merit, the AG determines there is not merit to the action; and specifies that the AG's decision not to serve a letter shall not be construed as an endorsement of the action.

2) Provides that the basis for the certificate of merit is discoverable only to the extent that the information is relevant to the subject matter of the action and not subject to the attorney-client privilege, the attorney work product privilege, or any other legal privilege.

3) Requires the Go-Biz to post, in a conspicuous location on its Internet Web site, any informational materials provided to businesses relating to a business's obligation under state law, as well as a specified disclaimer.

4) Finds and declares that this bill furthers the purposes of Proposition 65, the Safe Drinking Water and Toxic Enforcement Act of 1986.

**Background**

1) *Proposition 65 warning notice requirements.*  Under the provisions of Proposition 65, businesses are required to provide a clear and reasonable warning before knowingly and intentionally exposing anyone to a Proposition 65 listed chemical.  This warning can be given by a variety of means, such as by labeling a consumer product, posting signs at the workplace, distributing notices at a rental housing complex, or publishing notices in a newspaper.

   Businesses with less than 10 employees and government agencies are exempt from Proposition 65's warning requirements and prohibitions on discharges into drinking water sources.  Businesses are also exempt from the warning requirement and discharge prohibition if the exposures they cause are so low as to create no significant risk of cancer or birth defects or other reproductive harm.

2) *Effects of required Proposition 65 notice.*  According to the OEHHA, the agency that oversees the listing of carcinogens and reproductive toxicants, Proposition 65's warning requirement has provided an incentive for manufacturers to remove listed chemicals from their products.  For example, trichloroethylene, which causes cancer, is no longer used in most correction fluids; reformulated paint strippers do not contain the carcinogen methylene chloride; and toluene, which causes birth defects or other reproductive harm, has been removed from many nail care products.  In addition, a Proposition 65 enforcement action prompted manufacturers to decrease the lead content in

ceramic tableware and wineries to eliminate the use of lead-containing foil caps on wine bottles.

3) *Proposition 65 warning requirements for alcohol.* California has adopted regulations to implement the provisions of Proposition 65. Among those regulations are special provisions for public notices related to the hazards of alcohol. Specifically, the regulations protect retailers from enforcement actions and instead place that responsibility on the liquor manufacturers or distributors. The regulation provides, "[f]or alcoholic beverages, the placement and maintenance of the warning shall be the responsibility of the manufacturer or its distributor at no cost to the retailer, and any consequences for failure to do the same shall rest solely with the manufacturer or its distributor, provided that the retailer does not remove, deface, or obscure the requisite signs or notices, or obstruct, interfere with, or otherwise frustrate the manufacturer's reasonable efforts to post, maintain, or periodically replace said materials." (27 Cal. Code Regs. 25603.3(e)(7)).

4) *Proposition 65 enforcement - persons acting in the public interest.* The AG's Office enforces Proposition 65. The district attorney or city attorney (for cities whose population exceeds 750,000) may also enforce Proposition 65. In addition, any individual acting in the public interest may enforce Proposition 65 by filing a lawsuit against a business alleged to be in violation of this law. Lawsuits have been filed by the AG's Office, district attorneys, consumer advocacy groups, private citizens, and law firms. Penalties for violating Proposition 65 by failing to provide warning notices can be as high as $2,500 per violation per day. State law requires any person suing "in the public interest" to enforce Proposition 65, to notify the AG of the lawsuit and outcome of the case. All reports on Proposition 65 private actions must be filed electronically with the AGs Office.

5) *Prior amendments to Proposition 65.* Since passage of Proposition 65, the Legislature has amended Proposition 65 to address the concerns over private enforcement actions. Those changes have included:

   a) SB 1269 (Alpert, Chapter 599, Statutes of 1999) required that private plaintiffs filing actions in the public interest notify the AG when they file a complaint and when the case reaches a settlement or judgment. The AG is required to collect information on a reporting form that includes the amount of settlement or civil penalty assessed, the financial terms of settlement, and other information deemed appropriate by the AG. Any private plaintiff bringing an action that is subject to a settlement must report to the AG the

corrective action being taken.  This information is to be maintained by the AG.

b) SB 471 (Sher, Chapter 578, Statutes of 2001) required the notice in Proposition 65 cases challenging the adequacy of warnings to include a certificate of merit which would certify that the private plaintiff believes there is good cause for the notice based on consultation with an appropriate expert who has reviewed the information.  If the court finds that there was no credible factual basis for the certificate, the action would be deemed frivolous and subject to sanctions.

c) SB 1572 (Sher, Chapter 323, Statutes of 2002) clarified that a person settling an action arising from Proposition 65 must file a form with the AG that includes the names of the parties.

d) AB 1756 (Committee on Budget, Chapter 228, Statutes of 2003) established the Safe Drinking Water and Toxic Enforcement Fund in the State Treasury and authorized the director of the lead agency, who is designated by the Governor to implement the act, to expend the funds in the Safe Drinking Water and Toxic Enforcement Fund upon appropriation by the Legislature to implement and administer the act.  The bill required 75% of all civil and criminal penalties collected pursuant to the act to be deposited in the fund and requires any interest earned upon the money deposited into the fund to be deposited in the fund.  The bill required 25% of all civil and criminal penalties collected pursuant to the act to be paid to the prosecuting office or the person who brought the action in the public interest.

e) AB 227 (Gatto, Chapter 581, Statutes of 2013) required a person filing an enforcement action in the public interest for certain specified exposures to provide a notice in a specified proof of compliance form.  Prohibited any person who serves a notice of alleged violation as specified from filing an action for exposure against the alleged violator, or recovering from the alleged violator in a settlement any payment in lieu of penalties or any reimbursement for costs and attorney's fees, under specified conditions.

**Comments**

*Purpose of bill.*  According to the author, "AB 1583 simply requires the Attorney General to provide the party bringing an action under Proposition 65 and the alleged violator with a letter regarding any action that the Attorney General does not believe has merit.  Additionally, AB 1583 requires the Governor's Office of Business and Economic Development to provide on their website, and in written

materials that they provide to business, information about their business obligations under Proposition 65 and information about where they can learn how to comply with Proposition 65's provisions. This will help businesses proactively come into compliance with Proposition 65 without the need for costly litigation."

**FISCAL EFFECT:** Appropriation:  No   Fiscal Com.:  Yes   Local:  No

According to the Senate Appropriations Committee:

- GO-Biz:  Approximately $52,000 in one-time personnel costs (General Fund) to inventory and update existing materials with a modified disclaimer.\

- Department of Justice:  Negligible costs as this bill codifies the department's existing practice of serving the letter.

**SUPPORT:** (Verified 8/30/17)

Advanced Medical Technology Association
Alhambra Chamber of Commerce
American Chemistry Council
Anhing Corporation
Asian Food Trade Association
Association of Home Appliance Manufacturers
Automotive Specialty Products Alliance
California Apartment Association
California Attractions and Parks Association
California Building Industry Association
California Business Properties Association
California Chamber of Commerce
California Council for Environmental and Economic Balance
California Grocers Association
California Hospital Association
California League of Food Processors
California Manufacturers and Technology Association
California Retailers Association
Camarillo Chamber of Commerce
Can Manufacturers Institute
Cathay LA Inc.
CAWA – Representing the Automotive Parts Industry
Chemical Industry Council of California
Chevalier International Inc.
Civil Justice Association of California

Consumer Specialty Products Association
Council for Responsible Nutrition
Culver City Chamber of Commerce
Dai Cheong Trading Company Inc.
El Centro Chamber of Commerce
El Monte/South El Monte Chamber of Commerce
Empire International
Family Foods International
Family Winemakers of California
Giant Union Co., Inc.
Golden Pacific Foods Inc.
Greater Irvine Chamber of Commerce
Greater Riverside Chamber of Commerce
Greater San Fernando Valley Chamber of Commerce
HC Foods Co., Ltd.
Hocean Inc.
Industrial Environmental Association
Jans Enterprises Corp
K&M Trading, Inc.
Kim Seng Company
Los Angeles County Business Federation
National Association of Chemical Distributors
National Council of Textile Organizations
National Federation of Independent Businesses
National Shooting Sports Foundation
Natureen International Inc.
New Japan International Inc.
North Orange County Chamber of Commerce
Oriental Food Association
Pactiv Corporation
Personal Care Products Council
Prince of Peace Enterprises, Inc.
Rancho Cordova Chamber of Commerce
Regional Chamber of Commerce - San Gabriel Valley
Rocklin Area Chamber of Commerce
Rockman Company
Rosemead Chamber of Commerce
Roxy Trading Inc.
San Gabriel Chamber of Commerce
San Gabriel Valley Economic Partnership

Santa Maria Valley Chamber of Commerce
Simi Valley Chamber of Commerce
Southwest California Legislative Council
Specialty Equipment Market Association
Sporting Arms and Ammunition Manufacturer's Institute, Inc.
Styrene Research Information Center
Sun Hing Foods, Inc.
Tak Shing Hong Inc.
Tawa Supermarkets Inc., 99 Ranch Market
Temple City Chamber of Commerce
U.S. Trading Company
U-Can Food Trading, Inc.
Union International Food Co.
V&R Investment Group Inc.
Vinh Sanh Trading Corporation
Wei Chuan U.S.A. Inc.
West Coast Lumber & Building Materials Association
Western Carwash Association
Western Plant Health Association
Western Wood Preservers Institute
Wine Institute
YHS Trading (USA) Inc.
Yuba-Sutter Chamber of Commerce

**OPPOSITION:** (Verified 8/30/17)

None received


ASSEMBLY FLOOR: 77-0, 5/30/17
AYES: Acosta, Aguiar-Curry, Travis Allen, Arambula, Baker, Berman, Bigelow,
   Bloom, Bocanegra, Bonta, Brough, Burke, Caballero, Calderon, Cervantes,
   Chávez, Chen, Chiu, Chu, Cooley, Cooper, Cunningham, Dababneh, Dahle,
   Daly, Flora, Fong, Frazier, Friedman, Gallagher, Cristina Garcia, Eduardo
   Garcia, Gipson, Gloria, Gomez, Gonzalez Fletcher, Gray, Grayson, Harper,
   Holden, Irwin, Jones-Sawyer, Kalra, Kiley, Lackey, Levine, Limón, Low,
   Maienschein, Mathis, Mayes, McCarty, Medina, Melendez, Mullin, Muratsuchi,
   Nazarian, Obernolte, O'Donnell, Patterson, Quirk, Quirk-Silva, Reyes, Ridley-
   Thomas, Rodriguez, Rubio, Salas, Santiago, Steinorth, Mark Stone, Thurmond,
   Ting, Voepel, Waldron, Weber, Wood, Rendon

AB 1583
Page 10

NO VOTE RECORDED:  Chau, Choi, Eggman

Prepared by:   Rachel Machi Wagoner / E.Q. / (916) 651-4108
9/11/17 20:03:57

**\*\*\*\* END \*\*\*\***

# EXHIBIT 8

CONCURRENCE IN SENATE AMENDMENTS
AB 1583 (Chau)
As Amended   September 8, 2017
2/3 vote

| ASSEMBLY: | 77-0 | (May 30, 2017) | SENATE: | 40-0 | (September 14, 2017) |

Original Committee Reference:  **E.S. & T.M.**

**SUMMARY**: Requires the Attorney General, after reviewing the certificate of merit, filed under an action under Proposition 65, if, after reviewing the certificate of merit, she or he finds that there is not merit to the action, to serve a letter to the noticing party and the alleged violator that the Attorney General believes there is not merit to the action.  Requires the Governor's Office of Business and Economic Development (GO Biz) to post on its internet website information relating to a business's obligations under Proposition 65.

**The Senate amendments** make technical changes to the notice that GO Biz is required to post on its internet website regarding a business's obligation under Proposition 65.

**EXISTING LAW**:

1)  Enacts the Safe Drinking Water and Toxic Enforcement Act of 1986 (Proposition 65), which prohibits a person in the course of doing business from knowingly discharging or releasing a chemical known to the state to cause cancer or reproductive toxicity into water or onto or into land where such chemical passes or probably will pass into any source of drinking water.

2)  Prohibits a person in the course of doing business from knowingly and intentionally exposing any individual to a chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such individual.

3)  Establishes the Governor's Office of Business and Economic Development, also known as "GO Biz," within the Governor's office.

**FISCAL EFFECT**:  According to the Senate Appropriations Committee, enactment of this bill could result in approximately $52,000 one-time costs to GO-Biz to inventory and update existing materials.

**COMMENTS**:  *Need for the bill:*  According to the author, "Before a private enforcer can sue under Proposition 65, it must give the alleged violator more than a 60 day notice of their intent to bring an action.  The 60-day notice must also include a certificate of merit, which states that the person executing it has consulted with one or more experts in reviewing exposure data and concludes there is cause for a lawsuit.

