NICHOLAS J. HOFFMAN (SBN 284472)
  nhoffman@mcguirewoods.com
ARIA HANGVAL (SBN 336933)
  ahangval@mcguirewoods.com
McGUIREWOODS LLP
Wells Fargo Center – South Tower
355 S. Grand Avenue, Suite 4200
Los Angeles, California 90071-3103
Telephone: (213) 457-9840
Facsimile: (213) 457-9877

SAMUEL L. TARRY, JR. (*pro hac vice application forthcoming*)
  starry@mcguirewoods.com
McGUIREWOODS LLP
1750 Tysons Boulevard Suite 1800
Tysons, Virginia 22102-4215
Telephone: (703) 712-5425
Facsimile: (703) 712-5185

Attorney for Defendant
ETSY, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AS YOU SOW, a 501(c)(3) non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ETSY, INC. and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 24-cv-04203-MMC<br><br>**DEFENDANT ETSY, INC.'S OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND EXHIBITS ATTACHED THERETO**<br><br>**Judge:** Hon. Maxine M. Chesney<br>**Date:**  October 11, 2024<br>**Time:**  9:00 a.m.<br>**Location:**  Courtroom 7 |

**TO THIS HONORABLE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendant Etsy, Inc. objects to the Request for Judicial Notice submitted by Plaintiff As You Sow in support of Plaintiff's Opposition to Etsy's Motion to Dismiss.

## I.   INTRODUCTION

On August 20, 2024, Plaintiff submitted a Request for Judicial Notice in support of Plaintiff's Opposition to Etsy's Motion to Dismiss. Dkt. No. 22. In its Request, Plaintiff seeks to judicially notice three documents: two *Amicus Curiae* briefs from an unrelated matter and a legislative document from a 2017 hearing on Assembly Bill 1583. Etsy objects to Plaintiff's Request because judicial notice of these documents is not appropriate. Plaintiff's Request should be denied.

## II.   THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

### A.   Objection to Plaintiff's Request For Judicial Notice of Dkt. 22-1 (An *Amicus* Brief from A Third Party In Another Case)

Plaintiff first requests judicial notice of an *amicus* brief filed by a third-party public interest group, the Black Women for Wellness and the Mercury Policy Project, in an unrelated case. *See* Dkt. 22, Ex. A (Dkt. 22-1). Plaintiff then proceeds to cite this hearsay document, and "facts" therein, *for the truth of the matter asserted*: to discuss the alleged dangers of mercury in creams. *See* Dkt. 20 at 6-7. Judicial notice of this document is not appropriate. It is a hearsay document from a third party and the "facts" contained in the document are neither undisputed nor capable of reliable and accurate determination. *See* Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Accordingly, even if the Court were to take judicial notice of the existence of this document, the Court could not take judicial notice of the disputed facts that Plaintiff cites from within the document.

### B.   Objection to Plaintiff's Request For Judicial Notice of Dkt. 22-2 (An *Amicus* Brief from the California Attorney General In a Different Case)

Plaintiff next requests judicial notice of an *amicus* brief filed by the California Attorney General in a different case, *Lee v. Amazon.com, Inc*. *See* Dkt. 22, Ex. B (Dkt. 22-2). Judicial notice of this document should be denied for two reasons. First, unlike the two official Attorney General

letters submitted by Etsy with its Motion to Dismiss, the *amicus* brief is not an official opinion letter from the California Attorney General. Therefore, the statements in the *amicus* brief are not official opinions that are appropriate for judicial notice. *See Daugherty v. Experian Info. Solutions, Inc*., 847 F. Supp. 2d 1189, 1193 (N.D. Cal. 2012); *Nichols v. Brown*, 945 F. Supp. 2d 1079, 1091 n.4 (C.D. Cal. 2013); *Smith v. Los Angeles Unified Sch. Dist*., 830 F.3d 843, 851 n.10 (9th Cir. 2016). Second, the Court should decline to take judicial notice of this document because it has no relevance to Etsy's Motion. *See Pac. Gas & Elec. Co. v. Lynch*, 216 F. Supp. 2d 1016, 1026 (N.D. Cal. 2002) (declining to take judicial notice of irrelevant documents); *U.S. ex rel. Modglin v. DJO Global Inc.*, 48 F. Supp. 3d 1362, 1382 (C.D. Cal. 2014) (declining to take judicial notice of certain documents because they were not relevant to deciding motion before the court). The Court need not look to the Attorney General's impressions in a different case, involving a different party, since the Court has the Attorney General's conclusion *in this case*, involving *this* Defendant, in the Attorney General's two official letters.

