Rachel S. Doughty (SBN 255904)
J. Rae Lovko (SBN 208855)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
rdoughty@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiff As You Sow*

UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AS YOU SOW, a 501(c)(3) nonprofit organization,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ETSY, INC.,<br><br>　　　　　Defendant. | Case No.: 24-cv-04203-MMC<br><br>**NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT (PROPOSITION 65)**<br><br>Judge: Hon, Maxine M. Chesney<br>Date: April 25, 2025<br>Time: 9:00 a.m.<br>Place: Courtroom 7 |

i

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................................. iii

I.  Introduction ...................................................................................................................................... 1

    A.  Summary of the Action ........................................................................................................ 1

    B.  Summary of Settlement Process and Terms ........................................................................ 3

II. Discussion ......................................................................................................................................... 5

    A.  The Settlement Should Be Entered as a Judgment Pursuant to California Code of Civil Procedure § 664.6, with this Court Retaining Jurisdiction ................................................. 5

    B.  The Settlement Complies with the Requirements of Proposition 65 ................................. 6

        1.  The Injunctive Terms of the Settlement Comply with Proposition 65 ......................... 7

        2.  The Civil Penalty Amount Is Appropriate ..................................................................... 8

            a)  The Nature and Extent of the Violation. ................................................................. 8

            b)  The Number of, and Severity of, the Violations. ................................................. 10

            c)  The Economic Effect of the Penalty on the Violator. ......................................... 10

            d)  Whether the Violator Took Good Faith Measures to Comply. ........................... 11

            e)  The Deterrent Effects. ........................................................................................... 11

        3.  The Fee Recovery Is Reasonable Under California Law ............................................ 11

            a)  The Settlement Terms Confer Significant Public Benefit .................................... 12

            b)  AYS' Enforcement Action Was Necessary to Obtain Relief in the Settlement ...... 12

            c)  Amount of Negotiated Fees is Reasonable ........................................................... 13

    C.  As the Prevailing Party AYS is Entitled to its Costs Incurred ......................................... 15

III. Conclusion .................................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Dunk v. Ford Motor Co.*, 48 Cal. App. 4th 1794 (1996) .................................................................. 6

*In re Marriage of Assemi*, 7 Cal. 4th 896 (1994) .................................................................... 5, 6

*Lee v. Amazon.com, Inc.*, 76 Cal.App.5th 200 (2022) ........................................................ 9, 10, 13, 14

*Skulnick v. Roberts Express, Inc.*, 2 Cal. App. 4th 884 (1992) ............................................................. 5

*Skulnick Vision Centers, Inc. v. Bd. of Med. Examiners*, 144 Cal. App. 3d 110 (1983) ...................... 5

*Soliz v. Williams*, 74 Cal. App. 4th 577 (1999) ................................................................................ 5

**Statutes**

21 U.S.C. § 361(a) ............................................................................................................................ 7

Cal. Bus. & Prof. Code § 17200 ....................................................................................................... 1

Cal. Code Civ. Proc. § 1021.5 ............................................................................................. 12, 13, 15

Cal. Code Civ. Proc. § 1032(b) ....................................................................................................... 15

Cal. Code Civ. Proc. § 664.6 ......................................................................................................... 5, 6

Cal. Health & Safety Code § 111670 ............................................................................................... 7

Cal. Health & Safety Code § 111700 ............................................................................................... 8

Cal. Health & Safety Code § 25249.10 ............................................................................................ 7

Cal. Health & Safety Code § 25249.12(c)(1) ................................................................................ 5, 8

Cal. Health & Safety Code § 25249.5 .............................................................................................. 1

Cal. Health & Safety Code § 25249.6 .................................................................................. 2, 7, 9, 10

Cal. Health & Safety Code § 25249.7 .............................................................................................. 8

Cal. Health & Safety Code § 25249.7(b)(1) .................................................................................... 8

Cal. Health & Safety Code § 25249.7(b)(2) ........................................................................... 6, 8, 11

Cal. Health & Safety Code § 25249.7(f)(4) ................................................................................. 6, 7

Cal. Health & Safety Code § 25249.7(f)(4)(A) ................................................................................ 7

Cal. Health & Safety Code § 25249.7(f)(4)(B) .............................................................................. 12

Cal. Health & Safety Code, § 25249.8 ................................................................................... 2

**Regulations**

21 C.F.R. § 700.13(b) ............................................................................................................ 10

21 C.F.R. § 700.13(d)(2) .......................................................................................................... 9

Cal. Code Regs. tit. 11, § 3003 ................................................................................................ 2

Cal. Code Regs. tit. 11, § 3008 ................................................................................................ 1

