Rachel S. Doughty (Cal. Bar No. 255904)
Jennifer Rae Lovko (Cal. Bar No. 208855)
GREENFIRE LAW, PC
2478 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fax: (510) 900-9502
Email: RDoughty@greenfirelaw.com
         RLovko@greenfirelaw.com

*Attorneys for Plaintiff, A YOU SOW*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AS YOU SOW, a 501(c)(3) Nonprofit Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ETSY, INC.,<br><br>Defendants. | Case No.: 3:24-cv-04203-MMC<br><br>**DECLARATION OF RACHEL S. DOUGHTY IN SUPPORT OF MOTION TO APPROVE SETTLEMENT**<br><br>Judge: Hon, Maxine M. Chesney<br>Date: April 25, 2025<br>Time: 9:00 a.m.<br>Place: Courtroom 7<br><br>Action Filed: June 7, 2024, removed July 11, 2024<br>Trial Date: none set |

- 1 -
DECLARATION OF RACHEL S. DOUGHTY IN SUPPORT OF MOTION TO APPROVE SETTLEMENT - 3:24-cv-04203-MMC

I, Rachel S, Doughty, hereby declare and state:

1. If sworn as a witness, I could and would testify to my personal knowledge of the facts set forth herein.

2. I am an attorney licensed to practice in California. My firm, Greenfire Law, PC, represents plaintiff AS YOU SOW (hereafter "AYS"). I have personal knowledge of the facts declared herein or have been informed by those individuals who have personal knowledge of the facts and will competently testify to them if called upon to do so.

3. AYS filed suit in the California Superior Court for the County of Alameda on March 18, 2024, pursuant to Health and Safety Code section 25249.7, subdivision (d) to promote awareness of and prevent consumer exposures to mercury and mercury compounds in skin lightening products purchased by California consumers on Defendant ETSY, INC.'s ("Etsy") online platform and website www.etsy.com ("Etsy.com").

4. Etsy's online platform and website facilitates the sale of products by third parties to end-users or online customers. In 2023, this platform was used by over 6 million sellers and 91 million buyers. Third party sellers would not have the ability to reach Etsy's billions of customers, including those in California, without access to the marketplace on Etsy.com. Attached hereto as **Exhibit F** is a true and correct copy of a press release, dated August 2, 2023, taken from Etsy's website providing financial information about the company for second quarter 2023. The press release is available at: https://investors.etsy.com/press-releases/press-release-details/2023/Etsy-Inc.-Reports-Second-Quarter-2023-Results/default.aspx (last accessed 3/9/2025).

5. AYS identified multiple brands of skin lightening or brightening products containing mercury with reported sales to California consumers through Etsy's website prior to January 24, 2025. These products, as shown in **Table 1** below ("Products"), did not carry the warning required prior to exposure by California's Proposition 65.

**Table 1: Skin Lightening Settlement "Products"**

| | |
|---|---|
| Deluxe Nadinola Bleaching Cream | La Magia Blanca de Michelle Marie Crema |
| Due Beauty Cream | Blanquedora |
| Faiza | Parley Beauty Cream |
| La Tia Mana Crema Limpiadora y Curativa | Shivanya Beauty Cream |
| Miss Key Crema Blanqueadora | La Unica Cream Casa Botanica |
| Jing Zhuang Jinyiqi/ "Yiqi" | |

6. Tests of samples from the Products found mercury at concentrations up to 13,000 parts per million (ppm).

7. Based on partial sales data for the Products at issue that Etsy provided, there have been dozens of face creams with mercury sold into California from listings on Etsy's website without a Proposition 65 warning.

8. Etsy had consolidated revenue for second quarter 2023 of $628.9 million. *See* Exhibit F.

**As You Sow Litigation**

9. On January 18, 2024, AYS served Etsy and the requisite public enforcement agencies with a 60-Day Notice of Violation required under Proposition 65 to Etsy, identifying listings of skin brightening creams containing mercury and mercury compounds on Etsy.com to customers or consumers in California without any Proposition 65 warning.

10. On March 15, 2024, AYS served Etsy and the requisite public enforcement agencies with a supplemental 60-Day Notice of Violation identifying additional Etsy.com listings of creams that contained mercury or mercury compounds for sale to customers or consumers in California without Proposition 65 warnings.

