EXHIBIT G
to Declaration of Rachel S. Doughty

Clifford A. Chanler, State Bar No. 135534
CHANLER, LLC
72 Huckleberry Hill Road
New Canaan, CT 06840
Telephone: (203) 594-9246
Facsimile:  (203) 702-5011
Email:      Clifford@ChanlerLLC.com

Steven Y. Chen, State Bar No. 243200
STEVEN Y. CHEN, APLC
2650 River Avenue, Unit A
Rosemead, CA 91702
Telephone: (626) 782-5017
Facsimile:  (626) 307-1657
Email:      Schen@Schenlaw.com

Attorneys for Plaintiff
PAUL WOZNIAK

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*

**03/08/2023**
**Clerk of the Court**
BY: RONNIE OTERO
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

## UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| PAUL WOZNIAK, | Case No. CGC-21-594849 |
| Plaintiff, | |
| v. | **NOTICE OF ENTRY OF CONSENT JUDGMENT** |
| AMAZON.COM, INC., | |
| Defendant. | |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, on March 7, 2023, the San Francisco Superior Court

3  entered the attached Consent Judgment in the above-captioned action.

4

5  Dated:  March 8, 2023        Respectfully submitted,

6                 CHANLER, LLC

7

8            By: _____

9                 Clifford A. Chanler

10                Attorneys for Plaintiff

11                PAUL WOZNIAK

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                     1

**EXHIBIT A**

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

1   Clifford A. Chanler, State Bar No. 135534
    CHANLER, LLC
2   72 Huckleberry Hill Road
    New Canaan, CT 06840
3   Telephone: (203) 594-9246
    Facsimile: (203) 702-5011
4   Email:    Clifford@ChanlerLLC.com

5   Steven Y. Chen, State Bar No. 243200
    STEVEN Y. CHEN, APLC
6   2650 River Avenue, Unit A
    Rosemead, CA 91702
7   Telephone: (626) 782-5017
    Facsimile: (626) 307-1657
8   Email:    Schen@Schenlaw.com

9   Attorneys for Plaintiffs
    PAUL WOZNIAK AND LAURENCE VINOCUR

**FILED**

San Francisco County Superior Court

MAR 07 2023

CLERK OF THE COURT

BY: _____
                    Deputy Clerk

10

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                      COUNTY OF SAN FRANCISCO

14                    UNLIMITED CIVIL JURISDICTION

15

16  PAUL WOZNIAK,                          Case No. CGC-21-594849

17              Plaintiff,                 [PROPOSED] CONSENT JUDGMENT

18      v.

19  AMAZON.COM, INC.,                      (Health & Safety Code §25249.6, et seq. and
                                           Code of Civil Procedure §664.6)
20              Defendant.

21

22

23

24

25

26

27

28

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

# 1.   **INTRODUCTION**

### 1.1   **Parties**

This Consent Judgment is entered into by and between plaintiffs Paul Wozniak (Wozniak) and Laurence Vinocur (Vinocur), collectively, "Plaintiffs," and defendant Amazon.com, Inc. (Amazon), with Plaintiffs and Amazon each referred to individually as a "Party" and collectively as the "Parties."

### 1.2   **Plaintiffs**

Plaintiffs are residents of the State of California who seeks to promote awareness of exposures to toxic chemicals, and to improve human health by reducing or eliminating harmful substances contained in consumer products.

### 1.3   **Defendant**

Amazon employs ten or more persons.  Further, for the purposes of this litigation only, Plaintiffs allege that Amazon is a person in the course of doing business for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health & Safety Code §25249.5, *et seq*. (Proposition 65).

### 1.4   **General Allegations**

Plaintiffs allege that Amazon imports, sells and/or distributes for sale in California certain solder wire, fishing sinkers and ingots containing lead, and that it does so without providing the health hazard warning that Plaintiffs allege is required by Proposition 65.  Lead is listed pursuant to Proposition 65 as a chemical known to the State of California to cause cancer and birth defects or other reproductive harm.

### 1.5   **Product Description**

The products covered by this Consent Judgment specifically include solder wire, fishing sinkers (including fishing sinkers/weights sold as part of tackle boxes kits or sets) and ingots that contain lead and are offered for sale on amazon.com to consumers in California (hereinafter referred to as the "Product" or "Products").

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

### 1.6    Notices of Violation

On August 8, 2020, Vinocur alleges that he served Amazon and requisite public enforcement agencies with several 60-Day Notices of Violation (hereinafter referred to as the "August 8 Notices"), alleging that Amazon violated Proposition 65 when it failed to warn its customers or other consumers in California that certain fishing sinkers and weights offered for sale on amazon.com to consumers in California contain and expose users to lead.  On October 30, 2020, Vinocur sent defendant a supplemental notice (hereinafter referred to as the "October 30, Notice").  To the best of the Parties' knowledge, no public enforcer has commenced and is diligently prosecuting the allegations set forth in the August 8 Notices and October 30, Notice.

On April 29, 2021, Wozniak alleges that he served Amazon and requisite public enforcement agencies with a 60-Day Notices of Violation (hereinafter referred to as the "April 29 Notice"), alleging that Amazon violated Proposition 65 when it failed to warn its customers or other consumers in California that certain solder wires offered for sale on amazon.com to consumers in California contain and expose users to lead. On September 10, 2021, Wozniak sent defendant a supplemental notice (hereinafter referred to as the "September 10 Notice"). To the best of the Parties' knowledge, no public enforcer has commenced and is diligently prosecuting the allegations set forth in the April 29 Notice and September 10 Notice.

On December 6, 2021, Vinocur alleges that he served Amazon and requisite public enforcement agencies with a 60-Day Notices of Violation (hereinafter referred to as the "December 6 Notice"), alleging that Amazon violated Proposition 65 when it failed to warn its customers or other consumers in California that certain ingots offered for sale on amazon.com to consumers in California contain and expose users to lead.  To the best of the Parties' knowledge, no public enforcer has commenced and is diligently prosecuting the allegations set forth in the December 6 Notice.

The August 8 Notices, October 30, Notice, April 29 Notice, September 10 Notice and December 6 Notice shall be collectively referred to as the "Notices".

[PROPOSED] CONSENT JUDGMENT

### 1.7   Complaints

On September 13, 2021, Wozniak commenced the instant action (Complaint), naming Amazon and 250 doe defendants for the alleged violations of Proposition 65 (herein referred to as "Solder Wire Complaint"). Defendant filed its answer on December 3, 2021. On December 10, Wozniak dismissed the complaint as to all of the Doe defendants. On February 3, 2022, the Court entered an order setting trial for March 13, 2023.

