Rachel S. Doughty (Cal. Bar No. 255904)
Jennifer Rae Lovko (Cal. Bar No. 208855)
GREENFIRE LAW, PC
2478 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fax: (510) 900-9502
Email: RDoughty@greenfirelaw.com
  RLovko@greenfirelaw.com

Attorneys for Plaintiff As You Sow

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AS YOU SOW, a 501(c)(3) nonprofit organization,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ETSY, INC.,<br><br>　　　　　Defendant. | Case No.: 24-cv-04203-MMC<br><br>**[PROPOSED] ORDER ON MOTION TO APPROVE SETTLEMENT (PROPOSITION 65)**<br><br>Judge: Hon, Maxine M. Chesney<br>Date: April 25, 2025<br>Time: 9:00 a.m.<br>Place: Courtroom 7 |

**TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

Plaintiffs AS YOU SOW and Defendant Etsy, Inc. have agreed that judgment be entered pursuant to the terms of the [Proposed] Consent Judgment entered into by the parties and attached hereto as **Exhibit 1**. After consideration of the papers and arguments submitted in Plaintiffs' Motion to Approve the Proposition 65 Settlement, the Court finds that the settlement agreement set out in the Consent Judgment meets the criteria established by Cal. Health & Safety Code § 25249.7, in that:

1. The injunctive relief required by the Consent Judgment complies with Cal. Health & Safety Code § 25249.7;

2. The reimbursement of fees and costs to be paid pursuant to the Consent Judgment is reasonable under California law; and

3. The civil penalty and alternative settlement payment amounts to be paid pursuant to Consent Judgment are reasonable.

Accordingly, the Motion to Approve the Proposition 65 Settlement is GRANTED, and the Court orders that judgment be entered pursuant to the terms of the Consent Judgment. The matter is dismissed without prejudice as to Doe defendants.

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT COURT JUDGE

# Exhibit 1
# to Proposed Order on Motion

| | |
|---|---|
| RACHEL S. DOUGHTY (SBN 255904)<br>J. RAE LOVKO (SBN 208855)<br>GREENFIRE LAW, PC<br>2748 Adeline Street, Suite A<br>Berkeley, CA 94703<br>Ph/Fx: (510) 900-9502<br>rdoughty@greenfirelaw.com<br>rlovko@greenfirelaw.com<br><br>*Attorneys for Plaintiff* | NICHOLAS J. HOFFMAN (SBN 284472)<br>ARIA HANGVAL (SBN 336933)<br>McGUIREWOODS LLP<br>Wells Fargo Center – South Tower<br>355 S. Grand Avenue<br>Los Angeles, CA 90071-3103<br>(213) 457-9840<br>nhoffman@mcguirewoods.com<br>ahangval@mcguirewoods.com<br><br>*Attorneys for Defendant, Etsy, Inc* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AS YOU SOW, a 501(c)(3) non-profit corporation,<br><br>              Plaintiff,<br><br>     v.<br><br>ETSY, INC. and DOES 1-20, inclusive,<br><br>              Defendants. | Case No. 3:24-cv-04203-MMC<br><br>Hon. Maxine M. Chesney<br>_____<br><br>**CONSENT JUDGMENT** |

CONSENT JUDGMENT

# SETTLEMENT AGREEMENT

AG Notice Nos.: 2024-01113, 2024-00232

## 1. INTRODUCTION

### 1.1 Parties

This settlement agreement ("Settlement Agreement") is entered into by and between As You Sow ("AYS") and Etsy, Inc. ("Settling Entity") with AYS and the Settling Entity referred to collectively as the "Parties." AYS is a 501(c)(3) non-profit California corporation that seeks to promote awareness of exposures to toxic chemicals and to improve human health by reducing or eliminating hazardous substances contained in consumer products. The Settling Entity has 10 or more employees and AYS contends that the Settling Entity falls within the scope of California Health & Safety Code §§ 25249.5, *et seq.* (Proposition 65).