Simultaneously, the private enforcer provides a copy of the 60-day notice and certificate of merit to the AG, and public prosecutor in whose jurisdiction the violation is alleged to have occurred.  In addition to the 60-day notice and certificate of merit, the AG and prosecutor also receive the factual basis for the lawsuit, such as exposure data showing a violation occurred.  This information allows the AG and prosecutor to decide if they want to pursue an action on behalf of the public.

AB 1583 simply requires the Attorney General to provide the party bringing an action under Proposition 65 and the alleged violator with a letter regarding any action that the Attorney General does not believe has merit. Additionally, AB 1583 requires the Governor's Office of Business and Economic Development to provide on their website, and in written materials that they provide to business, information about their business obligations under Proposition 65 and information about where they can learn how to comply with Proposition 65's provisions. This will help businesses proactively come into compliance with Proposition 65 without the need for costly litigation."

*Proposition 65:* In 1986, California voters approved a ballot initiative, the Safe Drinking Water and Toxic Enforcement Act of 1986, commonly referred to as Proposition 65, to address their concern that "hazardous chemicals pose a serious potential threat to their health and well-being, [and] that state government agencies have failed to provide them with adequate protection…" Proposition 65 requires the state to publish a list of chemicals known to cause cancer or birth defects or other reproductive harm. This list, which must be updated at least once a year, currently includes approximately 850 chemicals. The Office of Environmental Health Hazard Assessment (OEHHA) administers the Proposition 65 program, including evaluating all currently available scientific information on substances considered for placement on the Proposition 65 list.

Under Proposition 65, businesses in California are required to provide a "clear and reasonable" warning before knowingly and intentionally exposing anyone to a Proposition 65-listed chemical. Warnings can be made in many ways, including by labeling a consumer product, posting signs, distributing notices, or publishing notices in a newspaper. Once a chemical is listed, businesses have 12 months to comply with warning requirements.

*Enforcement of Proposition 65:* The California Attorney General's Office enforces Proposition 65. Any district attorney or city attorney (for cities whose population exceeds 750,000) may also enforce Proposition 65. In addition, any individual acting in the public interest may enforce Proposition 65 by filing a lawsuit against a business alleged to be in violation of this law. Lawsuits have been filed by the Attorney General's Office, district attorneys, consumer advocacy groups, private citizens, and law firms. Penalties for violating Proposition 65 by failing to provide warning notices can be as high as $2,500 per violation per day. State law requires any person suing "in the public interest" to enforce Proposition 65, to notify the Attorney General of the lawsuit and outcome of the case. All reports on Proposition 65 private actions must be filed electronically with the Attorney General's Office.

*Certificate of merit:* Current law requires any person bringing an action under Proposition 65 to provide a notice of alleged violation, 60 days before taking the action, to the Attorney General, including a certificate of merit. The certificate of merit shall state that the person executing the certificate has consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the exposure to the listed chemical that is the subject of the action, and that, based on that information, the person executing the certificate believes there is a reasonable and meritorious case for the private action. Additionally, factual information sufficient to establish the basis of the certificate of merit must be attached to the certificate that is served on the Attorney General. This bill requires the Attorney General, after reviewing the certificate of merit, including the factual basis supporting the certificate of merit, if after reviewing the certificate of merit and supporting factual

information, she or he finds that there is not merit to the action, to serve a letter to the noticing party and the alleged violator that the Attorney General believes there is not merit to the action.

*The Governor's Office of Business and Economic Development (GO-Biz)*:  GO-Biz was created to serve as California's single point of contact for economic development and job creation efforts.  GO-Biz offers a range of services to business owners including: attracting them to California, retention and expansion services, site selection, permit assistance, regulatory guidance, small business assistance, international trade development, and assistance with state government.  GO-Biz has staff, dedicated to support businesses, who are experts in the following areas: California Business Investment Services (CalBIS), California Competes Tax Credit, Innovation and Entrepreneurship, International Affairs and Business Development, Permit Assistance, Small Business Assistance, Zero Emission Vehicles (ZEV).

One of the key goals of this bill is to ensure that businesses, especially small businesses, are aware of the requirements of Proposition 65. Given how complex state government can be, tasking GO-Biz with providing this information on their Internet Web site is a reasonable and helpful request.

**Analysis Prepared by**: Josh Tooker / E.S. & T.M. / (916) 319-3965          FN: 0002231

EXHIBIT 9



*BILL LOCKYER*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

1515 CLAY STREET, 20TH FLOOR
P.O. BOX 70550
OAKLAND, CA 94612-0550

Public: (510) 622-2100
Telephone: (510) 622-2183
Facsimile: (510) 622-2270
E-Mail: Harrison.Pollak@doj.ca.gov

March 14, 2006

Anthony G. Graham
Graham & Martin, LLP
950 South Coast Drive, Suite 220
Costa Mesa, CA 92626

RE:    Bank/ATM Proposition 65 Notices Concerning Second-Hand Smoke

Dear Mr. Graham:

In the past six months, we have received 45 sixty-day notices of violation that you have sent to banks and property managers and owners on behalf of Consumer Defense Group Action. The notices allege violations of Proposition 65 based upon exposures to second-hand smoke at or near bank entrances and ATM machines. We understand from a number of notice recipients that you have offered to settle claims through pre-litigation settlements that would not be subject to review by our Office or to court approval, although you would be required to report them to our Office. We also understand that you have not filed any complaints as a result of the notices. We have some serious concerns about representations you made in the sixty-day notices and the accompanying certificates of merit. We want to bring them to your attention before you enter into any settlement based upon the notices or file a complaint.

The notices allege that each recipient has violated Proposition 65 by failing to post clear and reasonable warnings that the recipient "permits the smoking of tobacco products at the Facilities, which exposes customers, visitors and employees to tobacco smoke in the areas where smoking is permitted." According to the notices, each recipient "controls much of the conduct and actions of its customers, visitors and employees at each of the facilities listed on Exhibit A to this Notice." The recipients allegedly prohibit smoking at certain designated areas, but in other areas, namely, the entrances to the facilities and the areas surrounding ATM machines, each recipient has "specifically chosen to allow its customers, visitors and employees . . . to smoke cigarettes and cigars." This purportedly results in environmental and occupational exposures. Therefore, according to the notices, each recipient has violated Proposition 65 by failing to warn its customers, visitors and employees that "upon entering and/or using the bank facilities in those

Anthony G. Graham
March 14, 2006
Page 2

areas, they may be exposed to tobacco smoke."[1]

Each notice is accompanied by a certificate of merit that you executed under penalty of perjury. Proposition 65 requires sixty-day notices to include a certificate of merit stating that the person executing the certificate has consulted with one or more experts who has reviewed facts, studies, or other data regarding the exposure that is the subject of the action, and that, based on that information, the person executing the certificate believes there is a reasonable and meritorious basis for the private action. (Health & Saf. Code, § 25249.7, subd. (d)(1).) The certifier must have a basis to conclude that there is merit to each element of the action on which the plaintiff will have the burden of proof, and that the information relied upon does not prove that any affirmative defense has merit. (Cal. Code Regs., tit. 11, § 3101(a).) Additionally, factual information sufficient to establish the basis of the certificate of merit must be attached to the copy that is served on the Attorney General. (Health & Saf. Code, § 25249.7, subd. (d)(1).)

We are concerned that there may not be an adequate basis for the statements in the sixty-day notices and the accompanying certificates of merit in several respects. First, it is not clear whether the recipients have sufficient control over the premises to be liable for the alleged violations. We question the inference that the failure to prohibit smoking near bank entrances and ATM machines means that the bank has "specifically chosen" to allow smoking. We also question whether the banks *could* prohibit smoking, or, for that matter, post warnings, since they may lease the space where they operate and not have such authority. If you do not have a reasonable basis to allege that the banks have sufficient control over the premises to (a) prohibit or allow smoking, and (b) to post warnings, then you may not be able to establish liability for the alleged violations.[2]

Second, we are aware of no evidence that exposures actually have occurred. The notices allege exposures to second-hand smoke, that is, exposures to persons other than those who are smoking in the first place.[3] They identify the route of exposure as inhalation of second-hand smoke and contact with skin and clothing. According to the notices, however, your investigators

_____

[1]Three of the notices also identify alleged exposures to diesel and gasoline fumes from cars that operate on the premises. In this letter, we focus on the second-hand smoke allegations, but we have similar concerns about the allegations of exposures to diesel and gas fumes.

[2]The failure to address the issue of ownership or control may in fact render the notices invalid. According to the regulations, a notice that alleges an environmental exposure must state whether the exposure occurs beyond the property owned or controlled by the alleged violators. (Cal. Code Regs., tit. 22, § 12903(b)(2)(F).) We do not see such a statement in the notices.

[3]The notices do not allege that the banks are responsible to warn the smokers themselves about exposure to listed chemicals from smoking cigarettes and cigars. Presumably the cigarette and cigar manufacturers and entities that sold the products to the smokers must warn about these "consumer product exposures." (See Cal. Code Regs., tit. 22, § 12601(b).)

Anthony G. Graham
March 14, 2006
Page 3

observed only persons smoking, cigarette butts on the ground, and ashtrays in the areas of
concern. There is no indication that the investigators observed anyone actually come into contact
with the second-hand smoke. The fact that one person smokes while at or near an ATM machine
or walking past a building entrance does not establish that someone else has been exposed to the
smoke. (Cal. Code Regs., tit. 22, § 12102(i); see also *Yeroushalmi v. Miramar Sheraton* (2001)
88 Cal.App.4th 738, 747 [sixty-day notice must state facts describing how contact occurred].)
This may explain why the notices allege a failure to warn that persons "*may* be exposed to
tobacco smoke," but Proposition 65 requires – and it would be your burden to prove – that the
exposures in fact occur.

A third, related, concern, is that even if persons do come into contact with second-hand
smoke at the facilities, there will not have been an exposure if the alleged violator can prove that
the listed chemical was contained in the ambient air, or is a carcinogen present at levels below
state or federal regulatory levels. (Cal. Code Regs., tit. 22, §§ 12504, 12711(a)(1).) The Final
Statement of Reasons for section 12504 explains that the "ambient air" exception protects
businesses who "are not in a position to control the quality of the ambient air which enters their
property, or to avoid exposing people to ambient air." As we noted earlier, we are not aware of
evidence that the notice recipients *can* control smoking on the premises. Moreover, it is not clear
whether you have tested the levels of any of the listed chemicals in the air. While it would not be
your burden initially to disprove these defenses, we believe they are defenses that likely would be
raised, and which you must consider before filing any lawsuit.

In addition to our concerns about the merits of your allegations, we believe that you made
a material misrepresentation in the notices. The notices state that you provided the Attorney
General with written reports prepared contemporaneously with the investigations, supporting
photographic evidence, and other evidence. We have received no photographs or what we would
consider to be other evidence of the nature that you describe. It is important to correct this
statement so that recipients of the notices do not evaluate their litigation risk, or negotiate a
settlement, under false pretenses. In fact, as you are aware, a court may review the supporting
documents that you did provide to the Attorney General at the conclusion of any lawsuit. If the
court determines that they do not provide a credible factual basis for the action, then it may deem
the action to be "frivolous" and order sanctions. (Health & Saf. Code, § 25249.7, subd. (h)(2).)
Moreover, while the supporting documents are not discoverable, the Attorney General is
obligated to maintain them in confidence only "to the full extent authorized in Section 1040 of
the Evidence Code." (Health & Saf. Code, § 25249.7, subds. (h)(1), (i).) Evidence Code section
1040 is not a complete bar to disclosure. Rather, it affords the official (the Attorney General, in
this instance) a privilege to refuse to disclose information and requires the official to engage in a
balancing of the public interest for and against disclosure. (Evid. Code, § 1040, subd. (b)(2).)
While we have not yet engaged in such balancing, if you bring litigation in this case, the interest
in disclosure may outweigh the interest in secrecy, in which case the privilege against disclosure
would not apply.

Anthony G. Graham
March 14, 2006
Page 4

In sum, while do not express a view on whether the violations alleged in the sixty-day notices in fact are occurring, we question whether at this stage you have established a reasonable basis to conclude that they are.  Further, we caution you that sending sixty-day notices that contain misrepresentations, and filing lawsuits without an adequate basis, could constitute unlawful business practices and subject you to action by our Office.  (See, e.g. *People v. Brar* (2004) 115 Cal.App.4th 1315.)  We hope that you will consider the points we have raised before you proceed with negotiations or file any lawsuit based upon the notices.