### C. Objection to Plaintiff's Request For Judicial Notice of Dkt. 22-3 (A Legislative Document For Assembly Bill 1583)

In its final request, Plaintiff seeks judicial notice of a legislative document, dated March 2017, that purports to include notes from the Assembly Committee on Judiciary regarding Assembly Bill 1583. *See* Dkt. 22, Ex. C (Dkt. 22-3). In its Opposition, Plaintiff then quotes a portion of this legislative document to argue that the issuance of a no-merit letter "is not prohibitive on the noticing party's ability to bring an action against the alleged violator, but letters typically discourage noticing parties from doing so." *See* Dkt. 20 at 8. The Court should deny judicial notice of this document and Plaintiff's cited language. Plaintiff's cited language is included only in a section labeled as "comments" by the bill's author. Dkt. 22-3 at 4-5. Generally, the motive or understanding of an individual legislator (even the author of the bill) is not properly received as evidence of the Legislature's collective intent or understanding. *See Quintano v. Mercury Cas. Co*., 11 Cal.4th 1049, 1062 (1995). Tellingly, even in Plaintiff's own document, the subject language was *not* included by the committee in its "Summary" of the proposed statute or its summary of "Existing Law." Dkt. 22-3 at 2-4. Therefore, the Court should decline to take judicial notice of the

stray comment that comes from a single legislator, since it has no relevance as to the understanding of the full legislature. *See In re Kelly*, 841 F.2d 908, 912 n.3 (9th Cir. 1988) (explaining that "[s]tray comments by individual legislators…cannot be attributed to the full body that voted on the bill," and that "[t]he opposite inference is far more likely"); *see also Pac. Gas & Elec. Co.*, 216 F. Supp. 2d at 1026 (declining to take judicial notice of irrelevant documents); *U.S. ex rel. Modglin*, 48 F. Supp. 3d at 1382 (declining to take judicial notice of certain documents because they were not relevant to deciding motion before the court).

However, if the Court does take judicial notice of this document, it should also take judicial notice of the subsequent legislative history for Assembly Bill 1583 between April 2017 and October 2017 (when the bill was enacted). *See* Etsy's Supp. RJN, Exs. 2-8. The broader legislative history shows that the reference cited by Plaintiff was excluded from *all* other legislative materials pertaining to Assembly Bill 1583. For example, none of the readings or votes on the bill—nor any of the other legislative materials between April 2017 and the passage of the bill in October 2017—say anything about the collective Legislature sharing that understanding. *See id*. If anything, this suggests that the broader Legislature did *not* agree with that understanding and intentionally removed it. *See In re Kelly*, 841 F.2d at 912 n.3.

### III. CONCLUSION

For these reasons, the Court should deny Plaintiff's Request for Judicial Notice.

DATED: September 17, 2024          Respectfully submitted,

McGUIREWOODS LLP


By:  */s/ Nicholas J. Hoffman*
     Samuel L. Tarry, Jr. *(PHV forthcoming)*
     Nicholas J. Hoffman
     Aria Hangval
     Attorneys for Defendant
     ETSY, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on **September 17, 2024**, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **September 17, 2024** at Los Angeles, California.

By: */s/ Nicholas J. Hoffman*
Nicholas J. Hoffman
Attorneys for Defendant
ETSY, INC.