Cal. Code Regs. tit. 11, § 3201(a) ................................................................................... 12, 13

Cal. Code Regs. tit. 11, § 3201(c) ......................................................................................... 12

Cal. Code Regs. tit. 11, § 3201(d) ......................................................................................... 14

Cal. Code Regs. tit. 11, §3201(b)(1) ....................................................................................... 7

Cal. Code Regs. tit. 11, §3201(b)(2) .................................................................................. 7, 12

Cal. Code Regs. tit. 27, § 27001(c) .......................................................................................... 2

## I. Introduction

Plaintiff As You Sow, Inc. ("AYS") hereby seeks the Court's approval of the Settlement entered into with Defendant Etsy, Inc. ("Etsy" or when referenced collectively with AYS, the "Parties") in this Cal. Health & Safety Code § 25249.5 (the "Act" or "Proposition 65") and California Unfair Competition Act (Cal. Bus. & Prof. Code § 17200 *et seq.*) action ("Action"). The Settlement resolves AYS's Proposition 65 allegations that Etsy offered for sale on its website certain skin lightening products containing high concentrations of mercury or mercury compounds ("mercury") – chemicals known to the state of California as reproductive toxins – without first providing the exposure warning required by Proposition 65.

Proposition 65 requires Court approval of settlement terms. The resolution of AYS's Unfair Competition Act claim requires no court approval. The proposed Settlement and Consent Judgment is attached as Exhibit A ("Settlement") to the supporting declaration of Rachel Doughty ("Doughty Decl.") filed herewith. Doughty Decl. at ¶21. As discussed more fully herein, the Settlement was reached following arm's-length negotiations between the Parties, during which each was represented by experienced counsel. The Settlement is fair and reasonable to the Parties, is in the interest of, and provides a benefit to, the general public, has been submitted to the Office of the California Attorney General for review,[1] and fully complies with the statutory requirements of Proposition 65. Accordingly, AYS requests that the Court sign the proposed order approving the Settlement.

### A. Summary of the Action

AYS brought this Action in Alameda County Superior Court on March 18, 2024. Before filing, AYS conducted an investigation and then served a 60-Day Notice of Violation on Etsy on January 18, 2024, (ECF 1-1, p. 27) and a supplemental notice on March 15, 2024 (ECF No. 1-1, p. 34) (collectively, "Notices"). Doughty Decl. at ¶¶ 9-10. Each of the Notices alleged violations of

---

[1] The Court is advised that the failure of the Attorney General to comment on a settlement shall not be construed as endorsement of or concurrence in the settlement. Cal. Code Regs. tit. 11, § 3008.

Proposition 65's warning requirements. Specifically, the Notices alleged that Etsy was responsible for illegal unwarned consumer exposures to mercury and mercury compounds. *Id*. AYS timely served each of the Notices on the California Attorney General, the District Attorneys of every County in the State of California, and the City Attorneys for every City in the State of California with a population greater than 750,000. *Id*. at ¶11. To the best of the AYS's information and belief, no public enforcer has commenced or is diligently prosecuting the allegations set forth in the Notices. *Id*. at ¶ 12.

Relevant to this motion, AYS alleged in its March 2024 complaint, that Etsy violated its duty to warn California consumers and their household members of exposure to mercury and mercury compounds prior to their purchase and use of skin-lightening, whitening, and "smoothing" creams. ECF No. 1-1, p. 20 at ¶¶86-87. Mercury and mercury compounds are known to the state of California to be reproductive toxins.[2] California requires that consumers be provided a warning prior to use of products on the state's list of known reproductive toxins. Cal. Health & Safety Code § 25249.6.

Shortly after it was served with the complaint, Etsy removed the matter to this federal Court (ECF No. 1), and also filed motions to compel arbitration (ECF No. 5) and to dismiss (ECF No. 7). AYS responded to each of these motions (ECF No. 19, 20) and filed its own motion (and later a reply brief) seeking remand to Alameda County Superior Court (ECF No. 18, 28).

Etsy and AYS jointly filed a Notice of Settlement on January 15, 2025, (ECF No. 38), and this Court took all pending motions off calendar (ECF 39). When the Settlement was reduced to writing, the Parties jointly filed a second notice with this Court on February 25, 2025 (ECF No. 45). Doughty Decl. at ¶18. AYS notified the California Attorney General ("AG") of the Settlement as required by California law (Cal. Code Regs. tit. 11, § 3003) as well as a party-stipulated order of

---

[2] On July 1, 1990, California listed mercury and mercury compounds as developmental toxins. Mercury and mercury compounds became subject to the "clear and reasonable warning" requirements of Proposition 65 one year after listing, on July 1, 1991. (Cal. Code Regs. tit. 27, § 27001(c); Cal. Health & Safety Code, § 25249.8)

this Court (ECF No. 44). Doughty Decl. at ¶19. The AG requested one change. The Parties executed the Settlement with that one change on March 4, 2025. Doughty Decl. at ¶20.