11. AYS timely served each of the Notices on the California Attorney General, the District Attorneys of every County in the State of California, and the City Attorneys for every City in the State of California with a population greater than 750,000.

12. AYS does not presently have any information or belief that any public enforcer has commenced or is diligently prosecuting allegations set forth in the notices.

13. AYS commenced a lawsuit in Alameda Superior Court against Etsy for unwarned sales of mercury in skin brightening creams on June 7, 2024 (24CV078868).

14. On July 11, 2024, Etsy filed a Notice of Removal to federal district court, and the matter was assigned to the Honorable Judge Maxine M. Chesney (3:24-cv-04203-MMC). Etsy additionally filed motions to dismiss the proceedings (ECF No. 7) and to compel arbitration between the parties (ECF No. 5). AYS filed a motion to remand (ECF No. 18). Briefing was completed in September 2024 and the hearing for all three motions was scheduled on October 11, 2024. The hearing was vacated as to all three motions by the Court and a Case Management Conference was scheduled for January 24, 2025. (ECF No. 35).

**Settlement**

15. Counsel for the parties actively engaged in arm's-length settlement negotiations for several months.

16. On December 26, 2024, the parties reached a tentative settlement agreement. The parties reached this agreement in accordance with general contract principles and the private attorney general doctrine codified at Code of Civil Procedure section 1021.5. The parties notified the Court on January 15, 2025, via the joint filing of a Notice of Settlement of a settlement agreement in principle. (ECF No. 38).

17. On January 22, 2025, the parties filed a joint proposed schedule for the filing of a Motion to Approve. (ECF No. 40).

18. On February 24, 2025, the parties executed a written settlement of the matter with terms meeting the requirements of Proposition 65 in the form of a consent judgment and jointly filed a second notice with this Court on February 25, 2025. (ECF No. 45).

19. AYS notified the California Attorney General ("AG") as required by California law (Cal. Code Regs. tit. 11, § 3003) as well as a party-stipulated order of this Court (ECF No. 44).

20. The AG requested one change. The parties executed a draft consent judgment ("Settlement") with that one change on March 4, 2025.

21. A true and correct copy of the fully executed Settlement is attached hereto as **Exhibit A.** The Settlement requires Etsy, for the term of the Settlement, to prevent third-party sellers from listing the Products for sale on Etsy.com to California consumers, unless and until Etsy has confirmed that the Product does not contain mercury and shared that information with AYS. Exhibit A, section 2.

22. The Settlement resolves AYS's Proposition 65 claims brought in the public interest against Etsy as to the Products sold into California prior to the Effective Date[1]. Additionally, AYS in its individual capacity, agreed to a release of Etsy:

> from any and all claims, actions, causes of action, suits, demands, liabilities, damages, penalties, fees, costs, and expenses asserted, or that could have been asserted by the AYS Releasors against the Etsy Released Parties based on the claims made in the Notices and the Complaint for the handling, use, sale, distribution, or consumption of any product listed in the Notices or Complaint, in California, prior to the Effective Date

Ex. A, section 4.1. And Etsy agreed to a release of AYS: "for any and all actions taken or statements made by AYS and its attorneys and other representatives related to enforcement of Proposition 65, the Sherman Act, and California's Unfair Competition Law in connection with AYS's prosecution of this case against the Etsy Releasors." Ex. A, section 4.3.

23. The Settlement also requires that Etsy pay penalties totaling $24,300. This was calculated based upon the declaration of Alexandra Droz, the Director, Assistant General Counsel, Regulatory and Competition at Etsy.

24. A true and correct copy of the declaration of Ms. Droz is attached hereto as **Exhibit B**.

---

[1] The Effective Date is the date on which the Proposed Consent Judgment is entered as a judgment of this Court. (Section 1.8 of Settlement attached hereto as Exhibit A).

25. The total penalty per sale greatly exceeds the amount of the sale price of the Products and is thus designed to be a deterrent to Etsy and others contemplating offering Products or similar skin lightening products to consumers in California.

26. Since the beginning of this litigation, skin lightening and brightening creams with mercury were available on Etsy's website from time to time. This litigation has in fact served as a deterrent on Etsy, as AYS has found none of the Products listed on Etsy.com recently.