On September 14, 2021, Vinocur commenced another action (CGC-21-595147, herein referred to as "Sinker Complaint"), naming Amazon and 250 doe defendants for the alleged violations of Proposition 65. Defendant filed its answer on December 3, 2021. On December 10, Vinocur dismissed the complaint as to all of the Doe defendants. On February 3, 2022, the Court entered an order setting trial for the Sinker Complaint on March 13, 2023 as well.

On February 8, 2022, Vinocur commenced another action (CGC-22-598060, herein referred to as "Ingot Complaint"), naming Amazon for the alleged violations of Proposition 65. Defendant filed its answer on December 1, 2022.

The Solder Wire Complaint, Sinker Complaint, and Ingot Complaint, including any amendment to any of them, are collectively referred to as "Complaints." The three enforcement actions are collectively referred to as "Actions."

As of the Effective Date (defined below), the Parties stipulate and agree that the Solder Wire Complaint shall be deemed amended *nunc pro tunc* by the Court to include all Products and all claims and allegations that are the subject of all of the referenced Notices.

Through this approval, the Court is hereby consolidating the Actions for all purposes into the Solder Action.

### 1.8   No Admission

Amazon denies all material, factual and legal allegations contained in the Notices and Complaints and maintains that all Products that were sold and distributed in California have been and are in compliance with all laws and further contends that it has no obligations under Proposition 65 to provide warnings on any third-party sellers' Products. Nothing in this Consent Judgment shall be construed as an admission by Amazon of any fact, finding, issue of law or

1  violation of law; nor shall compliance with this Consent Judgment constitute or be construed as an

2  admission by Amazon of any fact, finding, conclusion, issue of law or violation of law.  This

3  Section 1.8 shall not, however, diminish or otherwise affect the obligations, responsibilities, and

4  duties under this Consent Judgment.

5       **1.9**    **Jurisdiction**

6       For purposes of this Consent Judgment only, the Parties stipulate that this Court has

7  jurisdiction over Amazon as to the allegations contained in the Complaint, that venue is proper in

8  the County of San Francisco, and that the Court has jurisdiction to enter and enforce the provisions

9  of this Consent Judgment pursuant to law including Proposition 65 and Code of Civil Procedure

10 §664.6.

11      **1.10**   **Effective and Compliance Dates**

12      For purposes of this Consent Judgment, the term "Effective Date" shall mean the date this

13 Consent Judgment is approved by the Court.  For purposes of this Consent Judgment, the term

14 "Compliance Date" shall mean 90 calendar days after the Effective Date.

15 **2.**    **INJUNCTIVE RELIEF: REFORMULATION OR WARNINGS**

16      **2.1**    **Injunctive Relief**

17      Pursuant to the terms set forth below, with respect to Products sold in California that do not

18 have a clear and reasonable Proposition 65 warning by the Compliance Date, Amazon, at its

19 option, agrees to either: (1) reformulate the Products, as set forth in Section 2.2 below; (2) request

20 and require its vendors of Products it sells on amazon.com and ships to a California address, as

21 well as any other person or entity selling Products on amazon.com ("Third-Party Sellers") that are

22 shipped to a California address, to provide a clear and reasonable Proposition 65 warning for the

23 Products, as set forth in Section 2.3 below, or Amazon will provide such a clear and reasonable

24 warning for the Products offered for sale or sold on amazon.com and shipped to a California

25 address, as set forth in Section 2.3 below; or (3) cease selling the Products in California or prohibit

26 the shipment of the Products to California addresses with regard to Products sold on amazon.com.

27 The Parties understand and agree that some Products may appear on amazon.com that contain no

28 warning but are not able to be shipped to California addresses (so sales cannot be completed) and

1  that this complies with Section 2.1(3) above.  To be clear, Section 2 of this Consent Judgment

2  only applies to Products sold on amazon.com and shipped to a California address.

3        **2.2    Reformulation Standards**

4        A "Reformulated Product" (a) contains lead in concentrations that do not exceed 90 parts

5  per million, equivalent to 0.009%, in any exterior parts analyzed pursuant to U.S. Environmental

6  Protection Agency (EPA) methodologies 3050B and 6010B, or (b) yields a result of no more than

7  1.0 micrograms of lead when sampled according to NIOSH 9100 protocol and analyzed according

8  to EPA 6010B.  In addition to the above tests, Amazon may use equivalent methods utilized by

9  any California or federal agency to determine lead content in a solid substance or the amount of

10  the bioavailability of the toxicant through a wipe test, respectively.

11        **2.3    Clear and Reasonable Warnings (Products Sold Online)**

12        On or before the Compliance Date, with regard to Products sold on amazon.com for which

13  a clear and reasonable Proposition 65 warning does not appear on amazon.com and the Product is

14  not a Reformulated Product, as described in Section 2.2 above, Amazon shall at its option for each

15  of the Products either (1) request and require any vendors of a Product it sells on amazon.com, as

16  well as any other Third-Party Seller, to provide a clear and reasonable warning on amazon.com for

17  the Product sold on amazon.com and shipped to a California address, or Amazon will provide such

18  a clear and reasonable warning for the Product sold on amazon.com and shipped to a California

19  address; or (2) cease selling the Product in California or prohibit the Product from being shipped

20  to California addresses with regard to products sold on amazon.com.

21        **(a)    Warning.**  The warning shall consist of the following or other substantially

22  similar language that is in compliance with Proposition 65 (Warning):

23

24        ⚠ **WARNING:**  This product can expose you to chemicals including lead, which
              is known to the State of California to cause cancer and birth
25              defects or other reproductive harm.  For more information go to
              www.P65Warnings.ca.gov.