### 1.2 General Allegations

AYS alleges that the Settling Entity distributes, retails, and/or otherwise facilitates the sale in California of the products defined below, and that it does so without providing the health hazard warning AYS contends is required by Proposition 65 for consumer exposures to mercury. Mercury is listed pursuant to Proposition 65 as a chemical known to the State of California to cause birth defects or other reproductive harm.

### 1.3 Product Description

The products covered by this Settlement Agreement are those cosmetic skin lightening creams sold through listings on Settling Entity's website, Etsy.com, before the Effective Date which AYS alleges contain mercury and which are listed below, hereinafter the "Product" or "Products" identified as follows:

- Deluxe Nadinola Bleaching Cream
- Due Beauty Cream
- Faiza
- La Tia Mana Crema Limpiadora y Curativa
- Miss Key Crema Blanqueadora
- Jing Zhuang Jinyiqi/"Yiqi"

1     •      La Magia Blanca de Michelle Marie Crema Blanqueadora

2     •      Parley Beauty Cream

3     •      Shivanya Beauty Cream

4     •      La Unica Cream Casa Botanica

This Settlement Agreement extends to no other products than the Products, except as otherwise specified in the below releases.

    1.4      <u>Notices of Violation</u>

On January 18, 2024, AYS served Etsy, Inc. and the requisite public enforcement agencies with a 60-Day Notice of Violation ("First Notice"), alleging that Etsy, Inc. violated Proposition 65 when it failed to provide a warning to customers or consumers in California that the Products expose users to mercury. On March 13, 2024, the California Attorney General issued a "no merit" letter stating that Plaintiff's counsel had failed to present information sufficient to provide a basis for Plaintiff's certificate of merit as required by California Health & Safety Code § 25249.7(d)(1). AYS disagrees with the Attorney General's position.

On March 15, 2024, AYS served Etsy, Inc. and the requisite public enforcement agencies with a second 60-Day Notice of Violation ("Second Notice") (the "First Notice and "Second Notice," together, the "Notices") regarding additional creams that allegedly contain mercury or mercury compounds. Subsequently, on March 27, 2024, the California Attorney General issued another "no merit" letter, this time related to the Second Notice, stating that AYS had no authority to enforce the Second Notice on behalf of the public. AYS disagrees with the Attorney General's position.

To the best of the Parties' knowledge, no public enforcer has commenced and is diligently prosecuting the allegations set forth in either the First Notice or the Second Notice.

    1.5      <u>Settling Entity's Position; No Admission of Liability</u>

The Settling Entity denies the material, factual and legal allegations contained in the Notices and AYS's Complaint in the case of *As You Sow v. Etsy, Inc.* (Case No. 3:24-cv-04203-MMC) (the "Action"), and that any Products sold and distributed in California were not in compliance with applicable laws. The Settling Entity contends that AYS's Notices and

1  Complaint have no merit, as stated by the California Attorney General in its two "no merit"
2  letters.  Nonetheless, the Settling Entity has agreed to a settlement due to the significant costs
3  and uncertainty associated with litigation of the Action.  The Settling Entity's further position is
4  that all items sold on its marketplace are listed and sold by third-party sellers, and that it has no
5  obligations under Proposition 65 to provide warnings on any third-party sellers' Products.  The
6  Settling Entity further asserts that it is not a retailer and has no retail location in California or
7  anywhere in the world.  Nothing in this Settlement Agreement shall be construed as either a
8  waiver or admission by Etsy, Inc. or any of its respective parents, subsidiaries, affiliates, past
9  and current agents, directors, officers, employees, representatives, attorneys, successors,
10 assignees, and/or anyone else acting on their behalf (collectively "Etsy") of any fact, finding,
11 issue of law or violation of law, in this or any other matter; nor shall compliance with this
12 Settlement Agreement constitute or be construed as an admission by Etsy of any fact, finding,
13 conclusion, issue of law or violation of law.  This subsection shall not, however, diminish or
14 otherwise affect the obligations, responsibilities, and duties of either party under this Settlement
15 Agreement.