Sincerely,

HARRISON M. POLLAK
Deputy Attorney General

For    BILL LOCKYER
Attorney General

cc    Sixty-Day Notice recipients (see attached list)

99036073.wpd

EXHIBIT 10

*XAVIER BECERRA*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

1515 CLAY STREET, 20TH FLOOR
P.O. BOX 70550
OAKLAND, CA 94612-0550

Public: (510) 879-1300
Telephone: (510) 879-0853
Facsimile: (510) 622-2270
E-Mail: Harrison.Pollak@doj.ca.gov

December 7, 2018

Andre Jardini
Knapp Petersen & Clark
550 N. Brand Blvd., Ste. 1500
Glendale, CA 91203-1922

RE:    Proposition 65 Notices of Violation
       AGO Nos. 2018-1169, 1176, 1181, 1208, 1228

Dear Mr. Jardini:

I write to you concerning the following 60-day notices of violation that you sent on behalf of several individuals in July 2018, alleging violations of Proposition 65 based on the sale of juices allegedly containing lead without a clear and reasonable warning:

| AGO No. | Date | Alleged Violators | Product |
|---------|------|-------------------|---------|
| 2018-01169 | 7/17/2018 | Suja Life LLC; Whole Foods Market CA Inc; Mrs. Gooch's Natural Food Markets Inc. et al | Suja Power Greens; Suja Power Greens; Suja Mighty Dozen; Suja King of Greens; Suja Easy Greens; Suja Twelve Essentials |
| 2018-01176 | 7/19/2018 | Naked Juice Co. of Glendora, Inc.; Whole Foods Market California, Inc.; Mrs. Gooch's Natural Food Markets, Inc., et al | Naked Green Machine; Naked Kale Blazer |

Andre Jardini
December 7, 2018
Page 2

| 2018-01181 | 7/19/2018 | The Hain Celestial Group, Inc.;<br>Whole Foods Market California, Inc.;<br>Mrs. Gooch's Natural Food Markets, Inc. et al | BluePrint Rocket Launch;<br>BluePrint Watercress Warrior |
|---|---|---|---|
| 2018-01208 | 7/24/2018 | Evolution Fresh, Inc.;<br>Whole Foods Market California, Inc.;<br>Mrs. Gooch's Natural Food Markets, Inc. et al | Evolution Organic Thriving Greens |
| 2018-01228 | 7/26/2018 | Forager Project, LLC;<br>Whole Foods Market California, Inc.;<br>Mrs. Gooch's Natural Food Markets, Inc.;<br>Whole Foods Market, Inc. | Forager Greens + Avocado |

In 2017, Proposition 65 was amended to require our office to serve a letter on the noticing party and alleged violator when, after reviewing the confidential factual information served on the Attorney General's Office and meeting and conferring with the noticing party regarding the basis for the certificate of merit, the Attorney General believes there is no merit to the proposed action. (Health & Saf. Code, § 25249.7, subd. (e)(1)(A).) Based on our review of the certificates of merit and supporting information, and having discussed the contents with you and received additional information about the alleged violations, we believe there is no merit to the action. The evidence of violations is tenuous *at best*, and not likely to stand up against statutory and regulatory defenses to the warning requirement. We urge you to withdraw the 60-day notices.

If you decide to pursue the notices, and submit a settlement for our review that includes an award of attorney's fees, then we will look for evidence that the settlement confers a significant public benefit when deciding whether to object on behalf of the Attorney General. (Health & Saf. Code, § 25249.7, subd. (f)(5).) If the settlement calls for warnings, then in order to demonstrate a public benefit you will need to submit evidence, beyond what you have provided to date, that warnings plausibly are required. (See Cal Code Regs., tit. 11, § 3201, subd. (b)(1).) If the settlement calls for reformulation to reduce lead levels, then we will look for evidence that the lead levels in the companies' products were above the agreed-upon reformulation standard. (See *id.*, subd. (b)(2).)

Andre Jardini
December 7, 2018
Page 3

Do not hesitate to contact me if you would like to discuss this further.

Sincerely,

HARRISON M. POLLAK
Supervising Deputy Attorney General

For    XAVIER BECERRA
Attorney General

cc:    See attached list

SF1994IN0809
91036240_2.docx

## List of Recipients

| | Representative | Noticed Party | Address |
|---|---|---|---|
| 2018-01169 | Robert Falk, Esq. | for SUJA LIFE LLC | Morrison & Foerster LLP 425 Market St. San Francisco, CA  94105 |
| | Robert Twyman Chief Executive Officer | WHOLE FOODS MARKET CALIFORNIA, INC. | 5980 Horton Street, Suite 200 Emeryville, CA  94608 |
| | Patrick Bradley Chief Executive Officer | MRS. GOOCH'S NATURAL FOOD MARKETS, INC. | 207 Goode Avenue, 7th Floor Glendale, CA  91203 |
| | Albert Percival Chief Executive Officer | WHOLE FOODS MARKET, INC. | 550 Bowie Street Austin, TX  78703 |
| | | | |
| 2018-01176 | Christine Lansing Chief Executive Officer | Naked Juice Co. of Glendora | 1333 S. Mayflower Avenue, Suite 100 Monrovia, CA  91016 |
| | Robert Twyman Chief Executive Officer | WHOLE FOODS MARKET CALIFORNIA, INC. | 5980 Horton Street, Suite 200 Emeryville, CA  94608 |
| | Patrick Bradley Chief Executive Officer | MRS. GOOCH'S NATURAL FOOD MARKETS, INC. | 207 Goode Avenue, 7th Floor Glendale, CA  91203 |
| | Albert Percival Chief Executive Officer | WHOLE FOODS MARKET, INC. | 550 Bowie Street Austin, TX  78703 |
| | | | |
| 2018-01181 | Irwin D. Simon Chief Executive Officer | THE HAIN CELESTIAL GROUP, INC. | 1111 Marcus Avenue, #1 Lake Success, NY  11042 |
| | Robert Twyman Chief Executive Officer | WHOLE FOODS MARKET CALIFORNIA, INC. | 5980 Horton Street, Suite 200 Emeryville, CA  94608 |
| | Patrick Bradley Chief Executive Officer | MRS. GOOCH'S NATURAL FOOD MARKETS, INC. | 207 Goode Avenue, 7th Floor Glendale, CA  91203 |
| | Albert Percival Chief Executive Officer | WHOLE FOODS MARKET, INC. | 550 Bowie Street Austin, TX  78703 |
| | | | |
| 2018-01208 | Robert Falk, Esq. | for EVOLUTION FRESH, INC. | Morrison & Foerster LLP 425 Market St. San Francisco, CA  94105 |
| | Robert Twyman Chief Executive Officer | WHOLE FOODS MARKET CALIFORNIA, INC. | 5980 Horton Street, Suite 200 Emeryville, CA  94608 |

| | | | |
|---|---|---|---|
| | Patrick BradleyChief Executive Officer | MRS. GOOCH'S NATURAL FOOD MARKETS, INC. | 207 Goode Avenue, 7th Floor Glendale, CA  91203 |
| | Albert Percival Chief Executive Officer | WHOLE FOODS MARKET, INC. | 550 Bowie Street Austin, TX  78703 |
| | | | |
| 2018-01228 | Stephen Williamson Chief Executive Officer | FORAGER PROJECT, LLC | 235 Montgomery Street #730 San Francisco, CA  94104 |
| | Robert Twyman Chief Executive Officer | WHOLE FOODS MARKET CALIFORNIA, INC. | 5980 Horton Street, Suite 200 Emeryville, CA  94608 |
| | Patrick Bradley Chief Executive Officer | MRS. GOOCH'S NATURAL FOOD MARKETS, INC. | 207 Goode Avenue, 7th Floor Glendale, CA  91203 |
| | Albert Percival Chief Executive Officer | WHOLE FOODS MARKET, INC. | 550 Bowie Street Austin, TX  78703 |

EXHIBIT 11

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1515 CLAY STREET, 20TH FLOOR
P.O. BOX 70550
OAKLAND, CA  94612-0550

Public:  (510) 879-1300
Telephone:  (510) 879-1300
Facsimile:  (510) 622-2270
E-Mail:  Susan.Fiering@doj.ca.gov

*Via Electronic Mail*

April 27, 2020

Benjamin D. Weston, Esq.
Agency D & L
1968 South Coast Highway, Suite 1200
Laguna Beach, CA 92651
ben@agencydl.com

RE:     Proposition 65 Notice Nos. 2020-0118, 0119, 0120, 0170, 0410, 0413

Dear Mr. Weston:

  I write to you concerning the 60-day notices of violation that you sent in January and February 2020 alleging violations of Proposition 65 based on the sale of laboratory chemicals without a clear and reasonable warning.

| AGO No. | Date | Alleged Violators | Products |
|---------|------|-------------------|----------|
| 2020-0118 | 1/17/20 | Biovision, Inc. | Laboratory Chemicals |
| 2020-0119 | 1/17/20 | Adooq Bioscience, LLC | Laboratory Chemicals |
| 2020-0120 | 1/17/20 | LGC Standards, Inc. <br><br> LGC North America, Inc. <br><br> VHG Labs, Inc. <br><br> LGC Limited | Laboratory Chemicals |
| 2020-0170 | 1/24/2020 | Thermo Fisher Scientific, Inc., dba | Laboratory Chemicals |

Benjamin D. Weston
April 27, 2020
Page 2

| | | Alfa Aesar | |
|---|---|---|---|
| 2020-0410 | 2/19/20 | MedChemExpress LLC, MedChemExpress USA<br><br>Shanghai Haoyuan Chemexpress Co., Ltd. | Laboratory Chemicals |
| 2020-0413 | 2/19/20 | ChemScene Limited Liability Company | Laboratory Chemicals |

In 2017, Proposition 65 was amended to require our office to serve a letter on the noticing party and alleged violator when, after reviewing the confidential factual information served on the Attorney General's Office and meeting and conferring with the noticing party regarding the basis for the certificate of merit, the Attorney General believes there is no merit to the proposed action.  (Health & Saf. Code, § 25249.7, subd. (e)(1)(A).)  Based on our review of the notices, certificates of merit and supporting information, and on information you have submitted as part of our discussions about the certificates of merit, we have determined that the information you submitted does not demonstrate a reasonable basis for concluding that "all elements of the plaintiff's case can be established."  (Cf. Cal. Code Regs., tit. 11, § 3101, subds. (a) and (b).)   Accordingly, we write to inform you of the Attorney General's belief that there is no merit to the action.

In reaching this conclusion, we note that the exposures you allege are to students who use the chemicals in academic laboratories, and not to laboratory employees who may be receiving occupational warnings pursuant to the Hazard Communication Standard.  Specifically, the notices state:

> Student use of the Covered Products in academic laboratories
> results in human exposure to toxic chemicals via dermal contact,
> eye contact, ingestion, inhalation, and accidental injection. No
> clear and reasonable warning of toxicity is provided by the
> Noticed Parties in connection with the Covered Products.

The "Noticed Parties" in the allegations do not operate the academic laboratories where the exposures allegedly occurred.  Rather, our understanding is that they sell the chemicals to the institutions and companies that operate the academic laboratories.

We reviewed the information you provided for evidence to support the allegation that students in academic laboratories have been exposed to listed chemicals sold by the noticed

Benjamin D. Weston
April 27, 2020
Page 3

parties without being provided a clear and reasonable warning.  We cannot disclose the nature of the evidence you provided.  (Health & Saf. Code, § 25249.7, subd. (i)).  However, it does not reveal confidential information to state that the evidence you submitted does not demonstrate that there have been exposures to students in California within the relevant statute of limitations time period.  In particular we note that the academic institutions likely follow safety procedures to prevent or minimize the risk of exposures occurring.[1]  Further, even if your allegation is correct that students in California have been exposed within the relevant time period, and the noticed parties (chemical manufacturers) did not provide clear and reasonable warnings that would comply with Proposition 65,[2] the students may nevertheless receive a warning from the academic institution prior to any exposure.

Because the supporting information does not provide a credible basis that all elements of the plaintiff's case can be established, we urge you to withdraw the notices.  Failure to do so could result in a court finding that an action based on the notices is frivolous within the meaning of Code of Civil Procedure section 128.5.  (Health & Saf. Code, § 25249.7, subd. (h)(2).)

Please contact me if you wish to discuss this further.

Sincerely,

/s/ Susan Fiering

SUSAN S. FIERING
Deputy Attorney General

For    XAVIER BECERRA
Attorney General

Cc (via U.S. Mail):

Biovision, Inc.
Attn: CEO, Gloira Guohong Zhang
155 South Milpitas Boulevard

---

[1] For example, UCLA's Personal Protective Equipment Policy requires all "principal investigators, lab supervisors, staff, students, volunteers, and visitors entering and/or working in a UCLA research or teaching laboratory" where Proposition 65 listed chemicals are used to utilize Personal Protective Equipment at all times.  (UCLA PPE Policy 905, https://www.ehs.ucla.edu/research/lab/ppe-policy, last visited April 8, 2020.)

[2] We express no view on the adequacy for purposes of Proposition 65 of any warnings or other hazard communication materials the noticed parties provide.