### B. Summary of Settlement Process and Terms

On February 24, 2025, after extensive arm's-length negotiations between the Parties, with each represented by experienced counsel, AYS and Etsy finalized and mutually executed a written settlement agreement. Doughty Decl. at ¶18. The Settlement resolves AYS's Proposition 65 claims brought in the public interest against Etsy as to the products listed in Table 1 below sold into California prior to the Effective Date ("Products").[3] Additionally, AYS in its individual capacity, agreed to a release of Etsy:

> from any and all claims, actions, causes of action, suits, demands, liabilities, damages, penalties, fees, costs, and expenses asserted, or that could have been asserted by the AYS Releasors against the Etsy Released Parties based on the claims made in the Notices and the Complaint for the handling, use, sale, distribution, or consumption of any product listed in the Notices or Complaint, in California, prior to the Effective Date

Doughty Decl. at ¶22. And Etsy agreed to a release of AYS: "for any and all actions taken or statements made by AYS and its attorneys and other representatives related to enforcement of Proposition 65, the Sherman Act, and California's Unfair Competition Law in connection with AYS's prosecution of this case against the Etsy Releasors." *Id.*

**Table 1: Skin Lightening Settlement "Products"**

| | |
|---|---|
| Deluxe Nadinola Bleaching Cream | La Magia Blanca de Michelle Marie Crema |
| Due Beauty Cream | Blanquedora |
| Faiza | Parley Beauty Cream |
| La Tia Mana Crema Limpiadora y Curativa | Shivanya Beauty Cream |
| Miss Key Crema Blanqueadora | La Unica Cream Casa Botanica |
| Jing Zhuang Jinyiqi/ "Yiqi" | |

*Id.* at ¶ 5.

---

[3] The Effective Date is the date on which the Proposed Consent Judgment is entered as a judgment of this Court. Doughty Decl. at ¶¶21-22, Section 1.8 of Exhibit A.

The Settlement meets the requirements of Proposition 65, is fair and reasonable, and is in the public interest. The Settlement requires Etsy, for the term of the Settlement, to prevent third-party sellers from listing the Products for sale on Etsy.com to California consumers, unless and until Etsy has confirmed that the Product does not contain mercury and shared that information with AYS. Doughty Decl. at ¶21.

The Settlement also requires that Etsy pay penalties totaling $24,300. Doughty Decl. at ¶23. This was calculated based upon the declaration of Alexandra Droz, the Director, Assistant General Counsel, Regulatory and Competition at Etsy. *Id*. at ¶¶23-24, Exhibit B. Ms. Droz declared that Etsy searched for each of the Products listed in Table 1 "broadly for all product listings for any of the [Products], across all shops on Etsy" and then identified sales of the same into California, as follows:[4]

> (1) the total number of units sold from June 7, 2023 through December 22, 2023, with the exception of Faiza (hereinafter, "Settlement Window 1"), (2) the total number of units sold from December 23, 2023 through the date of this declaration, with the exception of Faiza (hereinafter "Settlement Window 2"), (3) the total number of units of Faiza sold from June 7, 2023 through October 3, 2023 (hereinafter, "Faiza Settlement Window 1"), and (4) and [sic] the total number of units of Faiza sold from October 4, 2023 through the date of this declaration (hereinafter, "Faiza Settlement Window 2").

*Id*. at ¶24, Exhibit B. Etsy reported sales in each window above, and the Parties negotiated penalties as shown in Table 2:

**Table 2: Sales as declared by Etsy**

|  | Number of Sales | Per Unit Penalty | Total |
|---|---|---|---|
| Settlement Window 1 (June 7, 2023-Dec. 22, 2023) | 44 | $300 | $13,200 |
| Settlement Window 2 (Dec. 22, 2023-Jan. 24, 2024) | 9 | $800 | $7,200 |
| Faiza Settlement Window 1 (June 7, 2023-Oct. 3, 2023) | 5 | $300 | $1,500 |
| Faiza Settlement Window 2 (Oct. 4, 2023-Jan. 24, 2024) | 3 | $800 | $2,400 |
| **Total Sales to California** | **61** | **Total Penalty** | **$24,300** |

---

[4] Sales to Greenfire Law and its agents were not included.