**Reasonableness of Rates, Fees and Expenses**

27. The total agreed payment for fees and costs for this case is $179,738. The actual lodestar, after billing judgment, is over half a million dollars. Therefore, counsel for AYS, through this settlement will recover far less than the lodestar.

28. Plaintiff's counsels' and paraprofessionals' rates are at or below the market rates in the San Francisco Bay Area. The rate for the most experienced attorneys in this case was $1,141/hour. This is less than has recently been approved in other Proposition 65 cases. In *Wozniak v. Amazon.com, Inc.*, (County of San Francisco Superior Court Case No. CGC-21-694849) a Proposition 65 case settled in 2023, lead counsel recovered a rate of $1,450/hour in a settlement accepted by San Francisco Superior Court. **Exhibit G** is a true and correct copy of the Consent Judgment entered in the Wozniak matter, and **Exhibit H** is a true and correct copy of the declaration of the lead attorney in that matter, establishing his rates. Each of these exhibits were downloaded by me from the County of San Francisco Superior Court's Case Query system.

29. Paraprofessionals in the AYS matter were billed at a maximum of $258 per hour. In the *Wozniak v. Amazon* matter paraprofessionals rates of up to $385/hour were accepted by the court.

30. On December 23, 2024, attorney Richard Drury prepared a declaration in support of a fee motion by Greenfire Law in another matter, a true and correct copy of which is attached hereto as **Exhibit C**. Mr. Drury reviewed and compared rates for environmental practices in the San Francisco Bay Area, noting partner rates well over $1,000 and average associate rates of $360 to $800 per hour.

31. Timekeeping records in this case were kept contemporaneously. It is Greenfire Law's practice at all times to keep time contemporaneously; Greenfire Law attorneys use Clio software, which includes a timer.

32. **Exhibit D** is a true and correct copy of the summary of hours by biller in the *As You Sow v. Etsy* state trial court and federal district court matters and the rate sought for each, showing billing judgment applied to hours and lodestar amount. In sum, Greenfire Law expended 712.9 hours in this matter and seeks just 664.6 hours. I am familiar with and have reviewed the Laffey Matrix. The Laffey Matrix is referenced by Mr. Drury in Exhibit C to this declaration as a benchmark to determine reasonable market rates. Mr. Drury's declaration specifically addresses the market rates for me, referencing the Laffey Matrix. And on that and my own personal experience, I am informed and believe that such rates are reasonable market rates for the Bay Area.

33. **Exhibit E** comprises of true and correct copies of detailed billing records including a complete list of tasks related to this litigation completed to date.

**Attorneys**

34. I am lead counsel for the AYS matter and I managed staffing of the case, following my usual practice of pushing work down to the lowest cost-effective biller, requiring contemporaneous keeping of time records, and minimizing legal work while providing excellent services for our clients.

35. I am licensed to practice law and am in good standing in California. I received my J.D. from The University of Virginia in 2004. I founded Greenfire Law in 2011. Greenfire Law primarily represents individual citizens and nonprofit organizations in public-interest litigation. Before founding Greenfire Law, I worked at Paul Hastings, LLP, Gary Davis and Associates, and WildLaw. I have civil litigation experience in California and North Carolina, I am admitted to the Ninth Circuit Court of Appeals as well as the federal District of D.C. Court, and I have appeared pro hac vice in federal district courts in Mississippi, Alabama, and Florida, as well as before the Fourth and Eleventh Circuit Courts of Appeal. From 2023 to 2025 I was selected to Super Lawyers, which is an exclusive list including the top 5% of attorneys in the United States, after passing a thorough

selection process based on peer recognition and professional achievement. In 2023, I was awarded the Clay Award for Consumer Protection and the award for Top Verdicts 2022 by the Daily Journal for my work as lead counsel in the *Le v. Amazon.com, Inc.* matter, 76 Cal.App.5th 200 (2022). Additionally, I was lead counsel for petitioner Story of Stuff Project before the California State Water Resources Control Board regarding BlueTriton Brands' removal of water from the San Bernardino National Forest. Order WR 2023-0042. I also was trial counsel in a significant case before the Northern District of California last year, establishing a Constitutional right of pre-trial detainees to sunlight. Prior to law school, I was a fellow at the Environmental Protection Agency, in the Office of Water, where I received commendations for my work on hypoxia in the Gulf of Mexico caused by land use in the Mississippi River Basin. I later wrote my master's thesis on the same topic. I have spoken at various conferences and events on various environmental topics, including Proposition 65, and have published in both scientific and legal scholarly journals. Prior to law school, I earned a B.S. from the University of Tennessee in biochemistry, cellular, and molecular biology and an M.S. from Cornell University in natural resources management, with a minor focus on biogeochemistry.