26        **(b)    Short-Form Warning.**  Products sold on amazon.com may use the

27  following short-form warning as set forth in this Section 2.3 (Short-Form Warning) or any

28

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

1  substantially similar language so long as it is allowed under Proposition 65's implementing

2  regulations:

3

4       ⚠ **WARNING:**  Cancer and Reproductive Harm – www.P65Warnings.ca.gov

5       For any of the Products that are not Reformulated Products pursuant to Section 2.2 and are

6  offered for sale on amazon.com to California consumers after the Compliance Date, such online

7  Product listings shall contain a Warning or Short-Form Warning (as set forth above) which is

8  displayed to the purchaser prior to completion of the transaction without requiring the potential

9  buyer to use considerable effort to be made aware of the health hazard advisory.  The warning or a

10 clearly and reasonably marked hyperlink to the warning using the signal word **"Warning"** or

11 **" Product Warning"** given in conjunction with the online sale of the Products may appear either:

12 (a) prominently placed on a webpage in which the Product's photograph, price, or "add to cart"

13 section are displayed; (b) on the same webpage as the order form for the Product; or (c) on any

14 webpage displayed to the purchaser during the checkout process and prior to its completion for any

15 purchaser with a California shipping address.  The symbol "⚠" may be placed adjacent to the

16 signal word.  The internet warning may use the Short-Form Warning content described in

17 subsection 2.3(b). The URL "www.P65Warnings.ca.gov" in the Warning may be substituted with

18 an equivalent reference to the official "Proposition 65 Warnings Website."  Attached hereto as

19 **Exhibit A** is an example of a compliant warning on a checkout page.

20      **2.4    Foreign Language Requirement**

21      Amazon shall comply with the requirements set forth in 27 California Code of Regulations

22 §25602(d) if and to the extent it applies to any sale of any of the Products to any purchaser with a

23 California shipping address.

24      **2.5    Option to Delist**

25      On or before the Compliance Date, Amazon may, at its option, comply with the injunctive

26 commitments set forth in Section 2.3 above by delisting a Product from amazon.com such that the

27 item is then unavailable in general or for online sale for shipment to an address in California.  If it

28

6

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

1  does so, the previously delisted Product may be reinstated for sale online to California consumers

2  if it complies with Sections 2.1 through 2.4 prior to the date of such relisting.

3  **2.6    Right to Cure (No Assignment or Transfer of Claims)**

4  As of the time of this Consent Judgment, neither Plaintiffs nor their counsel have any

5  specific knowledge of the presence of any other Products sold on amazon.com that, in their

6  opinion, fails to comply with Proposition 65's warning requirements, other than those previously

7  disclosed to Amazon.  Plaintiffs represent and warrant that neither they nor their agents or

8  attorneys have assigned or otherwise transferred, or attempted to assign, or transfer, any claim or

9  claims against Amazon.  Plaintiffs further warrant that neither they nor their agents or attorneys

10 are aware of any other potential private enforcer or attorney who intends to bring litigation based

11 on the subject matter of the Consent Judgment.

12 To the extent Plaintiffs identify any Product in the future, whether or not subject to this

13 Consent Judgment, which they believe is not in compliance with Proposition 65 or this Consent

14 Judgment, Plaintiffs agree to advise Amazon of such potential violation in the manner set forth in

15 Section 8, and provide Amazon with 45 calendar days (calculated from the date written notice is

16 provided electronically) to cure any alleged violation, including by providing a Proposition 65

17 warning or taking action to ensure that the Product is not sold to any purchaser with a shipping

18 address in California.  Such notice to Amazon shall contain information sufficient for Amazon to

19 identify the product and the product's seller, which shall include the Amazon Standard

20 Identification Number (ASIN), the name of the product, the seller of the product, as well as a

21 screenshot of the product's online listing. If the alleged non-compliance is cured within the 45

22 calendar days, then Amazon shall not be deemed in breach or violation of Proposition 65 or this

23 Consent Judgment in any respect and Plaintiffs shall take no further action to enforce Proposition

24 65 or this Consent Judgment, Plaintiffs shall not be entitled to seek or recover any civil penalties,

25 and Plaintiffs and their counsel shall not be entitled to seek or recover any attorneys' fees or costs,

26 or any other available remedies arising from or relating to the alleged failure to comply with

27 Proposition 65 or the terms of this Consent Judgment, and the matter shall be deemed to be

28 resolved by and between Amazon and Plaintiffs as to such products. If, however, the alleged non-

7

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

1    compliance is not cured with the 45 calendar days, then Plaintiffs reserve the right to seek

2    additional civil penalties, reimbursement of reasonable attorney's fees, and any other available

3    remedies arising from or related to notices of noncompliance associated with Products covered by

4    the Consent Judgment or any other Product.

5        **2.7    Written Commitment of Compliance by Amazon Third-Party Sellers**

6        a.    The Parties acknowledge that Amazon has identified Third-Party Sellers of the

7    Products shipped to consumers in California since January 1, 2018, and disclosed other

8    information to Plaintiffs that furthers the public interest.  Such information is subject to the

9    Protective Order entered in this Solder Action.  Amazon represents that it has contacted many of

10    the Third-Party Sellers (and will contact or attempt to contact the remaining ones no later than 60

11    days after the Effective Date) to advise them of their contractual obligations as they pertain to the

12    claims described in Sections 1.6 and 1.7 above.

13        b.    For each Third-Party Seller that has not committed to the injunctive obligations set

14    forth in Sections 2.1, 2.2 and 2.3 by the Compliance Date, Amazon agrees to provide a clear and

15    reasonable warning as described in Section 2.3 or "delist" their Products as described in Section

16    2.5 no later than thirty days after the Compliance Date.  An example of an agreement that would

17    obligate a Third-Party Seller to take required injunctive measures is attached hereto as Exhibit B

18    (Third-Party Seller settlement), which commits the Third-Party Seller to the remedial relief set

19    forth in this Section for future sales of the Products on amazon.com and other online platforms.

20        c.    Amazon agrees to continue to assert its indemnification rights as to the Third-Party

21    Sellers until and through the Compliance Date (or as may be extended, as set forth in Section 4.1)

22    while Plaintiffs try to ensure that they commit to the remedial relief set forth in this Section for

23    future sales of the Products on amazon.com.  Amazon understands that the confidential sales data

24    it disclosed to Plaintiffs may be used as a factor in determining the amount of civil fines to be

25    assessed as to one or more Third-Party Sellers.