      1.6     AYS's Position

17       AYS's position is that Products identified by AYS on Etsy.com were sold to California
18 consumers and no warning of mercury content was provided prior to use of the Products or
19 after. Unwarned exposures are violations of Proposition 65. Cal. Health & Saf. Code § 25249.6.
20 The Products are illegal to sell under both state and federal law.  The United States Food &
21 Drug Administration ("FDA") limits mercury to  1 part per million ("ppm") in face creams that
22 are not eye creams, and 65 ppm in eye creams, but only when the mercury is used as a
23 preservative when no other ingredient is available. Each of the Products is adulterated within the
24 meaning of the California Sherman Food, Drug, and Cosmetic Law ("Sherman Law") because,
25 due to high mercury levels, each "bears or contains any poisonous or deleterious substance that
26 may render it injurious to users under the conditions of use prescribed in the labeling or
27 advertisement of the cosmetic, or under conditions of use as are customary or usual." Cal.
28 Health & Saf. Code § 111670; *See* 21 U.S.C. § 361(a). "It is unlawful for any person to receive

1   in commerce any cosmetic that is adulterated or deliver or proffer for delivery any such
2   cosmetic." Cal. Health & Saf. Code § 111700.

3         While the California Attorney General may issue a no merit letter expressing its opinion
4   of the adequacy of the material offered in support of a notice letter, it is AYS' position that the
5   Attorney General has no authority to bar a private enforcer from pursuing a case in the public
6   interest. Cal. Health & Saf. Code § 25249.7(e). The contents of a certificate of merit may be
7   viewed and considered by a court only upon the conclusion of *failed* litigation by a private
8   enforcer. *See id.* at § 25249.7(h)(2). AYS vehemently disagrees with the conclusion of the
9   Attorney General regarding the material offered in support of AYS' notice letters in this case
10  and so elected to proceed with litigation notwithstanding the Attorney General's Office's
11  opinion.

12        Although AYS would normally seek injunctive relief of a Proposition 65 warning, that
13  is not appropriate here because it is not now and has not been legal to sell the Products
14  anywhere in the United States since 1973. Relief in the form of a Proposition 65 warning would
15  risk a suggestion to the contrary. AYS's position is that its lawsuit has been the catalyst for
16  Etsy.com to take action to remove the Products from its website. AYS has observed, in
17  monitoring Etsy.com, that the Products are not presently offered on Etsy.com.

18      1.7    <u>Consent Judgment and Jurisdiction</u>

19        The Parties will file this executed Settlement Agreement as their proposed Consent
20  Judgment in the ongoing case of *As You Sow v. Etsy, Inc.* (Case No. 3:24-cv-04203-MMC) in
21  the U.S. District Court for the Northern District of California. For purposes of the Consent
22  Judgment, the Parties stipulate that the Northern District of California has jurisdiction as to the
23  allegations contained in the Action filed in this matter, that venue is proper in the Northern
24  District of California, and that the Court has jurisdiction to approve, enter, and oversee the
25  enforcement of this Consent Judgment as a full and final binding resolution of all claims which
26  were or could have been raised in the Action based on the facts alleged therein and in the
27  Notices.
28

1.8     Effective Date

For purposes of this Settlement Agreement, the term "Effective Date" shall mean the date on which the Consent Judgment is entered as a Judgment of the Court.

**2.      INJUNCTIVE RELIEF: PREVENTION OF SALES IN CALIFORNIA**

Pursuant to the terms set forth below, beginning on the Effective Date, the Settling Entity is hereby ordered to prevent third-party sellers from listing the Products for sale on etsy.com to California consumers. Accordingly, unless the Settling Entity has confirmed that the Product does not contain mercury, the Settling Entity agrees to continue to take steps to prevent the listing of the Products (as such product names are specified in subsection 1.3) for sale on etsy.com by any third parties to consumers in California. If Etsy determines that any Products should no longer be prevented from sales in California (since the Product does not contain mercury), prior to ceasing its above-mentioned efforts to prevent the listing of any such Products, Etsy will provide AYS with the evidence upon which it has made the determination that the Product does not contain mercury.