Benjamin D. Weston
April 27, 2020
Page 4


Milpitas, CA 95035

Adooq Bioscience LLC
c/o The Company Corporation
251 Little Falls Drive
Wilmington, DE 19808

Adooq Bioscience LLC
Attn: CEO Lei Ding
4000 Barranca Parkway, Suite 250
Irvine, CA 92604

VHG Labs, Incorporated
Attn: Chief Executive Officer
276 Abby Road
Manchester, NH 03103

Will Wagner, Esq. (for LGC Limited, LGC North American, Inc., LGC Standards, Inc.)
Greenberg Traurig, LLP
1201 K Street, Suite 1100 |  Sacramento, CA 95814 Chief Executive Officer

Thermo Fisher Scientific, Inc.
Attn: CEO
168 Third Avenue
Waltham, MA 02451

Ann Grimaldi, Esq. (for MedChem Express LLC and Shanghai Haoyuan Chemexpress
Co., Ltd.)
Grimaldi Law Offices
535 Mission St., 14th Floor
San Francisco, CA 94105

Chief Executive Officer
ChemScene Limited Liability Company
1 Deer Park Dr., Suite Q
Monmouth Junction, New Jersey 08852

EXHIBIT 12

**XAVIER BECERRA**
*Attorney General*

**State of California**
**DEPARTMENT OF JUSTICE**

1515 CLAY STREET, 20TH FLOOR
P.O. BOX 70550
OAKLAND, CA  94612-0550

Public:  (510) 879-1300
Telephone:  (510) 879-1300
Facsimile:  (510) 622-2270
E-Mail:  Susan.Fiering@doj.ca.gov

*Via Electronic Mail*

April 30, 2020

Benjamin D. Weston, Esq.
Agency D & L
1968 South Coast Highway, Suite 1200
Laguna Beach, CA 92651
ben@agencydl.com

RE:      Amended Letter: Proposition 65 Notice Nos. 2019-2265, 2266, 2417

Dear Mr. Weston:

I write to you concerning the above 60-day notices of violation alleging violations of Proposition 65 based on the sale of laboratory chemicals without a clear and reasonable warning.

In 2017, Proposition 65 was amended to require our office to serve a letter on the noticing party and alleged violator when, after reviewing the confidential factual information served on the Attorney General's Office and meeting and conferring with the noticing party regarding the basis for the certificate of merit, the Attorney General believes there is no merit to the proposed action.  (Health & Saf. Code, § 25249.7, subd. (e)(1)(A).)  Based on our review of the notices, certificates of merit and supporting information, and on information you have submitted as part of our discussions about the certificates of merit, we have determined that the information you submitted does not demonstrate a reasonable basis for concluding that "all elements of the plaintiff's case can be established."  (<u>Cf.</u> Cal. Code Regs., tit. 11, § 3101, subds. (a) and (b).)   Accordingly, we write to inform you of the Attorney General's belief that there is no merit to the action.

In reaching this conclusion, we note that the exposures you allege are to students who use the chemicals in academic laboratories, and not to laboratory employees who may be receiving occupational warnings pursuant to the Hazard Communication Standard.  Specifically, the notices state:

> Student use of the Covered Products in academic laboratories results in human exposure to toxic chemicals via dermal contact, eye contact, ingestion, inhalation, and accidental injection. No clear and reasonable warning of toxicity is provided by the Noticed Parties in connection with the Covered Products.

Benjamin D. Weston
April 30, 2020
Page 2


The "Noticed Parties" in the allegations do not operate the academic laboratories where the exposures allegedly occurred.  Rather, our understanding is that they sell the chemicals to the institutions and companies that operate the academic laboratories.

We reviewed the information you provided for evidence to support the allegation that students in academic laboratories have been exposed to listed chemicals sold by the noticed parties without being provided a clear and reasonable warning.  We cannot disclose the nature of the evidence you provided.  (Health & Saf. Code, § 25249.7, subd. (i)).  However, it does not reveal confidential information to state that the evidence you submitted does not demonstrate that there have been exposures to students in California within the relevant statute of limitations time period.  In particular we note that the academic institutions likely follow safety procedures to prevent or minimize the risk of exposures occurring.[1]  Further, even if your allegation is correct that students in California have been exposed within the relevant time period, and the noticed parties (chemical manufacturers) did not provide clear and reasonable warnings that would comply with Proposition 65,[2] the students may nevertheless receive a warning from the academic institution prior to any exposure.

Because the supporting information does not provide a credible basis that all elements of the plaintiff's case can be established, we urge you to withdraw the notices.  Failure to do so could result in a court finding that an action based on the notices is frivolous within the meaning of Code of Civil Procedure section 128.5.  (Health & Saf. Code, § 25249.7, subd. (h)(2).)

---

[1] For example, UCLA's Personal Protective Equipment Policy requires all "principal investigators, lab supervisors, staff, students, volunteers, and visitors entering and/or working in a UCLA research or teaching laboratory" where Proposition 65 listed chemicals are used to utilize Personal Protective Equipment at all times.  (UCLA PPE Policy 905, https://www.ehs.ucla.edu/research/lab/ppe-policy, last visited April 8, 2020.)

[2] We express no view on the adequacy for purposes of Proposition 65 of any warnings or other hazard communication materials the noticed parties provide.

Benjamin D. Weston
April 30, 2020
Page 3


       Please contact me if you wish to discuss this further.


                    Sincerely,

                    /s/ Susan Fiering

                    SUSAN S. FIERING
                    Deputy Attorney General

        For    XAVIER BECERRA
                    Attorney General


cc:    Ann Grimaldi, Esq.
       Will Wagner, Esq.


SF1994IN0809
Weston letter 20 April 30 (1) amended.docx

EXHIBIT 13

**NOTICE OF VIOLATION**

California Safe Drinking Water
and Toxic Enforcement Act

Lead in Lactation Bars and Shakes

May 20, 2024

This Notice of Violation (the "Notice") is provided to you pursuant to and in compliance with California Health and Safety Code section 25249.7(d).

- For general information regarding the California Safe Drinking Water and Toxic Enforcement Act, see the attached summary provided by the California EPA (copies not provided to public enforcement agencies).

- This Notice is provided by *As You Sow* ("AYS"), PO Box 751, Berkeley, CA 94701. AYS is a 501(c)(3) non-profit corporation dedicated to, among other causes, toxics reduction, the promotion of and improvement of human health, the improvement of worker and consumer rights, environmental education and the protection of the environment, and corporate accountability.

**Description of Violation:**

Violators:    Colson Health, Inc.
1782 La Costa Meadows Drive
Suite 104
San Marcos, CA 92078

Target Corporation
1010 Dale Street N
St Paul, MN 55117-5603

Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403

- Time Period of Exposure:  The violations have been occurring since at least May 20, 2021, and are ongoing.

- Provision of Proposition 65:  This Notice covers the "warning provision" of Proposition 65, which is found at California Health and Safety Code Section 25249.6.

- Chemical(s) Involved:  The names of the listed chemicals involved in these violations are lead and lead compounds ("Lead").  Exposures to Lead occur from consumption of the products identified in this Notice.

- <u>Type of Product</u>:  The specific type of product causing these violations is lactation bars and shakes. Non-exclusive examples of this specific type of product are identified on the attached Exhibit 1.  Further limitations, if any, on the specific type of products subject to this Notice for the violator are also identified on Exhibit 1.

- <u>Description of Exposure</u>:  This Notice addresses consumer exposures to Lead. Consumption of the products identified in this Notice results in human exposures to Lead. The products contain Lead. The primary route of exposure for the violations is direct ingestion when consumers eat the products. These exposures occur in homes and everywhere else throughout California where the products are consumed.  No clear and reasonable warning is provided with these products regarding the reproductive toxicity of Lead.

**Resolution of Noticed Claims:**

Based on the allegations set forth in this Notice, AYS intends to file a citizen enforcement lawsuit against each alleged violator unless such violator agrees in a binding written instrument to: (1) recall products already sold; (2) provide clear and reasonable warnings for products sold in the future or reformulate such products to eliminate the Lead exposures; and (3) pay an appropriate civil penalty based on the factors enumerated in California Health and Safety Code Section 25249.7(b).  If any alleged violator is interested in resolving this dispute without resort to expensive and time-consuming litigation, please feel free to contact AYS through its counsel identified below.  It should be noted that AYS cannot: (1) finalize any settlement until after the 60-day notice period has expired; nor (2) speak for the Attorney General or any District or City Attorney who received AYS's 60-day Notice. Therefore, while reaching an agreement with AYS will resolve AYS's claims, such agreement may not satisfy the public prosecutors.

**Preservation of Relevant Evidence:**

This Notice also serves as a demand that each alleged violator preserve and maintain all relevant evidence, including all electronic documents and data, pending resolution of this matter.  Such relevant evidence includes but is not limited to all documents relating to the presence or potential presence of Lead in lactation bars and shakes; purchase and sales information for such products; efforts to comply with Proposition 65 with respect to such products; communications with any person relating to the presence or potential presence of Lead in such products; and representative examples of each unit of any such products sold by each alleged violator in the year preceding this Notice through the date of any trial of the claims alleged in this Notice.

Please direct any inquiries regarding this Notice to AYS's counsel Patrick Carey at Lexington Law Group, LLP, 503 Divisadero Street, San Francisco, CA 94117, (415) 913-7800, pcarey@lexlawgroup.com.

**EXHIBIT 1**
**May 20, 2024 Notice of Violation**
**Lead in Lactation Bars and Shakes**

| Names and Addresses of Responsible Parties | Non-Exclusive Examples of the Products |
|---|---|
| **Colson Health, Inc.**<br>1782 La Costa Meadows Drive<br>Suite 104<br>San Marcos, CA 92078<br><br>**Target Corporation**<br>1010 Dale Street N<br>St Paul, MN 55117-5603<br><br>**Target Corporation**<br>1000 Nicollet Mall<br>Minneapolis, MN 55403 | Boobie Bar Milk to the Max Blueberry Muffin Super Lactation Bar, 50 g, UPC No. 8-50975-00601-5; Best by: May 26, 2024, 23179 |
| | Boobie Bar Milk to the Max Oatmeal Chocolate Chip Super Lactation Bar, 50 g, UPC No. 8-50975-00600-8, Best By: January 13, 2024, 23109 |
| | Boobie Body Superfood for Super Moms Chocolate Bliss Meal Replacement Shake, 660g, Lot# B23170002; EXP: 06/2025; UPC No. 8-50975-00629-9 |
| **Colson Health, Inc.**<br>1782 La Costa Meadows Drive<br>Suite 104<br>San Marcos, CA 92078 | Boobie Bar Milk to the Max Blueberry Muffin Super Lactation Bar 50 g, UPC No. 8-5097-00601-5; Best By: September 16, 2024, 23292 |

## <u>CERTIFICATE OF MERIT</u>

**Health & Safety Code § 25249.7(d)**

I, Patrick Carey, hereby declare:

1.      This Certificate of Merit accompanies the attached sixty-day notice in which it is alleged that the parties identified in the notice have violated Health & Safety Code § 25249.6 by failing to provide clear and reasonable warnings.

2.      I am an attorney with the Lexington Law Group, LLP, and I represent the noticing party, As You Sow.

3.      Members of my firm and I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies or other data regarding the exposures to the listed chemical that is the subject of the action.

4.      Based on the information obtained through those consultations, and on other information in my possession, I believe there is a reasonable and meritorious case for the private action.  I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and the information did not prove that the alleged violators will be able to establish any of the affirmative defenses set forth in the statute.

5.      The copy of the Certificate of Merit served on the Attorney General attaches to it factual information sufficient to establish the basis for this certificate, including the information identified in Health & Safety Code § 25249.7(h)(2), i.e. (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies or other data reviewed by those persons.

May 20, 2024

Patrick Carey
Attorney for As You Sow

## PROOF OF SERVICE

I, Lilian Macancela, declare:

I am a citizen of the United States and employed in the County of San Francisco, State of California. I am over the age of eighteen (18) years and not a party to this action.  My business address is 503 Divisadero Street, San Francisco, CA 94117 and my email address is lmacancela@lexlawgroup.com.

On May 20, 2024, I served the following document(s) on all interested parties in this action by placing a true copy thereof in the manner and at the addresses indicated below:

**NOTICE OF VIOLATION OF CALIFORNIA SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT;**

**CERTIFICATE OF MERIT;** and

**THE SAFE DRINKING AND TOXIC ENFORCEMENT ACT OF 1986 (PROPOSITION 65): A SUMMARY** (only sent to those on service list marked with an asterisk).

☒ **BY MAIL**:  I am readily familiar with the firm's practice for collecting and processing mail with the United States Postal Service ("USPS").  Under that practice, mail would be deposited with USPS that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  On this date, I placed sealed envelopes containing the above mentioned documents for collection and mailing following my firm's ordinary business practices.

*Please see attached service list.*

☒ **BY ELECTRONIC MAIL**: I transmitted a PDF version of the document(s) listed above via email to the email address(es) indicated below before 5 p.m. on the date executed.