*Id.*

The penalty payment will be allocated in accordance with California Health & Safety Code § 25249.12(c)(1) and (d), with 75% directed to OEHHA ($18,225) and the remaining 25% to AYS ($6,075). *Id*. at ¶21, Section 3.1 of Exhibit A.

Finally, Etsy agrees to cover a portion of AYS's reasonable attorneys' fees and costs incurred to date. Etsy agrees to pay $175,000 towards fees and $4,378 towards costs. *Id*.

The Settlement calls for retained jurisdiction of this Court for five years. *Id*. at ¶21, Section 14 of Exhibit A. The Settlement is intended to have a preclusive effect only on Proposition 65 enforcement actions by private enforcers as to Products sold into California from Etsy.com prior to the Effective Date. *Id*. at ¶21, Section 4.2 of Exhibit A.

## II.   Discussion

### A.   The Settlement Should Be Entered as a Judgment Pursuant to California Code of Civil Procedure § 664.6, with this Court Retaining Jurisdiction

This motion is brought, in part, pursuant to Cal. Civil Proc. Code § 664.6, which provides:

> If parties to pending litigation stipulate in a writing signed by the parties outside the presence of the court . . . for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement.

Cal. Civ. Proc. Code § 664.6(a).

Section 664.6 gives expression to what California's Supreme Court has identified as a "strong policy favoring settlement of litigation." *In re Marriage of Assemi*, 7 Cal. 4th 896, 910 (1994). A court may approve a settlement provided the terms of the settlement are not contrary to law or violative of public policy. *Skulnick Vision Centers, Inc. v. Bd. of Med. Examiners*, 144 Cal. App. 3d 110, 115-116 (1983). "Settlements can produce peace and goodwill in the community while reducing the expense and persistency of litigation," and "[p]ublic policy strongly discourage[s] litigation and encourages settlement." *Skulnick v. Roberts Express, Inc.*, 2 Cal. App. 4th 884, 891 (1992). California courts also recognize the importance of "settlement as part of the litigation process." *Soliz v. Williams*, 74 Cal. App. 4th 577, 587 (1999). As such, there is a strong

presumption favoring the settlement of litigation. *In re Marriage of Assemi*, *supra,* 7 Cal. 4th at 910.

The Settlement contains no term or condition prohibited by law or contrary to public policy. In fact, the terms specifically further the public policy expressed in the preamble to Proposition 65, namely, protecting the public against, and enforcing its right to know about, chemicals that cause cancer, birth defects, or other reproductive harm. *Historical and Statutory Notes*, West's Ann. Health & Safety Code, § 25249.5 (2006 ed.). Additionally, the Settlement is the result of arm's-length negotiations over the course of several months conducted by experienced counsel who possessed sufficient information to evaluate the case and the terms of the settlement. Doughty Decl. at ¶¶15-16; *Dunk v. Ford Motor Co.,* 48 Cal. App. 4th 1794, 1802 (1996) (presumption that proposed settlement was fair where the settlement is reached through arm's-length bargaining, the Parties and the court have sufficient information, counsel is experienced in similar litigation, and the percentage of objectors is small).

Section 664.6(a) also authorizes the Court to "retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement" which, in this case, is five years from the date of entry of the judgment. Doughty Decl. at Ex. A, section 14.

Accordingly, the Court should enter the Settlement as a judgment pursuant to Section 664.6(a), retaining jurisdiction for five years.

**B.    The Settlement Complies with the Requirements of Proposition 65**

California Health & Safety Code section 25249.7(f)(4) requires judicial approval of Proposition 65 settlements between private parties. To approve the settlement, the Court must make the following three findings:

1. the warning or other injunctive relief required by the settlement complies with Proposition 65;
2. the attorneys' fees and costs provided by the settlement are reasonable under California law; and
3. the amount paid in civil penalties is reasonable based on the criteria set forth in Health and Safety Code section 25249.7, subdivision (b)(2).

Cal. Health & Saf. Code §25249.7(f)(4).

As discussed in more detail below, the terms and conditions of the Settlement support each of these findings.

### 1. The Injunctive Terms of the Settlement Comply with Proposition 65

Under the Settlement, Etsy must prevent third-party sellers from listing the Products (*see* Table 1, above) on Etsy.com for sale to California consumers unless Etsy has confirmed that the Product does not contain mercury and has shared the evidence of such with AYS.