36.    Jessica Blome is a shareholder at Greenfire Law. Ms. Blome received her J.D. in 2007 from the University of Iowa College of Law in Iowa City, Iowa. Prior to joining Greenfire Law, she worked for the San Francisco Ethics Commission as the Deputy Director of Enforcement and Legal Affairs. Five staff members, including two attorneys, reported directly to her, with responsibility for twenty-two total employees. As part of that office's duties and responsibilities, Ms. Blome's team was responsible for administering and enforcing several laws, including the City's campaign finance, public corruption, and open government ordinances. Members of the public would file complaints with the Ethics Commission, and together with her team, she would review and investigate complaints to determine if enforcement was necessary. Before the Ethics Commission, Ms. Blome worked as a senior staff attorney for the Animal Legal Defense Fund (ALDF) for three years in the Litigation Program. For the ALDF, she represented the organization and its members in environmental, animal rights, and public access litigation, including lawsuits to compel counties to

comply with mandatory obligations under state and local laws. Prior to joining ALDF, Ms. Blome worked for the Missouri Attorney General in the Agriculture and Environment Division, where she litigated civil enforcement cases on behalf of the Missouri Departments of Natural Resources and Agriculture. At the Attorney General's Office, she specialized in complex litigation and developed expertise in the fields of safe drinking water, clean (surface and ground) water, solid waste (open dumping and landfills), hazardous waste remediation and restoration, and natural resource damage recovery (heavy metals, petro-chemicals). In Missouri, Ms. Blome is regarded as an expert in certain aspects of trial practice, including witness preparation, deposition examination, and trial tactics. When working for the State of Missouri, she routinely gave continuing legal education seminars on these topics. She has also guest taught several lectures at the University of Missouri School of Law on agricultural law, energy law, animal law, and environmental law and the University of San Francisco, Lewis & Clark Law School, and Vermont Law School on animal law. She has civil litigation experience in California, Pennsylvania, Oregon, Iowa, Wisconsin, Montana, and Missouri courts as well as federal courts in California, New York, Nevada, Missouri, Minnesota, Oregon, and Iowa. She has been lead counsel in many civil environmental and animal welfare related enforcement cases and open government cases, and has co-counseled in many more such cases. She manages case strategy, administration, and staffing litigation matters through most stages of the legal process, including through trial. She is widely regarded as an efficient practitioner.

37.     Jennifer Rae Lovko, a Greenfire Law senior associate, received her J.D. from Golden Gate University School of Law in 2000. Ms. Lovko has substantial civil litigation experience before both state and federal courts. She has taken over a dozen cases to trial and participated in post-trial motions practice. In addition to her work as a litigator, Ms. Lovko has been a contributing author in several Continuing Education of the Bar (CEB) publications. Ms. Lovko assisted in the post-appeal litigation of the *Lee* matter and in the second As You Sow case.

38.     [Intentionally Omitted]

39.     [Intentionally Omitted]

40. Cyrus Moshiri, a Greenfire Law associate, received his J.D. from University of California Los Angeles in 2016. Mr. Moshiri has civil litigation experience both before state and federal courts. Before joining Greenfire Law, Mr. Moshiri worked as an associate at an international law firm specializing in labor and employment matters. Mr. Moshiri has also worked as an associate at a boutique firm representing individuals in civil rights and public interest matters.

**Reasonableness of Expenses**

41. A total of $6,900.98 was incurred in costs in the state trial and federal district court matters, including investigative fees and costs related to processing evidence ($1,199.43); court fees and related expenses ($3,244.88); and professional services costs ($2,456.67). These costs are not contested.

42. This matter was taken on a completely contingent basis and counsel have not been paid for the time they have spent litigating this matter.

43. AYS recovers penalties under the Settlement and is therefore the prevailing party.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th day of March, 2025, in Berkeley, California.

                    */s/ Rachel S. Doughty*
                    Rachel S. Doughty