26        d.    Plaintiffs recognize that a new sixty-day notice may need to be issued naming one

27    or more Third-Party Sellers before their commitments are reported under Health & Safety Code

28    §25249.7(f), but that, before doing so, the Third-Party Sellers may have to first waive statutory

8

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

1  exemptions and/or jurisdictional barriers. Upon the expiration of any sixty-day period, the

2  respective Plaintiff shall report the settlement as required by law. If required by law, one or more

3  Third-Party Seller settlements shall be presented for judicial approval in this Solder Action and the

4  Parties agree to mutually support such process.

5  **3.     MONETARY SETTLEMENT TERMS**

6      **3.1    Civil Penalty Payments**

7          Within 30 calendar days of the Effective Date, and Amazon's receipt of a current W-9 from

8  Wozniak, Vinocur and California's Office of Health Hazard Assessment (OEHHA) whichever

9  date is later, pursuant to California Health & Safety Code §25249.7(b), and in settlement of all

10  alleged violations and claims referred to in the Notices, Complaints, Actions, and this Consent

11  Judgment, Amazon agrees to pay $500,000 in civil penalties. Amazon's civil penalty payment

12  will be allocated according to California Health & Safety Code §25249.12(c)(1) and (d), with

13  seventy-five percent (75%) of the penalty paid to OEHHA, and the remaining twenty-five percent

14  (25%) of the penalty payment split evenly and retained by Wozniak and Vinocur. Amazon shall

15  issue its payment in two checks made payable to (a) "OEHHA" in the amount of $375,000; and

16  (b) "Paul Wozniak" and "Laurence Vinocur" in the amount of $62,500 each, or shall include such

17  payments in an electronic transfer made payable to "Chanler, LLC". Plaintiffs' counsel shall send

18  the portions of the penalties paid by Amazon to OEHHA and Plaintiffs.

19      **3.2    Reimbursement of Attorneys' Fees and Costs**

20          The Parties acknowledge that Plaintiffs and their counsel offered to resolve this dispute

21  without reaching terms on their fees and costs and allowing this provision to be adjudicated by the

22  court. The Parties then negotiated the reasonable compensation to be paid to Plaintiffs' counsel

23  under general contract principles, Proposition 65 implementing regulation for fee awards at 11

24  California Code of Regulations §3201 and the private attorney general doctrine codified at

25  California Code of Civil Procedure §1021.5 for all work performed through the mutual execution

26  of this Consent Judgment and court approval of the same. Within 30 calendar days of the

27  Effective Date, and Amazon's receipt of a current W-9 from Chanler LLC, whichever date is later,

28  Amazon agrees to pay $1,710,000 by a check or electronic transfer made payable to "Chanler,

1  LLC" for all fees and costs incurred in investigating, bringing this matter to Amazon's attention,

2  litigating, and negotiating a settlement in the public interest.

3      **3.3    Payment Address**

4      All non-electronic transfer payments required by this Consent Judgment shall be delivered

5  to the following address:

6         Chanler, LLC
          Attn: Proposition 65 Controller
7         72 Huckleberry Hill Road
          New Canaan, CT 06840

8

9  **4.    CLAIMS COVERED AND RELEASED**

10      **4.1    Plaintiffs' Release of Proposition 65 Claims**

11      This Consent Judgment is a full, final, and binding resolution between Plaintiffs, acting on

12  their own behalf and in the public interest, on behalf of themselves, each of their past, current, and

13  future agents, representatives, attorneys, successors, and/or assignees, and Amazon and its past,

14  current, and future direct and indirect subsidiaries, affiliated entities under common ownership,

15  predecessors, successors, directors, officers, managers, shareholders, members, employees, agents,

16  assignees, and attorneys (collectively, Releasees) and each person or entity to whom any of the

17  Releasees directly or indirectly distributes or sells, or in the past directly or indirectly distributed

18  or sold, the Products including, but not limited to, any downstream distributors, wholesalers,

19  customers, retailers, franchisers, cooperative members, licensors and licensees (collectively,

20  Downstream Releasees) of, from, and with regard to any and all alleged or actual violations of

21  Proposition 65 for a failure to warn about exposures to lead from the Products that were

22  manufactured, produced, packaged, imported, supplied, distributed, sold on amazon.com, or

23  offered for sale on amazon.com prior to the Compliance Date, including as set forth in any of the

24  Notices, Complaints, and/or Actions (Released Allegations).  Compliance with the terms of this

25  Consent Judgment constitutes compliance with Proposition 65 by Amazon, each of the Releasees,

26  and/or each of their Downstream Releasees, with respect to the alleged or actual failure to warn

27  about exposures to lead from the Products. including as set forth in any of the Notices,

28  Complaints, and/or Actions.

10

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

1    Plaintiffs, acting on their own behalf and in their personal capacity, and not in their

2    representative capacity, on behalf of themselves, each of their past, current, and future agents,

3    representatives, attorneys, successors, and/or assignees, further release, waive, and fully discharge

4    Amazon, each of the Releasees, and/or each of their Downstream Releasees from any and all

5    claims, actions, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses,

6    claims, liabilities and demands of Plaintiffs, of any nature, character or kind, whether arising in

7    law or equity, known or unknown, suspected or unsuspected, asserted or unasserted, including as

8    set forth in any of the Notices, Complaints, and/or Actions, arising from or related to any alleged

9    or actual exposures to lead from Products that were manufactured, produced, packaged, imported,

10    supplied, distributed, sold on amazon.com, or offered for sale on amazon.com prior to the

11    Compliance Date (Released Claims). Plaintiffs, in their personal capacity only, specifically waive

12    any and all rights and benefits related to the Released Claims that either of them now has, or in the

13    future may have, conferred by virtue of the provisions of Section 1542 of the California Civil

14    Code, which reads as follows:

15         A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
           CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT
16         TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
           THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD
17         HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH
           THE DEBTOR OR RELEASED PARTY.
18

19    Notwithstanding the above, Amazon acknowledges and agrees that any and all Released

20    Allegations and Released Claims relating to Amazon's written communications to the Third-Party

21    Sellers described in Section 2.7 (that are not otherwise released by Plaintiffs in separate

22    agreements) are excluded from this Section 4.1 release until and through 45 days following the

23    Compliance Date, on which date this exclusion from this Section 4.1 no longer applies.  Amazon

24    further acknowledges and agrees that, if until and through 45 days following the Compliance Date

25    a new sixty-day notice is issued to any of the Third-Party Sellers described in Section 2.7 for any

26    Products sold on amazon.com and/or judicial approval is necessary under law with regard to any

27    separate agreement with any of the Third-Party Sellers described in Section 2.7 for any Products

28    sold on amazon.com, the exclusion period shall be extended up to an additional 120 days after the

1  Compliance Date so as to allow reasonable time for such processes to be completed. The Parties

2  agree that this extended period allows Amazon to exercise its indemnification rights in order to

3  further the public interest.