The Parties understand and agree that if Product listings appear on etsy.com, but are not available for sale to California consumers (sales cannot be completed), that this complies with this section 2. Nothing in this paragraph, or anything else in this Settlement Agreement, requires the Settling Entity or third-party sellers using etsy.com to place warnings on, remove, or take other compliance measures with respect to products or listings that are not covered by Proposition 65 or the Sherman Act or that do not involve the subject Products.

**3.      MONETARY SETTLEMENT TERMS**

3.1     Civil Fines

Pursuant to Health & Safety Code §25249.7(b), and in settlement of all claims alleged in the Notices, the Settling Entity agrees to pay a total of $24,300 in civil fines. This payment will be allocated in accordance with Health & Safety Code §25249.12(c)(1) and (d), with 75% of the penalty amount paid to OEHHA and the remaining 25% of the penalty amount paid to and retained by AYS.

The Settling Entity will deliver its civil penalty payment to the address in subsection 3.3

by overnight courier, with a tracking number, or through an automatic electronic transfer such that payment is delivered to AYS' counsel within fourteen (14) calendar days following the Effective Date, subject to AYS and AYS' counsel completing any reasonably necessary tax and compliance documentation to enable the Settling Entity to complete the payment. For non-electronic payments, the Settling Entity shall provide two checks made payable to: (a) "OEHHA" in the amount of $18,225; and (b) "As You Sow" in the amount of $6,075. Thereafter, AYS' counsel shall send the portions of the penalties paid by the Settling Entity to OEHHA and AYS.

3.2     Reimbursement of Attorneys' Fees and Costs

The Parties have negotiated a resolution of the compensation due to AYS' counsel under general contract principles, Proposition 65 implementing regulations for fee awards at 11 California Code of Regulations § 3201, and/or the private attorney general doctrine codified at California Code of Civil Procedure § 1021.5. For all work performed through the mutual execution of this Agreement, the Settling Entity shall reimburse AYS' counsel $175,000 in attorneys' fees, and $4,378 in costs, for a total of $179,378. The Settling Entity will deliver its payment to the address in subsection 3.3 by overnight courier, with a tracking number, or through an automatic electronic transfer such that payment is received by AYS' counsel within fourteen (14) calendar days following the Effective Date, in the form of a check payable to "Greenfire Law, PC," subject to Greenfire Law, PC completing any reasonably necessary tax and compliance documentation to enable Etsy to complete the payment. The reimbursement covers all fees and costs of any kind incurred by AYS and its counsel through the Effective Date investigating, bringing this matter to the Settling Entity's attention and negotiating a settlement of the matter for the Products in furtherance of the public interest.

3.3     Payment Address and Effect of Non-Payment

All non-electronic payments required by this Settlement Agreement shall be delivered to the following address:

        Greenfire Law, PC
        Attn: Proposition 65 Controller
        P.O. Box 8055

Berkeley, CA 94704

## 4. CLAIMS COVERED AND RELEASED

### 4.1 AYS' Individual Capacity Release of the Settling Entity

This Settlement Agreement is a full, final, and binding resolution between AYS and the Settling Entity for any and all claims made in the Notices and the Complaint for sales into California of the Products prior to the Effective Date. AYS, acting on its own behalf and on behalf of its respective owners, principals, shareholders, officers, directors, employees, parents, subsidiaries its past and current agents, representatives, attorneys, successors and/or assignees (collectively, "AYS Releasors"), fully releases and discharges Settling Entity, and its respective officers, directors, shareholders, employees, agents, parent companies, subsidiaries, divisions, affiliates, franchisees, and licensees, as well as all affiliated entities under common ownership (collectively, the "Etsy Released Parties") from any and all claims, actions, causes of action, suits, demands, liabilities, damages, penalties, fees, costs, and expenses asserted, or that could have been asserted by the AYS Releasors against the Etsy Released Parties based on the claims made in the Notices and the Complaint for the handling, use, sale, distribution, or consumption of any product listed in the Notices or Complaint, in California, prior to the Effective Date.