Pamela Y. Price, Alameda District Attorney
7677 Oakport Street, Suite 650
Oakland, CA  94621
CEPDProp65@acgov.org

Barbara Yook, Calaveras District Attorney
891 Mountain Ranch Rd.
San Andreas, CA  95249
Prop65Env@co.calaveras.ca.us

Stacey Grassini, Contra Costa Deputy District Attorney
900 Ward Street
Martinez, CA  94553
sgrassini@contracostada.org

James Clinchard, El Dorado Assistant District Attorney
778 Pacific Street
Placerville, CA 95667
EDCDAPROP65@edcda.us

Lisa A. Smittcamp, Fresno District Attorney
2100 Tulare Street
Fresno, CA  93721
consumerprotection@fresnocountyca.gov

Thomas L. Hardy, Inyo District Attorney
168 North Edwards Street
Independence, CA  93526
inyoda@inyocounty.us

Devin Chandler, Lassen Program Coordinator
2950 Riverside Dr
Susanville, CA  96130
dchandler@co.lassen.ca.us

1

2   Lori E. Frugoli, Marin District Attorney
    3501 Civic Center Drive, Room 145
3   San Rafael, CA 94903
    consumer@marincounty.org

4   Walter W. Wall, Mariposa District Attorney
    P.O. Box 730
5   Mariposa, CA 95338
    mcda@mariposacounty.org
6

7   Kimberly Lewis, Merced District Attorney
    550 West Main Street
8   Merced, CA 95340
    Prop65@countyofmerced.com
9

10  Jeannine M. Pacioni, Monterey District Attorney
    1200 Aguajito Road
    Monterey, CA 93940
11  Prop65DA@co.monterey.ca.us

12  Allison Haley, Napa District Attorney
    1127 First Street, Suite C
13  Napa, CA 94559
    CEPD@countyofnapa.org
14

15  Clifford H. Newell , Nevada District Attorney
    201 Commercial Street
16  Nevada City, CA 95959
    DA.Prop65@co.nevada.ca.us
17

18  Morgan Briggs Gire, Placer District Attorney
    10810 Justice Center Drive
    Roseville, CA 95678
19  prop65@placer.ca.gov

20  David Hollister, Plumas District Attorney
    520 Main St.
21  Quincy, CA 95971
    davidhollister@countyofplumas.com
22

23  Paul E. Zellerbach, Riverside District Attorney
    3072 Orange Street
    Riverside, CA 92501
24  Prop65@rivcoda.org

25  Anne Marie Schubert, Sacramento District
    Attorney
26  901 G Street
    Sacramento, CA 95814
27  Prop65@sacda.org

28

Summer Stephan, San Diego District Attorney
330 West Broadway
San Diego, CA 92101
SanDiegoDAProp65@sdcda.org

Mark Ankcorn, San Diego Deputy City Attorney
1200 Third Avenue
San Diego, CA 92101
CityAttyProp65@sandiego.gov

Henry Lifton, San Francisco Deputy City
Attorney
1390 Market Street, 7th Floor
San Francisco, CA 94102
Prop65@sfcityatty.org

Alexandra Grayner, San Francisco Assistant
District Attorney
350 Rhode Island Street
San Francisco, CA 94103
alexandra.grayner@sfgov.org

Tori Verber Salazar, San Joaquin District
Attorney
222 E. Weber Avenue, Room 202
Stockton, CA 95202
DAConsumer.Environmental@sjcda.org

Eric J. Dobroth, San Luis Obispo Deputy District
Attorney
County Government Center Annex, 4th Floor
San Luis Obispo, CA 93408
edobroth@co.slo.ca.us

Christopher Dalbey, Santa Barbara Deputy
District Attorney
1112 Santa Barbara St.
Santa Barbara, CA 93101
DAProp65@co.santa-barbara.ca.us

Nora V. Frimann, Santa Clara City Attorney
200 E. Santa Clara Street, 16th Floor
San Jose, CA 96113
Proposition65notices@sanjoseca.gov

Bud Porter, Supervising Santa Clara, Deputy
District Attorney
70 W Hedding St
San Jose, CA 95110
EPU@da.sccgov.org

Jeffrey S. Rosell, Santa Cruz District Attorney
701 Ocean Street
Santa Cruz, CA  95060
Prop65DA@santacruzcounty.us

Phillip J. Cline, Tulare District Attorney
221 S Mooney Blvd
Visalia, CA 95370
Prop65@co.tulare.ca.us

Jill Ravitch, Sonoma District Attorney
600 Administration Drive
Santa Rosa, CA  95403
Jeannie.Barnes@sonoma-county.org

Gregory D. Totten, Ventura District Attorney
800 S Victoria Ave
Ventura, CA  93009
daspecialops@ventura.org

Jeff W. Reisig, Yolo District Attorney
301 Second Street
Woodland, CA  95695
cfepd@yolocounty.org

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 20, 2024 at San Francisco, California.

_____
Lilian Macancela

## SERVICE LIST

District Attorney of Alpine County
P.O. Box 248
Markleeville, CA 96120

District Attorney of Amador County
708 Court St, Ste. 202
Jackson, CA 95642

District Attorney of Butte County
Administration Building
25 County Center Dr, Ste 245
Oroville, CA 95965

District Attorney of Colusa County
310 6th St
Colusa, CA 95932

District Attorney of Del Norte County
450 H St, Ste. 171
Crescent City, CA 95531

District Attorney of Glenn County
P.O. Box 430
Willows, CA 95988

District Attorney of Humboldt County
825 5th St
Eureka, CA 95501

District Attorney of Imperial County
939 Main St, Ste. 102
El Centro, CA 92243

District Attorney of Kern County
1215 Truxtun Ave
Bakersfield, CA 93301

District Attorney of Kings County
1400 West Lacey Blvd.
Hanford, CA 93230

District Attorney of Lake County
375 3rd St
Lakeport, CA 95453

District Attorney of Los Angeles County
211 W. Temple St, Ste. 1200
Los Angeles, CA 90012-3210

District Attorney of Madera County
300 South G St, Ste 300,
Madera, CA 93637

District Attorney of Mendocino County
P.O. Box 1000
Ukiah, CA 95482

District Attorney of Modoc County
204 S. Court St, Ste 202
Alturas, CA 96101-4020

District Attorney of Mono County
P.O. Box 2053
Mammoth Lakes, CA 93546

District Attorney of Orange County
300 N Flower St
Santa Ana, CA 92703

District Attorney of San Benito County
419 Fourth St, 2nd Fl.
Hollister, CA 95023

District Attorney of San Bernardino County
303 West 3rd St
San Bernardino, CA 92415-0502

District Attorney of San Mateo County
400 County Center, 3rd Fl.
Redwood City, CA 94063

District Attorney of Shasta County
1355 West St
Redding, CA 96001

District Attorney of Sierra County
P.O. Box 457
Downieville, CA 95936

District Attorney of Siskiyou County
311 Fourth St, Rm 204
Yreka, CA  96097

District Attorney of Solano County
675 Texas St, Ste. 4500
Fairfield, CA 94533

District Attorney of Stanislaus County
832 12th St, Ste. 300
Modesto, CA 95354

District Attorney of Sutter County
463 2nd St, Ste 102
Yuba City, CA 95991

District Attorney of Tehama County
444 Oak St, Rm L
Red Bluff, CA 96080

District Attorney of Trinity County
P.O. Box 310
11 Court St
Weaverville, CA 96093

District Attorney of Tuolumne County
423 N Washington St
Sonora, CA 95370

District Attorney of Yuba County
215 Fifth St, Ste 152
Marysville, CA 95901

Los Angeles City Attorney's Office
City Hall East
200 N. Main St, Rm. 800
Los Angeles, CA 90012

BRIAN C. CORNELL, CEO*
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403

BRIAN C. CORNELL, CEO*
Target Corporation
1010 Dale Street N
St Paul, MN 55117-5603

President or CEO*
Colson Health, Inc.
1782 La Costa Meadows Drive, Suite 104
San Marcos, CA 92078

EXHIBIT 14



Main Post Office, P.O. Box 751
Berkeley, CA 94701

www.asyousow.org
BUILDING A SAFE, JUST, AND SUSTAINABLE WORLD SINCE 1992

**December 9, 2022**

**NOTICE OF VIOLATION OF**
**CALIFORNIA HEALTH & SAFETY CODE § 25249.5 ET SEQ.**

Attorney General Rob Bonta c/o
Proposition 65 Coordinator
Office of the Attorney General
P.O. Box 70550
Oakland, CA  94612-0550

Re:     **Cadmium and Lead in Spinach**

Dear Attorney General,

*As You Sow* ("AYS") is a 501(c)(3) non-profit corporation dedicated to, among other causes, toxics reduction, the promotion of and improvement of human health, the improvement of worker and consumer rights, environmental education and the protection of the environment, and corporate accountability. AYS is based in Berkeley, California, and was incorporated in 1992 under the laws of the State of California.

AYS has documented violations of California's Safe Drinking Water & Toxic Enforcement Act of 1986 ("Proposition 65"), codified at Health & Safety Code section 25249.5 et seq; specifically Section 25249.6, which provides that "[n]o person in the course of doing business shall knowingly and intentionally expose any individual to a chemical known to the state to cause cancer or reproductive toxicity without first providing a clear and reasonable warning to such individual …" This letter serves to provide notification of these violations to Raley's and public enforcement agencies. Pursuant to section 25249.7(d) of the statute, AYS intends to bring an enforcement action sixty days after effective service of this notice unless the public enforcement agencies have commenced and are diligently prosecuting an action to rectify these violations.

A summary of the statute and its implementing regulations, which was prepared by the cadmium and/or lead agency designated under the statute, is enclosed with the notices served upon the violator(s). The specific details of the violations that are the subject of this notice are provided below.

**Alleged violator(s).** The names of the violator(s) covered by this notice are:

- Raley's

**Chemical(s).** These violations involve exposures to cadmium and/or lead from the products listed below. The State of California has officially listed as cadmium and/or lead is known to cause cancer and birth defects or reproductive harm. *See* Chemicals Known to the State to Cause Cancer or Reproductive Toxicity, available at
http://oehha.ca.gov/prop65/prop65_list/Newlist.html.

**Consumer products.** The products that are the subject of this notice are prepared meals that contain cadmium and/or lead and are, at any time, manufactured, distributed, or sold by the alleged violator(s), including but not limited to the following:

- Raley's Cut Leaf Spinach (Frozen)
- Raley's Organic Cut Leaf Spinach (Frozen)

which are manufactured, distributed and/or sold in California by Raley's

**Route of exposure.** Use of the products identified in this notice result in human exposures to cadmium and/or lead. The route of exposure is ingestion. No clear and reasonable warning is provided with the products regarding the health hazards of cadmium and/or lead.

**Duration of violation.** These ongoing violations have occurred on every day since at least December 8, 2021, as well as every day since the products were introduced in the California marketplace, and will continue every day until clear and reasonable warnings are provided to product purchasers and users or until these known toxic cadmium and/or lead levels are removed from the products.

Pursuant to Title 11, Cal. Code Regs. section 3100, a certificate of merit is attached hereto.

In keeping with its public interest mission and to expeditiously rectify this ongoing violation of California law, *As You Sow* is interested in seeking a constructive resolution of this matter without engaging in costly and protracted litigation. If you are interested in discussing this issue, please contact Jonathan Kirkland at jkirkland@asyousow.org or (510) 735-8158 x734.


Sincerely,

Danielle Fugere

**CERTIFICATE OF MERIT**

(for *As You Sow*'s Notice of Proposition 65 Violation on Raley's)

I, Jonathan Kirkland, declare:

This Certificate of Merit accompanies the attached sixty-day notice in which it is alleged that the parties in the notice have violated section 25249.6 of the Health and Safety Code by failing to provide clear and reasonable warnings.

I am Staff Attorney of the noticing party.

I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding exposure to the listed chemical that is the subject of the action.

Based on the information obtained through those consultations, and on all other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and that the information did not prove that the alleged violator will be able to establish any of the affirmative defenses set forth in the statute.

The copy of this Certificate of Merit served on the Attorney General has attached to it factual information sufficient to establish the basis for this certificate, including the information identified in section 25249.7(h)(2) of the Health and Safety Code, i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: 12/9/22

_____
Jonathan Kirkland

Enclosure (Attorney General Copy only)

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am a citizen of the United States and over the age of 18 years.  My business address is: Main Post Office, P.O. Box 751, Berkeley, CA 94701.

On December 9, 2022, I served the following documents:

- Notice of Violation of California Health & Safety Code section 25249.5 et seq.
- Certificate of Merit
- "The Safe Drinking Water and Toxic Enforcement Act of 1986 (Proposition 65):  A Summary"

on the following parties by placing a true and correct copy thereof in a sealed envelope, addressed to the party listed below, and depositing it at a United States Postal Service Office for delivery by Certified Mail:

| COMPANY'S ADDRESS | Raley's |
| | c/o Corporate Services Co. |
| | 2710 Gateway Oaks Dr Ste 150N |
| | Sacramento, CA  95833 |

On December 9, 2022, I served the following documents:

- Notice of Violation of California Health & Safety Code section 25249.5 et seq.
- Certificate of Merit

on each of the District Attorneys on the service list attached hereto by placing a true and correct copy thereof in a sealed envelope, addressed to each of the parties on the service list attached hereto and depositing it at a United States Postal Service mail box for delivery by First Class Mail.