Proposition 65 states that "[n]o person in the course of doing business shall knowingly and intentionally expose any individual to [a listed chemical] without first giving clear and reasonable warning to such individual . . ." Cal. Health & Saf. Code § 25249.6. A warning, however, is only required where an exposure to a listed chemical occurs in excess of established level posing "no significant risk." Cal. Health & Saf. Code §§ 25249.10, subd. (c) & 25249.7, subd. (f)(4)(A). A settlement that provides for the giving of a clear and reasonable warning is presumed to confer a significant benefit on the public. Cal. Code Regs. tit. 11, §3201, subd. (b)(1). Likewise, "changes in the defendant's practices that reduce or eliminate the exposure to a listed chemical, in lieu of the provision of a warning, are presumed to confer a significant benefit on the public." Cal. Code Regs. tit. 11, §3201(b)(2).

Injunctive relief in the form of a Proposition 65 warning is not appropriate here because it is not now and has not been legal to sell the Products anywhere in the United States since 1973. A request for such relief would risk a tacit suggestion to the contrary. "It is well known that mercury compounds are readily absorbed through the unbroken skin as well…from topical application and is accumulated in the body, giving rise to numerous adverse effects." 21 C.F.R. § 700.13(b). Each of the Products is adulterated within the meaning of the California Sherman Food, Drug, and Cosmetic Law because, due to high mercury levels, each "bears or contains [a] poisonous or deleterious substances that may render it injurious to users under the conditions of use prescribed in the labeling or advertisement of the cosmetic, or under conditions of uses as are customary or usual." Cal. Health & Saf. Code § 111670; *See also* 21 U.S.C. § 361(a). "It is unlawful for any person to

receive in commerce any cosmetic that is adulterated or deliver or proffer for delivery any such cosmetic." Cal. Health & Saf. Code § 111700.

Given the toxicity of the Products, ease of exposure, and unlawful sale of the Products, a settlement with injunctive terms that completely prevent the sale of the Products containing mercury provides a significantly *greater* public benefit than a settlement that continues to permit the Products to be sold to consumers, even with clear and reasonable warning. For these reasons, the injunctive terms of the Settlement clearly comply with the goal of Proposition 65 to reduce exposures to hazardous chemicals in California, and, under the regulations of the California Attorney General, are presumptively in the public benefit.

### 2. The Civil Penalty Amount Is Appropriate

The Parties have negotiated a civil penalty in the total amount of $24,300, intended to cover the violations shown above in Table 2. Doughty Decl. at ¶¶21, 23, Section 3.1 of Exhibit A. Any person or entity that violates Proposition 65's warning requirement is liable for a civil penalty of up to $2,500 per day for each violation. Cal. Health & Saf. Code § 25249.7(b)(1). Pursuant to Cal. Health & Safety Code § 25249.12(c)(1) and (d), seventy-five percent (75%) of any penalty paid goes to the California Office of Environmental Health Hazard Assessment, and the remaining twenty-five percent (25%) is retained by the private enforcer. Using the statutory penalty factors found in Cal. Health & Safety Code § 25249.7, this Court must determine that the civil penalty amount negotiated by the parties is reasonable. These factors are: (A) The nature and extent of the violation, (B) the number of, and severity of, the violations of Proposition 65, (C) the economic effect of the penalty on the violator, (D) whether the violator took good faith measures to comply with this chapter and the time these measures were taken, (E) the willfulness of the violator's misconduct, (F) the deterrent effect that the imposition of the penalty would have on both the violator and the regulated community as a whole, and (G) any other factor that justice may require. Cal. Health & Saf. Code, § 25249.7(b)(2).

a) <u>The Nature and Extent of the Violation.</u>

Since at least June 2023 third parties have been permitted to access Etsy's online

marketplace to sell skin lightening creams to California consumers containing mercury or mercury compounds. Multiple health and safety agencies across the globe issued health alerts, announced investigations into, and advised consumers to beware of skin lightening products because they contain dangerously high levels of mercury or mercury compounds, including the Products. Under Proposition 65, no person in the course of doing business shall knowingly and intentionally expose any individual to a chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such individual. Cal. Health & Saf. Code, § 25249.6. This requirement extends to on-line marketplaces. *Lee v. Amazon.com, Inc.*, 76 Cal.App.5th 200, 243 (2022).

Etsy had either actual or constructive knowledge that the Products contained mercury for each of the sales for which penalties are included in the Settlement. *See Id.* at 242 (holding constructive knowledge sufficient to establish Proposition 65 liability). That knowledge came from public health agency public notices (New York, Minnesota, the FDA, and the EU's RAPEX), as well as correspondence from AYS. The listings on Etsy.com were intentional. *Lee*, 76 Cal. App. 5th at 239 (intentionally in Proposition 65 focuses on purpose, here, creation of an online marketplace).