4      **4.2    Amazon's Release of Plaintiffs**

5      Amazon, on its own behalf and on behalf of its past, current, and future agents,

6  representatives, attorneys, successors and/or assignees, hereby waives any and all claims against

7  Plaintiffs and their attorneys and other representatives, for any and all actions taken or statements

8  made (or those that could have been taken or made) by Plaintiffs and their attorneys and other

9  representatives in the course of investigating the claims at issue in this matter, seeking to enforce

10  Proposition 65 against it in this matter, or with respect to the Products as set forth in in any of the

11  Notices, Complaints, or Actions.

12  **5.    <u>COURT APPROVAL</u>**

13      This Consent Judgment shall be null and void and shall never be introduced into evidence

14  or otherwise used in any proceeding for any purpose (other than to allow the Court to determine if

15  there was a material breach of the following paragraph of this Section 5) if, for any reason, it is not

16  approved and entered by the Court within one year after it has been fully executed by all Parties.

17      Plaintiffs and Amazon agree to support the entry of this agreement as a judgment, and to

18  obtain the Court's approval of their settlement in an expedited manner as allowed by law. The

19  Parties acknowledge that, pursuant to California Health & Safety Code §25249.7(f)(4), a noticed

20  motion is required for judicial approval of this Consent Judgment, which Plaintiffs shall primarily

21  draft and file. Defendant shall be primarily responsible for seeking the Court's approval to have

22  any motions to approve heard on shortened time. In furtherance of obtaining such approval, the

23  Parties agree to employ their mutual reasonable best efforts, and those of their counsel, to support

24  the entry of this agreement as a judgment, and to obtain judicial approval of related settlements, if

25  needed, in a timely manner. For purposes of this section, "best efforts" shall include, at a

26  minimum, supporting the motion for approval, assisting in drafting the motion as needed, jointly

27  requesting the Court to have the motion heard on shortened time as allowed and, if requested by

28

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

1  Plaintiffs, responding to any objection that any third-party may file and appearing at the hearing

2  before the Court.

3  **6.    SEVERABILITY**

4     If, subsequent to the Court's approval and entry of this Consent Judgment as a judgment,

5  any provision of this Consent Judgment is held by a court to be unenforceable, the validity of the

6  remaining provisions shall not be adversely affected.

7  **7.    GOVERNING LAW**

8     The terms of this Consent Judgment shall be governed by the laws of the State of California

9  and apply within the State of California.  In the event that Proposition 65 is repealed, preempted,

10  or is otherwise amended or rendered inapplicable by reason of law generally, or as to any of the

11  Products or any of the alleged violations set forth in any of the Notices, Complaints, and Actions,

12  then Amazon may provide Plaintiffs with written notice of any asserted change in the law, and

13  shall have no further injunctive obligations pursuant to this Consent Judgment, with respect to,

14  and to the extent that, the Products and/or any requirement set forth in this Consent Judgment is

15  affected by such a change in the law.  Nothing in this Consent Judgment shall be interpreted to

16  relieve Amazon from its obligation to comply with any other applicable state or federal law or

17  regulation.

18     The Parties agree that if the Office of Environmental Health Hazard Assessment changes

19  any of its applicable regulations, including its warning regulations, then Amazon may either

20  conform with the revised regulations or continue to conform with the terms provided in this

21  Consent Judgment if the new implementing regulations so allow.

22  **8.    NOTICE**

23     Unless specified herein, all correspondence and notice required or permitted by this

24  Consent Judgment shall be in writing and sent by: (a) personal delivery; (b) first-class registered

25  or certified mail, return receipt requested; or (c) a recognized overnight courier to any Party by the

26  other at the following addresses.  In addition to (a), (b), or (c) above, any notice required or

27  permitted by this Consent Judgment shall also be provided via electronic mail if an email address

28  is provided for the recipient below:

13

[PROPOSED] CONSENT JUDGMENT

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

To Amazon:

Amazon.com, Inc.
410 Terry Avenue N
Seattle, WA 98109
[Amazon Legal Department]

With a Copy To:

Brett H. Oberst, Esq.
Doll Amir & Eley LLP
725 S. Figueroa St., Suite 3275
Los Angeles, CA 90017
boberst@dollamir.com

To Plaintiffs:

Attn: Proposition 65 Coordinator
Chanler, LLC
72 Huckleberry Hill Road
New Canaan, CT 06840
clifford@chanlerllc.com

Any Party may, from time to time, specify in writing to the other Party a change of address to which all notices and other communications shall be sent.

**9.      COUNTERPARTS, FACSIMILE AND PDF SIGNATURES**

This Consent Judgment may be executed in counterparts and by facsimile or portable document format (pdf) signature, each of which shall be deemed an original and, all of which, when taken together, shall constitute one and the same document.

**10.      COMPLIANCE WITH REPORTING REQUIREMENTS**

Plaintiffs and their counsel agree to comply with the reporting form requirements referenced in California Health & Safety Code §25249.7(f).

**11.      ENTIRE AGREEMENT**

This Consent Judgment contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and any and all prior discussions, negotiations, commitments, or understandings related thereto, if any, are hereby merged herein and therein.  There are no warranties, representations, or other agreements between the Parties or any of their counsel except as expressly set forth herein.  No representations, oral or otherwise, express or implied, other than those specifically contained or referred to in this Consent Judgment have been made by any Party hereto or any of their counsel.  No other agreements not specifically contained or referenced herein, oral or otherwise, shall be deemed to exist or to bind any of the Parties hereto or any of their counsel.  Nothing in this Section, however, shall be deemed to diminish or impact Amazon's commitment set forth in Section 2.7(c) above.

14

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

## 12.  **MODIFICATION**

This Consent Judgment may be modified only by: (a) a written agreement of the Parties and the entry of a modified Consent Judgment by the Court thereon; or (b) upon a successful motion of any party and the entry of a modified Consent Judgment by the Court thereon. Any Party seeking to modify this Consent Judgment shall attempt in good faith to meet and confer with all affected Parties prior to filing a motion to modify the Consent Judgment.

## 13.  **AUTHORIZATION**

The undersigned were authorized to execute this Consent Judgment on behalf of their respective Parties and have read, understood, and agreed to all of the terms and conditions contained herein.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

15

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

**AGREED TO:**

Date: February 28, 2023

By: _____
PAUL WOZNIAK

Date: February 28, 2023

By: _____
LAURENCE VINOCUR

**APPROVED AS TO FORM:**

Date: February 28, 2023

By: _____
CLIFFORD A. CHANLER
Counsel for Plaintiffs

Date: March 2 , 2023

By: _____
BRETT H. OBERST
Counsel for Defendant

**AGREED TO:**

Date: March 1 , 2023

DocuSigned by:

By: _____
AMAZON.COM, INC.