Etsy Released Parties do not include any person or entity which posted Products on Etsy.com as a third party seller, any upstream distributor or manufacturer of the Products, or any downstream re-seller of the Products (e.g., any customer who purchases Products from Etsy.com for sale to others).

### 4.2 AYS' Release in the Public Interest of the Settling Entity

It is the Parties' intention that the Consent Judgment entered by the Court shall have preclusive effect such that no other actions by private enforcers, whether purporting to act in his, her, or its interests or the public interest shall be permitted to pursue and take any action with respect to any violation of Proposition 65 against the Etsy Released Parties based upon the failure to warn of exposure to mercury from use of the Products prior to the Effective Date. The Settling Entity's compliance with the terms of this Settlement Agreement and its resulting Consent Judgment constitutes compliance with Proposition 65 by Etsy with regard to exposure

to mercury from the Products.

### 4.3   The Settling Entity's Release of AYS

In exchange for dismissal of the entire action against the Settling Entity, the Settling Entity on behalf of itself, its owners, principals, shareholders, officers, directors, employees, parents, subsidiaries, and past and current agents, representatives, attorneys, successors, and assignees ("Etsy Releasors"), hereby waives any and all claims against AYS and its officers, directors, employees, contractors, agents, members, attorneys, contractors, and other representatives ("AYS Released Parties"), for any and all actions taken or statements made by AYS and its attorneys and other representatives related to enforcement of Proposition 65, the Sherman Act, and California's Unfair Competition Law in connection with AYS's prosecution of this case against the Etsy Releasors.

### 4.4   No Assignment; No Knowledge of Other Claims

Each Party represents and warrants that neither they nor their agents or attorneys have assigned or otherwise transferred, or attempted to assign, or transfer, any claim or claims against the other party. Each Party warrants that as of the signing of this Settlement Agreement neither they nor their agents or attorneys are aware of any other party, including any potential private enforcer or attorney for the same, who is aware of or intends to pursue any potential claims against the AYS Released Parties or Etsy Released Parties under Proposition 65, or any other statute. Settling Entity represents, and AYS relies upon the representation made in the January 24, 2025, declaration of Etsy's representative, that certain units of the Products were sold into California during certain windows of time, and that no additional units of any products identified in the Complaint for this matter were sold into California.

The Releases of this section 4 are general releases and the Parties make no waiver of their rights under California Civil Code § 1542.

## 5.   **SEVERABILITY**

If, any of the provisions of this Settlement Agreement are deemed by a court to be unenforceable, the validity of the enforceable provisions remaining shall not be adversely affected.

1  **6.**     **GOVERNING LAW & ENFORCEMENT**

2     The terms of this Settlement Agreement shall be governed by the laws of the State of

3  California.  Nothing in this Settlement Agreement shall be interpreted to relieve the Settling

4  Entity from any obligation to comply with any pertinent state or federal law.

5  **7.**     **NOTICE**

6     Unless specified herein, all correspondence and notices provided pursuant to this

7  Settlement Agreement shall be in writing and: (a) personally delivered; (b) sent by first class

8  (registered or certified mail) return receipt requested; or (c) sent by overnight courier; and

9  (d) electronically transmitted to one party by the other party at the following addresses:

> For the Settling Entity:
> Etsy, Inc.
> Attn: Legal Department
> Etsy, Inc.
> 117 Adams Street
> Brooklyn, NY 11201-1401
> legal@etsy.com
>
> With a copy to:
> Nicholas J. Hoffman, Esq.
> McGuireWoods LLP
> 355 South Grand Avenue
> Suite 4200
> Los Angeles, CA 90071-3103
> (213) 457-9855
> nhoffman@mcguirewoods.com
>
> For AYS:
> Greenfire Law, PC
> Attn: Proposition 65 Controller
> P.O. Box 8055
> Berkeley, CA 94704
> rdoughty@greenfirelaw.com

Any party, from time to time, may specify in writing to the other party a change of address to which all notices and other communications shall be sent.