On December 9, 2022, I served the following documents on the Attorney General using the Attorney General's Proposition 65 electronic Notice Filing Form (https://oag.ca.gov/prop65/add-60-day-notice):

- Notice of Violation of California Health & Safety Code section 25249.5 et seq.
- Certificate of Merit, including Supporting Documentation Required by Title 11, C.C.R. § 3102

Executed on December 9, 2022, at Berkeley, California.

_____

Jesus Diaz

The Honorable Nancy E. O'Malley
Alameda County District Attorney
1225 Fallon Street, Room 900
Oakland, CA 94612

The Honorable Dwayne Stewart
Glenn County District Attorney
P.O. Box 430
Willows, CA 95988

Mike Feuer
Los Angeles City Attorney's Office
City Hall East
200 N. Main Street, Rm. 800
Los Angeles, CA 90012

The Honorable Michael Atwell
Alpine County District Attorney
P.O. Box 248
Markleeville, CA 96120

The Honorable Maggie Fleming
Humboldt County District Attorney
825 Fifth St., Floor 4
Eureka, CA 95501

The Honorable Sally Moreno
Madera County District Attorney
209 West Yosemite Ave.
Madera, CA 93637

The Honorable Todd Riebe
Amador County District Attorney
708 Court St., Suite 202
Jackson, CA 95642

The Honorable Gilbert Otero
Imperial County District Attorney
940 West Main St., Suite 102
El Centro, CA 92243

The Honorable Lori Frugoli
Marin County District Attorney
3501 Civic Center Dr., Room 145
San Rafael, CA 94903-4164

The Honorable Michael Ramsey
Butte County District Attorney
25 County Center Drive
Administration Building
Oroville, CA 95965

The Honorable Thomas L. Hardy
Inyo County District Attorney
P.O. Drawer D
Independence, CA 93526

The Honorable Walter Wall
Mariposa County District Attorney
P.O. Box 730
Mariposa, CA 95338

The Honorable Barbara Yook
Calaveras County District Attorney
891 Mountain Ranch Rd.
San Andreas, CA 95249

The Honorable Thomas L. Hardy
Inyo County District Attorney
168 North Edwards Street
Independence, CA 93526

The Honorable C. David Eyster
Mendocino County District Attorney
P.O. Box 1000
Ukiah, CA 95482

The Honorable Matthew R.
Beauchamp
Colusa County District Attorney
346 Fifth St., Ste. 101
Colusa, CA 95932

The Honorable Cynthia Zimmer
Kern County District Attorney
1215 Truxtun Ave.
Bakersfield, CA 93301

The Honorable Kimberly Lewis
Merced County District Attorney
550 West Main Street
Merced, CA 95340

The Honorable Diana Becton
Contra Costa County District Attorney
900 Ward Street
Martinez, CA 94553

The Honorable Keith Fagundes
Kings County District Attorney
1400 West Lacey Blvd.
Hanford, CA 93230

The Honorable Cynthia Campbell
Modoc County District Attorney
204 South Court St., Room 202
Alturas, CA 96101-4020

The Honorable Katherine Micks
Del Norte County District Attorney
450 H St., Suite 171
Crescent City, CA 95531

The Honorable Susan Krones
Lake County District Attorney
255 North Forbes St.
Lakeport, CA 95453

The Honorable Jeanine Pacioni
Monterey County District Attorney
P.O. Box 1131
Salinas, CA 93902

The Honorable Vernon Pierson
El Dorado County District Attorney
778 Pacific Street
Placerville, CA 95667

The Honorable S. Melyssah Rios
Lassen County District Attorney
2950 Riverside Drive, Suite 102
Susanville, CA 96130

The Honorable Allison Haley
Napa County District Attorney
1127 First Street, Suite C
Napa, CA 94559

The Honorable Lisa Smittcamp
Fresno County District Attorney
2220 Tulare St., Suite 1000
Fresno, CA 93721

The Honorable George Gascón
Los Angeles County District Attorney
211 West Temple St., Ste. 1200
Los Angeles, CA 90012

The Honorable Jesse Wilson
Nevada County District Attorney
201 Commercial St.
Nevada City, CA 95959

The Honorable Todd Spitzer
Orange County District Attorney
300 N. Flower St.
Santa Ana, CA 92703

The Honorable Michael Hestrin
Riverside County District Attorney
3960 Orange St.
Riverside, CA 92501

The Honorable Anne Marie Schubert
Sacramento County District Attorney
901 G Street
Sacramento, CA 95814

The Honorable Candice Hooper-
Mancino
San Benito County District Attorney
419 Fourth Street
Hollister, CA 95023

The Honorable Jason Anderson
San Bernardino County District
Attorney
303 West Third St.
San Bernardino, CA 92415

Mara W. Elliot
San Diego City Attorney's Office
1200 Third Ave., Suite 1620
San Diego, CA 92101

The Honorable Summer Stephan
San Diego County District Attorney
330 West Broadway, Suite 1300
San Diego, CA 92101

The Honorable Chesa Boudin
San Francisco County District Attorney
880 Bryant St., Floor 3
San Francisco, CA 94103

David Chiu
San Francisco City Attorney's Office
City Hall, Room 234,
1 Dr. Carlton B. Goodlett Pl.
San Francisco, CA 94102

The Honorable Tori Verber Salazar
San Joaquin County District Attorney
P.O. Box 990
Stockton, CA 95201-0990

The Honorable Morgan Briggs Gire
Placer County District Attorney
10810 Justice Center Dr., Suite 240
Roseville, CA 95678

Nora Frimann
San Jose City Attorney's Office
200 East Santa Clara St.
San Jose, CA 95113

The Honorable Dan Dow
San Luis Obispo County District
Attorney
1035 Palm St., 4th Floor
San Luis Obispo, CA 93408

The Honorable Stephen M. Wagstaffe
San Mateo County District Attorney
400 County Center, Floor 3
Redwood City, CA 94063

The Honorable Joyce Dudley
Santa Barbara County District
Attorney
1112 Santa Barbara St.
Santa Barbara, CA 93101

The Honorable Jeffrey F. Rosen
Santa Clara County District Attorney
70 West Hedding St., West Wing
San Jose, CA 95110

The Honorable Jeffrey S. Rosell
Santa Cruz County District Attorney
701 Ocean St., Room 200
Santa Cruz, CA 95060

The Honorable Stephanie A. Bridgett
Shasta County District Attorney
1355 West Street
Redding, CA 96001

The Honorable Sandra Groven
Sierra County District Attorney
P.O. Box 457
Downieville, CA 95936

The Honorable J. Kirk Andrus
Siskiyou County District Attorney
P.O. Box 986
Yreka, CA 96097

The Honorable David D. Hollister
Plumas County District Attorney
520 Main St., Room 404
Quincy, CA 95971

The Honorable Krishna A. Abrams
Solano County District Attorney
675 Texas St., Suite 4500
Fairfield, CA 94533

The Honorable Jill Ravitch
Sonoma County District Attorney
600 Administration Dr., Room 212-J
Santa Rosa, CA 95403

The Honorable Birgit Fladager
Stanislaus County District Attorney
832 12th St., Ste. 300
Modesto, CA 95353

The Honorable Amanda L. Hopper
Sutter County District Attorney
463 Second St., #102
Yuba City, CA 95991

The Honorable Matthew Rogers
Tehama County District Attorney
P.O. Box 519
Red Bluff, CA 96080

The Honorable James E. Gandy
Trinity County District Attorney
P.O. Box 310
Weaverville, CA 96093

The Honorable Tim Ward
Tulare County District Attorney
221 South Mooney Blvd., Room 224
Visalia, CA 93291

The Honorable Laura Krieg
Tuolumne County District Attorney
423 North Washington St.
Sonora, CA 95370

The Honorable Erik Nasarenko
Ventura County District Attorney
800 South Victoria Ave., Suite 314
Ventura, CA 93009

The Honorable Jeff Reisig
Yolo County District Attorney
301 Second St.
Woodland, CA 95695

The Honorable Clint Curry
Yuba County District Attorney
215 Fifth St., Suite 152
Marysville, CA 95901

The Honorable Wayne Philips
Trinity County District Attorney
P.O. Box 310
Weaverville, CA 96093

EXHIBIT 15

AS YOU SOW

1611 Telegraph Ave, Suite 1450
Oakland, CA 94612

www.asyousow.org
BUILDING A SAFE, JUST, AND SUSTAINABLE WORLD SINCE 1992

**August 31, 2018**

**ATTORNEY GENERAL COPY: CONTAINS OFFICIAL
INFORMATION PER EVIDENCE CODE § 1040**

**NOTICE OF VIOLATION OF
CALIFORNIA HEALTH & SAFETY CODE § 25249.5 ET SEQ.**

Attorney General Xavier Becerra
c/o Proposition 65 Coordinator
Office of the Attorney General
P.O. Box 70550
Oakland, CA  94612-0550

Re:    Notice of Violation of California Health & Safety Code §25249.5 *et seq.*

Dear Attorney General Becerra:

As You Sow ("AYS") is a 501(c)(3) non-profit corporation dedicated to, among other causes, toxics reduction, the promotion of and improvement of human health, the improvement of worker and consumer rights, environmental education and the protection of the environment, and corporate accountability. AYS is based in Oakland, California, and was incorporated in 1992 under the laws of the State of California.

AYS has documented violations of California's Safe Drinking Water & Toxic Enforcement Act of 1986 ("Proposition 65"), codified at Health & Safety Code section 25249.5 et seq. This letter serves to provide AYS' notification of these violations to the public enforcement agencies. Pursuant to section 25249.7(d) of the statute, AYS intends to bring enforcement actions sixty days after effective service of this notice unless the public enforcement agencies have commenced and are diligently prosecuting actions to rectify these violations.

A summary of the statute and its implementing regulations, which was prepared by the lead agency designated under the statute, is enclosed with the notices served upon the violators. The specific details of the violations that are the subject of this notice are provided below.

**Alleged violators.** The names of the violators covered by this notice are:

- Endangered Species Chocolate
- Equal Exchange, Inc.
- Madecasse, LLC
- Theo Chocolate, Inc.
- Vosges Haut-Chocolat
- Alfred Ritter GmbH & Co. KG

- Chocolat Bernrain AG
- Fuchs & Hoffmann GmbH
- Machu Picchu Foods SAC
- Maestrani Schweizer Schokoladen AG
- Olam Americas, Inc.
- Puratos Group NV
- Schokinag-Schokolade-Industrie GmbH
- Chocolat Frey AG
- First Source, LLC
- Fran's Chocolates, Ltd.

**Chemicals.** These violations involve exposures to lead and/or cadmium from the products listed below. The State of California has officially listed lead and cadmium as chemicals known to cause birth defects or reproductive harm. *See* Chemicals Known to the State to Cause Cancer or Reproductive Toxicity, available at http://oehha.ca.gov/prop65/prop65_list/Newlist.html.

**Consumer products.** The products that are the subject of this notice are chocolate candy; chocolate bars, pieces, chips, beverages, and chocolate-based confections with or without inclusions; cocoa nibs and cocoa powder; chocolate and cacao-based compounds in any form; and other products derived primarily (i.e., in excess of 50%) from cacao that contain lead and/or cadmium and are, at any time, manufactured, distributed, or sold by the alleged violators, including but not limited to the following:

- Dark Chocolate Bar, 88% Cacao, which is manufactured, distributed and/or sold in California by Endangered Species Chocolates [lead]

- Organic & Fairly Traded Dark Chocolate Bar, Ecuador, 65% Cacao, which is manufactured, distributed and/or sold in California by Equal Exchange, Inc. [cadmium]

- Dark Chocolate Bar, 80% Cacao, which is manufactured, distributed and/or sold in California by Madecasse, LLC [lead]

- Dark Chocolate for Baking Bar, 85% Cacao, which is manufactured, distributed and/or sold in California by Theo Chocolate, Inc. [lead and cadmium]

- Smoked Salt Super Dark Bar, 80% Cacao, which is manufactured, distributed and/or sold in California by Vosges Haut-Chocolat [lead]

- Ritter Sport Fine Extra Dark Chocolate Bar, 73% Cacao, which is manufactured, distributed and/or sold in California by Alfred Ritter GmbH & Co. KG [cadmium]

- Chocolat Stella Noir Extra Dark Chocolate Bar, Costa Rica, 75% Cacao, which is manufactured, distributed and/or sold in California by Chocolat Bernrain AG [cadmium]

- Cocoa liquor WA/Peru, 100% Cacao, which is manufactured, distributed and/or sold in California by Fuchs & Hoffman GmbH [lead and cadmium]

- Pascha Organic Dark Chocolate Chips, Bitter-Sweet, 85% Cacao, which is manufactured, distributed and/or sold in California by Machu Picchu Foods SAC [cadmium]

- Schmerling's of Switzerland Extra Dark Finest Swiss Chocolate Bar, 85% Cacao, which is manufactured, distributed and/or sold in California by Maestrani Schweizer Schokoladen AG [cadmium]

- deZaan Cacao Powder, 100% Cacao, which is manufactured, distributed and/or sold in California by Olam Americas, Inc. [cadmium]

- Belcolade Cocoa Butter & Natural Vanilla Noir Powder, Peru, 64.5% Cacao, which is manufactured, distributed and/or sold in California by Puratos Group NV [cadmium]

- Dark Chocolate Couverture, 59% Cacao, which is manufactured, distributed and/or sold in California by Schokinag-Schokolade-Industrie GmbH [lead]

- Signature Select Dark Chocolate Bar, 85% Cacao, which is manufactured, distributed and/or sold in California by Chocolat Frey AG [cadmium]

- Premium Baking Unsweetened Cocoa Powder, 100% Cacao, which is manufactured, distributed and/or sold in California by First Source, LLC [lead]

- Fran's Dark Hot Chocolate Powder, Single Origin Venezuelan, 65% Cacao, which is manufactured, distributed and/or sold in California by Fran's Chocolate Ltd. [cadmium]

**Route of exposure.** Use of the products identified in this notice result in human exposures to lead and/or cadmium. The route of exposure is ingestion. No clear and reasonable warning is provided with the products regarding the reproductive hazards of lead and/or cadmium.