The Products contain very high levels of mercury—up to 13,000 ppm. Doughty Decl. at ¶ 6. The FDA and California's Sherman Act limit mercury in cosmetics to 65 ppm in eye creams, and 1 ppm in other cosmetics. 21 C.F.R. § 700.13(d)(2). As the FDA noted in *1974* regarding skin lightening products containing mercury:

> The toxicity of mercury compounds is extensively documented in scientific literature. It is well known that mercury compounds are readily absorbed through the unbroken skin as well as through the lungs by inhalation and by intestinal absorption after ingestion. Mercury is absorbed from topical application and is accumulated in the body, giving rise to numerous adverse effects. Mercury is a potent allergen and sensitizer, and skin irritation is common after topical application. Cosmetic preparations containing mercury compounds are often applied with regularity and frequency for prolonged periods. Such chronic use of mercury-containing skin-bleaching preparations has resulted in the accumulation of mercury in the body and the occurrence of severe reactions. Recently it has also been determined that microorganisms in the environment can convert various forms of mercury into highly toxic

> methyl mercury which has been found in the food supply and is now considered to be a serious environmental problem.

21 C.F.R. § 700.13(b).21. In short, the Products are dangerous, and they have long been known to be dangerous. But the danger is latent. None of the Products listed mercury as an ingredient.

This is precisely the situation that the voters sought to address in adopting Proposition 65. Nevertheless, Etsy's California customers who purchased the Products have never been provided with a warning regarding the mercury content of the Products. Doughty Decl. at ¶5. This factor mitigates towards a large penalty.

b) The Number of, and Severity of, the Violations.

AYS considers the sale of the Products without the requisite exposure warnings to be a severe violation of Proposition 65, particularly because customers who purchase the Products from Etsy's website are presumed to have used them. *Lee v. Amazon.com, Inc.* 76 Cal.App.5th 200, 250 (2022). Any unwarned exposure is a violation. Cal. Health & Saf. Code § 25249.6. Etsy's online platform facilitates the sale of products by third parties to end-users or online customers. In 2023, this platform was used by over 6 million sellers and 91 million active buyers. Doughty Decl. at ¶4. Etsy's platform makes it possible for sellers to reach millions of customers, including those in California. *Id*. at ¶4. Thus, Etsy was an entry point to the California market for the Products. That said, the total number of sales of the Products into California was relatively low, and Etsy.com apparently took effective steps to keep the Products off its site after receiving the Proposition 65 Notice from AYS. *Id*. at ¶26. These factors mitigate against a maximum penalty assessment.

c) The Economic Effect of the Penalty on the Violator.

The amount of the penalty, along with the cost of complying with the injunctive terms of the Settlement, is sufficient to remind Etsy and its management that they must remain aware of, and consistently attend to implementing, Proposition 65's requirements. Etsy's consolidated revenue for second quarter 2023 was $628.9 million. Doughty Decl. at ¶8. While the penalty is not designed to unduly impede Etsy's business, it will serve to raise these issues to the attention of its management. The penalty amount greatly exceeds the sales price of each of the products and so is designed to be

a deterrent. *Id*. at ¶25. Apparently, this litigation has in fact served as a deterrent on Etsy, as AYS has found none of the Products listed on Etsy.com recently. *Id.* at ¶26. This factor supports the amount of penalty negotiated by the Parties.

    d) <u>Whether the Violator Took Good Faith Measures to Comply.</u>

  Etsy has apparently taken measures to comply with Proposition 65 since receiving AYS's Notices. Once the Settlement is entered by the Court, Etsy must take steps to prevent any third-party seller from listing the Products for sale on Etsy.com to consumers in California. Doughty Decl. at ¶21. If Etsy determines that any Products should no longer be prevented from sales in California since the Product does not contain mercury, Etsy will provide AYS with evidence upon which it has made such a determination before ceasing efforts to prevent the listing of any such Products. These actions and commitments support that the penalty in the amount of $24,300 is reasonable.

    e) <u>The Deterrent Effects.</u>

  Etsy's payment of civil penalties and payment of a portion of AYS's attorneys' fees and costs will serve as an incentive for its continued compliance with Proposition 65. Etsy, having been made aware of the mercury content in some products sold through their website, will now be more easily found to have acted willfully should it be found in violation of Proposition 65 in the future with regard to the Products or similar products, which should inspire greater diligence in screening items it allows to be posted on Etsy.com. Further, by virtue of word-of-mouth in the industry, and the fact that the Settlement, if approved, will be a matter of public record, it is reasonably likely that others operating marketplaces or seeking to post items for sale on marketplaces. Such awareness can be expected to induce those other companies to comply with Proposition 65 in order to avoid imposition of similar penalties, and incurring fees and costs. Cal. Health & Saf. Code, § 25249.7(b)(2).