16

[PROPOSED] CONSENT JUDGMENT

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

1

2 **IT IS SO ORDERED, ADJUDGED, AND DECREED:**

3

4

Dated: _____3/7_____, 2023          _____
5                                                        Judge of the Superior Court of the State of California

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

[PROPOSED] CONSENT JUDGMENT

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

1

EXHBIT A

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] CONSENT JUDGMENT

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

Annotate Image



DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

1

# EXHBIT B

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] CONSENT JUDGMENT

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

# SETTLEMENT AGREEMENT

AG Notice No. 2021-00956, 2021-02261 and 2022-01682

(Amazon)

**1.** **INTRODUCTION**

1.1    Wozniak and [SETTLING ENTITY]

This settlement agreement (Settlement Agreement) is entered into by and between Paul Wozniak and [SETTLING ENTITY] (Settling Entity) with Wozniak and the Settling Entity referred to as the "Parties." Wozniak is an individual residing in California who seeks to promote awareness of exposures to toxic chemicals and to improve human health by reducing or eliminating hazardous substances contained in consumer products. Pursuant to California Health & Safety Code §§25249.5, *et seq.* (Proposition 65), the Settling Entity is a responsible party selling the products at issue set forth in subsection 1.3 below to (a) California consumers or (b) downstream entities in the course of doing business which the Settling Entity has reason to believe sell into the California marketplace (customers).

1.2    General Allegations

The Settling Entity enters into this Settlement Agreement on behalf of the noticed violator described in subsection 1.4 below, with whom such Settling Entity has a contract for one or more of the products at issue which contains indemnity and defense clauses. The Settling Entity has accepted a tender from the noticed violator and approached Wozniak to resolve such violator's alleged liability. Additionally, the Settling Entity is making commitments in furtherance of the public interest as set forth below.

Wozniak alleges that the Settling Entity manufactures, imports, distributes, sells and/or otherwise facilitates for sale in California the lead products defined below, and that it does so without providing the health hazard warning required by Proposition 65 for consumer exposures to lead. Lead is listed pursuant to Proposition 65 as a chemical known to the State of California to cause cancer, and birth defects or other reproductive harm.

2.28.2023

1.3    Product Description

The lead products covered by this Settlement Agreement are limited to following
Amazon Identification Number (ASIN) [ASIN], with the description [PRODUCT
NAME/DESCRIPTION] which were offered for sale by the Settling Entity on amazon.com,
hereinafter the "Product" or "Products."

1.4    Notices of Violation

On or about April 29, 2021, September 10, 2021 and July 21, 2022, Wozniak served
Amazon.com, Inc. and certain requisite public enforcement agencies with 60-Day Notices of
Violation (notice), alleging that Amazon.com, Inc. violated Proposition 65 when it failed to warn
customers or consumers in California that the Products expose users to lead. To the best of the
Parties' knowledge, no public enforcer has commenced and is diligently prosecuting the
allegations set forth in the notice. The Settling Entity understands that Wozniak may need to
issue a 60-Day Notice of Violation expressly naming the Settling Entity. To facilitate the
issuance of such sixty-day letter, the Settling Entity agrees to certain conditions set forth below.

1.5    No Admission

The Settling Entity (and on behalf of the noticed violator described in subsection 1.4
above) denies the material, factual and legal allegations contained in the notice and maintains
that all Products that were sold and distributed in California have been and are in compliance
with all laws. Nothing in this Settlement Agreement shall be construed as an admission by the
Settling Entity (and/or Amazon) of any fact, finding, issue of law or violation of law; nor shall
compliance with this Settlement Agreement constitute or be construed as an admission by the
Settling Entity (and/or Amazon) of any fact, finding, conclusion, issue of law or violation of law.
This subsection shall not, however, diminish or otherwise affect the obligations, responsibilities,
and duties under this Settlement Agreement including the waivers and acknowledgements
contained in Sections 6 and 10 below.

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

1.6    Effective Date

For purposes of this Settlement Agreement, the term "Effective Date" shall mean March __, 2023.

## 2.    INJUNCTIVE RELIEF: WARNINGS OR REFORMULATION

2.1    Injunctive Relief

The Settling Entity agrees to provide the requisite health hazard warning as set forth in subsections 2.3 through 2.6 below for each Product unless it is reformulated.

2.2    Reformulation Standards

A "reformulated" product (a) contains lead in concentrations that do not exceed 90 parts per million, equivalent to 0.009%, in any exterior parts analyzed pursuant to U.S. Environmental Protection Agency (EPA) methodologies 3050B and 6010B, or (b) yields a result of no more than 1.0 micrograms of lead when sampled according to NIOSH 9100 protocol and analyzed according to EPA 6010B. In addition to the above tests, the Settling Entity may use equivalent methods utilized by any California or federal agency to determine lead content in a solid substance or the amount of the bioavailability of the toxicant through a wipe test, respectively.

2.3    Clear and Reasonable Warnings

Commencing on or before March __, 2023 (the compliance date), for any Products that are not reformulated, the Settling Entity shall provide clear and reasonable warnings for all units of the Products offered for sale on amazon.com and other websites and sold to any purchaser with a shipping address in California. Each warning shall be prominently placed with such conspicuousness as compared with other words, statements, designs, or devices as to render it likely to be read and understood by an ordinary individual under customary conditions of purchase or use.

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

    **(a)** **Warning.** The warning shall consist of the following or other substantially similar language that is in compliance with Proposition 65 (Warning):

> ⚠ **WARNING**:  This product can expose you to chemicals including lead, which is known to the State of California to cause cancer and birth defects or other reproductive harm.  For more information go to www.P65Warnings.ca.gov.

    **(b)** **Short-Form Warning.** The Settling Entity may, but is not required to, use the following short-form warning as set forth in this subsection 2.3(b) (Short-Form Warning) or any substantially similar language so long as it is consistent with the implementing regulations, and subject to the additional requirements in subsections 2.5 and 2.6, as follows:

> ⚠ **WARNING:**  Cancer and Reproductive Harm – www.P65Warnings.ca.gov

    **(c)** **Foreign Language Requirement.** Where a product sign or label used to provide a warning includes consumer information in a language other than English, the warning shall also be provided in such language.

    2.4    <u>On-Product Warnings</u>

    The Settling Entity shall affix a warning to the label or otherwise directly on each unit of the Product provided through in-store retail outlets in California or sold online to consumers in California either directly or through its customers.  For the purpose of this Settlement Agreement, "label" means a display of written, printed or graphic material that is printed on or affixed to a Product or its immediate container.  The entire warning shall appear in a type size of at least 6-point type and no smaller than the largest type size used for other consumer information on the product.  The warning language shall consist of either the Warning, or the Short-Form Warning described above in subsection 2.3(a) or (b), respectively, and be consistent with 2.3(c) above if it applies.