**8.**     **COUNTERPARTS; FACSIMILE AND SIGNATURES**

1  This Settlement Agreement may be executed in counterparts and by facsimile or pdf
2  signature, each of which shall be deemed an original, and all of which, when taken together,
3  shall constitute one and the same document.

4  **9.    COMPLIANCE WITH HEALTH & SAFETY CODE § 25249.7(f) / COURT**
5  **APPROVAL**

6  9.1    AYS agrees to comply with the reporting requirements referenced in Health &
7  Safety Code § 25249.7(f) and to promptly bring a Motion for Approval of the Consent
8  Judgment.  Both Parties will participate in good faith in the effort to obtain approval of this
9  Settlement Agreement, and will take no action to discourage this Court's approval of the
10 Consent Judgment.

11 9.2    The Settlement Agreement and Consent Judgment shall not be effective until
12 approved and entered by the Court and shall be null and void if, for any reason, it is not
13 approved by the Court.  In such case, the Parties agree to meet and confer on how to proceed
14 and if such agreement is not reached within 30 days, the case shall proceed on its normal course.

15 9.3    Neither Party will appeal the Consent Judgment if entered with substantially the
16 same terms as proposed to the Court in this Settlement Agreement. In the event the Attorney
17 General of the State of California appeals the Consent Judgment, and the Consent Judgment is
18 then reversed or vacated by an appellate court, the Parties shall meet and confer as to whether to
19 modify the terms of the Consent Judgment. If the Parties do not jointly agree on a course of
20 action to take, the case shall proceed on its normal course on the trial court's calendar.

21 **10.   MODIFICATION**

22 This Settlement Agreement may be modified only by a written agreement of the Parties
23 and approval of this Court.

24 **11.   ENTIRE AGREEMENT**

25 This Settlement Agreement contains the sole and entire agreement and understanding of
26 the Parties and any and all prior negotiations and understandings related hereto shall be deemed
27 to have been merged within it.  No representations or terms of agreement other than those
28 contained herein exist or have been made by any Party with respect to the other Party or the

10
CONSENT JUDGMENT

subject matter hereof.  No representations, oral or otherwise, express or implied, other than those specifically referred to in this Settlement Agreement have been made , or relied on, by any Party.

**12.** **INTERPRETATION**

No inference, assumption or presumption shall be drawn, and no provision of this Settlement Agreement shall be construed against any Party, based upon the fact that one of the Parties and/or their counsel prepared or drafted any portion of this Settlement Agreement.  It is conclusively presumed that the Parties participated equally in the drafting of this Settlement Agreement.

**13.** **AUTHORIZATION**

The undersigned are authorized to execute this Settlement Agreement and have read, understood, and agreed to all of the terms and conditions contained herein.

**14.** **RETENTION OF JURISDICTION**

The Court shall retain jurisdiction of this matter to implement or modify the Consent Judgment for five years.

AGREED TO:                                   AGREED TO:

Date: March 3, 2025                          Date: March 4, 2025

By: _____                  By: _____
Danielle Fugere                              Candace Jackman
As You Sow                                   Vice President, Deputy Assistant General Counsel
                                             Etsy, Inc.

**IT IS SO ORDERED, ADJUDGED AND DECREED:**

Dated:_____          _____
                                                                                              Hon. Maxine M. Chesney
                                                                                              U.S. DISTRICT COURT JUDGE