**Duration of violation.** These ongoing violations have occurred on every day since at least August 31, 2017, as well as every day since the products were introduced in the California marketplace, and will continue every day until clear and reasonable warnings are provided to product purchasers and users or until these known toxic chemicals are removed from the products.

Pursuant to Title 11, Cal. Code Regs. section 3100, a certificate of merit is attached hereto.

In keeping with its public interest mission and to expeditiously rectify this ongoing violation of California law, AYS is interested in seeking a constructive resolution of this matter without engaging in costly and protracted litigation. You may communicate directly with AYS to discuss an early resolution of this matter by contacting:

> Sylvia Wu
> Staff Attorney
> As You Sow
> 1611 Telegraph Ave., Ste. 1450
> Oakland, CA 94612
> Tel: (510) 735-8156
> Email: swu@asyousow.org

Sincerely,

Sylvia Wu

## CERTIFICATE OF MERIT

(for As You Sow's Notice of Proposition 65 Violation on Endangered Species Chocolate; Equal Exchange, Inc.; Madecasse, LLC; Theo Chocolate, Inc.; Vosges Haut-Chocolat; Alfred Ritter GmbH & Co. KG; Chocolat Bernrain AG; Fuchs & Hoffmann GmbH; Machu Picchu Foods SAC; Maestrani Schweizer Schokoladen AG; Olam Americas, Inc.; Puratos Group NV; Schokinag-Schokolade-Industrie GmbH; Chocolat Frey AG; First Source, LLC; Fran's Chocolates, Ltd.)

I, Sylvia Wu, declare:

1. This Certificate of Merit accompanies the attached sixty-day notice in which it is alleged that the parties in the notice have violated section 25249.6 of the Health and Safety Code by failing to provide clear and reasonable warnings.

2. I am in-house counsel and Staff Attorney of the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding exposure to the listed chemicals that are the subject of the action.

4. Based on the information obtained through those consultations, and on all other information in my possession, for each of the consumer products noticed, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and that the information did not prove that the alleged violator will be able to establish any of the affirmative defenses set forth in the statute.

5. The copy of this Certificate of Merit served on the Attorney General has attached to it factual information sufficient to establish the basis for this certificate, including the information identified in section 25249.7(h)(2) of the Health and Safety Code, i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: August 31, 2018

_____
Sylvia Wu

Enclosure (For Attorney General Copy only)

# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am a citizen of the United States and over the age of 18 years.  My business address is: 1611 Telegraph Ave., Ste. 1450, Oakland, CA 94612.

On August 31, 2018, I served the following documents:

•      Notice of Violation of California Health & Safety Code section 25249.5 et seq.
•      Certificate of Merit
•      "The Safe Drinking Water and Toxic Enforcement Act of 1986 (Proposition 65):  A Summary"

on the following parties by placing a true and correct copy thereof in a sealed envelope, addressed to the party listed below, and depositing it at a United States Postal Service Office for delivery by Certified Mail:

Curt Vander Meer, CEO
c/o Whitney Bembenick, Director of Innovation
Endangered Species Chocolate
5846 W. 73rd. St.
Indianapolis, IN 46278

Rob Everts
President
Equal Exchange, Inc.
50 United Drive
West Bridgewater, MA 02379

Tim McCollum, CEO
c/o Patrick Grant-Musso, Director of Operations
Madecasse, LLC
155 Water St. #608
Brooklyn, NY 11201-1016

Etienne Patout, CEO
c/o Dennis Macray, COO
Theo Chocolate, Inc.
3400 Phinney Ave N
Seattle, WA 98103

Thomas Seeger, Head of Legal & Communication
Alfred Ritter GmbH & Co. KG
c/o Debra Albin-Riley, Counsel

Fernando Guzman, CEO
Machu Picchu Foods SAC
c/o Manuel Anaya, Service Agent
217 E. 66th Street, Apt. 5A
New York, NY 10065 USA

Greg Estep, Managing Director & CEO
Olam Americas, Inc.
c/o Matthias Richter, Service Agent
535 Plainfield Road, #E
Willowbrook,IL 60527

Daniel Malcorps, CEO
Puratos Group NV
c/o Guillaume Bourneau, Service Agent
Puratos Corporation
1660 Suckle Highway
Pennsauken, NJ 08110

Rolf Eiermann, Managing Director
Schokinag-Schokolade-Industrie
Herrmann GmbH & Co. KG
c/o Brian Warkentin, Service Agent
Pro Gourmet Foods LLC
1472 NW Coastal Court
Bremerton, WA 98312

Hans-Ruedi Christen, President & CEO
Chocolat Frey AG

Arent Fox, LLP
555 West Fifth St., 48th Floor
Lost Angeles, CA 90013

Monica Müller, CEO
Chocolat Bernrain AG
c/o Albert Lauber, Service Agent
Neuchatel Chocolates
461 Limestone Rd. (Rt. 10)
Oxford, PA 19363

Katrina Markoff, CEO
c/o George Chao, COO
Vosges Haut-Chocolat
2950 North Oakley Ave.
Chicago, IL 60618

Olaf Reichardt, Managing Director
Fuchs & Hoffmann GmbH
c/o Anton Straughan, Service Agent
Kruger North America, Inc.
1033 South Blvd.
Oak Park, IL 60302

c/o Patrick J. Dalton, Counsel
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY 14534

Lynn Utter, CEO
c/o Bill Waters, CFO
First Source, LLC
100 Pirson Parkway
Tonawanda, NY 14150

Fran Bigelow, President
Fran's Chocolates Ltd.
5900 Airport Way S
Seattle, WA 98108

Guenther Kscheschinski, COO
Maestrani Schweizer Schokoladen AG
c/o Marie Andersson, Service Agent
Haram-Christensen Corporation
125 Asia Place
Carlstadt, New Jersey 07072

On August 31, 2018, I served the following documents:

•     Notice of Violation of California Health & Safety Code section 25249.5 et seq.
•     Certificate of Merit

on each of the District Attorneys on the service list attached hereto either (1) by placing a true and correct copy thereof in a sealed envelope, addressed to each of the parties on the service list attached hereto and depositing it at a United States Postal Service mail box for delivery by First Class Mail, or (2) via electronic service to the email addresses listed. The specific method of delivery is indicated in the service list.

On August 31, 2018, I served the following documents on the Attorney General using the Attorney General's Proposition 65 electronic Notice Filing Form (https://oag.ca.gov/prop65/add-60-day-notice):

- Notice of Violation of California Health & Safety Code section 25249.5 et seq.
- Certificate of Merit, including Supporting Documentation Required by Title 11, C.C.R. § 3102

Executed on August 31, 2018 at Oakland, California.

Kwan Hong Teoh

EXHIBIT 16



SHUTE, MIHALY
&WEINBERGER LLP

396 HAYES STREET, SAN FRANCISCO, CA 94102     ELLISON FOLK
T: (415) 552-7272   F: (415) 552-5816            Attorney
www.smwlaw.com                                   folk@smwlaw.com

November 10, 2017

**ATTORNEY GENERAL COPY: CONTAINS OFFICIAL
INFORMATION PER EVIDENCE CODE § 1040**

**NOTICE OF VIOLATION OF
CALIFORNIA HEALTH & SAFETY CODE § 25249.5 ET SEQ.**

Dear Public Enforcement Agencies:

Shute, Mihaly & Weinberger LLP ("Firm") represents As You Sow ("AYS"), a 501(c)(3) non-profit corporation dedicated to, among other causes, the protection of the environment, toxics reduction, the promotion of and improvement of human health, the improvement of worker and consumer rights, environmental education, and corporate accountability. AYS is based in Oakland, California, and was incorporated in 1992 under the laws of the State of California.

This Firm and AYS have documented violations of California's Safe Drinking Water & Toxic Enforcement Act of 1986 ("Proposition 65"), codified at Health & Safety Code section 25249.5 et seq. This letter serves to provide this Firm's and AYS's notification of these violations to the public enforcement agencies. Pursuant to section 25249.7(d) of the statute, this Firm intends to bring an enforcement action on behalf of AYS sixty days after effective service of this notice unless the public enforcement agencies have commenced and are diligently prosecuting an action to rectify these violations.

A summary of the statute and its implementing regulations, which was prepared by the lead agency designated under the statute, is enclosed with the notice served upon the violator. The specific details of the violations that are the subject of this notice are provided below.

**Alleged violator.** The name of the violator covered by this notice is Nestle USA, Inc.

November 10, 2017
Page 2

**Chemicals.** These violations involve exposures to lead and/or cadmium from the products listed below. The State of California has officially listed lead and cadmium as chemicals known to cause birth defects or reproductive harm. *See* Chemicals Known to the State to Cause Cancer or Reproductive Toxicity, available at http://oehha.ca.gov/prop65/prop65_list/Newlist.html.

**Consumer products.** The products that are the subject of this notice are:

Any chocolate, cocoa, or cacao products, including chocolate pieces, callets, bars, nibs, liquors, and confections that contain lead and/or cadmium and are, at any time, manufactured, distributed, or sold by the alleged violator, including but not limited to the following:

- Nestle Toll House Cocoa (Powder), which is manufactured, distributed, and/or sold in California by Nestle USA, Inc. [lead and cadmium]
- Nestle Toll House Dark Chocolate Chips, which is manufactured, distributed, and/or sold in California by Nestle USA, Inc. [lead and cadmium]

**Route of exposure.** Use of the products identified in this notice result in human exposures to lead and cadmium. The route of exposure is ingestion, when consumers consume these products as directed on their labels. No clear and reasonable warning is provided with the products regarding the reproductive hazards of lead and cadmium.

**Duration of violation.** These ongoing violations have occurred on every day since at least November 10, 2016, as well as every day since the products were introduced in the California marketplace, and will continue every day until clear and reasonable warnings are provided to product purchasers and users or until these known toxic chemicals are removed from the products.

Pursuant to Title 11, Cal. Code Regs. section 3100, a certificate of merit is attached hereto.

In keeping with its public interest mission and to expeditiously rectify this ongoing violation of California law, AYS is interested in seeking a constructive resolution of this

SHUTE, MIHALY
&—WEINBERGER LLP

November 10, 2017
Page 3

matter without engaging in costly and protracted litigation. You may communicate with AYS to discuss an early resolution of this matter by contacting AYS's counsel:

> Ellison Folk
> Shute, Mihaly & Weinberger LLP
> 396 Hayes Street
> San Francisco, CA 94102
> Phone: 415.552.7272; Fax: 415.552.5816
> Email: folk@smwlaw.com

> Very truly yours,

> SHUTE, MIHALY & WEINBERGER LLP

> Ellison Folk

944264.1

## CERTIFICATE OF MERIT

**(for As You Sow's Notice of Proposition 65 Violations on Nestle USA, Inc.)**

I, Laura D. Beaton, declare:

1. This Certificate of Merit accompanies the attached sixty-day notice in which it is alleged that the parties in the notice have violated section 25249.6 of the Health and Safety Code by failing to provide clear and reasonable warnings.

2. I am an attorney for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding exposure to the listed chemical that is the subject of the action.

4. Based on the information obtained through those consultations, and on all other information in my possession, I believe there is a reasonable and meritorious case for the private action. I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and that the information did not prove that the alleged violator will be able to establish any of the affirmative defenses set forth in the statute.