  **3.** **The Fee Recovery Is Reasonable Under California Law**

  As part of the Settlement, the Parties agree that Etsy will reimburse AYS $175,000 in attorneys' fees. Doughty Decl. at ¶ 21, Section 3.2 of Exhibit A. The negotiated attorney fees of are appropriate and reasonable because this lawsuit "has resulted in the enforcement of an important

11

right affecting the public interest." Cal. Code Civ. Proc., § 1021.5. An award of the negotiated fees is justified because:

> (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement [. . .] are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

Cal. Code Civ. Proc., § 1021.5. Proposition 65 contemplates awards of "reasonable" attorney fees. Cal. Health & Saf. Code § 25249.7(f)(4)(B).

### a) The Settlement Terms Confer Significant Public Benefit

As set forth in the Attorney General's guidelines for evaluating the reasonableness of an award of attorneys' fees provided by a Proposition 65 settlement, a party may be deemed successful so as to permit such an award "if the plaintiff's action was the cause or 'catalyst' of the change in conduct." Cal. Code Regs. tit. 11, § 3201(a). Specifically, "changes in the defendant's practices that reduce or eliminate the exposure to a listed chemical, in lieu of the provision of a warning, are presumed to confer a significant benefit on the public." Cal. Code Regs. tit. 11, §3201(b)(2). Here, Etsy has agreed to prevent third-party sellers from listing the Products for sale to California consumers from the date of entry of the Settlement in perpetuity. This was not the case when AYS initiated this enforcement Action. Doughty Decl. at ¶¶21,26. Accordingly, AYS operated as the catalyst resulting in the removal of dangerous products, illegal under state and federal law, from Etsy's marketplace. *See* Cal. Code Regs., tit. 11,§3201(a) (finding that plaintiff was catalyst to changed behavior may justify fees award).

### b) AYS' Enforcement Action Was Necessary to Obtain Relief in the Settlement

Attorneys' fees may be awarded to a successful party in any action which has resulted in the enforcement of an important right affecting public interest if the necessity and financial burden of private enforcement are such as to make the award appropriate. Cal. Code Civ. Proc. §1021.5. To establish necessity of private enforcement, a plaintiff should establish that its continued prosecution of the action was necessary to obtain the relief in the settlement. Cal. Code Regs. tit. 11, § 3201(c). The Settlement was formed after AYS invested substantial time and resources to litigate this Action,

including but not limited to multiple motions in both state trial and federal district courts and months-long negotiations between the Parties, during which each party was represented by experienced counsel. Doughty Decl. at ¶¶14-15. Despite recent, high profile, litigation regarding selling skin lightening creams containing mercury (*see Lee v. Amazon.com, Inc.*, 76 Cal.App.5th 200 (2022)), Etsy had, prior to this lawsuit, permitted third-party sellers to list the Products for sale into California on Etsy.com. Doughty Decl. ¶5. As a result of AYS' prosecution of this Action, Etsy has now committed to comply with the injunctive terms of the Settlement and prevent third-party sales of the Products in violation of Proposition 65 so long as the Settlement is entered as a Judgment of the Court. *Id*. at ¶¶21, 26. Additionally, Etsy agreed to pay penalties, which should serve as a deterrent to Etsy and others contemplating offering Products or similar skin lightening products to consumers in California. *Id*. at ¶¶23, 25. Thus, AYS' private enforcement of Proposition 65 was necessary to obtain the relief set forth in the Settlement.

        c)     <u>Amount of Negotiated Fees is Reasonable</u>

Fees of $175,000 are reasonable here. The Parties reached this agreement in accordance with general contract principles, the private attorney general doctrine codified at Code of Civil Procedure section 1021.5, and regulations interpreting section 1021.5. *Id.* at ¶ 16. While the Attorney General's Proposition 65 regulations are not binding, they are instructive as to the level of scrutiny the Court should apply in determining the reasonableness of a negotiated settlement of fees and costs.

> [T]he fact that the defendant agreed to pay the fee does not automatically render the fee reasonable. **The fact that the fee award is part of a settlement, however, may justify applying a somewhat less exacting review** of each element of the fee claim than would be applied in a contested fee application.

Cal. Code Regs. tit. 11, § 3201(a) (Emphasis added). As to the amount of reasonable fees, the Attorney General states, "Hourly fees should be those reasonable for attorneys of similar skill and experience in the relevant market area." Cal. Code Regs. tit. 11, § 3201. Furthermore, attorneys' fees and investigation costs sought to be recouped in this matter are justified by contemporaneously kept records of actual time spent or costs incurred, which describe the nature of the work

13

performed. Cal. Code Regs. tit. 11, § 3201(d).