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

2.5    Mail Order Catalog Warnings

In the event that, the Settling Entity prints new catalogs and sells units of the Products via mail order through such catalogs to California consumers or through its customers, the Settling Entity shall provide a warning for each unit of such Product both on the label in accordance with subsection 2.4 above, and in the catalog in a manner that clearly associates the warning with the specific Product being purchased. Any warning provided in a mail order catalog shall be in the same type size or larger than other consumer information conveyed for such Product within the catalog and shall be located on the same display page of the item. The catalog warning may use the Short-Form Warning content described in subsection 2.3(b) if the language provided on the Product label also uses the Short-Form Warning.

2.6    Internet Warnings

If the Settling Entity offers for sale any of the Products to California consumers through websites such as amazon.com that are not reformulated as set forth in subsection 2.2 above, it shall ensure that the required warning (with the language set forth in subsection 2.3 above) is prominently displayed to the purchaser prior to completion of the transaction without requiring the potential buyer to use considerable effort to be made aware of the health hazard advisory. The warning (or a clearly marked hyperlink to the warning using the word "**WARNING**") given in conjunction with the online sale of the Products may appear either: (a) prominently placed on a webpage in which the Product's photograph, price, or "add to cart" section are displayed; (b) on the same webpage as the order form for the Product; or (c) on any webpage displayed to the purchaser during the checkout process and prior to its completion for any purchaser with a California shipping address. The symbol "⚠" may be placed adjacent to the signal word. The internet warning may use the Short-Form Warning content described in subsection 2.3(b). The URL "www.P65Warnings.ca.gov" in the Warning may be substituted with an equivalent reference to the official "Proposition 65 Warnings Website."

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

3.    **MONETARY SETTLEMENT TERMS**

    3.1    <u>Civil Fines</u>

    Pursuant to Health & Safety Code §25249.7(b), and in settlement of all claims alleged in the notice, the Settling Entity agrees to pay a total of $_____ in civil fines.  This payment will be allocated in accordance with Health & Safety Code §25249.12(c)(1) and (d), with 75% of the penalty amount paid to the Office of Environmental Health Hazard Assessment (OEHHA) and the remaining 25% of the penalty amount paid to and retained by Wozniak.

    The Settling Entity will deliver its civil penalty payment to the address in subsection 3.3 by overnight courier, with a tracking number, or through an automatic electronic transfer such that payment is received by Wozniak's counsel on or before the Effective Date.  For non-electronic payments the Settling Entity shall provide two checks made payable to: (a) "OEHHA" in the amount of $_____; and (b) "Paul Wozniak" in the amount of $_____.  Thereafter, Wozniak's counsel shall send the portions of the penalties paid by the Settling Entity to OEHHA and Wozniak.

    3.2    <u>Reimbursement of Attorneys' Fees and Costs</u>

    The Parties acknowledge that Wozniak and his counsel offered to resolve this dispute without reaching terms on the amount of fees and costs to be reimbursed to them, thereby leaving the issue to be resolved after the material terms of the agreement had been settled.  Shortly after the other settlement terms had been finalized, the Settling Entity expressed a desire to resolve Wozniak's fees and costs.  The Parties then negotiated a resolution of the compensation due to Wozniak's counsel under general contract principles, Proposition 65 implementing regulations codified at 11 California Code of Regulations §3201 and/or the private attorney general doctrine codified at California Code of Civil Procedure §1021.5.  For all work performed through the mutual execution of this agreement, the Settling Entity shall reimburse Wozniak's counsel $_____.  The Settling Entity will deliver its payment to the address in subsection 3.3 by overnight courier, with a tracking number, or through an automatic electronic transfer such that payment is received by Wozniak's counsel on or before the Effective Date.

2.28.2023                                                                                                              6

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

The reimbursement shall cover all fees and costs incurred by Wozniak investigating, bringing this matter to the Settling Entity's attention and negotiating a settlement of the matter in furtherance of the public interest and, if necessary, issuing a sixty-day notice to the Settling Entity and/or seeking judicial approval of this Settlement Agreement.

> 3.3    Payment Address and Effect of Non-Payment

All non-electronic payments required by this Settlement Agreement shall be delivered to the following address:

> Chanler, LLC
> Attn: Proposition 65 Controller
> 72 Huckleberry Hill Road
> New Canaan, CT 06840

Should the payments due under Section 3 not clear within two business days from the Effective Date, then this Settlement Agreement shall be null and void.

**4.    CLAIMS COVERED AND RELEASED**

> 4.1    Wozniak's Release of The Settling Entity

This Settlement Agreement is a full, final and binding resolution between Wozniak, as an individual (and not on behalf of the public yet furthers its health interest, unless it is judicially approved, in which case the release would be in furtherance of the public interest), and the Settling Entity, of any violation of Proposition 65 that was or could have been asserted by Wozniak on behalf of himself, his past and current agents, representatives, attorneys, successors, and/or assignees, against the Settling Entity, Amazon and each of their past, current, and future direct and indirect parents, subsidiaries, affiliated entities under common ownership, predecessors, successors, directors, officers, managers, shareholders, members, employees, agents, assignees, and attorneys (releasees), based on their alleged or actual failure to warn about alleged exposures to lead contained in the Products that were sold and/or offered for sale in California by the Settling Entity through amazon.com before the Effective Date, as alleged in the notice.

2.28.2023                                                                                                     7

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

In further consideration of the promises and agreements herein contained, Wozniak as an individual and not on behalf of the public, on behalf of himself, his past and current agents, representatives, attorneys, successors, and/or assignees, hereby waives all of his rights to institute or participate in, directly or indirectly, any form of legal action and releases all claims that he may have, including, without limitation, all actions, and causes of action, in law or in equity, suits, liabilities, demands, obligations, damages, costs, fines, penalties, losses, or expenses including, but not exclusively, investigation fees, expert fees, and attorneys' fees arising under Proposition 65 with respect to lead in the Products, sold and/or offered for sale by the Settling Entity, before the Effective Date, against the Settling Entity and the releasees.

The Parties further understand and agree that this subsection 4.1 release shall not extend upstream to any entities that manufactured the Products or any component parts thereof, or any distributors, importers or suppliers who sold the Products to the Settling Entity. Nothing in this subsection affects Wozniak's right to commence or prosecute an action under Proposition 65 against a releasee that does not involve the Products that were sold and/or offered for sale in California by the Settling Entity.