5. The copy of this Certificate of Merit served on the Attorney General has attached to it to it factual information sufficient to establish the basis for this certificate, including the information identified in section 25249.7(h)(2) of the Health and Safety Code, i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: _Nov. 10, 2017_                    _[signature]_
                                          Laura D. Beaton

Enclosure (For Attorney General Copy only)

944491.1

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am a citizen of the United States, over the age of 18 years, and not a party to the within action. My business address is: 396 Hayes Street, San Francisco, CA 94102.

On November 10, 2017, I served the following documents:

- Notice of Violation of California Health & Safety Code section 25249.5 et seq.
- Certificate of Merit
- "The Safe Drinking Water and Toxic Enforcement Act of 1986 (Proposition 65): A Summary"

on the following parties by placing a true and correct copy thereof in a sealed envelope, addressed to the party listed below, and depositing it at a United States Postal Service Office for delivery by Certified Mail:

Daniel Nugent, General Counsel
Nestle USA, Inc.
1812 N. Moore St.
Arlington, VA  22209

On November 10, 2017, I served the following documents:

- Notice of Violation of California Health & Safety Code section 25249.5 et seq.
- Certificate of Merit, including Supporting Documentation Required by Title 11, C.C.R. § 3102

on the Attorney General of the State of California by electronic service of the Attorney General's Proposition 65 60 Day Notice Filing system.

On November 10, 2017, I served the following documents:

- Notice of Violation of California Health & Safety Code section 25249.5 et seq.
- Certificate of Merit

on each of the parties on the service list attached hereto by placing a true and correct copy thereof in a sealed envelope, addressed to each of the parties on the service list attached hereto, and depositing it at United States Postal Service mail box for delivery by First Class Mail.

Executed on November 10, 2017, at San Francisco, California.

Willette Moore

944285.1

THE HONORABLE NANCY O'MALLEY
ALAMEDA COUNTY DISTRICT ATTORNEY
1225 FALLON ST., ROOM 900
OAKLAND, CA 94612

THE HONORABLE DWAYNE STEWART
GLENN COUNTY DISTRICT ATTORNEY
P.O. BOX 430
WILLOWS, CA 95988

THE HONORABLE EDWARD BERBERIAN
MARIN COUNTY DISTRICT ATTORNEY
3501 CIVIC CENTER DR., ROOM 130
SAN RAFAEL, CA 94903-4164

THE HONORABLE MICHAEL ATWELL
ALPINE COUNTY DISTRICT ATTORNEY
P.O. BOX 248
MARKLEEVILLE, CA 96120

THE HONORABLE MAGGIE FLEMING
HUMBOLDT COUNTY DISTRICT ATTORNEY
825 FIFTH ST., 4TH FLOOR
EUREKA, CA 95501

THE HONORABLE TOM COOKE
MARIPOSA COUNTY DISTRICT ATTORNEY
P.O. BOX 730
MARIPOSA, CA 95338

THE HONORABLE TODD RIEBE
AMADOR COUNTY DISTRICT ATTORNEY
708 COURT ST., SUITE 202
JACKSON, CA 95642

THE HONORABLE GILBERT G. OTERO
IMPERIAL COUNTY DISTRICT ATTORNEY
940 WEST MAIN ST., SUITE 102
EL CENTRO, CA 92243

THE HONORABLE C. DAVID EYSTER
MENDOCINO COUNTY DISTRICT ATTORNEY
P.O. BOX 1000
UKIAH, CA 95482

THE HONORABLE MICHAEL RAMSEY
BUTTE COUNTY DISTRICT ATTORNEY
25 COUNTY CENTER DR.
OROVILLE, CA 95965-3370

THE HONORABLE THOMAS L. HARDY
INYO COUNTY DISTRICT ATTORNEY
168 NORTH EDWARDS
INDEPENDENCE, CA 93526

THE HONORABLE LARRY MORSE Ii
MERCED COUNTY DISTRICT ATTORNEY
550 WEST MAIN STREET
MERCED, CA 95340

THE HONORABLE BARBARA YOOK
CALAVERAS COUNTY DISTRICT ATTORNEY
891 MOUNTAIN RANCH RD.
SAN ANDREAS, CA 95249

THE HONORABLE LISA GREEN
KERN COUNTY DISTRICT ATTORNEY
1215 TRUXTUN AVE.
BAKERSFIELD, CA 93301

THE HONORABLE JORDAN FUNK
MODOC COUNTY INTERIM DIST. ATTORNEY
204 SOUTH COURT ST., ROOM 202
ALTURAS, CA 96101-4020

THE HONORABLE MATTHEW R. BEAUCHAMP
COLUSA COUNTY DISTRICT ATTORNEY
346 5TH STREET, SUITE 101
COLUSA, CA 95932

THE HONORABLE KEITH FAGUNDES
KINGS COUNTY DISTRICT ATTORNEY
1400 WEST LACEY BLVD.
HANFORD, CA 93230

THE HONORABLE TIM KENDALL
MONO COUNTY DISTRICT ATTORNEY
P.O. BOX 2053
MAMMOTH LAKES, CA 93546

THE HONORABLE MARK A. PETERSON
CONTRA COSTA COUNTY DIST. ATTORNEY
900 WARD STREET
MARTINEZ, CA 94553

THE HONORABLE DONALD ANDERSON
LAKE COUNTY DISTRICT ATTORNEY
255 NORTH FORBES ST.
LAKEPORT, CA 95453

THE HONORABLE DEAN FLIPPO
MONTEREY COUNTY DISTRICT ATTORNEY
P.O. BOX 1131
SALINAS, CA 93902

THE HONORABLE KATHERINE MICKS
DEL NORTE COUNTY DISTRICT ATTORNEY
450 H ST., SUITE 171
CRESCENT CITY, CA 95531

THE HONORABLE STACEY L. MONTGOMERY
LASSEN COUNTY DISTRICT ATTORNEY
220 SOUTH LASSEN ST., SUITE 8
SUSANVILLE, CA 96130

THE HONORABLE ALLISON HALEY
NAPA COUNTY DISTRICT ATTORNEY
P.O. BOX 720
NAPA, CA 94559

THE HONORABLE VERNON PIERSON
EL DORADO COUNTY DISTRICT ATTORNEY
515 MAIN STREET
PLACERVILLE, CA 95667

THE HONORABLE JACKIE LACEY
L A COUNTY DISTRICT ATTORNEY
210 WEST TEMPLE ST. ROOM 18-709
LOS ANGELES, CA 90012

THE HONORABLE CLIFFORD NEWELL
NEVADA COUNTY DISTRICT ATTORNEY
201 COMMERCIAL ST.
NEVADA CITY, CA 95959

THE HONORABLE LISA SMITTCAMP
FRESNO COUNTY DISTRICT ATTORNEY
2220 TULARE ST., SUITE 1000
FRESNO, CA 93721

THE HONORABLE DAVID LINN
MADERA COUNTY DISTRICT ATTORNEY
209 WEST YOSEMITE AVE.
MADERA, CA 93637

THE HONORABLE TONY RACKAUCKAS
ORANGE COUNTY DISTRICT ATTORNEY
401 CIVIC CENTER DR. WEST
SANTA ANA, CA 92701

THE HONORABLE R. SCOTT OWENS
PLACER COUNTY DISTRICT ATTORNEY
10810 JUSTICE CENTER DR., #240
ROSEVILLE, CA  95678

THE HONORABLE STEPHEN WAGSTAFFE
SAN MATEO COUNTY DISTRICT ATTORNEY
400 COUNTY CENTER, FLOOR 3
REDWOOD CITY, CA  94063

THE HONORABLE AMANDA L. HOPPER
SUTTER COUNTY ACTING DIST. ATTORNEY
446 SECOND ST., #102
YUBA CITY, CA  95991

THE HONORABLE DAVID HOLLISTER
PLUMAS COUNTY DISTRICT ATTORNEY
520 MAIN ST., ROOM 404
QUINCY, CA  95971

THE HONORABLE JOYCE DUDLEY
SANTA BARBARA COUNTY DIST. ATTORNEY
1112 SANTA BARBARA ST.
SANTA BARBARA, CA  93101

THE HONORABLE GREGG COHEN
TEHAMA COUNTY DISTRICT ATTORNEY
P.O. BOX 519
RED BLUFF, CA  96080

THE HONORABLE MICHAEL HESTRIN
RIVERSIDE COUNTY DISTRICT ATTORNEY
3960 ORANGE ST.
RIVERSIDE, CA 92501

THE HONORABLE JEFFREY ROSEN
SANTA CLARA COUNTY DIST. ATTORNEY
70 WEST HEDDING ST., WEST WING
SAN JOSE, CA  95110

THE HONORABLE ERIC HERYFORD
TRINITY COUNTY DISTRICT ATTORNEY
P.O. BOX 310
WEAVERVILLE, CA  96093

THE HONORABLE ANNE MARIE SCHUBERT
SACRAMENTO COUNTY DIST. ATTORNEY
901 G STREET
SACRAMENTO, CA  95814

THE HONORABLE JEFF ROSELL
SANTA CRUZ COUNTY DIST. ATTORNEY
701 OCEAN ST., ROOM 200
SANTA CRUZ, CA  95060

THE HONORABLE TIM WARD
TULARE COUNTY DISTRICT ATTORNEY
221 SOUTH MOONEY BLVD., ROOM 224
VISALIA, CA  93291

THE HONORABLE CANDICE HOOPER-MANCINO
SAN BENITO COUNTY DISTRICT ATTORNEY
419 FOURTH STREET
HOLLISTER, CA  95023

THE HONORABLE STEPHANIE A. BRIDGETT
SHASTA COUNTY DISTRICT ATTORNEY
1355 WEST STREET
REDDING, CA  96001

THE HONORABLE LAURA KRIEG
TUOLUMNE COUNTY DIST. ATTORNEY
423 NORTH WASHINGTON ST.
SONORA, CA  95370

THE HONORABLE MICHAEL RAMOS
SAN BERNARDINO COUNTY
DISTRICT ATTORNEY
303 WEST THIRD ST.
SAN BERNARDINO, CA  92415

THE HONORABLE LAWRENCE ALLEN
SIERRA COUNTY DISTRICT ATTORNEY
100 COURTHOUSE SQUARE
DOWNIEVILLE, CA  95936

THE HONORABLE GREG TOTTEN
VENTURA COUNTY DISTRICT ATTORNEY
800 SOUTH VICTORIA AVE.
VENTURA, CA  93009

THE HONORABLE BONNIE DUMANIS
SAN DIEGO COUNTY DISTRICT ATTORNEY
330 WEST BROADWAY, SUITE 1300
SAN DIEGO, CA  92101

THE HONORABLE JAMES KIRK ANDRUS
SISKIYOU COUNTY DISTRICT ATTORNEY
P.O. BOX 986
YREKA, CA  96097

THE HONORABLE JEFF REISIG
YOLO COUNTY DISTRICT ATTORNEY
301 SECOND ST.
WOODLAND, CA  95695

THE HONORABLE GEORGE GASCÓN
SAN FRANCISCO COUNTY
DISTRICT ATTORNEY
880 BRYANT ST., 3RD FLOOR
SAN FRANCISCO, CA  94103

THE HONORABLE KRISHNA A. ABRAMS
SOLANO COUNTY DISTRICT ATTORNEY
675 TEXAS ST., SUITE 4500
FAIRFIELD, CA  94533

THE HONORABLE PATRICK MCGRATH
YUBA COUNTY DISTRICT ATTORNEY
215 FIFTH ST., #152
MARYSVILLE, CA  95901

THE HONORABLE TORI VERBER SALAZAR
SAN JOAQUIN COUNTY DIST. ATTORNEY
P.O. BOX 990
STOCKTON, CA  95202

THE HONORABLE JILL RAVITCH
SONOMA COUNTY DISTRICT ATTORNEY
600 ADMINISTRATION DR., ROOM 212-J
SANTA ROSA, CA  95403

MIKE FEVER
LOS ANGELES CITY ATTORNEY'S OFFICE
200 NORTH MAIN ST., FLOOR 8
LOS ANGELES, CA  90012

THE HONORABLE DAN DOW
SAN LUIS OBISPO COUNTY
DISTRICT ATTORNEY
COURTHOUSE ANNEX, 4TH FLOOR
SAN LUIS OBISPO, CA  93408

THE HONORABLE BIRGIT FLADAGER
STANISLAUS COUNTY DISTRICT ATTORNEY
832 12TH ST., SUITE 300
MODESTO, CA  95353

MARA W. ELLIOTT
SAN DIEGO CITY ATTORNEY'S OFFICE
CIVIC CENTER PLAZA
1200 THIRD AVE., SUITE 1620
SAN DIEGO, CA  92101

DENNIS HERRERA
SAN FRANCISCO CITY ATTORNEY'S OFFICE
CITY HALL, ROOM 234
SAN FRANCISCO, CA  94102

RICHARD DOYLE
SAN JOSE CITY ATTORNEY'S OFFICE
200 EAST SANTA CLARA ST.
SAN JOSE, CA  95113

937866.1