Here, the declaration of Rachel Doughty supporting this unopposed motion includes an extensive list of tasks performed to date, including multiple motions and cross-motions, representation before two courts (state trial and federal district), and multiple settlement negotiation sessions completed by multiple attorneys over the course of approximately one year. *See* Doughty Decl. ¶ 33, Exhibit E. Notwithstanding the total amount of time spent prosecuting this enforcement Action, the total amount of fees to be reimbursed by Etsy – $175,000.00 – is <u>significantly</u> less than the total fees incurred by Greenfire Law, PC, after application of billing judgment, to date during the investigation and litigation required by this case—over $420,000. *Id.* at ¶ 32 Exhibit D, ¶ 33, Exhibit E. Thus, the number of hours for which fees are actually sought is reasonable.

Hourly fees should be those reasonable for attorneys of similar skill and experience in the relevant market area. Cal. Code Regs. tit. 11, § 3201 (d). AYS's counsel in this case has collectively engaged in public interest litigation in scores of Proposition 65 cases as well as other environmental, land use, civil rights, and public records actions. Doughty Decl. at ¶¶34-40. Rachel Doughty, the founder of Greenfire Law with over two decades of experience in civil litigation, recently won several awards for Proposition 65 litigation including the Clay Award for Consumer Protection and the award for Top Verdicts 2022 by the Daily Journal for counsel's work as lead counsel in the *Lee* matter, 76 Cal.App.5th 200 (2022). Since 2023, Ms. Doughty has been selected to Super Lawyers after passing a thorough selection process based on peer recognition and significant professional achievement. *Id*. at ¶35. In addition, shareholder Jessica Blome has served as lead counsel in numerous civil environmental related enforcement actions throughout her 18 years of practice and was also critical to the trial of the *Lee* matter, 76 Cal.App.5th 200 (2022). *Id.* at ¶36. Jennifer Rae Lovko, a senior attorney at Greenfire Law, similarly has substantial civil litigation before both state and federal courts having taken over a dozen cases to trial and participating in post-trial motions practice. *Id.* at 37. Cyrus Moshiri has experience in civil litigation as counsel for defendants and plaintiffs in California since 2017, appearing before state and federal courts throughout his practice. Notwithstanding AYS' counsels' substantial collective experience in

litigating public interest matters before state and federal courts, AYS' counsels' and paraprofessionals' rates sought in this case are at or below the market rates in the San Francisco Bay Area and comport with reasonable billing rates as specified in the adjusted Laffey Matrix. *Id*. ¶¶ 28-32; see also *Id.* at ¶ 30, Exhibit C **(**declaration of Richard Drury to establish market rates for Greenfire Law attorneys in another recent case relying, in part, on the Laffey Matrix); see also *Id*. at ¶32, Exhibit D (copy of the summary of hours by biller in this Action and the rate sought for each).

Based on the applicable standard of review, the number of attorney and staff hours invested to effectively prosecute this enforcement Action, the declaration and other evidence supporting actual fees and costs that significantly exceed the negotiated figures, and the public benefit achieved in both civil penalties and injunctive relief obtained, the Court should find that the fees and costs provided by the Settlement are reasonable under California law.

### C.   As the Prevailing Party AYS is Entitled to its Costs Incurred

A prevailing party is entitled to recover its costs of litigation. Cal. Code Civ. Proc. § 1032(b). A prevailing party includes a party with a "net monetary recovery." *Id.* at §1302(a)(4). Here, AYS recovers penalties under the Settlement and is therefore the prevailing party. Doughty Decl. at ¶43. The Parties have negotiated $4,738.00 for litigation costs incurred in this case. *Id*. at ¶21, Section 3.2 of Exhibit A. AYS has incurred litigation costs to date totaling approximately $6,900.98 which include expert fees, testing costs, filing fees, postage, document retention costs, discovery management costs, and copy expenses. *Id.* at ¶ 41. These costs are not contested.

### III.   Conclusion

The Parties expended considerable time and resources to reach a settlement that meets all of the criteria established by Proposition 65 and Section 1021.5. AYS respectfully request that the Court approve the Settlement and enter the proposed Consent Judgment, resolving the matter between AYS and Etsy. AYS also requests that the matter be dismissed *without* prejudice as to the DOE defendants.

DATED: March 10, 2025

Respectfully Submitted,

*/s/ Rachel S. Doughty*

Rachel S. Doughty
J. Rae Lovko
GREENFIRE LAW, PC
*Attorneys for Plaintiff As You Sow*