4.2    The Settling Entity's Release of Wozniak

The Settling Entity, on behalf of itself, its past and current agents, representatives, attorneys, successors, and assignees, hereby waives any and all claims against Wozniak and his attorneys and other representatives, for any and all actions taken or statements made (or those that could have been taken or made) by Wozniak and his attorneys and other representatives, whether in the course of investigating claims or otherwise seeking to enforce Proposition 65 in connection with the notice or Products.

## 5.    **SEVERABILITY**

If, subsequent to its execution, any of the provisions of this Settlement Agreement are deemed by a court to be unenforceable, the validity of the enforceable provisions remaining shall not be adversely affected.

6.    **GOVERNING LAW & ENFORCEMENT**

The terms of this Settlement Agreement shall be governed by the laws of the State of California and apply within the State of California. For purposes of this Settlement Agreement only, the Settling Entity stipulates that the Superior Court of California shall have personal jurisdiction over it for the limited and sole purpose of an action to enforce the terms of this Settlement Agreement, brought without joinder of other claims. As an expressed condition of this Settlement Agreement, the Settling Entity waives any exemptions under California Health & Safety Code §25249.6 *et seq.* The Settling Entity also agrees to accept electronic service of a 60-Day Notice of Violation, if one is issued, at the email address noted in Section 7 below. The Settling Entity further acknowledges that it is waiving any argument that the Products do not expose individuals to lead and that any affirmative defense exists under California Health & Safety Code §25249.10(c). Nothing in this Settlement Agreement shall be interpreted to relieve the Settling Entity from any obligation to comply with any pertinent state or federal toxics control law.

The Parties agree that if the Office of Environmental Health Hazard Assessment (OEHHA) changes its warning regulations affecting subsections 2.3 through 2.6 below, then the Settling Entity may either conform with the revised law or continue to conform with the terms provided in this Settlement Agreement if the new implementing regulations so allow. In doing so, the Settling Entity will be in compliance with this Settlement Agreement as long as it continues to fulfill any warning obligations unaffected by such new changes.

In the event that Proposition 65 is repealed or is otherwise rendered inapplicable by reason of law generally, or if any of the provisions of this Settlement Agreement are rendered inapplicable or no longer required as a result of any such repeal or preemption or rendered inapplicable by reason of law generally as to the Products, then the Settling Entity shall provide written notice to Wozniak of any asserted change in the law and shall have no further injunctive obligations pursuant to this Settlement Agreement with respect to, and to the extent that, the Products are so affected.

2.28.2023                                                                                          9

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

7.    **NOTICE**

Unless specified herein, all correspondence notices and service of process required to be

provided pursuant to this Settlement Agreement shall be in writing and: (a) personally delivered;

(b) sent by first-class (registered or certified mail) return receipt requested; (c) sent by overnight

courier; or (d) electronically transmitted to one party by the other party at the following

addresses:

        For the Settling Entity:

        [NAME OF SETTLING ENTITY
        ATTN: PRIMARY CONTACT
        LEGAL ADDRESS
        EMAIL ADDRESS]

        With a Copy to:

        [SETTLING ENTITY COUNSEL NAME
        LAW FIRM NAME
        LEGAL ADDRESS
        EMAIL ADDRESS]

        For Wozniak:

        Proposition 65 Coordinator
        Chanler, LLC
        72 Huckleberry Hill Road
        New Canaan, CT 06840
        clifford@chanlerLLC.com

Any party, from time to time, may specify in writing to the other party a change of

address to which all notices and other communications shall be sent.

8.    **COUNTERPARTS; FACSIMILE AND SIGNATURES**

This Settlement Agreement may be executed in counterparts and by facsimile or pdf

signature, each of which shall be deemed an original, and all of which, when taken together, shall

constitute one and the same document.

DocuSign Envelope ID: B964B856-5EC2-40C6-B96D-BAE86067F144

9.    **COMPLIANCE WITH HEALTH & SAFETY CODE § 25249.7(F)**

Wozniak agrees to comply with the reporting requirements referenced in Health & Safety Code §25249.7(f).

10.    **WAIVER OF HEALTH & SAFETY CODE §25249.11(B) AND SERVICE OF 60-DAY NOTICE OF VIOLATION**

The Settling Entity represents that it has employed less than 10 employees at all relevant times, does not have sufficient contacts within the State of California and/or otherwise does not fall directly within the purview of Proposition 65. Notwithstanding the prior sentence, the Settling Entity waives any exemption for the purposes of receiving a 60-Day Notice of Violation for the products defined in subsection 1.3. As a direct third-party seller of the Products on amazon.com, the Settling Entity initially contacted Mr. Wozniak voluntarily and freely enters into the terms of this Settlement Agreement.

11.    **MOTION FOR JUDICIAL APPROVAL**

The Parties agree that Wozniak may seek the Court's approval of this Settlement Agreement as allowed by law. In such event, Wozniak shall file the motion to approve.

12.    **MODIFICATION**

This Settlement Agreement may be modified only by a written agreement of the Parties.

13.    **AUTHORIZATION**

The undersigned are authorized to execute this Settlement Agreement and have read, understood, and agreed to all of the terms and conditions contained herein.


**AGREED TO:**                              **AGREED TO:**

Date: March ___, 2023                       Date:  March ___, 2023


By:_____          By:_____
       Paul Wozniak                                [NAME]
                                                            [TITLE]
                                                            [SETTLING ENTITY NAME]


2.28.2023                                                                          11

**PROOF OF SERVICE**

I am over 18 years of age and not a party to this action. I am employed in the county where the mailing took place. My business address is 72 Huckleberry Hill Road, New Canaan, CT 06840.

On March 8, 2023, I caused the following document(s) to be served, described as:

**NOTICE OF ENTRY OF CONSENT JUDGMENT**

on each interested party as follows:

      Brett H. Oberst, Esq.
      Doll Amir & Eley LLP
      Email Address: boberst@dollamir.com
      *Attorneys for Amazon.com, Inc.*

[ X ]  (BY ELECTRONIC MAIL)  I caused a true and correct copy of the foregoing document(s) to be served by electronic mail at the time shown on the mailing to each interested party at the electronic mail address shown above. Each mailing was reported as sent and without error.

Executed this 8th day of March, 2023, at New Canaan, Connecticut, I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
      Lorent Guimaraes

PROOF OF SERVICE